ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:     *zalinder@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail:     *alevad@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAM KHIMJI, an individual, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 3:24-cv-9361<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>   (15 U.S.C. § 1114))<br>2. **FEDERAL UNFAIR COMPETITION**<br>   (15 U.S.C. § 1125(a))<br>3. **FEDERAL TRADEMARK DILUTION**<br>   (15 U.S.C. § 1125(c)(2)(C))<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>   (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>5. **TRESPASS TO CHATTELS**<br>   (California Common Law)<br>6. **BREACH OF CONTRACT**<br>   (California Common Law)<br><br>**JURY TRIAL DEMAND** |

# INTRODUCTION

1. Plaintiff Visual Supply Company ("VSCO" or "Plaintiff") brings this action to stop the willful infringement and related unlawful conduct perpetrated by Defendants Adam Khimji ("Mr. Khimji") and DOES 1 through 20 (together with Mr. Khimji, "Defendants") in the course of Defendants' bad faith exploitation of VSCO, its platform, and its users, to generate ill-gotten and depraved profits.

2. VSCO is a community-driven and creator-centric platform that equips photographers with the tools, community, and exposure they need to expand creatively and professionally. VSCO empowers photographers to connect with other creatives and businesses with its suite of creative tools that spans from mobile to desktop and across its global community.

3. Each of the creatives and businesses who use VSCO must sign up with VSCO by registering a VSCO account, and in the process agree to VSCO's Terms of Use (the "TOU"). VSCO users instantly have access to the latest editing, community, and business tools to match their skills and needs. Members are also able to explore and build their creative network and a trusted community to connect with for support, inspiration, and opportunities along the way. However, anyone accessing VSCO is also bound by the TOU, which do not allow copying, scraping, or distribution of another user's content and also require agreement to jurisdiction and venue in this Court.

4. Defendants, including specifically Mr. Khimji, have repeatedly violated the TOU and willfully infringed the VSCO Trademarks to perpetrate a depraved scheme to scrape, download, copy, aggregate, and redistribute for profit the images from VSCO users, primarily female users. Defendants, including specifically Mr. Khimji, created numerous websites that blatantly infringed the VSCO Trademarks and that were styled to appear as though VSCO had sponsored, authorized, and/or endorsed them. These websites included names like <vsco.club>, <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <novsco.co>, and <downloader.se>, among others. The content of these sites was misappropriated VSCO content, adding to the confusion and of course harm.

5. Adding further to the sad and illegal conduct, Defendants, including specifically Mr. Khimji, sought to monetize this unlawful and infringing conduct, by soliciting payments and offering subscriptions to access these VSCO materials, including deleted photos and videos. Moreover, Defendant's depraved actions included the targeting of certain users to sexualize content posted to VSCO and profit off of such collections of content. Defendants claimed to have scraped, downloaded, and saved the account materials from over 10 million VSCO users and offered access to copies of the same to their "patrons" on Patreon for a fee.

6. Defendants, including Mr. Khimji specifically, have taken extreme measures to conceal their true identities, including using various aliases. Defendants, including Mr. Khimji specifically, continued this scheme even after VSCO issued numerous takedown demands, sent cease and desist correspondence, and undertook legal proceedings including enforcement proceedings before the World Intellectual Property Organization ("WIPO"). Even after Mr. Khimji was personally identified by Patreon and Cloudflare by name, address, phone number, and credit card information, Mr. Khimji still refused to take responsibility. This further underscores Defendants' malicious intent, reprehensible character, and utter absence of remorse, requiring VSCO to bring this action to ensure that Defendants, including Mr. Khimji, never again target VSCO, its platform, or its users.

## THE PARTIES

7. VSCO is a corporation organized under the laws of the State of Delaware. VSCO's headquarters and principal place of business is located at 548 Market St, Suite 92958, San Francisco, CA 94102.

8. On information and belief, Mr. Khimji is a Canadian citizen whose primary residence is 1435 Prince of Wales Dr., Ottawa, ON K2C 1N5, Canada.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to VSCO who, therefore, sues said Defendants by such fictitious names. VSCO will amend this Complaint to reflect the true names and capacities of these DOE Defendants when the same shall have been fully and finally ascertained.

