1   Simon Lin – State Bar No. 313661
2   4388 Still Creek Drive, Suite 237
    Burnaby, British Columbia, Canada V5C 6C6
3   T : 604-620-2666
    F : 778-805-9830
4   E : simonlin@evolinklaw.com

5   *Attorney for Defendant Adam Khimji*

6                    **UNITED STATES DISTRICT COURT**
7                    **NORTHERN DISTRICT OF CALIFORNIA**
                              *(San Francisco)*
8

9                                          )
10  VISUAL SUPPLY COMPANY, a Delaware      )   Case Number: 3:24-cv-09361-WHO
    corporation,                           )
11                                         )
              Plaintiff,                    )   **DEFENDANT ADAM KHIMJI'S NOTICE**
12                                         )   **OF MOTION TO DISMISS PURSUANT**
          vs.                              )   **TO FED. R. CIV. P. 12(b)(1), (2), and (6),**
13                                         )   **STAY PURSUANT TO 9 U.S. CODE § 2-3,**
    ADAM KHIMJI, an individual and DOES 1  )   **and/or DISMISSAL FOR *FORUM NON***
14  through 20, inclusive,                 )   ***CONVENIENS*, MEMORANDUM OF**
                                           )   **POINTS AND AUTHORITIES,**
15            Defendants.                   )   **DECLARATION OF ADAM KHIMJI,**
                                           )   **DECLARATION OF SIMON LIN, and**
16                                         )   **PROPOSED ORDER**
                                           )
17                                         )
                                           )   **Judge:** Senior District Judge William H.
18                                         )   Orrick
                                           )
19                                         )
                                           )   Date: June 18, 2025
20                                         )   Time: 2:00 p.m.
21                                         )
22  _____

23

24

25

26

27

28

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

## Table of Contents

TABLE OF AUTHORITIES .................................................................................iv

NOTICE OF MOTION AND MOTION .........................................................viii

ISSUES TO BE DECIDED ............................................................................viii

MEMORANDUM OF POINTS AND AUTHORITIES.......................................1

1.    Introduction ..............................................................................................1

2.    Dismissal for Lack of Personal Jurisdiction (Rule 12(b)(2)).................3

    i.    *VSCO's Forum Selection Clause in a Browsewrap Agreement is Unenforceable* ...........3

    ii.   *General Jurisdiction is Not Available Against an Individual Domiciled in Canada* .......5

    iii.  *No Specific Jurisdiction for Websites with No Forum-Specific Focus* ............................5

    iv.   *Conclusion on the Lack of Personal Jurisdiction* ............................................ 8

3.    Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1) and (6))..................9

4.    Dismissal or Stay in Favor of Arbitration (Rule 12(b)(1) or 9 U.S. Code § 3) ...........10

    i.    *VSCO Must Arbitrate All of the Dispute Raised in Its Complaint.* ................................ 11

    ii.   *Equitable Estoppel Permits Mr. Khimji to Invoke Arbitration Agreement*....................13

    iii.  *VSCO's Pursuit of Injunctive Relief Does Not Necessitate Court Litigation* .................14

    iv.   *VSCO Lacks Standing to Seek Injunctive Relief In Any Event*.......................................16

    v.    *At a Minimum, the Court Should Stay Any Discrete Issues Requiring Litigation* ..........17

5.    Dismissal for Reason of *Forum Non Conveniens* ............................................18

    i.    *Federal Court of Canada is Clearly an Available and Adequate Forum*.......................19

    ii.   *Private Interest Factors Strongly Favor the Canadian Forum* ......................................19

    iii.  *Public Interest Factors Further Favor the Canadian Forum*.........................................21

    iv.   *Conclusion on Forum Non Conveniens* ........................................................................21

6.    Dismissal for Failure to State a Claim (Rule 12(b)(6)) ................................................22

    i.    *Expiry of the One-Year Limitation Period for the Allegations Against Mr. Khimji* .......22

    ii.   *Failure to Plead False, Material, Deceptive, or Damaging Statements in Count II* ......23

    iii.  *California State Law Unfair Competition Law Claims (Count IV) are Redundant* .......24

    iv.   *The Breach of Contract Claim (Count VI) Fails to Adequately Allege Damages* ..........25

ii

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

**7.    Conclusion and Relief Sought** .............................................................................**25**

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

## **TABLE OF AUTHORITIES**

### **Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889 (N.D. Cal. 2018)...........24

*Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412 (2023) ................. 1, 9

*Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010 (9th Cir. 2000)..........................25

*Ama Multimedia, LLC v. Wanat*, 970 F. 3d 1201 (9th Cir. 2023)................................7, 8, 9

*Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320 (9th Cir. 2015).............................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................17

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064 (9th Cir. 2017) ..........................6

*Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007)......................................................................16

*Belluomini v. Citigroup, Inc.*, No. 13-CV-01743-CRB, 2013 WL 3855589 (N.D. Cal.
    July 24, 2013)...............................................................................................................25

*Berman v. Freedom Financial Network, LLC*, 30 F.4th 849 (9th Cir. 2022)........................4

*Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201 (9th Cir. 2009) .....................................19

*Boston Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041
    (N.D. Cal. 2003).............................................................................................................11

*Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023) ........................................................7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................................6

*Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020 (C.D. Cal. 2023) .................3

*Campos v. JPMorgan Chase Bank, NA*, Case No.18-cv-06169-JSC, 2019 WL 827634
    (N.D. Cal. Feb. 21, 2019) ..............................................................................................13

*Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216 (9th Cir. 2011) ..........................21

*Ceramic Corp. of America v. Inka Maritime Corp. Inc.*, 1 F.3d 947 (9th Cir. 1993) .........18

*Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277 (9th Cir. 2009) ..........................12

*Cordas v. Uber Tech.*, 228 F. Supp. 3d 985 (N.D. Cal. 2017).............................................3

*Drenckhahn v. Costco Wholesale Corp.*, No. 2:08-CV-01408- JHN, 2011 WL
    3754659 (C.D. Cal. Aug. 24, 2011) ...............................................................................15

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

*Durkee v. Ford Motor Co.*, No. C 14-0617-PJH, 2014 WL 4352184 (N.D. Cal. Sept. 2, 2014).................................................................................................................25

*E. El Paso Physicians' Med. Ctr., LLC v. Aetna Health Inc.*, No. EP-16-CV-44-KC, 2017 WL 876313 (W.D. Tex. Mar. 2, 2017).........................................................16

*E&B Nat. Res. Mgmt. Corp. v. Cty. of Alameda*, No. 18-CV-05857-YGR, 2019 WL 1585637 (N.D. Cal. Apr. 12, 2019)......................................................................10

*Escobar v. Brewer*, 461 F. App'x 535 (9th Cir. 2011)...........................................17

*ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023 (9th Cir. 2016)..................23

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021)...................5

*Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60 (1992)......................................15

*GE Energy Power Conversion France SAS v. Outokumpu Stainless USA*, LLC, 590 U.S. 432 (2020).................................................................................................1, 13

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2nd Cir. 1989).....................22

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991)............................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011).............5

*Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027 (7th Cir. 2012).............................16

*Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287 (2010)...................17

*Gray v. Conseco, Inc.*, No. SA-CV-00-322-DOC (EEX), 2000 WL 1480273 (C.D. Cal. Sept. 29, 2000)............................................................................................18

*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501 (1947).........................................21

*Harvey v. Joyce*, 199 F.3d 790 (5th Cir. 2000)....................................................16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)...........5

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019)...........11

*In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705 (N.D. Cal. 2011)................25

*In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Aug. 8, 2014).........................................................................................................15, 24

*Kenseth v. Dean Health Plan*, 722 F.3d 869 (7th Cir. 2013)..............................16

*Knievel v. Espn*, 393 F.3d 1068 (9th Cir. 2005)..................................................22

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

*Kwan v. SanMedica Int'l*, 854 F.3d 1088 (9th Cir. 2017) ..................................................23

*LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-CV-07274-MMC, 2019 WL
1170779 (N.D. Cal. Mar. 13, 2019) ...............................................................24

*Leon v. Millon Air Inc.*, 251 F.3d 1305 (11th Cir. 2001) .......................................21