10. VSCO is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible, in some manner, for the events and happenings herein referred to, and legally caused damages to VSCO as herein alleged.

11. Numerous Reddit posts by Defendants make clear that Mr. Khimji did not act alone and that he is knowledgeable and familiar with these "DOE" co-conspirators, accomplices, partners, agents, and/or joint venturers. As such, VSCO is informed and believes, and thereon alleges, that at all times relevant to this action, each Defendant, including those fictitiously named Defendants, was the agent, servant, employee, partner, joint venturer, accomplice, conspirator, alter ego or surety of the other Defendants and was acting within the scope of that agency, employment, partnership, venture, conspiracy, or suretyship with the knowledge and consent or ratification of each of the other Defendants in doing the unlawful activities alleged in this Complaint.

## JURISDICTION AND VENUE

12. This is an Action founded upon violations of Federal trademark laws, pursuant to 15 U.S.C. §§ 1051, *et seq.* This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b), and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over VSCO's state law claims for relief pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the claims are so related to VSCO's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13. This Court has personal jurisdiction over Defendants because the Defendants accessed and used the VSCO website, which as set forth above and below requires consent to jurisdiction and venue in the state and federal courts of San Francisco County, California. Further, this Court has personal jurisdiction over Defendants because each Defendant, in participating in the scheme has willfully infringed intellectual property rights of VSCO, a known forum resident, including by infringing its trademarks and otherwise causing tortious injury to VSCO, within California, and within this District in particular. Further, Defendants have performed intentional acts expressly aimed at VSCO in this forum and thereby caused damage that they knew would be suffered by VSCO in this forum. Defendants have also misrepresented their websites and content

as having affiliation, authorization, endorsement, or sponsorship by "VSCO" to residents of California, including within this District. Defendants further engaged in the unlawful conduct alleged in this Complaint, with knowledge that VSCO is located in California.

14. Venue is proper in the Northern District of California because as set forth above Defendants have consented to jurisdiction and venue here. Further, venue is also proper in the Northern District of California under 28 U.S.C. § 1391(b)(2) and 1391(c)(3) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in this judicial district. Further, this action may be assigned to any division in this district, as a case involving "intellectual property rights" pursuant to the Court's Assignment Plan, General Order No. 44.

## FACTUAL BACKGROUND

### VSCO And Its Intellectual Property Rights

15. VSCO is a ground-breaking creative platform that empowers individuals to express themselves through photography, video, and design. Since its founding in 2011, VSCO has cultivated a large and vibrant community of creators, offering innovative tools and resources to elevate visual storytelling. The company is renowned for its advanced photo and video editing technology, including its proprietary presets, filters, and editing tools, which have become a hallmark of the VSCO brand and experience. As a result, VSCO and the VSCO trademarks have become widely recognized by the general public as famous and the VSCO brand has become well-known for a high quality and innovative user experience.

16. As part of its mission, VSCO has established and maintained a robust intellectual property portfolio, which protects its innovative software, trademarks, copyrights, and other proprietary content. This intellectual property is critical to preserving VSCO's brand integrity and ensuring its tools and services remain distinctive and trusted by its hundreds of millions of users worldwide. In addition, VSCO maintains technological access controls to prevent unauthorized third parties from downloading VSCO users' content, sharing or distributing that content, and/or accessing content that was deleted from those users' VSCO accounts.

17. Since VSCO's inception, VSCO has continuously used its distinctive VSCO name and trademarks comprised of or incorporating VSCO and VSCO's distinctive circular logo (hereinafter, collectively, the "VSCO Family of Marks") in United States commerce in connection with VSCO's goods and services. During this time, VSCO expended substantial resources in marketing, advertising, and promoting the VSCO Family of Marks and has derived substantial revenues from its sale of goods and services under the VSCO Family of Marks.

18. VSCO's extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks has generated substantial fame, commercial goodwill, and consumer recognition in the VSCO Family of Marks. Today, consumers recognize the famous VSCO Family of Marks as an indicator of high-quality goods and services emanating from a single source: VSCO.