*Lewis v. UBS Fin. Servs.*, 818 F. Supp. 2d 1161 (N.D. Cal. 2011) ..........................13

*Lopez v. Terra's Kitchen*, LLC, 331 F. Supp. 3d 1092 (S.D. Cal. 2018) ......................3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ...........................................16

*Masry v. Lowe's Cos.*, 24-cv-00750-CRB (N.D. Cal. 2024 June 28, 2024) .....................3

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) ....................7

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191 (N.D. Cal. 2016) ..........................24

*Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2018 WL 510139 (N.D.
Cal. Jan. 23, 2018) ............................................................................15, 24

*Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009) ..........................13

*Munro v. Univ. of S. Cal.*, 896 F.3d 1088 (9th Cir. 2018) ...................................10

*Native Am. Arts, Inc. v. Specialty Merch. Corp.*, 451 F. Supp. 2d 1080 (C.D. Cal.
2006) ...........................................................................................17

*Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1887261 (N.D.
Cal. Apr. 24, 2015) ...............................................................................15

*Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir. 2014) ..............................4

*Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal.
July 7, 2015) ...................................................................................18

*Regan v. Pinger*, No. 20-CV-02221-LHK, 2021 WL 706465 (N.D. Cal. Feb. 23,
2021) ............................................................................................4

*Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*, 816 F. Supp. 213 (S.D.N.Y. 1993) .......15

*Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469 (9th Cir. 1991) ................11

*Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31,
2011) ...........................................................................................25

*Rudgayzer v. Yahoo! Inc.*, No. 5:12-CV-01399-EJD, 2012 WL 5471149 (N.D. Cal.
Nov. 9, 2012) ....................................................................................25

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

*Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877 (9th Cir. 1992) ..................... 10

*Sanchez v. Gruma Corp.*, Case No. 19-cv-00794-WHO, 2019 WL 1545186 (N.D. Cal. Apr. 9, 2019) .......................................................................................... 13

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ..................... 3, 6

*Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716 (9th Cir. 1999) .................................... 12

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) ................ 18, 19

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) ........................ 24

*Sparling v. Hoffman Constr. Co.*, 864 F.2d 635 (9th Cir. 1988) ................................. 13

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................... 17

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) .......................................... 16

*Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053 (9th Cir. 2004) ............ 13

*Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C15-00509-CRB, 2015 WL 1544244 (N.D. Cal. Apr. 2, 2015) ..................................................................... 18

*Venclose Inc. v. Covidien Holding, Inc.*, No. 16-CV-07372-EJD, 2017 WL 3335984 (N.D. Cal. Aug. 4, 2017) .................................................................... 10

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................... 3, 5, 7, 8

*Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119 (N.D. Cal. 2018) ........................... 18

*Will Co. v. Lee*, 47 F.4th 917 (9th Cir. 2022) ................................................. 7

*Wilson v. Huuuge, Inc.*, 944 F.3d 1212 (9th Cir. 2019) .......................................... 4

*Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205 (9th Cir. 1998) ................................ 11

## Statutes

*Fed. R. Civ. P. Rule 12* ...............................................ix, 1, 2, 3, 9, 10, 22

Fed.R.Civ.P. Rule 8 .......................................................................... 24

Fed.R.Civ.P. Rule 9 .......................................................................... 24

Federal Arbitration Act (9 U.S.C. §§ 1-16).............................. 10, 11, 12, 13, 18

*Hague Evidence Convention* ............................................................... 2, 20

*Lanham Act (15 U.S.C. §§ 1051 et seq)* ...............................ix, 1, 9, 10, 19

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on **June 18, 2025 at the hour of 2:00 p.m**. or as soon thereafter as the matter can be heard, the Defendant Adam Khimji will appear before Judge William H. Orrick and will move, and hereby does move, for an Order:

a.  pursuant to Rule 12 (b)(2), dismissing this case for lack of personal jurisdiction;

b.  alternatively, pursuant to Rule 12(b)(1), dismissing this case for lack of subject matter jurisdiction since the *Lanham Act* cannot be applied extraterritorially;

c.  as a further alternative, pursuant to Rule 12(b)(1) or 9 U.S. Code § 3 for a stay, as Visual Supply Company is in breach of its own arbitration agreement;

d.  as a further alternative, dismissal for reason of *forum non conveniens* in favor of the Federal Court of Canada; and/or

e.  as a final alternative, pursuant to Rule 12(b)(6), dismissal for reason of Visual Supply Company's own TOU stipulating a one-year statute of limitations and/or dismissal as some counts in the Complaint failing to state a claim.

## ISSUES TO BE DECIDED

1.  Whether the case be dismissed for lack of personal jurisdiction?

2.  Whether the case be dismissed for lack of subject-matter jurisdiction?

3.  Whether the case be dismissed or stayed due to an arbitration agreement?

4.  Whether the case should be dismissed for reason of *forum non conveniens*?

5.  Whether the case be dismissed under Rule 12(b)(6) for expiry of limitation period or failures to state a claim?

This motion for dismissal and/or stay is based on this Notice, on the attached Memorandum of Points and Authorities below, Declaration of Adam Khimji, and Declaration of Simon Lin, and on the pleadings and evidence on file in this action.

Date: March 31, 2025          By: _____
                                      *Simon Lin*
                              Simon Lin – State Bar No. 313661

**DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**
Case Number: 3:24-cv-09361-WHO

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  Introduction**

Mr. Khimji maintains that his personal information was used without permission for the alleged websites and activities in the Complaint. Mr. Khimji is a senior employee of the Government of Canada and maintains he never engaged in any of the alleged conduct.

*Dismissal for Lack of Personal Jurisdiction (Rule 12(b)(2)):* The main basis that Visual Supply Company ("**VSCO**") relies on for personal jurisdiction is a forum selection clause found within VSCO's own adhesion website terms of use (hereafter "**TOU**"). *However*, the TOU is a "browsewrap" agreement that is not binding on mere visitors of the website that have never registered for a VSCO account. There is no evidence of Mr. Khimji ever having a VSCO account (and consequently no evidence he ever agreed to the TOU and forum selection clause). There is no general jurisdiction. The allegations do not support specific jurisdiction for the claims raised. This is a **complete answer** and the Complaint should be dismissed.

*Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1) and (6)):* VSCO primarily relies on federal question jurisdiction arising from federal trademark laws, coupled with supplemental jurisdiction. In *Abitron Austria GmbH v. Hetronic International, Inc.*, 600 U.S. 412 (2023), the Court determined that the *Lanham Act*, which VSCO mainly relies on, cannot apply extraterritorially. It is settled law that trademark rights are territorial. The alleged conduct occurred in Canada, and governed by Canada's *Trademarks Act*. There is no claim under the *Lanham Act* and consequently this Court would not have subject matter jurisdiction.

*Dismissal or Stay Arising from an Arbitration Agreement (Rule 12(b)(1) or 9 U.S. Code § 3):* VSCO's TOU provide that **all disputes** be resolved by arbitration. Even when injunctive relief is sought, the arbitration agreement provides for bifurcation for the arbitrator to decide all liability issues **first** before <u>any</u> discovery and seeking of relief. In *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA*, LLC, 590 U.S. 432 (2020), the Supreme Court stated that nonsignatories, like Mr. Khimji, may invoke the arbitration agreement thru equitable estoppel. Equitable estoppel applies as VSCO's claims here are based on its TOU.

1

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

***Dismissal for Forum Non Conveniens:*** The alleged conduct is subject to the Canadian trademark laws. The evidence and witnesses are in Canada, a country that is not a signatory to the *Hague Evidence Convention*. If VSCO's forum selection clause is unenforceable, the most appropriate forum is the Federal Court of Canada. Mr. Khimji resides in Canada and is subject to the Canadian court's jurisdiction. The Federal Court of Canada has summary procedures to swiftly resolve trademark claims. While the Federal Court of Canada does not provide for jury trials, VSCO's expressly ***waived*** any right to jury trials within its own TOU.