19. The United States Patent and Trademark Office ("USPTO") has granted VSCO numerous trademark registrations in the typed word mark VSCO and VSCO's distinctive circular logo (collectively, the "VSCO Registrations"). VSCO also owns trademark applications for a separate version of VSCO's circular logo is currently pending registration, including as shown below:

| Mark | Registration Number(s) or Serial Numbers |
|---|---|
| VSCO | 4,273,434; 4,672,062; 4,262,139; 4,716,756 |
| (circular logo) | 5,142,430; 5,271,667; 5,125,103 |
| (circular logo) | 97/826430, 97/826434, 97/826424 (Currently pending registration) |

20. The VSCO Registrations constitute *prima facie* and/or conclusive evidence of VSCO's exclusive right to use the VSCO Family of Marks with the goods and services identified in the registrations, as well as the goods and services that are within the natural zone of expansion of the goods and services identified in the VSCO Registrations, and all goods and services on which VSCO uses the VSCO Family of Marks at common law.

21. As a result of VSCO's remarkable success, the VSCO Family of Marks have come to symbolize extraordinary goodwill and have achieved great fame both within the United States and around the world.

22. Further, VSCO requires anyone who accesses or uses any of VSCO's websites, mobile apps, products, or services to assent to its TOU. The TOU, among other provisions, prohibit the unauthorized access, use, or exploitation of VSCO's platform, technology, and creative assets.

23. Pursuant to the TOU, VSCO's users own the content that they post on VSCO's platform, including the copyrights in the images and other creative works that they post. However, the TOU further authorizes VSCO to enforce the intellectual property rights of its users on their behalf with respect to the content they post on VSCO's platform.

24. In order to access any content on VSCO's iOS or Android applications, users must have an active, registered account. Visitors to VSCO's website are allowed to view some VSCO content; however, that access is limited to protect the content from scraping and from bad actors. While VSCO registered users can access published content posted to the VSCO platform, not all content is accessible, for example deleted content, and engagement with user content is often limited to paying members to ensure the integrity of the platform and authentic and positive interactions among members of VSCO's community.

**Defendants' Websites And Unlawful Conduct**

25. On information and belief, Mr. Khimji personally created and registered several internet domains including at least <vsco.club> and <glizzy.cafe> to enable his infringing and unlawful conduct. VSCO is informed and believes, and thereon alleges, that Mr. Khimji leveraged aliases, including "Aidan Salamon" and "Mike Hunt" to help conceal his true identity.

Nevertheless, Mr. Khimji was identified by Cloudflare as the registrant for these two sites, including with his name, address, phone number, and credit card information.

26.     On information and belief, Defendants, also created and registered several additional internet domains, including at least <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <downloader.se>, among others (collectively, with <vsco.club> and <glizzy.cafe>, the "Infringing Websites") to enable their infringing and unlawful conduct.

27.     On information and belief, Defendants also created several Reddit groups, including at least r/VSCOsluts, r/VSCOsluts0, r/VSCOslutss, r/VSCOslutsz2, r/VSCOsloots, and r/VSCO_Nudes, among others (collectively, the "Infringing Reddit Communities"), to enable and publicize their infringing and unlawful conduct and thereby increase the reach and monetization of their infringing and unlawful conduct.

28.     VSCO is informed and believes, and thereon alleges, that Defendants, including specifically Mr. Khimji, used technological means to circumvent VSCO's access controls to scrape, download, and aggregate images of VSCO users and related data that those users had uploaded to their VSCO accounts.

29.     The VSCO users whose images and related data Defendants targeted are primarily female users.

30.     Defendants, including specifically Mr. Khimji, published the images and related data that he had scraped from VSCO's platform on the Infringing Websites and other online forums, including at least in the Infringing Reddit Communities.

31.     Mr. Khimji also registered a Patreon account at https://www.patreon.com/vscoclub, whereby he sought to monetize his illegal conduct by collecting payment for access to these VSCO users' deleted content and advertised that he had "10+ million accounts saved."

32.     In addition, VSCO is informed and believes, and thereon alleges, that Mr. Khimji also maintained a personal repository of the images and related data that he had scraped from VSCO's platform.