***Dismissal for Failure to State a Claim (Rule 12(b)(6)):*** VSCO's TOU provide for a limitation period of <u>one-year</u> only. The main allegations against Mr. Khimji (i.e., vsco.club and glizzy.cafe websites and a Patreon "vscoclub" account) are on their face **more than one-year** prior to VSCO filing the Complaint. The claims against Mr. Khimji were permanently barred to begin with. In any case, Counts II, IV, and VI in the Complaint fail to state a claim.

It is expected that VSCO will attempt to paint Mr. Khimji as a villain by asserting that he allegedly downloaded or scraped "*erotic photographs of young women and girls, including images of minors*" <u>from</u> VSCO's platform.[1] As noted above, Mr. Khimji maintains that his personal information was improperly used. In any event, the images' substance are irrelevant for considering the IP issues. **Most importantly**, VSCO's assertion means <u>VSCO's platform</u> is indeed hosting "*erotic photographs of young women and girls, including images of minors.*"

Shortly before the filing of this Rule 12 motion, the Defendant has served a Rule 11 motions for sanctions, which will be filed shortly thereafter in light of the 21-day safe harbor period. The Rule 11 motion for sanctions is tentatively calendared for the same day. It is within the Court's discretion which motion to hear and decide first. For greater certainty, by filing the Rule 11 motion for sanctions (and the motion to quash the underlying DMCA subpoenas in file 3:24-mc-80159-SK), the Defendant Mr. Khimji is **<u>not waiving</u>** any of his objections, including personal jurisdiction or Mr. Khimji's objection that this case should be stayed.

---

[1] Words VSCO used in a cease-and-desist letter in Ex. B of Mr. Khimji's declaration.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

2. <u>**Dismissal for Lack of Personal Jurisdiction (Rule 12(b)(2))**</u>

In ¶¶ 13-14 of its Complaint, VSCO mainly relies on the forum selection clause in VSCO's TOU. In the subsections that follow, the Defendant Mr. Khimji will demonstrate:

    a. **VSCO's Forum Selection Clause Not Enforceable:** The forum selection clause in VSCO's TOU is a "browsewrap" agreement. Forum selection clauses in "browsewrap" agreements do not bind mere visitors of the website. There is <u>no evidence</u> Mr. Khimji was ever a registered VSCO user or assented to the TOU.

    b. **General Jurisdiction is Clearly Absent:** There could not be general jurisdiction over Mr. Khimji, a Canadian citizen domiciled in Canada.

    c. **No Specific Jurisdiction for Websites with No Forum-Specific Focus:** VSCO overlooked *Walden v. Fiore*, 571 U.S. 277 (2014) that foreseeability of harm to a plaintiff in the forum is <u>no longer enough to establish personal jurisdiction</u>, where there is no significant connection between defendant and forum. VSCO mainly relies on its own *alleged* presence in California for asserting personal jurisdiction.

VSCO bears the burden of demonstrating that jurisdiction is appropriate when a defendant moves to dismiss a complaint for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). VSCO <u>cannot</u> simply rest on the bare allegations in its Complaint; the Court must inquire into whether VSCO's evidence even makes a prima facie showing of personal jurisdiction. *Id.*

    i. <u>*VSCO's Forum Selection Clause in a Browsewrap Agreement is Unenforceable*</u>

The detailed analysis in *Byars v. Goodyear Tire & Rubber Co.*, 654 F. Supp. 3d 1020 (C.D. Cal. 2023), and adopted in *Masry v. Lowe's Cos.*, 24-cv-00750-CRB (N.D. Cal. 2024 June 28, 2024), on a "browsewrap" agreement and the enforceability of a forum selection clause found in a "browsewrap" agreement is ***apposite***.

"In California, 'mutual assent [by word or conduct] is the key to contract formation.' " *Lopez v. Terra's Kitchen*, LLC, 331 F. Supp. 3d 1092, 1097 (S.D. Cal. 2018) quoting *Cordas v. Uber Tech.*, 228 F. Supp. 3d 985, 988 (N.D. Cal. 2017). A "browsewrap" agreement is

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

"where the website's terms and conditions of use are available as <u>a hyperlink at the bottom of the website</u>." (emphasis added) *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014). A browsewrap agreement is where "the user can continue to use the website or its services without visiting the page hosting the browsewrap agreement or even knowing that such a webpage exists." *Lopez*, 331 F. Supp. 3d at 1098 (internal quotations omitted); *see also Regan v. Pinger*, No. 20-CV-02221-LHK, 2021 WL 706465, at *4 (N.D. Cal. Feb. 23, 2021); *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1220 (9th Cir. 2019).

A "browsewrap" agreement can be valid only <u>if the website owner shows</u> that the user had actual or constructive notice of its terms. (emphasis added) *Regan*, No. 20-CV-02221-LHK, 2021 WL 706465, at *4. Absent actual notice, a website owner can show constructive notice by showing that: "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). "[C]ourts <u>will not</u> enforce agreements where the terms are buried at the bottom of the page or tucked away in obscure corners of the website, especially when such scrolling is not required to use the site." (emphasis added) *Wilson*, 944 F.3d at 1220-21 (9th Cir. 2019).

VSCO's TOU falls squarely within the "browsewrap" agreements above, as illustrated from printouts of VSCO's home page (Declaration of Simon Lin [**Lin Declaration**], Ex. J and L, pp. 263 and 272). The "Terms of Use" link is buried towards the bottom of the home page <u>without</u> any conspicuous notice of the TOU or requiring the visitor taking any action to unambiguously manifest assent. As such, ¶ 81 of the Complaint asserting that VSCO's TOU applying to <u>both</u> registered users and mere visitors is not accurate. The "browsewrap" agreement cannot apply to mere visitors of the VSCO website, when they never agreed to it.

Hence, <u>even assuming for argument</u> that Mr. Khimji visited the VSCO website (Mr. Khimji vehemently denies this – Declaration of Adam Khimji [**Khimji Declaration**] at ¶¶ 5, 7 and 12), he cannot be bound by VSCO's TOU if he never registered for a VSCO account.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

Mr. Khimji has provided his personal email address (i.e., akhimji3@uwo.ca) and there is no evidence that Mr. Khimji ever registered for a VSCO account (Khimji Declaration at ¶¶ 6-7). The burden is on VSCO to demonstrate that Mr. Khimji has assented to VSCO's TOU by registering an account on VSCO's website. In the absence of such evidence, VSCO **cannot** rely on a bald assertion of a forum selection clause in its own TOU to establish jurisdiction.

### ii.    *General Jurisdiction is Not Available Against an Individual Domiciled in Canada*

General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are "substantial" or "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Mr. Khimji is a Canadian citizen domiciled in Canada (Khimji Declaration at ¶ 1 and 5(a)). There is no general jurisdiction.

### iii.    *No Specific Jurisdiction for Websites with No Forum-Specific Focus*

Specific jurisdiction "covers defendants less intimately connected with a State" but "only as to a narrower class of claims." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021). Whereas general jurisdiction depends on the relationship between the defendant and the forum, specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him" (emphasis added) *Walden v. Fiore*, 571 U.S. 277, 285 (2014) The Supreme Court limited specific jurisdiction to situations where the defendant's "suit-related conduct" creates a "substantial connection" with the forum.

**Effectively**, the Supreme Court rejected prior decisions holding that a defendant's knowledge of the plaintiffs' strong forum connections, plus the foreseeable harm the plaintiffs suffered in the forum, comprised sufficient minimum contacts. *Walden v. Fiore*, 571 U.S. 277, 287-290 (2014). After *Walden*, it is no longer sufficient to allege that a defendant

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

"intentionally infringed" the plaintiff's IP rights knowing that the plaintiff was located in the forum state - *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017) (citing *Walden v. Fiore*, 571 U.S. at 287-88 (requiring court to focus on a defendant's "own contacts" with the forum, not a defendant's knowledge of a plaintiff's connections to a forum)). This is a **complete answer** to VSCO's reliance on its *alleged* presence in California.

There are **serious doubts** whether VSCO is even present in California. VSCO claims that it is a "virtual first workplace with bi-annual company-wide travel events to connect and play." It appears that VSCO's headquarters is a virtual PO Box and may not even have a real place of business in California except that virtual mailbox. (Lin Declaration, ¶¶21-24, Ex. R-U, pp. 318, 327, 331, and 333). It is inconceivable to have 92958 office units in a single building.