**VSCO's Enforcement Efforts Against Defendants' Websites**

33. VSCO discovered the Infringing Websites and Infringing Reddit Communities in or about May 2023.

34. In or about May 2023, July 2023, July 2023, December 2023, January 2024, March 2024, April 2024, May 2024, July 2024, September 2024, October 2024, and November 2024, VSCO submitted trademark and copyright infringement reports to the domain registrars and web hosts for the Infringing Websites, requesting they take down or disable access to the Infringing Websites. VSCO is informed and believes, and thereon alleges, that copies of these infringement reports were provided to Defendants by the domain registrars and web hosts.

35. In or about December 2023, January 2024, February 2024, July 2024, August 2024, September 2024, and October 2024, VSCO submitted trademark and copyright infringement reports to Reddit, requesting Reddit take down or disable access to the Infringing Reddit Communities. VSCO is informed and believes, and thereon alleges, that copies of these infringement reports were provided to Defendants by Reddit.

36. On July 28, 2023, through counsel, VSCO sent a cease and desist demand letter to the email address listed on <vsco.club> and <glizzy.cafe>: "vscoclub@protonmail.com." VSCO is informed and believes, and thereon alleges, that Mr. Khimji created and operated the email address "vscoclub@protonmail.com," and received this demand letter. Mr. Khimji never responded to that demand letter.

37. On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains from Defendants to VSCO. *See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin and Aiden Salamon*, WIPO Case No. D2023-3616 (Oct. 20, 2023). On October 20, 2023, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.page>, <vsco.club>, and <glizzy.cafe> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Mr. Khimji received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

38. On February 9, 2024, VSCO filed a complaint pursuant to UDRP in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.top> domain from Defendants to VSCO. *See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin*, WIPO Case No. D2024-0621 (Apr. 3, 2024). On April 3, 2024, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.top> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Defendants received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

**VSCO Identifies Mr. Khimji And Repeatedly Demands That He
Cease And Desist His Unlawful Activities, To No Avail**

39. On June 28, 2024, VSCO initiated *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.) pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA"), seeking the issuance of subpoenas ("DMCA Subpoenas") to certain service providers involved in the Infringing Websites and Mr. Khimji's scheme. In the DMCA Subpoenas, VSCO sought documents and other information necessary to ascertain Mr. Khimji's true identity.

40. Patreon, Inc. ("Patreon") and Cloudflare, Inc. ("Cloudflare") provided documents to VSCO in response to the DMCA Subpoenas.

41. Patreon and Cloudflare both produced the payment records and other electronic records associated with the Infringing Websites to VSCO. Both Patreon and Cloudflare's payment records display Mr. Khimji's full name; his physical address at 1435 Prince of Wales Dr., Ottawa, ON K2C 1N5, Canada; and his email address at vscoclub@protonmail.com. This further confirmed that Mr. Khimji, at a minimum, received notice and copies of all WIPO correspondence and pleadings related to the UDRP action (WIPO Case No. D2023-3616), as alleged above.

42. On October 4, 2024, VSCO sent Mr. Khimji another letter, demanding that he cease and desist his unlawful activity and cooperate in VSCO's investigation into this matter.

43. While Mr. Khimji retained counsel to respond and negotiate, ultimately, Mr. Khimji refused to comply with VSCO's demands and continued to deny involvement, despite

1 being presented with the records that identified him by name, address, telephone number, and credit card number. Mr. Khimji's refusal to comply with VSCO's demands and refusal to even take any accountability confirmed his bad faith, malicious intent, and complete lack of remorse, requiring VSCO to take action to protect itself, its brand, and its members.

44. Mr. Khimji's acts as alleged herein have caused, and, unless said acts are restrained by this Court, will continue to cause VSCO to suffer irreparable injury.

45. VSCO has no adequate remedy at law and is therefore entitled to injunctive relief.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

46. VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

47. VSCO owns the VSCO Family of Marks, as described above. The VSCO Family of Marks are valid and protectable. Consumers recognize the VSCO Family of Marks as designating VSCO as the source of goods and services. At all relevant times, Defendants had actual and/or statutory notice of VSCO's registrations of the VSCO Family of Marks.

48. Defendants used in commerce without the consent of VSCO one or more of the VSCO Family of Marks in connection with the VSCO Services. Defendants' use of the VSCO Family of Marks is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' websites and/or the services offered thereon.