*Assuming* VSCO is present in California, for specific jurisdiction: (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. The plaintiff must satisfy the first two prongs of this test; **only if** VSCO satisfies the first two prongs does the burden shift to Mr. Khimji to "present a compelling case" that the exercise of jurisdiction over it is not reasonable. *Id.*; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

The Plaintiff VSCO cannot even meet the first two prongs of the test. During the material times, Mr. Khimji was not present in California or USA. Mr. Khimji has not been to California since 2017 and has not been to the United States since 2022 (Khimji Declaration at ¶ 4).

For the allegedly infringing activities (i.e., the "Infringing Websites" as defined in ¶ 26 of the Complaint), the first four causes of action relates to alleged uses of VSCO's trademarks on the Infringing Websites. There is no allegation in the Complaint that those Infringing Websites were expressly aimed at or purposefully directed to California or US audiences. Just

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

because a plaintiff that allegedly suffered harm is within the forum is insufficient. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). There is **no evidence** of the Infringing Websites conducting a transaction with a resident of California or USA. Whether the contents of the allegedly Infringing Websites are hosting copyright protected content is irrelevant as VSCO has <u>no standing</u> to make copyright claims on behalf of its users and no copyright claims are advanced.

VSCO is asserting that the Infringing Websites host content for others to view or download.  Mere passive operation of a website is insufficient to demonstrate express aiming. *Will Co. v. Lee*, 47 F.4th 917, 922 (9th Cir. 2022). Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every jurisdiction in which it can be accessed. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218,1231 (9th Cir. 2011).

Even if the Infringing Websites are somehow classified as an interactive website, there must be "something more" to constitute "express aiming" *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F. 4th 1085, 1092 - Court of Appeals, (9th Cir. 2023); see also *Briskin v. Shopify, Inc.*, 87 F.4th 404, 413-424 (9th Cir. 2023) – vacated with *en banc* rehearing on Sept. 26, 2024 and opinion pending. VSCO bears the burden to provide evidence that the Infringing Websites focused on the forum in question, and cannot be based on bare assertions in the Complaint.

Notably, the circumstance herein seems to be analogous to the situation in *Ama Multimedia, LLC v. Wanat*, 970 F. 3d 1201, 1210 (9th Cir. 2023) where the Ninth Circuit concluded that the defendant's website "lack[ed] a forum-specific focus" because "<u>the market for adult content is global</u>" (emphasis added). Similarly, the content that are allegedly posted on the Infringing Websites lacks a forum-specific focus, and no evidence to the contrary.

The fifth cause of action relates to alleged trespass to chattels (i.e., VSCO's website and applications) that *may* be hosted in California. Again, there seems to be serious doubt whether VSCO is even present in California with a real place of business. The allegation is that the defendant accessed images hosted on VSCO's web platform. **However**, the images on VSCO's platform could not be accessed unless the person registers for a VSCO account as noted in ¶ 3 of the Complaint. This is also confirmed in the FAQ on VSCO's website stating:

7

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

> ***Can anyone search on VSCO?***
>
> *For the safety of our VSCO Community a <u>VSCO account is required to use the
> search feature.</u> If you do not already have an account and want to discover what
> the VSCO Community has to offer check out our article on how to create a VSCO
> account.*

(emphasis added, Lin Declaration at ¶ 19 and Ex. P, pp. 299)

VSCO's list of free and paid plans for users similarly confirm that the browsing of the
VSCO community (and contents therein) would require first registering for an account (i.e.,
Lin Declaration at ¶¶ 17-19 and Ex. N-O, pp. 287, 291). In other words, the alleged trespasser
would necessarily need to be a person that has already registered for a VSCO account.

There is **no evidence** Mr. Khimji ever holding a VSCO account (Khimji Declaration at ¶
7), and VSCO could not even make a *prima facie* showing otherwise.

The sixth cause of action relate to alleged breach of VSCO's TOU. As detailed on pages
3-5 above, VSCO's "browsewrap" agreement is not binding on a visitor of the website. As
such, this cause of action claim can only be against a registered VSCO user. Again, there is
no evidence Mr. Khimji ever holding a VSCO account (Khimji Declaration at ¶ 7).

### iv.    *Conclusion on the Lack of Personal Jurisdiction*

VSCO fails to meet its burden to show an enforceable forum selection clause, as its TOU
is a "browsewrap" agreement. It is plain that there is not general jurisdiction here.

VSCO fails to demonstrate that there is specific jurisdiction in these circumstances. Just
because a plaintiff that allegedly suffered harm is within the forum is insufficient. *Walden v.
Fiore*, 571 U.S. 277, 285 (2014). There is also serious doubts whether VSCO is actually
present in California with an actual place of business. Moreover, the impugned websites are
similar to the type that the Ninth Circuit addressed in *Ama Multimedia, LLC v. Wanat*, 970 F.
3d 1201, 1210 (9th Cir. 2023) that has no forum-specific focus. Finally, VSCO could not even
make a *prima facie* showing that Mr. Khimji ever registered a VSCO account. VSCO's fifth
and sixth cause of action could only be invoked against a person with a VSCO account.

In sum, there are strong grounds for to dismiss for lack of personal jurisdiction.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1

### 3.   Dismissal for Lack of Subject Matter Jurisdiction (Rule 12(b)(1) and (6))

Alternatively, this case should be dismissed for lack of subject matter jurisdiction. In the Complaint ¶ 12, VSCO confirmed that it is primarily relying on federal question jurisdiction arising from *Lanham Act* claims VSCO raised in the first three causes of action. The remaining three state law causes of action and would necessarily rely on supplemental jurisdiction. Hence, if VSCO's first three causes of action based on U.S. federal trademark laws fall, there would be no supplemental jurisdiction for the remaining three state law causes of action.

It is plain that trademark rights are territorial in nature. In *Abitron Austria GmbH v. Hetronic International, Inc.,* 600 U.S. 412 (2023), the Supreme Court confirmed that the sections of the *Lanham Act* that "in commerce" in the context of 15 U.S.C. § 1114 and 1125 **does not** extend to foreign commerce. In other words, these provisions of the *Lanham Act* has no extraterritorial reach and cannot capture conduct that occurs in a foreign jurisdiction. A U.S. plaintiff cannot rely on a U.S. trademark to pursue allegedly infringing conduct in a foreign jurisdiction. The U.S. plaintiff would need to rely on a foreign trademark registration.

In ¶ 8 of the Complaint, VSCO admitted that Mr. Khimji is a Canadian citizen residing in Canada. VSCO is asserting that Mr. Khimji allegedly created the Infringing Websites from Canada (i.e., conduct in a foreign jurisdiction). Conduct occurring in Canada is subject to Canada's *Trademarks Act* (Lin Declaration Ex. E, ss. 7 (unfair competition), 20 (infringement), and 22 (depreciation of goodwill), pp. 68, 95, 98). These provisions of Canada's *Trademarks Act* parallel the first three causes of action VSCO raised in this case.

VSCO merely makes a bald assertion in ¶¶ 48 and 64 of the Complaint that their US trademarks were used by the Defendants (including Mr. Khimji) "in commerce" without any regard to VSCO's own contradictory allegation that Mr. Khimji is based in Canada. Moreover, there are no facts pleaded on how the alleged Infringing Websites were "using" VSCO's trademarks "in commerce" in the United States. As noted above, the Ninth Circuit has found that similar websites have no forum-specific focus *Ama Multimedia, LLC v. Wanat*, 970 F. 3d 1201, 1210 (9th Cir. 2023) (i.e., website would not be directed against US commerce).

9

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1  VSCO is knowingly attempting to paper over the impermissible attempt to extend the

2  *Lanham Act* extraterritorially. In the cease-and-desist letter sent to Mr. Khimji in October

3  2024, VSCO seems to already know of the territoriality problem and had to rely on Canadian

4  trademarks (Khimji Declaration at Ex. B, p. 8; Lin Declaration at Ex. C-D, pp. 49 and 52).