49. As a direct and proximate result of Defendants' foregoing acts, VSCO has been damaged and has suffered and will continue to suffer immediate and irreparable injury. VSCO is informed and believes that, unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of VSCO. This injury includes a reduction in the distinctiveness of the VSCO Family of Marks and injury to VSCO's goodwill that damages cannot remedy. VSCO has no adequate remedy at law.

50. VSCO is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the VSCO Family of Marks or any colorable imitations thereof.

51. As a direct and proximate result of their infringements, Defendants have realized unjust profits, gains, and advantages at the expense of VSCO. In addition, VSCO has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendants' infringements. The harm caused by Defendants' unlawful conduct entitles VSCO to recovery of all available remedies under the law, including maximum statutory damages (if elected). Further, pursuant to 15 U.S.C. § 1117, VSCO is entitled to recover (i) Defendants' profits, increased to adequately compensate VSCO; (ii) up to treble VSCO's ascertainable damages; (iii) VSCO's costs of suit; and (iv) prejudgment interest. Defendants' willful use of the VSCO Family of Marks without excuse or justification to exploit young women and girls, and other relevant factors, renders this an exceptional case and entitles VSCO to its reasonable attorneys' fees.

52. Pursuant to 15 U.S.C. § 1118, VSCO is entitled to an order requiring that Defendants deliver up for destruction of all goods in Defendants' possession or control that bear any of the VSCO Family of Marks.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

53. VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

54. As a result of VSCO extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks, the VSCO Family of Marks have become famous and VSCO has become identified in the public mind as the entity behind goods and services offered under the VSCO Family of Marks.

55. As a result of VSCO's extensive experience and care in providing goods and services under the VSCO Family of Marks, VSCO has acquired a reputation for excellence. Moreover, the VSCO Family of Marks have become associated with VSCO and have come to symbolize the reputation for quality and excellence of VSCO goods and services. As such, the VSCO Family of Marks are distinctive and famous.

56. Defendants are not authorized to use the VSCO Family of Marks, any confusingly similar mark, or any mark that in any way represents or implies that Defendants, their websites, or the services offered thereon are in any way associated with VSCO.

57. Defendants' unauthorized use of the VSCO Family of Marks as alleged herein constitutes unfair competition, false association, and false designation of origin in violation of 15 U.S.C. § 1125(a). Defendants, with knowing, willful, and intentional disregard for VSCO's rights, advertised, promoted, and sold subscriptions for services bearing the likeness of the VSCO Family of Marks. Such acts are likely to cause confusion and mistake with an appreciable number of reasonable customers as to the source or sponsorship of Defendants' websites and the services offered thereon.

58. As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, irreparable injury to its business, brand reputation, and goodwill, unless and until the Court permanently enjoins Defendants' actions. VSCO has no adequate remedy at law.

59. As a direct and proximate result of their infringements, Defendants have realized unjust profits, gains and advantages at the expense of VSCO, including as set forth above. In addition, VSCO has suffered substantial loss and damages to its property and business, including significant monetary damages as a direct and proximate result of Defendants' infringements, including as set forth above. The harm caused by Defendants' unlawful conduct entitles VSCO to recovery of all available remedies under the law, including but not limited to actual damages, infringers' profits, treble damages, statutory damages (if elected), reasonable attorney fees, costs, and prejudgment interest.

60. This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling VSCO to its reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**(Federal Trademark Dilution – 15 U.S.C. § 1125(c)(2)(C))**

61. VSCO incorporates each of the preceding paragraphs as if fully set forth herein.

62. As a result of VSCO's extensive and continuous marketing, advertising, and sale of goods and services under the VSCO Family of Marks, the VSCO Family of Marks have become famous and VSCO has become identified in the public mind as the entity behind goods and services offered under the VSCO Family of Marks.

63. The VSCO Family of Marks became famous prior to the time Defendants commenced their infringing activities described herein.

64. Defendants have made use of the VSCO Family of Marks in commerce, including by including the VSCO Family of Marks or colorable imitations thereof, in connection with websites and online platforms that exploit VSCO and its users, including exploiting content from the accounts of young women and girls.

65. Defendants' use of the VSCO Family of Marks is thus likely to cause or already has caused dilution by tarnishment because VSCO offers a safe, supportive online community and Defendants used the VSCO Family of Marks to create and contribute to websites and online platforms that objectify, exploit, and denigrate young women and girls; thus VSCO's reputation is tarnished by Defendants' use of the VSCO Family of Marks.