5  VSCO's pleading fails to state a claim under the *Lanham Act* for conduct allegedly

6  occurring on or originating from foreign soil. As such, VSCO's claims under the *Lanham Act*

7  must be dismissed under Rule 12(b)(6) for failure to state a claim which relief can be granted.

8  Upon dismissing the *Lanham Act* claims, the state law claims should be dismissed for

9  lack of subject matter jurisdiction. When only state law claims remain after the dismissal of

10  all federal law claims before trial, courts evaluate their continued supplemental jurisdiction

11  under Rule 12(b)(1). *E&B Nat. Res. Mgmt. Corp. v. Cty. of Alameda*, No. 18-CV-05857-YGR,

12  2019 WL 1585637, at *6 (N.D. Cal. Apr. 12, 2019) (dismissing remaining state-law claims

13  under Rule 12(b)(1) after dismissing all federal claims); *Venclose Inc. v. Covidien Holding,*

14  *Inc.*, No. 16-CV-07372-EJD, 2017 WL 3335984, at *8 (N.D. Cal. Aug. 4, 2017). VSCO may

15  pursue their claim, if any, in Canada, subject to any defenses that Mr. Khimji may have.

16  **4.  Dismissal or Stay in Favor of Arbitration (Rule 12(b)(1) or 9 U.S. Code § 3)**

17  As a further alternative, the Complaint should be dismissed or stayed in light of VSCO's

18  arbitration agreement in its own TOU. As detailed further below, Mr. Khimji is entitled to

19  invoke the arbitration agreement against VSCO despite not being a signatory to the TOU.

20  The Federal Arbitration Act (*FAA*) "manifests a 'liberal federal policy favoring

21  arbitration agreements.'" *Saari v. Smith Barney, Harris Upham & Co.*, 968 F.2d 877, 879 (9th

22  Cir. 1992) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991)). Under

23  the *FAA*, a written agreement to arbitrate in any "contract evidencing a transaction involving

24  commerce…shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

25  law or in equity ….." 9 U.S.C. § 2; see *Munro v. Univ. of S. Cal.*, 896 F.3d 1088, 1091 (9th

26  Cir. 2018). If a party to an arbitration agreement files suit, the other party may move to dismiss

27  on the ground that the *FAA* requires arbitration clauses be enforced. See 9 U.S.C. § 2.

28

10

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

In the Ninth Circuit, a district court must compel arbitration where two factors are met: "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). In applying this standard, courts recognize the FAA's "presumption in favor of arbitrability," *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998), and "all doubts over the scope of an arbitration clause must be resolved in favor of arbitration." (emphasis added) *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 471 (9th Cir. 1991); see *Boston Telecomms. Grp., Inc. v. Deloitte Touche Tohmatsu*, 278 F. Supp. 2d 1041, 1049 (N.D. Cal. 2003).

  i.  *VSCO Must Arbitrate All of the Dispute Raised in Its Complaint.*

As a **threshold matter**, the determination as to whether VSCO's allegations preclude arbitration of *any portion* of the dispute is reserved for the arbitrator, not this Court. "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). **For this reason alone**, the entire Complaint should be dismissed when VSCO has breached their own arbitration agreement.

Nevertheless, to the extent that the Court undertakes to resolve the question of arbitrability, the TOU upon which VSCO rests its claims unambiguously require arbitration of this dispute. During the material times, VSCO's TOU had an arbitration agreement in Clause 14 (see Lin Declaration at Ex. G-I, pp. 193, 222, 248). VSCO's current TOU provides:

**14. ARBITRATION AGREEMENT**

**…**

**Applicability of Arbitration Agreement**. You agree that any dispute, claim, or request for relief relating in any way to your access or use of our Services, to any products sold or distributed through our Services, or to any aspect of your relationship with us, will be resolved by binding arbitration, rather than in court, except that you and VSCO can seek equitable relief in court for infringement or other misuse of intellectual property rights (such as trademarks, trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility, functionality, or the security of our Services, or any illegal or

intentional act against your interests or VSCO's general business interests. **This Arbitration Agreement applies, without limitation, to all disputes or claims and requests for relief that originated before the effective date of this Agreement or any prior version of this Agreement. You agree to this Arbitration Agreement as a condition of your use (or continued use) of our Services every time it is changed or updated**.

**Arbitration Rules and Forum**. The Federal Arbitration Act (9 U.S.C. § 1 et seq.) ("**FAA**"), including its procedural provisions, in all respects, applies to the interpretation and enforcement of this Arbitration Agreement. The following rules and procedures shall apply to any arbitration proceeding brought under these Terms:

-   …

-   If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before conducting any proceedings (including discovery) related to the appropriate relief.

…

**Waiver of Jury Trial**. You and VSCO both waive any constitutional and statutory rights to sue in court and have a trial in front of a judge or a jury, with the exceptions stated in this Arbitration Agreement. If for any reason a dispute proceeds in court rather than in arbitration, you and VSCO each waive any right to a jury trial. An arbitrator can award the same damages and relief as a court and follow our Arbitration Agreement as a court would.

…

(emphasis added with underline, bold in original)

Ultimately, to fall within the scope of an arbitration clause, a plaintiff's "allegations need only touch matters covered by the contract[.]" *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999) (internal quotation marks omitted). Here, there can be no serious dispute that VSCO's allegations more than "touch matters" covered by the TOU—indeed, VSCO repeatedly frames the TOU as the touchstone for each of its claims. See, e.g., Complaint at ¶¶ 3, 4, 22, 23, 78, and 80-86. And any ambiguity as to that conclusion must be resolved in favor of arbitration. See *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009) ("[U]nder the federal presumption in favor of arbitration, an arbitrator would have jurisdiction to arbitrate claims" even when the contract is ambiguous).

For this reason, too, the Court should dismiss the Complaint for reason of VSCO's breach of the mandatory arbitration agreement. See 9 U.S.C. § 3; *Thinket Ink Info. Res., Inc. v. Sun*

12

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

*Microsys., Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (approving dismissal of claims subject to mandatory arbitration under Section 3 of the FAA); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Sanchez v. Gruma Corp.*, Case No. 19-cv-00794-WHO, 2019 WL 1545186 (N.D. Cal. Apr. 9, 2019) (dismissing claims subject to mandatory arbitration); *Lewis v. UBS Fin. Servs.*, 818 F. Supp. 2d 1161, 1169 (N.D. Cal. 2011) (finding it "appropriate" to dismiss claims that were arbitrable); *Campos v. JPMorgan Chase Bank, NA*, Case No.18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019).

      *ii.*    <u>*Equitable Estoppel Permits Mr. Khimji to Invoke Arbitration Agreement*</u>

As noted in p. 3-5 above, Mr. Khimji is not a party to the TOU. However, the TOU may still bind the John Does in this case that have a registered VSCO account and engaged in the alleged conduct. It is clear that VSCO's claims against the John Does must be arbitrated. In *GE Energy Power Conversion France SAS v. Outokumpu Stainless USA*, LLC, 590 U.S. 432 (2020), the Supreme Court stated that a proposed arbitration involving foreign parties (i.e., when *New York Convention* applies), like here, a nonsignatory may rely on equitable estoppel to invoke the arbitration agreement that he is not a party to. "Equitable estoppel `precludes a party from claiming the benefits of a contract while <u>simultaneously attempting to avoid the burdens that contract imposes</u>.'" "[A] signatory may be required to arbitrate a claim brought by a nonsignatory 'because of the close relationship between the entities involved, as well as the relationship of the alleged wrongs to the non-signatory's obligations and duties in the contract and the fact that the claims were intertwined with the underlying contractual obligations.'" *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045-6 (9th Cir. 2009).