66. Defendants' unlawful acts described herein are also likely to dilute by blurring the distinctive quality of the VSCO Family of Marks in violation of 15 U.S.C. § 1125(c).

67. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the VSCO Family of Marks and to cause dilution of the VSCO Family of Marks to the great and irreparable injury of VSCO.

68. As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court permanently enjoins Defendants' actions. VSCO has no adequate remedy at law.

69. As a direct and proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

70. Defendants' conduct also renders this case exceptional within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling VSCO to its reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

71. VSCO incorporates all of the above paragraphs as though fully set forth herein.

72. Defendants engaged in unlawful, unfair, and/or fraudulent business acts and practices within the meaning of the UCL, among other reasons, by infringing and diluting the value of VSCO's registered and common-law trademarks and violating California and Federal law as set forth herein. Further, their alleged conduct was unfair in that Defendants' actions, as alleged herein, significantly threatened and/or harmed competition through infringement, dilution, trespass, contractual breaches, and false advertising.

73. Among other things, Defendants' unauthorized use of the VSCO Family of Marks infringes VSCO's exclusive rights to those marks, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants, their websites, and/or the services offered thereon, and is likely to deceive the public into believing that Defendants, their websites, and/or the services offered thereon are sponsored, endorsed, or approved by VSCO, or are otherwise associated with VSCO.

74. As a proximate result of Defendants' actions, VSCO has suffered, and will continue to suffer, great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of its VSCO Family of Marks. Unless Defendants are restrained and enjoined from engaging in said unlawful conduct, Defendants will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining Defendants' wrongful conduct. Further, as a direct and proximate result of Defendants' unlawful and unfair business practices, VSCO has lost money and property, and has suffered irreparable injury to its brand, business reputation, and goodwill. As such, VSCO's remedy at law is not adequate to compensate for the injuries inflicted by Defendants. Accordingly, VSCO is entitled to temporary, preliminary, and permanent injunctive relief against Defendants, in addition to restitution in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**(California Common Law Trespass to Chattels)**

75. VSCO incorporates all of the above paragraphs as though fully set forth herein.

76. VSCO owns, possesses, and/or has the right to possess the servers and infrastructure used to run its business, as well as the documents, data, information and other materials (not including creator content) on the VSCO platform.

77. Defendants intentionally interfered with VSCO's use and possession of its servers and infrastructure, as well as the documents, data, information and other materials (not including creator content) on the VSCO platform.

78. Defendants' interferences, aggregating, downloading, and scraping as described above was not authorized or consented to by VSCO. Defendants were not authorized to scrape or download the documents, data, information and other materials (not including creator content) on the VSCO platform, and indeed, were prohibited from doing so by the TOU and account and product protections implemented by VSCO. Further Defendants were prohibited from using content from the VSCO platform for any commercial purpose, further harming VSCO and violating its TOU. Defendants' trespasses caused actual harm to VSCO, its platform, and its goodwill, and further threaten to cause additional significant harm and injury to the same if left unabated.

79. As a proximate result of Defendants' actions, VSCO has suffered and will continue to suffer great and irreparable injury and damage to its business and goodwill. Unless Defendants are restrained and enjoined from engaging in said unlawful conduct, Defendants will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining Defendants' wrongful conduct. Accordingly, VSCO is entitled to all available remedies under the law, including monetary damages in an amount to be proven at trial, as well as temporary, preliminary, and permanent injunctive relief as set forth below.

## SIXTH CAUSE OF ACTION

### (Breach of Contract)

80. VSCO incorporates all of the above paragraphs as though fully set forth herein.

81. VSCO's TOU apply to anyone who accesses VSCO's websites, mobile apps, products, or services, whether as registered users or guests.

82. Defendants accessed VSCO's websites and services in connection with the aforesaid acts. Access to the VSCO platform is controlled by account creation and registration, which requires the users, including Defendants, to agree to the TOU. As such, Defendants assented to the TOU.

83. The TOU prohibit illegal conduct and conduct that could harm VSCO users. The TOU further prohibit the usage, copying, distribution, or exploitation of VSCO's services or any content made available through VSCO's services for any commercial purpose, including the scraping of information or content from VSCO's platform.