There is no doubt that VSCO is claiming the benefit of its TOU in trying to rely on the forum selection clause to establish personal jurisdiction. See Complaint ¶¶ 3, 4, 13. VSCO also raised causes of action that rely upon its TOU. See Complaint ¶¶ 22, 23, 78, and 80-86. In other words, VSCO's TOU is clearly at issue in this case, and intertwined into this claim. VSCO cannot escape the terms of its own arbitration agreement. Mr. Khimji is entitled to rely on equitable estoppel to invoke the arbitration agreement against VSCO.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

*iii.*     <u>*VSCO's Pursuit of Injunctive Relief Does Not Necessitate Court Litigation*</u>

**At minimum**, all claims in the Complaint other than "injunctive relief" should be dismissed for breach of the arbitration agreement. The following relief under Prayer for Relief are covered by the arbitration agreement: Clause A seeking a "judgment", Clause D seeking declaratory relief, Clauses E-F for delivery up, Clauses G to M for monetary relief, and <u>all</u> of the causes of action that rely upon these Prayers for Relief should similarly be dismissed.

Although VSCO's mandatory arbitration agreement includes a parenthetical "except that you and VSCO can seek equitable relief in court" and the Complaint in part purports to seeks injunctive (equitable) relief, the Court need not retain jurisdiction over any portion of the Complaint that purports to seek such relief for two reasons. **Firstly**, the arbitration agreement already provides for the "sequencing" as between equitable relief and non-equitable relief:

-<u>If a claim seeks equitable relief</u> (including injunctive relief), the parties agree to <u>bifurcate</u> the proceeding and that <u>the arbitrator has the authority to rule on liability **first**</u>, <u>before conducting any proceedings (including discovery) related to the appropriate relief.</u>

(emphasis added; Lin Declaration, Ex. I, p. 194)

Hence, the terms of VSCO's own arbitration agreement expressly provides that any and all liability determinations rests with the arbitrator, and liability must be determined **first**. Only after liability is *finally* determined that VSCO could conduct any proceedings (including discovery) related to the appropriate relief. VSCO's filing of this claim is putting the cart before the horse, and an attempt to bypass its obligations. To the extent there is any residual doubt on whether the arbitration agreement covers the "sequencing" issue from filing of this court case, it must be decided by the arbitrator pursuant to the competence-competence rule:

**Authority of Arbitrator.** The NAM arbitrator(s) will have <u>exclusive authority</u> to: (a) <u>determine the scope and enforceability of this Arbitration Agreement</u>; and (b) <u>resolve any dispute related to the interpretation, applicability, enforceability</u>, or formation of this Arbitration Agreement. ….

(emphasis added with underline, bold in original)

**Secondly,** it is axiomatic that a court should determine the adequacy of a remedy in law before if the legal relief sought through its other claims is deemed inadequate. See resorting

14

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

to equitable relief in *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75–76 (1992); see, e.g., *Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-CV-5962 YGR, 2015 WL 1887261, at *3 (N.D. Cal. Apr. 24, 2015) (finding it appropriate to determine plaintiffs' legal claims before addressing the UCL claim); *Drenckhahn v. Costco Wholesale Corp.,* No. 2:08-CV-01408-JHN, 2011 WL 3754659, at *1 (C.D. Cal. Aug. 24, 2011) (same). Thus, to the extent that VSCO seeks injunctive relief, VSCO would only be entitled to proceed with its claim only if the legal relief sought through the **arbitrator** is deemed inadequate first. *Mullins v. Premier Nutrition Corp.,* No. 13-CV-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018).

In any event, as VSCO's claims for injunctive relief "relies upon the same factual predicates as…plaintiff's legal causes of action," it cannot stand as an independent claim. *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Aug. 8, 2014). Thus, VSCO's assertion of an unsustainable claim for injunctive relief remains subordinated to its legal claims that must be determined by the arbitrator **first**, and VSCO cannot overcome its commitment to arbitrate this dispute by filing a court claim.

**Thirdly**, this Court has repeatedly said a prayer for injunctive relief does not constitute an independent "claim" warranting litigation. See *Castillo v. Wells Fargo Bank, N.A.*, No. C-15-2353-MMC, 2015 WL 13425101, at *2 (N.D. Cal. July 17, 2015) ("[i]njunctive relief is not a claim, but, rather, a remedy"); *Kennedy Funding, Inc. v. Chapman*, No. C-09-01957 RS, 2010 WL 2528729, at *11 (N.D. Cal. June 18, 2010) ("injunctive relief [is] more appropriately characterized as [a] form[] of relief than [an] independent claim[]"). The Complaint's prayer for injunctive relief cannot alter the conclusion that VSCO must arbitrate its dispute.

**Finally, and most importantly**, courts regularly compel arbitration of requests for injunctive relief, <u>even where</u> an arbitration agreement expressly excludes claims seeking equitable relief. See, e.g., *Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*, 816 F. Supp. 213, 218 (S.D.N.Y. 1993) (rejecting interpretation of arbitration agreement that would "transform [] arbitrable claims into nonarbitrable ones depending on the form of relief prayed for"). Otherwise, "a party could frustrate any agreement to arbitrate simply by the manner in which

15

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

it framed its claims." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1036 (7th Cir. 2012) (internal quotation marks omitted). This is particularly true where, as here, "Plaintiff's claims are truly damages claims masquerading as claims for injunctive relief." *E. El Paso Physicians' Med. Ctr., LLC v. Aetna Health Inc.*, No. EP-16-CV-44-KC, 2017 WL 876313, at *4 (W.D. Tex. Mar. 2, 2017); see *Gore*, 666 F.3d at 1036 ("Whether a particular claim is arbitrable depends not upon the characterization of the claim, but upon the relationship of the claim to the subject matter of the arbitration clause." (internal quotation marks omitted)); *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000) ("Our inquiry is not guided by the legal labels attached to the plaintiffs' claims; rather, it is guided by the factual allegations underlying those claims."). Thus, VSCO's attempt to seek injunctive relief does not require court litigation.

### iv.    *VSCO Lacks Standing to Seek Injunctive Relief In Any Event*

Even assuming VSCO had a credible basis to litigate its prayer for injunctive relief, it lacks standing to do so in light of its failure to allege facts sufficient to demonstrate particularized harm warranting such relief. It is well established that a plaintiff "bears the burden of showing that he has standing for each type of relief sought," *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009), and a "plaintiff may have standing to pursue damages but not injunctive relief[.]" *Kenseth v. Dean Health Plan*, 722 F.3d 869, 890 (7th Cir. 2013).

In the Ninth Circuit, courts apply *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) to evaluate standing to pursue injunctive relief. See *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) ("The standing formulation for a plaintiff seeking prospective injunctive relief is simply one implementation of *Lujan*'s requirements."). Under *Lujan*, among other minimum requirements, a plaintiff must establish "a concrete and particularized legal harm." *Id.*

The Complaint fails to satisfy this basic prerequisite. Indeed, the only allegations of harm in the Complaint are boilerplate recitation of legal elements. These threadbare allegations are conclusory. See, e.g., Compl. ¶ 58 (alleging, without factual support, "irreparable injury to its business, brand reputation, and goodwill"); ¶ 68 (same); ¶ 53 (alleging, without factual support, "will continue to suffer, monetary damages in an amount to be proven at trial."); ¶ 69

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

(same); ¶ 74 (same); ¶ 79 (same); ¶ 86 (same); ¶ 74 (alleging, without factual support, "great and irreparable injury and damage to its business and goodwill"); ¶ 79 (similar).

Conclusory allegations of this sort carry **no weight at all**, much less the weight sufficient to confer VSCO with standing to pursue injunctive relief. See, e.g., *Native Am. Arts, Inc. v. Specialty Merch. Corp.*, 451 F. Supp. 2d 1080, 1082 (C.D. Cal. 2006) (Plaintiff's "conclusory allegations that refer to 'competitive injury,' 'advertising injury,' and 'other damages'…do not establish the injury-in-fact requirement of standing."); *Escobar v. Brewer*, 461 F. App'x 535, 535–36 (9th Cir. 2011) ("Mere conclusory allegations are not enough to establish the 'concrete and particularized' injury required for standing under Article III."); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 67 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (Courts do not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Thus, even if a prayer for injunctive or other equitable relief could suffice to override the VSCO's mandatory arbitration agreement, the Complaint's failure to articulate any particularized harm deprives VSCO of any standing to pursue that relief here. The Court should therefore dismiss the entire complaint for breach of the arbitration agreement.