84. VSCO has substantially complied with all conditions, covenants, and promises required to be performed under the TOU, and all conditions required for Defendants' performance under the TOU have occurred.

85. Defendants have materially breached the TOU by engaging in the conduct alleged in this Complaint, including but not limited to by engaging in violations of intellectual property laws; using, copying, distributing, and exploiting VSCO's services and VSCO user content made available through VSCO's services for a commercial purpose; and scraping information and content from VSCO's platform.

86. As a result of Defendants' breach of the TOU, VSCO has been harmed, entitling it to all remedies available under the law, including but not limited to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

A) Judgment in VSCO's favor and against Defendants on all causes of action alleged herein;

  B) Orders to temporarily, preliminarily, and permanently enjoin Defendants and each of their affiliates, officers, partners, associates, agents, servants and employees, and all others acting for, with, by, through, under, or in concert with Defendants, from:

   i. using any of the VSCO Family of Marks or any other copy, reproduction, colorable imitation, or simulation thereof on or in connection with Defendants' websites and/or the services offered thereon;

   ii. directly or indirectly infringing VSCO trademarks in any manner including, but not limited to, advertising, selling, and/or offering for sale; any goods or services bearing any confusingly similar imitations of any of the VSCO Family of Marks;

   iii. promoting or facilitating any services in any manner that is likely to confuse, mislead, or deceive members of the public into believing that Defendants, or any of his agents, products, or services are associated with VSCO, are sponsored, approved, or licensed by VSCO, or are in any other way connected or affiliated with VSCO;

   iv. further accessing the VSCO platform for any reason;

   v. further distributing, scraping, downloading, copying, transferring, or otherwise using any content obtained from the VSCO platform;

   vi. assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs B(i)–(v) above, inclusive; and,

   vii. effecting assignments or transfers, forming new entities or associations or utilizing any other means or device for the purpose of circumventing or otherwise avoiding prohibitions set forth in subparagraphs B(i)–(vi), inclusive;

  C) Direct Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon VSCO, within thirty (30) days of the entry of the injunctions requested herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the injunctions;

**1**         D)     Declare that Defendants' infringement and dilution of the VSCO Family of Marks

**2** and its unfair competition are and have been willful and committed with reckless disregard of

**3** VSCO's rights;

**4**         E)     Order Defendants to deliver up for destruction all merchandise in their possession

**5** or control that this Court finds to be infringing any of the VSCO Family of Marks or that

**6** constitute materials improperly scraped, downloaded, copied, or otherwise taken from the VSCO

**7** platform in any way;

**8**         F)     Order Defendants, at their own expense, to recall from any third parties all

**9** merchandise that this Court finds to be infringing any of the VSCO Family of Marks or any

**10** confusingly similar trademarks, that constitute materials improperly scraped, downloaded, copied,

**11** or otherwise taken from the VSCO platform in any way, and that Defendants deliver it up to

**12** VSCO for impoundment and eventual destruction;

**13**         G)     Damages in an amount to be further proven at trial;

**14**         H)     Maximum statutory damages to the extent elected;

**15**         I)     Punitive, enhanced, and/or exemplary damages to the fullest extent available under

**16** the law;

**17**         J)     Any profits earned by Defendants that are attributable to Defendants' infringement;

**18**         K)     Costs of suit incurred herein;

**19**         L)     Prejudgment interest;

**20**         M)     Attorneys' fees and costs to fullest extent available under the law; and,

**21**         N)     Such other and further relief as the Court may deem to be just and proper.

**22** DATED: December 23, 2024         Respectfully submitted,

                                            SIDEMAN & BANCROFT LLP

                                            By: _____

                                                   Zachary J. Alinder
                                                   Andrew M. Levad
                                                   *Attorneys for Plaintiff Visual Supply Company*

**JURY DEMAND**

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiff VSCO hereby demands a trial by a jury on all issues herein so triable.

DATED: December 23, 2024               Respectfully submitted,

                                       SIDEMAN & BANCROFT LLP


                                       By: _____
                                       Zachary J. Alinder
                                       Andrew M. Levad
                                       *Attorneys for Plaintiff Visual Supply Company*