> ### v.    *At a Minimum, the Court Should Stay Any Discrete Issues Requiring Litigation*

Even if this Court were to determine that VSCO has standing to pursue its prayer for injunctive relief, the law favors staying any litigation pending arbitration of the underlying merits of VSCO's claims. See *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 298 (2010) ("Where…parties concede that they have agreed to arbitrate some matters pursuant to an arbitration clause, the law's permissive policies in respect to arbitration counsel that any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration" (emphasis in original) (internal quotation marks omitted)). Allowing VSCO to litigate any portion of this dispute while simultaneously arbitrating its claims for monetary damages would needlessly drain judicial resources and risk inconsistent results. For precisely this

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

reason, district courts have discretion to "stay the proceedings in the interest of saving time and effort for itself and litigants." *Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1130–31 (N.D. Cal. 2018). Staying any required litigation of discrete issues pending arbitration would be especially sensible here, given that "[a] plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015).

Accordingly, <u>at a minimum</u>, the Court should exercise its discretion to stay any remaining discrete issues requiring litigation, pending arbitration of the dispute raised by the Complaint. See e.g., *Thomas v. State Farm Mut. Auto. Ins. Co.*, No. C15-00509-CRB, 2015 WL 1544244, at *2 (N.D. Cal. Apr. 2, 2015) (citing the FAA and the interests of judicial efficiency in staying litigation pending arbitration); *Gray v. Conseco, Inc.*, No. SA-CV-00-322-DOC (EEX), 2000 WL 1480273, at *8 (C.D. Cal. Sept. 29, 2000) (staying litigation where "[t]he non-arbitrable claim is based on exactly the same facts and issues as the arbitrable claims").

## 5.    <u>Dismissal for Reason of *Forum Non Conveniens*</u>

As a further alternative, Mr. Khimji relies on *forum non conveniens*. The Court stated in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423-424 (2007) that *forum non conveniens* is a non-merits dismissal basis and court have "discretion to respond at once to a defendant's forum non conveniens plea, and need not take up first any other threshold objection. In particular, a court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is the more suitable arbiter of the merits of the case."

As noted on pages 3-5, VSCO's TOU is not enforceable against Mr. Khimji and the forum selection clause is similarly unenforceable. <u>Even if</u> the forum selection clause is enforceable against Mr. Khimji, that clause lacks any reference to waiving objections as to inconvenient forum. Mr. Khimji bears the burden to show: (a) the existence of an adequate alternative forum; and (b) that the balance of private and public interest factors favor dismissal. *Ceramic Corp. of America v. Inka Maritime Corp. Inc.*, 1 F.3d 947, 949 (9th Cir. 1993).

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1

### i.    _Federal Court of Canada is Clearly an Available and Adequate Forum_

2

There is an available and adequate forum – the Federal Court of Canada. As detailed

3

above on subject matter jurisdiction, there is a serious question of whether the plaintiff here

4

is attempting to apply the _Lanham Act_ extraterritorially, contrary to the Supreme Court's

5

recent guidance. There is little doubt that conduct occurring in Canada is subject to the

6

Canadian _Trademarks Act_. The situation is a textbook case for invoking _forum non conveniens_

7

like in _Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp._, 549 U.S. 422, 424 (2007) where

8

the subject matter jurisdiction would be of first impression and create significant hinderances

9

before a hearing on the merits. Moreover, the Federal Court of Canada has summary

10

procedures (i.e., in the form of an "application) for a streamlined hearing of such claims (Lin

11

Declaration at ¶ 9, Ex. F, pp. 172-174). While the Federal Court of Canada does not have jury

12

trials, as noted on page 12 above, VSCO's TOU expressly provides for a waiver of jury trial.

13

### ii.    _Private Interest Factors Strongly Favor the Canadian Forum_

14

The factors relating to the private interests of the litigants include: "(1) the residence of

15

the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical

16

evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to

17

testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and

18

(7) all other practical problems that make trial of a case easy, expeditious and inexpensive."

19

_Boston Telecomms. Grp. v. Wood,_ 588 F.3d 1201, 1206–07 (9th Cir. 2009).

20

Regarding the convenience of the forum for litigants and witnesses, VSCO is an internet

21

only platform that is available to users in other countries in addition to USA (Lin Declaration

22

at Ex. M, p. 279 – see reference to VSCO memberships being available in other countries

23

besides the USA). VSCO claims that it is a "global community" (Lin Declaration at Ex. Q, p.

24

308) As such, there should be little inconvenience for VSCO's representatives to litigate the

25

dispute in Canada. VSCO also appears to regularly retain Canadian counsel, as seen in their

26

Canadian trademark registrations - (Lin Declaration at Ex. C and D, pp. 49 and 52). Moreover,

27

it is questionable if VSCO even has a physical presence in this state. See page 6, line 5 above.

28

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

On the other hand, Mr. Khimji is a senior full-time Government of Canada employee. It would be a serious inconvenience to him to have to travel to a foreign country to attend trial.

Another factor favoring Mr. Khimji is the ease of access to sources of proof, VSCO's case is based mostly on electronic records (Lin Declaration at ¶ 3 and Ex. A – VSCO's declaration for obtaining DMCA subpoena). VSCO would not need to haul boxes of materials to Canada to advance their case. On the other hand, the difficulty here is that Mr. Khimji would be required to "**prove a negative**" (i.e., that he was not involved in the allegations and his information was used without his permission). It would require **much more** evidence on Mr. Khimji's part to advance his defense including possibly the contents of his desktop computer, any calendar or diary entries for what he did day to day, financial records to show he has not received any monies as alleged, tax filings, employment records, etc.

Another private interest factor that heavily favors Mr. Khimji is the cost and feasibility of bringing willing and unwilling witnesses to trial. It is apparent that VSCO is also facing difficulties when this case is not in Canada. To this day, VSCO had an IP address for months and VSCO took <u>no steps whatsoever</u> to request from Bell Canada the name of that account holder, which may ultimately clear Mr. Khimji. That IP address appears to be a physical location hundreds of miles away from where Mr. Khimji resides (Lin Declaration, ¶ 5, Ex. B, pp. 41-47). Although the USA is a signatory to the *Hague Evidence Convention*, Canada is not a signatory to that treaty (Lin Declaration, Ex. X, pp. 346 and 349). As such, obtaining evidence from any Canadian person would be a **lengthy** two-step process (i.e., first this Court would need to issue a letters rogatory to the appropriate Canadian court,[2] followed by the hearing in a Canadian provincial superior court[3] on whether that court would issue an order permitting the evidence to be obtained within its jurisdiction). If the case were before the Federal Court of Canada, it would be a straightforward motion before the assigned judge.

---

[2] Omitting the step of translating documents to French since Quebec is a French-speaking province. Of note, Bell Canada is headquartered in Quebec and this difficulty would likely occur.

[3] The equivalent of a U.S. state court that has general jurisdiction over all matters. The Federal Court of Canada has a much narrower subject matter jurisdiction compared to U.S. District Courts.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

On Mr. Khimji's part, he will need to at least call witnesses to corroborate his defense, character witnesses, and witnesses to prove that he is not remotely capable of what is alleged. Beside the **high cost** to transport witnesses to California, Mr. Khimji's hands would be tied in the event that he needs to subpoena a witness in Canada to attend a trial before a US court. Mr. Khimji would need to pursue the same two-step process described above *for each witness*.

Another private interest factor favoring Canada is the enforceability of the final judgment. *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011). Mr. Khimji resides in Ontario, Canada (Khimji Declaration at ¶1). There is no evidence of a reciprocal judgment enforcement agreement between the province of Ontario and California or any other USA jurisdiction. As such, a judgment from this Court would necessarily need to be re-litigated in some fashion in Ontario, with possibly further appeals, before it can be recognized.

### iii.    *Public Interest Factors Further Favor the Canadian Forum*

The public interest factors are generally less important than the private-interest factors. *Leon v. Millon Air Inc.,* 251 F.3d 1305, 1311 (11th Cir. 2001).

Regarding the "administrative difficulties arising from congested courts" factor (*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508-509 (1947)), the Government of Canada stated that one prime advantage of the Federal Court is that IP matters "can often be more quickly heard and appealed", which has a specialized intellectual property chamber with a designated judge for each case (Lin Declaration at Ex. V and W, pp. 340 and 343-344).

Regarding the avoidance of unnecessary problems in conflicts of laws or the application of foreign law public interest factor (*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508-509 (1947)), this factor again strongly favors a Canadian forum. As illustrated above, there are serious issues of both personal and subject matter jurisdiction. There will be costly and lengthy disputes in this Court on jurisdictional issues, indirectly delaying the merits for both parties.

### iv.    *Conclusion on Forum Non Conveniens*

The private interest and public interest factors all favor the Federal Court of Canada.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**6.** <u>**Dismissal for Failure to State a Claim (Rule 12(b)(6))**</u>

    **i.**     <u>*Expiry of the One-Year Limitation Period for the Allegations Against Mr. Khimji*</u>

    As another alternative relief, Mr. Khimji further relies on Rule 12(b)(6) for a dismissal of the claims against him, with prejudice, on the basis of a one-year limitation period in VSCO's TOU. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2nd Cir. 1989).

    While VSCO chose not to attach its TOU with its Complaint, based on the "incorporation by reference" doctrine this Court can take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." The "incorporation by reference" doctrine also extends to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *Knievel v. Espn*, 393 F.3d 1068, 1076 (9th Cir. 2005).

    The "incorporation by reference' doctrine apply to the three documents below and this part of the motion need <u>not</u> be treated as a summary judgment motion under Rule 12(d):

    a.   **VSCO's own TOU**, attached to the Lin Declaration as Ex. G-I. VSCO's Complaint relies upon the TOU at ¶ 3, 4, 13, 22, 23, 78, 80-86.

    b.   **VSCO's supporting declaration for the DMCA subpoena**, attached to the Lin Declaration at Ex. A. In the Complaint ¶ 39-40, VSCO pleaded it obtained the DMCA subpoenas and VSCO relied upon the information obtained to pursue this claim.

    c.   **Information that VSCO received from Cloudflare and Patreon**, attached as Ex. D (p. 28) to the Khimji Declaration.   ¶¶ 39-40 of the Complaint, VSCO pleaded obtaining of information from Cloudflare and Patreon.

    VSCO's TOU provide for a one-year limitation, which means that claims before December 24, 2023 are barred, as the Complaint was filed on December 23, 2024

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Limitation Period**. <u>You and VSCO both agree</u> that any cause of action arising out of or related to these Terms, our Services or any content <u>must commence within one year</u> after the cause of action accrues. Otherwise, such cause of action is <u>permanently barred.</u>

(emphasis added – Lin Declaration at Ex. I, pp. 253-254)

As discussed above on page 13, Mr. Khimji is entitled to rely on equitable estoppel to invoke some of the terms found within VSCO's TOU, if Mr. Khimji finds necessary. On the basis of the dates in the Complaint ¶ 37, any claims relating to <vsco.club>, <glizzy.cafe>, and <vsco.page> are outside of the one-year limitation period. Those domains were transferred to VSCO on October 20, 2023 and could no longer be infringing thereafter. According to ¶ 25, VSCO alleged that Mr. Khimji <vsco.club> and <glizzy.cafe>, both of which are outside of the one-year limitation period and such claims are permanently barred.

According to the Complaint ¶ 40, VSCO received information containing Mr. Khimji's information from two sources, Cloudflare and Patreon. The files provided by VSCO's counsel reveal that the information from these sources relates to <vsco.club> <glizzy.cafe> (Khimji Declaration at Ex. D, p. 28), and addressed above. As for Patreon, the declaration VSCO filed in support of their application to obtain a subpoena shows that the impugned Patreon account (i.e., patreon.com/vscoclub) was <u>no longer existent</u> on July 28, 2023 (Lin Declaration at Ex. A, p. 33). As such, any claims relating to that Patreon account is also permanently barred.

  *ii.*    *Failure to Plead False, Material, Deceptive, or Damaging Statements in Count II*

"[T]o survive a rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017) (quotations omitted). While courts "must accept as true the facts alleged in a well-pleaded complaint, [] mere legal conclusions are not entitled to an assumption of truth." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023,1031 (9th Cir. 2016). VSCO fails to allege facts sufficient to support a 1125(a) claim. To state a claim for false advertising under Section 1125(a), a plaintiff must plead facts establishing: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the

23

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)).

**Firstly**, VSCP failed to plead *what* false statement of fact it relies on, <u>and</u> failed to make particular allegations how consumers were influenced. VSCO merely makes a conclusory plea at ¶ 57 ("unauthorized use of the VSCO Family of Marks as alleged herein constitutes unfair competition, false association, and false designation of origin in violation of 15 U.S.C. § 1125(a).") Moreover, any such plea must meet the heightened Rule 9(b) particularity standard. *23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F. Supp. 3d 889, 908, 910 (N.D. Cal. 2018).

**Secondly**, VSCO failed to allege the requisite harm for false advertising claims. VSCO pleads at ¶ 59 ("suffered substantial loss and damages to its property and business, including significant monetary damages.") Such allegations lack the particularity required under Rule 9(b) and do not even meet Rule 8's lower standard. See *LegalForce, Inc. v. LegalZoom.com, Inc.*, No. 18-CV-07274-MMC, 2019 WL 1170779, at *2 (N.D. Cal. Mar. 13, 2019).

### iii.    <u>California State Law Unfair Competition Law Claims (Count IV) are Redundant</u>

At the outset, VSCO's UCL claim should be dismissed as duplicative of its legal claims. "[C]ourts in the Northern District have routinely dismissed equitable claims brought under the UCL… on the pleadings—including claims for restitution—where the plaintiff fails to establish that there is no adequate remedy at law available." *Mullins,* 2018 WL 510139, at *2; *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (A plaintiff may only seek equitable relief under California's UCL where she has no adequate remedy at law). When, as here, the plaintiff's equitable claim "relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *In re Ford Tailgate Litig.,* 2014 WL 1007066, at *3. Where an equitable claim appears alongside claims seeking remedy at law, dismissal at the pleading

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO

stage is appropriate. See *Durkee v. Ford Motor Co.,* No. C 14-0617-PJH, 2014 WL 4352184, at *3 (N.D. Cal. Sept. 2, 2014); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011). As VSCO's UCL claim relies on the same factual allegations as its claims for monetary damages, the Court should dismiss the UCL claim **with prejudice**.

  *iv. The Breach of Contract Claim (Count VI) Fails to Adequately Allege Damages*

  VSCO's breach of contract claim should be dismissed for failure to allege appreciable or actual damages. A breach of contract claim has four elements: "the contract, plaintiffs' performance [], defendant's breach, and damage to plaintiff therefrom." *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 717 (N.D. Cal. 2011). "An allegation of actual damage as a result of the alleged contractual breach is a requirement for a prima facie breach of contract claim." *Rudgayzer v. Yahoo! Inc.*, No. 5:12-CV-01399-EJD, 2012 WL 5471149, at *6 (N.D. Cal. Nov. 9, 2012). Pleading breach of contract "requires a showing of appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1015 (9th Cir. 2000). VSCO's Complaint fails to allege that it suffered any real damage as a result of the alleged breach. As VSCO failed to "plead with any particularity the damages arising from the alleged breach of contract," its breach of contract claim should be dismissed. *Belluomini v. Citigroup, Inc.*, No. 13-CV-01743-CRB, 2013 WL 3855589, at *4 (N.D. Cal. July 24, 2013).

**7. Conclusion and Relief Sought**

  Mr. Khimji submits that there is a strong basis for dismissal based for **any** of the five grounds above. Upon granting this motion, it is within this Court's discretion to also decide the Rule 11 motion for sanctions in this case and/or the motion to quash the underlying DMCA subpoenas in 24-mc-80159-SK. The Rule 11 motion should still be granted, in order for Mr. Khimji to recover attorneys fees incurred in this case, a case that was unnecessary. Mr. Khimji is also a victim in the entire ordeal in having his personal information used without permission.

        Respectfully submitted,

Date: March 31, 2025     By: _____

          Simon Lin – State Bar No. 313661

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION TO DISMISS OR STAY**
Case Number: 3:24-cv-09361-WHO