ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:      *zalinder@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail:      *alevad@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. 3:24-cv-09361-WHO<br><br>**PLAINTIFF VISUAL SUPPLY COMPANY'S OPPOSITION TO DEFENDANT ADAM KHIMJI'S MOTION TO DISMISS AND/OR STAY**<br><br>Date:　　June 18, 2025<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2, 17th Floor<br>Judge:　　Hon. William H. Orrick |

**TABLE OF CONTENTS**

Page

I.  INTRODUCTION ...................................................................................................1

II.  FACTS ...................................................................................................................1

A.  VSCO, Its Services, And Its Intellectual Property .....................................1

B.  Mr. Khimji And The Doe Defendants' Unlawful and Depraved Conduct ...............3

C.  VSCO Discovers Infringing Websites And Takes Swift Enforcement Action..........4

D.  VSCO's Enforcement Actions Finally Reveal Mr. Khimji's True Identity..............5

E.  Mr. Khimji, Caught, Still Refuses To Take Responsibility ..........................6

III.  LEGAL STANDARDS .............................................................................................6

IV.  ARGUMENT ..........................................................................................................7

A.  This Court Has Personal Jurisdiction Over Mr. Khimji...............................8

1.  Regardless of Mr. Khimji's Assent To VSCO's Terms of Use, VSCO Alleged The Minimum Contacts To Support Personal Jurisdiction ........................................................................................8

a.  Purposeful Direction ...........................................................8

b.  Arising Out Of Mr. Khimji's Forum-Related Activities.................10

c.  Reasonableness......................................................................10

2.  VSCO's Terms of Use Are Enforceable Against Mr. Khimji And Establish His Consent To Personal Jurisdiction In This Court ...................12

B.  This Court Has Subject Matter Jurisdiction Over This Action .................13

C.  This Court Should Not Dismiss Or Stay This Action In Favor Of Arbitration ...................................................................................................15

1.  VSCO's TOU Has No Bearing On Its Trademark Claims...........................15

2.  The TOU Contains An Express Carve-Out For VSCO's Claims .................17

3.  Mr. Khimji's Other Arguments Regarding Arbitration Are Inapposite ...............................................................................................18

D.  Forum Non Conveniens Does Not Apply .................................................19

LAW OFFICES

SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.  Canada is not an adequate alternative forum ...............................................20

2.  The Private Interest Factors Do Not Favor The Canadian Forum ..............21

3.  The Public Interest Factors Do Not Favor The Canadian Forum.................22

E.  VSCO's Claims Are Timely And Pled With Requisite Detail................................23

1.  None Of VSCO's Claims Are Barred By The TOU's Limitation Period ...............................................................................................................23

2.  VSCO Adequately Pled Federal And State Unfair Competition Claims, And Mr. Khimji Does Not Challenge VSCO's Trademark Claims.................................................................................................................24

3.  VSCO Adequately Pled Contract Damages ..................................................25

F.  Any Doubts As To VSCO's Complaint Require Discovery, Not Dismissal ..........25

V.  CONCLUSION ...................................................................................................................25

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Abitron Austria GmbH v. Hetronic Int'l, Inc.*,
   600 U.S. 412 (2023) ............................................................................ 14

5

6

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
   125 F. Supp. 3d 945 (N.D. Cal. 2015) ....................................... *passim*

7

8

*Alvarado v. Rockwell Collins, Inc.*,
   No. CV 23-400-JFW(JCX), 2023 WL 5505877 (C.D. Cal. May 24, 2023) .................. 15, 17

9

*Amini Innovation Corp. v. JS Imports Inc.*,
   497 F.Supp.2d 1093 (C.D. Cal. 2007) ...................................................... 9

10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................... 7

11

12

*AT & T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) ....................................................................... 18

13

14

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064 (9th Cir. 2017) ............................................................ 11

15

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 .............................................................................. 10

16

17

*Cape Flattery Ltd. v. Titan Mar., LLC*,
   647 F.3d 914 (9th Cir. 2011) ............................................................. 15

18

19

*Castillo v. Wells Fargo Bank, N.A.*,
   No. C-15-2353-MMC, 2015 WL 13425101 (N.D. Cal. July 17, 2015) ........................ 19

20

21

*Catalyst Inc. v. Empathy Catalyst Consulting*,
   No. 24-CV-02557-SI, 2025 WL 107868 (N.D. Cal. Jan. 15, 2025) ........................ 25

22

*Chloe SAS v. Sawabeh Info. Servs.*
   Co, No. CV 11-04147 GAF MANX, 2012 WL 7679386, at *24 (C.D. Cal. May
   3, 2012) ............................................................................ 21, 22, 23

23

24

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) .................................................... 8, 9, 10, 11

25

26

*Cordas v. Uber Techs., Inc.*,
   228 F. Supp. 3d 985 (N.D. Cal. 2017) ...................................................... 7

27

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*Disney Enters., Inc. v. Fun Vacation Network, LLC*,
  No. LACV1508062JAKPJWX, 2016 WL 7444860 (C.D. Cal. May 16, 2016) ................ 7, 19

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002).......................................................................................... 19

*El Pollo Loco, Inc. v. Hashim*,
  316 F.3d 1032 (9th Cir. 2003).......................................................................................... 24

*Facebook, Inc. v. Studivz Ltd.*,
  No. C 08-3468 JF (HRL), 2009 WL 1190802 (N.D. Cal. May 4, 2009) ............................ 25

*Faegin v. LivingSocial, Inc.*,
  No. 14CV00418-WQH-KSC, 2014 WL 5307186, at *1-*2 (S.D. Cal. Oct. 15,
  2014). ......................................................................................................................... 16, 17

*In re Ford Tailgate Litig.*,
  No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Aug. 8, 2014) ................................... 19

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
  328 F.3d 1122 (9th Cir. 2003).......................................................................................... 25

*Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*,
  325 F. Supp. 3d 1078 (C.D. Cal. 2018) .......................................................................... 9, 10

*La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*,
  762 F.3d 867 (9th Cir. 2014)............................................................................................ 14

*Laub v. Dep't of the Interior*,
  342 F.3d 1080 (9th Cir. 2003).......................................................................................... 25

*LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*,
  124 F.4th 1122 (9th Cir. 2024)......................................................................................... 14

*Levi Strauss & Co. v. Connolly*,
  No. 22-CV-04106-VKD, 2023 WL 2347433 (N.D. Cal. Mar. 2, 2023) ....................... 11, 12

*Levi Strauss & Co. v. J. Barbour & Sons Ltd.*,
  No. 3:18-CV-03540-WHO, 2019 WL 1117533 (N.D. Cal. Mar. 11, 2019) .......................... 8

*Lewis v. Liberty Mut. Ins. Co.*,
  321 F. Supp. 3d 1076 (N.D. Cal. 2018) (Orrick, J.), *aff'd*, 953 F.3d 1160 (9th
  Cir. 2020) .......................................................................................................................... 8

*Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*,
  No. CV08-3226 AHM PLAX, 2008 WL 5412431 (C.D. Cal. Dec. 29, 2008) ...................... 20

*Llevat v. True N. Brands, LLC*,
  No. 21-CV-656-BAS-AGS, 2021 WL 5449033 (S.D. Cal. Nov. 22, 2021) ......................... 16

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010)..................................................................................... 9

*Lynwood Invs. CY Ltd. v. Konovalov*,
   No. 20-CV-03778-LHK, 2021 WL 1198915 (N.D. Cal. Mar. 30, 2021) .............................. 11

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011)................................................................................. 6, 8

*Maxim Integrated Prods., Inc. v. Quintana*,
   654 F. Supp. 2d 1024 (N.D. Cal. 2009) ......................................................................... 19

*Microsemi Corp. v. Silicon Networks, Ltd.*,
   No. SACV171064DOCJDEX, 2017 WL 7201878 (C.D. Cal. Sept. 14, 2017) ............... 19, 21

*Minghong Inv., Inc. v. Felix Chac Chuo*,
   No. 2:21-CV-05979-SB-PD, 2022 WL 2189365 *(C.D. Cal. Mar. 9, 2022)* .......................... 22

*Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co.*,
   No. C 06-7541 PJH, 2007 WL 2403395 (N.D. Cal. Aug. 20, 2007) ........................ 21, 22, 23

*Mullins v. Premier Nutrition Corp.*,
   No. 13-CV-01271-RS, 2018 WL 510139 (N.D. Cal. Jan. 23, 2018) .................................... 18

*Neveu v. City of Fresno*,
   392 F. Supp. 2d 1159 (E.D. Cal. 2005) ......................................................................... 7

*O'Connor v. Boeing N. Am., Inc.*,
   311 F.3d 1139 (9th Cir. 2002)..................................................................................... 23

*Oracle Am., Inc. v. Myriad Grp. A.G.*,
   724 F.3d 1069 (9th Cir. 2013)..................................................................................... 18

*PHD Mktg., Inc. v. Vital Pharms., Inc.*,
   No. CV 20-4417-RSWL-JCX, 2021 WL 8693518 (C.D. Cal. Mar. 3, 2021)........................ 7

*Puri v. Golden Temple of Oregon, LLC*,
   No. CV 10-882-JFW, 2010 WL 11595757 (C.D. Cal. June 9, 2010).................................... 16

*Regan v. Pinger, Inc.*,
   No. 20-CV-02221-LHK, 2021 WL 706465 (N.D. Cal. Feb. 23, 2021) ............................ 7, 13

*RLED, LLC v. Dan Good Distrib. Co., Inc.*,
   No. CIVS08851LKKDAD, 2008 WL 11389039 (E.D. Cal. Aug. 29, 2008) ........................ 16

*Robinson v. Deli-cious Vinyl Recs. Inc.*,
   No. 2:13-CV-04111-CAS, 2014 WL 5332837 (C.D. Cal. Oct. 20, 2014)............................ 16

*Silverman v. Move Inc.*,
   No. 18-CV-05919-BLF, 2019 WL 2579343 (N.D. Cal. June 24, 2019).......................... 12, 13

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*TGG Mgmt. Co. Inc. v. Petraglia*,
    No. 19-CV-2007-BAS-KSC, 2020 WL 2767362 (S.D. Cal. May 28, 2020) .................. 15, 16

*The Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................................. 10

*Ticketmaster L.L.C. v. Prestige Ent., Inc.*,
    306 F. Supp. 3d 1164 (C.D. Cal. 2018)................................................................... 25

*Trader Joe's Co. v. Hallatt*,
    835 F.3d 960 (9th Cir. 2016)............................................................................ 14, 15

*Updateme Inc. v. Axel Springer SE*,
    No. 17-CV-05054-SI, 2017 WL 5665669 (N.D. Cal. Nov. 27, 2017)............................ 20, 23

*ValueSelling Assocs., LLC v. Temple*,
    No. 09 CV 1493 JM, 2009 WL 3736264 (S.D. Cal. Nov. 5, 2009) .................................... 16

*VMR Prods., LLC v. V2H ApS*,
    No. CV 13-7719 CBM (JEM), 2014 WL 12591932, at *7 (C.D. Cal. Aug. 4,
    2014)........................................................................................................................ 20

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................. 11

*Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*,
    704 F.3d 668 (9th Cir. 2012)................................................................................... 8

*Yelp, Inc. v. ReviewVio, Inc.*,
    No. C 23-06508 WHA, 2024 WL 2883668 (N.D. Cal. June 6, 2024)................................... 24

*Zero Motorcycles, Inc. v. Zero Labs Grp., LLC*,
    No. 22-CV-04034-SVK, 2023 WL 3237505 (N.D. Cal. May 3, 2023)................................. 7

**Statutes**

17 U.S.C. § 512 ............................................................................................... 5, 6, 24

Cal. Civ. Proc. Code § 410.10 ............................................................................... 8

Canada Trademarks Act ....................................................................................... 20

Federal Arbitration Act ........................................................................................ 15

Lanham Act ................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ.P. 4(k)(1)(A) ....................................................................................... 8

Fed. R. Civ. P. 9(b)....................................................................................... 24, 25

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

I.    **INTRODUCTION**

Defendant Adam Khimji unlawfully accessed and distributed protected images and related data from numerous accounts registered on Plaintiff Visual Supply Company's ("VSCO") platform, which among other things, violated VSCO's terms, policies, and values for operating a safe and positive community. Mr. Khimji then created websites to promote and profit from his trove of stolen images and data and publicly denigrated the young women and girls he violated, and emblazoned his websites and accounts with VSCO's trademarks. This unlawful activity also has the potential to compromise the privacy and personal information of individual users and can be used to exploit their digital presence for personal gain. He went to extreme lengths to escape culpability for his vile acts, including registering these websites under fake names and addresses. But, after months of escalating legal and technological investigation, VSCO uncovered one slip-up—Mr. Khimji had used his real name, address, and credit card to register a web domain and a Patreon account, and VSCO was able to obtain this information pursuant to subpoena and cross-reference it across multiple different internet service providers. He was finally caught. And VSCO is committed to holding Mr. Khimji accountable for his reprehensible behavior.

But rather than take responsibility and provide VSCO with crucial information on how he bypassed VSCO's security measures, or identify any of the other co-conspirators involved in this scheme (sued herein as Doe Defendants), Mr. Khimji baldly asserted that the evidence from Cloudflare and Patreon was simply mistaken and forced VSCO to file this lawsuit against him. His attempt to call VSCO's bluff was not successful, so next, Mr. Khimji filed the instant Motion to Dismiss ("Motion" or "Mot.") on five unsupported and unsupportable grounds with nearly four hundred pages of exhibits. But more is not better. His motion's length does not reflect merit. It reflects a desperate attempt to evade discovery and the truth, another slip-up inconsistent with someone claiming to want to clear his name. The Court should deny the motion in its entirety and allow discovery to finally proceed to start identifying Mr. Khimji's methods and co-conspirators.

II.    **FACTS**

A.    **VSCO, Its Services, And Its Intellectual Property**

VSCO is a San Francisco Bay Area-based photo technology company and creator

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  platform. Compl. ¶¶ 1, 7. Since 2011, VSCO has cultivated an enormous and vibrant community

2  of creators, to whom it provides innovative tools and resources to elevate their photography,

3  video, and design craft. Compl. ¶ 15. The company is renowned for its advanced photo and video

4  editing technologies, including proprietary presets, filters, and editing tools, as well as a seamless

5  community platform that empowers VSCO users to connect with other creatives and businesses to

6  view and discuss each others' works. Compl. ¶¶ 2-3, 15. Currently, VSCO has over 300 million

7  registered users worldwide, millions of whom are located in the U.S., and many of whom are in

8  California. Declaration of Akaash Gupta ("Gupta Decl.") ¶ 3. Since its founding in 2011, VSCO's

9  physical office building has always been located in the San Francisco Bay Area, and the company

10 has a current office lease in San Francisco, California.  Gupta Decl. ¶ 4.  Prior to the current San

11 Francisco office lease, the company had moved to being fully remote in 2022 due to the pandemic,

12 although a substantial number of its employees still reside in California, and the majority of its

13 corporate executives continue to work out of the San Francisco Bay Area.  *Id.*

14     As a trusted staple in the creative community for over a decade, VSCO rigorously protects

15 the intellectual property rights of itself and its users. Compl. ¶¶ 16-24. Specifically, VSCO owns

16 and maintains a global trademark portfolio, including, among many other properties, four

17 incontestable U.S. registrations for the word mark VSCO and three for its circular logo. Compl. ¶¶

18 17, 19. Through years of remarkable commercial success and consistent investment, these marks

19 are all famous and symbolize tremendous goodwill. Compl. ¶¶ 17, 20-21.

20     In addition, VSCO protects itself and its users through account registration and a

21 comprehensive Terms of Use ("TOU"). Compl. ¶¶ 3, 22-24. VSCO requires all of the creatives

22 and businesses who use VSCO to register a VSCO account. Compl. ¶ 3. And in the process of

23 making an account, users must assent to the TOU by clicking a button that states "By signing up

24 you agree to VSCO's Terms of Use & Privacy Policy." Compl. ¶ 3; Gupta Decl. ¶ 5. VSCO

25 further requires anyone who accesses or uses any of VSCO's websites, mobile apps, products, or

26 services to assent to its TOU. Compl. ¶¶ 3, 22. An active, registered VSCO account is required to

27 access most content on the VSCO platform—indeed, VSCO's iOS or Android applications are

28 accessible only to users with registered accounts, and registered accounts are required to engage

1    with other VSCO users' content. Compl. ¶ 24.

2         Pursuant to the TOU, VSCO's users own the content they post on VSCO's platform,

3    including the copyrights in the images and other creative works that they post, but the TOU

4    authorizes VSCO to enforce those copyrights on its users' behalf. Compl. ¶ 23. The TOU further

5    prohibits copying, scraping, or distribution of VSCO users' content. Compl. ¶ 3.

6         The TOU also contains a forum selection clause that is relevant here, as well as an

7    arbitration agreement and a one-year limitations period that are not relevant here. Compl. ¶ 3, 13-

8    14; Dkt. 15-2,[1] pp. 193-99. The forum selection clause establishes consent to personal jurisdiction

9    and venue in this District. Compl. ¶ 3, 13-14; Dkt. 15-2, p. 199. The arbitration agreement requires

10   arbitration for any dispute arising from VSCO users' use of VSCO's "websites, mobile apps,

11   products, or services," but contains a carve-out for claims that involve equitable relief for

12   intellectual property infringement, illegal acts affecting VSCO's security, and illegal acts against

13   VSCO's general business interests, among others. Dkt. 15-2, p. 193-94. The limitations period

14   applies to causes of action arising from VSCO's TOU or digital offerings . Dkt. 15-2, p. 199.

15        Finally, VSCO also employs sophisticated technological access controls and data security

16   tools to prevent third parties from downloading VSCO users' content, sharing or distributing that

17   content, or accessing those users' deleted content or the metadata (such as geolocation data) in the

18   content. Compl. ¶ 16. VSCO's computer servers are located in the U.S. Gupta Decl. ¶ 6.

19        **B.    Mr. Khimji And The Doe Defendants' Unlawful and Depraved Conduct**

20        Mr. Khimji and the Doe Defendants (together the "Defendants") are the creators of

21   perverse websites and online social media groups that target VSCO to take advantage of its young

22   female user base. Compl. ¶ 4-5. Specifically, the Defendants target young women and girls

23   (including minors) from VSCO's registered user base, then they scrape the copyright-protected

24   images from those girls' accounts and download them onto their own computers. Compl. ¶ 4-5,

25   28-30, 32. To do this, they use unlawful technological means to bypass the access controls that

26   VSCO employs to prevent such conduct and to prevent its users and content. Compl. ¶ 28.

27

28   _____

[1] VSCO does not dispute that Exhibit G to the Declaration of Simon Lin in support of the Motion
(Dkt. 15-2, pp. 176-203) is a true and accurate printout of VSCO's current TOU.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   Defendants then registered web domains that often incorporated the VSCO trademark (*e.g.*,

2   <vsco.club>, <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>,

3   <novsco.co>, <glizzy.cafe>, and <downloader.se>, among others) (the "Infringing Websites") and

4   create Reddit communities that often incorporate the VSCO trademark with a derogatory slur for

5   these girls (*e.g.*, r/VSCOsluts, r/VSCOsluts0, r/VSCOslutss, r/VSCOslutsz2, r/VSCOsloots, and

6   r/VSCO_Nudes, among others) (the "Infringing Reddit Communities"). Compl. ¶¶ 26-27. And

7   then Defendants posted all of these aggregated, stolen photos of the young women and girls to the

8   Infringing Websites and Infringing Reddit Communities; they use the Infringing Websites and

9   Infringing Reddit Communities interactively to traffic these images among one another like

10  predators passing trophies; and they advertise and sell access to their personal repositories of

11  scraped account data for unjust personal gain. Compl. ¶¶ 25-32. Mr. Khimji personally created and

12  operated at least <vsco.club> and <glizzy.cafe>. Compl. ¶¶ 25; 41. He also personally created and

13  operated an interactive Patreon account named "VSCOclub" that transacted in U.S. currency, and

14  sold subscriptions to his personal repositories of these girls' images, advertising that he had access

15  to these VSCO users' deleted content and had "10+ million accounts saved." Compl. ¶¶ 31, 41.

16  All of the Infringing Websites and Infringing Reddit Communities make substantial and willful

17  use of VSCO's trademarks, not only in their domain names but also throughout their posted

18  content, and this trademark use and intentional deception is likely to cause consumer confusion in

19  the U.S. Compl. ¶¶ 1, 4, 13, 26-27, 34-35, 37-38, 48, 51, 57, 64, 67, 72.

20  Mr. Khimji and the Doe Defendants took extreme measures to obfuscate their true

21  identities. Compl. ¶ 6. They operated only under aliases and anonymous email addresses and used

22  proxy services to register the Infringing Websites, which shielded their identities from WHOIS

23  and other lookup tools. Compl. ¶ 6; Declaration of Andrew M. Levad ("Levad Decl.") ¶ 3.

24  **C.     VSCO Discovers Infringing Websites And Takes Swift Enforcement Action**

25  VSCO discovered the Infringing Websites and Infringing Reddit Communities in May

26  2023. Compl. ¶ 33. It immediately sprung to action. Compl. ¶¶ 34-38. VSCO submitted trademark

27  and copyright infringement reports to the domain registrars and web hosts for the Infringing

28  Websites in May 2023, July 2023, July 2023, December 2023, January 2024, March 2024, April

2024, May 2024, July 2024, September 2024, October 2024, and November 2024, requesting that they take down or disable access to the Infringing Websites. Compl. ¶ 34. VSCO also submitted trademark and copyright infringement reports to Reddit in December 2023, January 2024, February 2024, July 2024, August 2024, September 2024, and October 2024, requesting that Reddit take down or disable access to the Infringing Reddit Communities. Compl. ¶ 35. Mr. Khimji received copies of the infringement reports as to at least <vsco.club>, <glizzy.cafe>, and the Infringing Reddit Communities. Compl. ¶¶ 34-35.

Although VSCO did not—and could not—know that Mr. Khimji was the person behind <vsco.club> and <glizzy.cafe> at the time, those websites provided an anonymous contact email address "vscoclub@protonmail.com" and the alias "Mike Hunt." Compl. ¶ 36. On July 28, 2023, VSCO sent a cease and desist demand letter to this address. Compl. ¶ 36. Mr. Khimji received this letter, but never responded to it. Compl. ¶ 36.

On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") in the World Intellectual Property Organization Arbitration and Mediation Center ("WIPO"), seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains. Compl. ¶ 37. This complaint (and subsequent amended complaint) identified VSCO and its headquarters in San Francisco as the complainant. Compl. ¶ 37; Levad Decl. ¶ 4, Exs. A-B. In this proceeding, on September 1, 2023, WIPO identified the registrant behind <vsco.club> and <glizzy.cafe> with another alias, "Aidan Salamon", and again provided the email address "vscoclub@protonmail.com" and a fictitious street address. Levad Decl. ¶ 4. And on August 28, 2023, WIPO determined that Mr. Khimji had violated the UDRP and ordered the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains be transferred to VSCO. Compl. ¶ 37. Mr. Khimji received notice and copies of all WIPO correspondence and pleadings related to this action, although VSCO still did not ascertain Mr. Khimji's true identity at that time. Compl. ¶ 37.

### D. VSCO's Enforcement Actions Finally Reveal Mr. Khimji's True Identity

After months of escalating trademark and copyright enforcement actions against Infringing Websites and Infringing Reddit Communities apparently created by Doe Defendants and having failed to identify the Defendants through the UDRP process, on June 28, 2024, VSCO initiated *In*

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*re DMCA Subpoenas to Cloudflare, Inc.*, et al., No. 24-mc-80159-SK (N.D. Cal.) pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA"), seeking the issuance of subpoenas ("DMCA Subpoenas") to ascertain the identities of the persons responsible for the infringement of its users' copyrights, which the TOU authorizes VSCO to do on its users' behalf. Compl. ¶¶ 23, 39. Cloudflare, Inc. (the web host for <vsco.club>) and Patreon, Inc. (the operator of the monetization platform for the "VSCOclub" Patreon) both provided documents to VSCO in response to the DMCA Subpoenas. Compl. ¶¶ 40-41. Both Cloudflare and Patreon's payment records for <vsco.club> and "VSCOclub," respectively, display Mr. Khimji's full name, his physical address, the email address "vscoclub@protonmail.com," and Mr. Khimji's complete credit card information. Compl. ¶ 41. The first time VSCO learned of Mr. Khimji's true identity was on August 29, 2024. Levad Decl. ¶ 5.

### E.    Mr. Khimji, Finally Caught, Still Refuses To Take Responsibility

Equipped with the identification of Mr. Khimji cross-referenced by multiple sources, on October 4, 2024, VSCO sent Mr. Khimji another letter demanding that he cease and desist his conduct that violated the Copyright Act, the DMCA, the Lanham Act, state unfair competition statutes, and the common law, and further demanding that he cooperate in VSCO's investigation into the other Infringing Websites and Infringing Reddit Communities. Compl. ¶ 42. Mr. Khimji retained counsel to respond and negotiate, but, ultimately refused to comply. Compl. ¶ 43. He now claims mistaken identity, in spite of the direct evidence to the contrary and without any evidence or reasonable explanation to support such a claim (*e.g.*, credit card fraud reports, police reports, payment records, or explain why a fraudster would use his identity to register these websites and even to create a Patreon account for people to send him money). Compl. ¶ 43; Dkt. 15-1, ¶ 12.

Many of the Defendants' victims, including VSCO itself, are located in California. Levad Decl. ¶ 6, Ex. C. VSCO requires discovery to ascertain the complete scope of the harm caused by the Defendants, to ascertain the technological circumvention methods used by Defendants, and of course to finally unmask the identities of the co-conspirator Doe Defendants. Compl. ¶ 9.

## III.    LEGAL STANDARDS

*Personal jurisdiction.* The plaintiff bears the burden of demonstrating that jurisdiction is

1    appropriate based on a *prima facie* showing of jurisdictional facts. *Adobe Sys. Inc. v. Blue Source*

2    *Grp., Inc.*, 125 F. Supp. 3d 945, 957 (N.D. Cal. 2015) ("*Adobe*"); *Mavrix Photo, Inc. v. Brand*

3    *Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Uncontroverted allegations in the plaintiff's

4    complaint must be taken as true, and conflicts of facts are resolved in the plaintiff's favor. *Id.*

5        *Subject matter jurisdiction.* The Court must accept all of the plaintiff's allegations as true

6    and deny the motion to dismiss if those facts establish federal jurisdiction. *PHD Mktg., Inc. v.*

7    *Vital Pharms., Inc.*, No. CV 20-4417-RSWL-JCX, 2021 WL 8693518, at *2 (C.D. Cal. Mar. 3,

8    2021) (citing *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996)).

9        *Arbitration.* The Court must deny motions to dismiss unless it determines that "*all* claims

10   in the case are subject to a valid arbitration agreement." *Regan v. Pinger, Inc.*, No. 20-CV-02221-

11   LHK, 2021 WL 706465, at *3 (N.D. Cal. Feb. 23, 2021) (emphasis added). And the party

12   opposing arbitration receives the benefits of all reasonable doubts and inferences. *Cordas v. Uber*

13   *Techs., Inc.*, 228 F. Supp. 3d 985, 991 (N.D. Cal. 2017) (citing *Three Valleys Mun. Water Dist. v.*

14   *E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991)).

15       *Forum non conveniens.* The Court must deny motions to dismiss that do not make "a clear

16   showing" of extreme and disproportionate burden. *Disney Enters., Inc. v. Fun Vacation Network,*

17   *LLC*, No. LACV1508062JAKPJWX, 2016 WL 7444860, at *10 (C.D. Cal. May 16, 2016)

18   (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).

19       *Failure to state a claim.* Such motions are "disfavored and rarely granted." *Neveu v. City*

20   *of Fresno*, 392 F. Supp. 2d 1159, 1168 (E.D. Cal. 2005) (citing *Van Buskirk v. CNN, Inc.*, 284

21   F.3d 977, 980 (9th Cir. 2002)). A complaint need only contain allegations, accepted as true and

22   drawn in the plaintiff's favor, to "state a claim to relief that is plausible on its face.'" *Ashcroft v.*

23   *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

24       Finally, if a motion to dismiss is granted, the Court "must" allow leave to amend unless it

25   is clear that no amendment could cure pleading's deficiencies. *Zero Motorcycles, Inc. v. Zero Labs*

26   *Grp., LLC*, No. 22-CV-04034-SVK, 2023 WL 3237505, at *2 (N.D. Cal. May 3, 2023).

27   **IV.    ARGUMENT**

28       Mr. Khimji's scattershot Motion seeks to dismiss this case arguing there is no personal

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  jurisdiction or subject matter jurisdiction, while requesting deference to a nonexistent arbitration

2  and arguing forum non conveniens and failure to state a claim. Not a single ground has any merit.

### A.    This Court Has Personal Jurisdiction Over Mr. Khimji

4  California law applies and is coextensive with federal due process requirements: Mr.

5  Khimji must have "certain minimum contacts" with California "such that the maintenance of the

6  suit does not offend 'traditional notions of fair play and substantial justice.'" *Mavrix*, 647 F.3d at

7  1223 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945)); Fed. R. Civ. P.

8  4(k)(1)(A); Cal. Civ. Proc. Code § 410.10. Personal jurisdiction may also be established by Mr.

9  Khimji's assent to the TOU's forum selection clause, which is "presumptively valid" and honored

10  absent "compelling and countervailing" reasons. *Lewis v. Liberty Mut. Ins. Co.*, 321 F. Supp. 3d

11  1076, 1079 (N.D. Cal. 2018) (Orrick, J.), *aff'd*, 953 F.3d 1160 (9th Cir. 2020).

### 1.    Regardless of Mr. Khimji's Assent To VSCO's Terms of Use, VSCO Alleged The Minimum Contacts To Support Personal Jurisdiction

14  The Ninth Circuit applies a three-prong test to determine whether "minimum contacts"

15  exist: (1) Mr. Khimji must purposefully direct his activities at residents of the forum; (2) VSCO's

16  claim must arise out of or relate to those activities; and (3) the assertion of jurisdiction must be

17  reasonable and fair. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir.

18  2011). VSCO bears the burden of satisfying the fist two prongs. *Id.* If it does so, the burden then

19  shifts to Mr. Khimji to set forth a "compelling case" that the exercise of jurisdiction would not be

20  reasonable. *Id.* And under the "effects" test as applied to IP infringement cases in the Ninth

21  Circuit, "specific jurisdiction may also exist 'where a plaintiff files suit in its home state against an

22  out-of-state defendant and alleges that defendant intentionally' infringed its intellectual property

23  rights knowing [the plaintiff] was located in the forum state.'" *Levi Strauss & Co. v. J. Barbour &*

24  *Sons Ltd.*, No. 3:18-CV-03540-WHO, 2019 WL 1117533, at *4 (N.D. Cal. Mar. 11, 2019)

25  (quoting *Adobe*). VSCO's allegations satisfy the first two prongs of the "minimum contacts"

26  analysis, and Mr. Khimji does not—and cannot—present a "compelling case" to the contrary.

### a.    Purposeful Direction

28  To satisfy the first prong of the minimum contacts analysis in a trademark infringement

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    action, the Ninth Circuit requires VSCO to show that (1) Mr. Khimji committed an intentional act;

2    (2) expressly aimed at California; and (3) that Mr. Khimji knew the brunt of the harm was likely to

3    be suffered in California. *Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*, 325 F. Supp.

4    3d 1078, 1085 (C.D. Cal. 2018). VSCO has met all requirements.

5         *First*, VSCO alleged that Mr. Khimji committed intentional acts, including his intentional

6    creation of at least two Infringing Websites and the VSCOclub Patreon account, his willful

7    infringement of VSCO's trademarks, and his intentional scraping of VSCO users' images

8    violating VSCO's TOU. Compl. ¶¶ 1, 4, 13, 26-27, 25-32, 34-35, 37-38, 41, 48, 51, 57, 64, 67, 72.

9    These allegations satisfy the "intentional act" inquiry. *Int'l Aero*, 325 F. Supp. 3d at 1084-85.

10        *Second*, VSCO alleged that Mr. Khimji expressly aimed his conduct at California. To

11   satisfy this inquiry, it is sufficient for VSCO to allege that Mr. Khimji "operate[d] even a passive

12   website in conjunction with 'something more,'" such as interactive website features. *Int'l Aero*,

13   325 F. Supp. 3d at 1085 (quoting *Mavrix*, 647 F.3d at 1229). In addition, VSCO may allege that

14   Mr. Khimji infringed VSCO's intellectual property on his various websites knowing that VSCO is

15   located in California to satisfy this inquiry. *Adobe*, 125 F. Supp. 3d at 961; *see also*

16   *CollegeSource*, 653 F.3d at 1077; *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, n. 4 (9th

17   Cir. 2010); *Amini Innovation Corp. v. JS Imports Inc.*, 497 F.Supp.2d 1093, 1106 (C.D. Cal. 2007)

18   (collecting cases). Here, VSCO alleged many facts that constitute the "something more" to satisfy

19   this inquiry: VSCO pled that (i) Mr. Khimji's <vsco.club> and <glizzy.cafe> websites, his

20   VSCOclub Patreon, and the Infringing Reddit Communities were all interactive; (ii) Mr. Khimji

21   sought to monetize his unlawful conduct in California through Patreon; (iii) that Mr. Khimji

22   utilized Cloudflare, Patreon, and Reddit—all of which are headquartered in San Francisco—to

23   conduct and promote his infringement; and (iv) many of Mr. Khimji and the Doe Defendants'

24   victims are located in California, including, of course, VSCO. Compl. ¶¶ 25-32; Levad Decl. ¶¶ 6-

25   7, Exs. C-F. VSCO further alleged that Mr. Khimji intentionally infringed VSCO's trademarks

26   with actual knowledge that VSCO is located in this forum by virtue of his receipt of VSCO's

27   UDRP complaints identifying VSCO's headquarters in San Francisco and his agreement to the

28   TOU. Compl. ¶¶ 1, 4, 13, 37, 51, 57, 66; Levad Decl. ¶ 4, Exs. A-B. These allegations, taken

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  together, satisfy the "express aiming" inquiry. *Int'l Aero*, 325 F. Supp. 3d at 1085.

2      *Third,* VSCO alleged that Mr. Khimji knew that the brunt of the harm he inflicted would

3  be suffered in this forum. In intellectual property infringement cases in the Ninth Circuit, it is

4  considered "foreseeable" that the harm would be suffered where the intellectual property owner

5  has its principal place of business. *Adobe*, 125 F. Supp. 3d at 963. As such, VSCO's allegations

6  that its principal place of business (*i.e.*, its "nerve center" where its executives direct VSCO's

7  activities, *see The Hertz Corp. v. Friend*, 559 U.S. 77 (2010)) is in the San Francisco Bay Area

8  and that it suffered harm as a result of Mr. Khimji's infringements satisfy the "foreseeable harm"

9  inquiry. *Id.*; Compl. ¶¶ 7, 49, 58, 67, 74.

10              **b.    Arising Out Of Mr. Khimji's Forum-Related Activities**

11      To satisfy the second prong of the minimum contacts analysis, VSCO's claims must "arise

12  out of" Mr. Khimji's forum-related activities under a "but-for" causation analysis. *Adobe*, 125 F.

13  Supp. 3d at 963; *Int'l Aero*, 325 F. Supp. 3d at 1086. In trademark infringement actions, the Ninth

14  Circuit has recognized that this prong is satisfied "if the defendant's infringing conduct harms the

15  plaintiff in the forum." *Int'l Aero*, 325 F. Supp. 3d at 1086; *CollegeSource*, 653 F.3d at 1079.

16      Here, VSCO pled that its marks enjoy substantial fame and recognition, and that Mr.

17  Khimji's use of VSCO's marks has diluted those marks, caused confusion, and diminished

18  VSCO's reputation, and that Mr. Khimji's conduct is the direct and proximate cause of those

19  harms. Compl. ¶¶ 11, 15, 48-49, 54-55, 63-68. VSCO also pled that Mr. Khimji's technological

20  circumvention of VSCO's security measures to invade its computer systems and exploit VSCO's

21  users has harmed VSCO and its commercial goodwill. Compl. ¶¶ 28, 64-65, 78, 85. Thus, Mr.

22  Khimji's conduct has harmed VSCO in this forum and VSCO's claims arise out of Mr. Khimji's

23  forum-related activities, satisfying this prong. *Adobe*, 125 F. Supp. 3d at 963.

24              **c.    Reasonableness**

25      Next, Mr. Khimji does not—and cannot—satisfy his burden to present a "compelling case"

26  that this Court's exercise of jurisdiction would not be reasonable. *CollegeSource*, 653 F.3d at 1076

27  (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477). Courts within the Ninth Circuit

28  consider seven factors to determine the reasonableness of personal jurisdiction:

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.*

Mr. Khimji did not provide any analysis at all regarding these factors. The Court should deny his motion on this basis alone.  Regardless, each of these factors strongly favors this Court's jurisdiction: (1) Mr. Khimji's purposeful direction of infringing activities constitutes "purposeful interjection"; (2) Mr. Khimji has provided no evidence of financial hardship or undue burden beyond personal inconvenience; (3) VSCO's claims seek only to enforce its rights in the U.S. and therefore are unlikely to undermine Canadian sovereignty; (4) California has a "strong interest in discouraging trademark infringement injuries that occur within the state"; (5)-(6) the U.S. provides the most efficient judicial resolution of the controversy and is best suited to provide VSCO with convenient and effective relief; and (7) "whether another reasonable forum exists becomes an issue only when the forum state is shown to be unreasonable," which is not the case here. *Levi Strauss & Co. v. Connolly*, No. 22-CV-04106-VKD, 2023 WL 2347433, at *6 (N.D. Cal. Mar. 2, 2023); *Lynwood Invs. CY Ltd. v. Konovalov*, No. 20-CV-03778-LHK, 2021 WL 1198915, at *15 (N.D. Cal. Mar. 30, 2021).

Rather than analyzing these factors, Mr. Khimji's sole legal argument against specific jurisdiction is based on a flawed reading of *Walden v. Fiore*, 571 U.S. 277 (2014). *See* Mot. at pp. 5-7. He posits, incorrectly, that *Walden* strips this Court of jurisdiction merely because at the time Mr. Khimji was infringing VSCO's trademarks he was not located in California or the U.S. Mot. at p. 6. Not so. In *Walden*, the Supreme Court determined that "individualized targeting," *i.e.*, the defendant's engaging in wrongful conduct targeted at a plaintiff known to be a resident of the forum state, "*without more*" is insufficient to comply with due process. *Walden*, 571 U.S. at 286-91 (emphasis supplied). But *Walden* did not eliminate the relevance of the defendant's individualized targeting. Indeed, post-*Walden*, the Ninth Circuit expressly held that individualized targeting is relevant to support the exercise of personal jurisdiction if there are additional facts

LAW OFFICES

SIDEMAN & BANCROFT LLP

ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

connecting the defendant to the forum. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). Here, VSCO has met its burden of pleading both individualized targeting (*i.e.*, infringing VSCO's trademarks knowing that VSCO is headquartered in San Francisco) and the requisite "more" contacts between Mr. Khimji's unlawful conduct and California (*e.g.*, scraping U.S.- and California-based VSCO users' images and photo data and leveraging San Francisco, California-based companies to create, operate, and monetize the interactive Infringing Websites and Infringing Reddit Communities). Compl. ¶¶ 1, 4, 13, 25-32, 37, 51, 57, 66; Levad Decl. ¶¶ 6-7, Exs. C-F. Such contacts are more than sufficient for this Court to exercise personal jurisdiction over Mr. Khimji. *Levi*, 2023 WL 2347433, at *6.

Mr. Khimji also advances factual arguments attacking the veracity of VSCO's allegations. Mot. at 6-8. These are wrong, but also inapposite—the uncontroverted allegations in the plaintiff's complaint must be taken as true and any conflicts must be resolved in the VSCO's favor. *Id.*

For these reasons, VSCO has easily established the minimum contacts necessary for this Court to exercise personal jurisdiction over Mr. Khimji.

**2.     VSCO's Terms of Use Are Enforceable Against Mr. Khimji And Establish His Consent To Personal Jurisdiction In This Court**

Even if Mr. Khimji's contacts were not sufficient here (though they are), this Court should also exercise jurisdiction over Mr. Khimji pursuant to the TOU's forum selection clause. Mr. Khimji's only argues that the TOU is "browsewrap" and, *ipso facto*, cannot apply. Not so.

Contracts formed on the Internet are primarily either "clickwrap" or "browsewrap." *Silverman v. Move Inc.*, No. 18-CV-05919-BLF, 2019 WL 2579343, at *10 (N.D. Cal. June 24, 2019) (quoting *Nguyen v. Barnes & Noble Inc.* 763 F.3d 1171, 1175-76 (9th Cir. 2014)). "Clickwrap" agreements require website users to click on an "I agree" box presenting the website's terms, which expressly manifests the user's assent to those terms, and they are routinely enforced. *Id.* Conversely, "browsewrap" agreements do not require the user's express manifest assent; their "defining feature" is that the user can continue to use the website and all of its services without visiting or assenting to the website's terms. *Id.* Browsewrap agreements are still enforced in numerous circumstances. *Id.* (citing *Nguyen*, 763 F.3d at 1777). If a website user is

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    informed that he will be bound to the terms, his failure to actually review the terms does not

2    render the terms unenforceable. *Id.*

3        For example, in *Regan v. Pinger, Inc.*, this District evaluated a website that required users

4    to click buttons with text that read "By tapping [these buttons] you're agreeing to our Privacy

5    Policy and Terms of Service" in order to create an account. No. 20-CV-02221-LHK, 2021 WL

6    706465, at *5-*7 (N.D. Cal. Feb. 23, 2021). The court recognized this as "neither a 'true

7    browsewrap agreement' nor a 'pure-form clickwrap agreement,'" and determined it was

8    enforceable. *Id.* Here, as in *Regan*, VSCO requires all users who create accounts to click a button

9    that notifies them of their assent to the TOU. *Id.*; Compl. ¶ 3; Gupta Decl. ¶ 5. As such, the TOU

10   is enforceable. *Regan*, 2021 WL 706465, at *7; *see Silverman*, 2019 WL 2579343 at *10.

11       Beyond his incorrect supposition that "a browsewrap agreement is unenforceable" (Mot. at

12   3), Mr. Khimji offers only factual arguments against this basis for jurisdiction that are irrelevant

13   because all factual disputes related to jurisdiction must be resolved in VSCO's favor. *Adobe*, 125

14   F. Supp. 3d at 358. Mr. Khimji argues that he has never accessed VSCO's website or registered an

15   account, and identified two email addresses he claims to use. Mot. at 4-5. But VSCO alleges the

16   opposite, namely, that Mr. Khimji did access VSCO's website and that he accessed (and scraped)

17   content that is only available to registered users. Compl. ¶¶ 3, 24. Moreover, VSCO alleges that

18   Mr. Khimji took "extreme measures" to obfuscate his true identity from VSCO, including by

19   using fake names and email addresses. Compl. ¶¶ 6, 36-37. Mr. Khimji cannot meet his burden to

20   invalidate the forum selection clause by such a conclusory attempt to dispute these facts.

21       In short, this Court should exercise personal jurisdiction over Mr. Khimji, and it may do so

22   under both a minimum contacts theory and under VSCO's forum selection clause. Mr. Khimji's

23   arguments to the contrary each fail in turn.

24   **B.      This Court Has Subject Matter Jurisdiction Over This Action**

25       This Court has subject matter jurisdiction over this action because it arises under the

26   federal trademark laws. As such, federal question jurisdiction applies to VSCO's trademark

27   claims, and supplemental jurisdiction applies to VSCO's state law claims. *See* Compl. ¶ 13.

28       Mr. Khimji offers only one argument against subject matter jurisdiction here, namely, that

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    the jurisdictional requirements related to the "use in commerce" element of trademark

2    infringement has not been met as alleged in VSCO's complaint because "the Lanham Act has no

3    extraterritorial reach." Mot. at 9. He relies wholly on a misguided reading of *Abitron Austria*

4    *GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412 (2023) . Mot. at 9. His reliance is misplaced.

5        As a threshold matter, Mr. Khimji's subject matter jurisdiction argument is wrong because

6    the Lanham Act's "use in commerce" element is not jurisdictional. *La Quinta Worldwide LLC v.*

7    *Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 872 (9th Cir. 2014); *Trader Joe's Co. v. Hallatt*, 835 F.3d

8    960, 966 (9th Cir. 2016) ("[T]he Lanham Act's 'use in commerce' element (*the element that gives*

9    *the Act extraterritorial reach*) is not jurisdictional.") (emphasis added). Mr. Khimji's argument

10   regarding subject matter jurisdiction fails at the outset for this reason.

11       Furthermore, Mr. Khimji's reliance on *Abitron* to conclude wholesale that "the Lanham

12   Act has no extraterritorial reach" (Mot. at 9) is wrong. *See* 600 U.S. at 417-18. In *Abitron*, the

13   Supreme Court evaluated recovery for trademark infringement that occurred entirely outside the

14   U.S.—the defendant there was selling infringing products in Europe—and determined:

15       When a claim involves both domestic and foreign activity, the question is whether
         the conduct relevant to the statute's focus occurred in the United States. If that
16       conduct occurred in the United States, then the case involves a permissible
         domestic application of the statute even if other conduct occurred abroad.
17

18   *Id.* (internal quotations and citations omitted). In other words, "if the mark is used in connection

19   with goods and services *only* outside United States territory, the Lanham Act cannot apply."

20   *LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*, 124 F.4th 1122, 1127 (9th Cir. 2024)

21   (discussing *Abitron*) (emphasis added).

22       But here, Mr. Khimji's infringing conduct occurred primarily in the U.S. While Mr.

23   Khimji may have sat in Canada while invading VSCO's computer systems and committing his

24   numerous other legal harms, the harms and specific unlawful conduct alleged here are all pointed

25   at the U.S., and San Francisco, California in particular. He scraped the images and photo data from

26   computer systems housed in the U.S. and from accounts that were registered with VSCO in San

27   Francisco; his Infringing Websites and Infringing Reddit Communities were registered with

28   Cloudflare and Reddit, respectively, both in San Francisco; his monetization platform was

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   registered with Patreon in San Francisco and transacted in U.S. currency; and many of his young

2   female victims are located in this District. Compl. ¶¶ 4, 26-32, 41; Levad Decl.¶¶ 6-7, Exs. C-F.

3   The fact that Mr. Khimji was allegedly physically located in Canada while perpetrating his scheme

4   is arbitrary, and the Ninth Circuit has upheld Lanham Act liability to Canadian citizens in far less

5   extreme circumstances. *See, e.g.*, *Trader Joe's*, 835 F.3d at 975. For these reasons, this Court has

6   subject matter jurisdiction over this action, and Mr. Khimji's arguments to the contrary fail.

7           **C.      This Court Should Not Dismiss Or Stay This Action In Favor Of Arbitration**

8           In the alternative to his misguided theories regarding jurisdiction, Mr. Khimji next asks

9   this Court to dismiss or stay this action in favor of arbitration. Mot. at 10-18. But, notably, Mr.

10  Khimji is <u>not</u> asking this Court to compel arbitration. Nor does Mr. Khimji resolve the

11  inconsistency of invoking the TOU's arbitration agreement if he allegedly did not agree to the

12  TOU. Nor does Mr. Khimji accurately interpret the plain language of the TOU's arbitration

13  agreement. *See*, Mot. at 11-12, 14. The Federal Arbitration Act "does not require parties to

14  arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate

15  from excluding certain claims from the scope of their arbitration agreement." *Alvarado v.*

16  *Rockwell Collins, Inc.*, No. CV 23-400-JFW(JCX), 2023 WL 5505877, at *3 (C.D. Cal. May 24,

17  2023) (quoting *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior*

18  *Univ.*, 489 U.S. 468, 478 (1989)). And courts "do not override the clear intent of the parties, or

19  reach a result inconsistent with the plain text of the contract, simply because the policy favoring

20  arbitration is implicated." *Id.* (quoting *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002)).

21  Based on the plain terms of the agreement and the applicable law, the TOU's arbitration

22  agreement does not apply here, and neither a dismissal nor a stay is appropriate.

23          **1.      VSCO's TOU Has No Bearing On Its Trademark Claims**

24          Mr. Khimji posits that "VSCO must arbitrate all of the dispute [*sic*] raised in its

25  complaint," citing the TOU's arbitration provision. Mot. at 11. But this premise is flawed. The

26  TOU's arbitration provision (assuming Mr. Khimji assented to the TOU, which he did) does not

27  extend to Mr. Khimji's violation of VSCO's trademark rights. *Cape Flattery Ltd. v. Titan Mar.,*

28  *LLC*, 647 F.3d 914, 924 (9th Cir. 2011) ("[W]hen a tort claim constitutes an independent wrong

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  from any breach of the contract it does not require interpretation of the contract and is not

2  arbitrable.") (internal citation and quotation omitted); *TGG Mgmt. Co. Inc. v. Petraglia*, No. 19-

3  CV-2007-BAS-KSC, 2020 WL 2767362, at *6 (S.D. Cal. May 28, 2020).

4      For example, in *Faegin v. LivingSocial, Inc.*, the plaintiffs and defendant were parties to a

5  merchant services contract that contained an arbitration provision. No. 14CV00418-WQH-KSC,

6  2014 WL 5307186, at *1-*2 (S.D. Cal. Oct. 15, 2014). The plaintiffs decided to cancel their plans

7  for advertising with the defendant, but the defendant continued to use the plaintiffs' marks in

8  advertising and caused consumer confusion. *Id.* at *2. The plaintiffs then brought suit, and the

9  defendant moved to compel arbitration, citing their contract's arbitration clause and arguing that

10  the it provided that any disputes related to their business relationship must be arbitrated. *Id.* But

11  the court rejected the defendant's position, noting that "claims 'arise from' an agreement or the

12  breach thereof when the claims relate to 'the interpretation and performance of the contract

13  itself.'" *Id.* at *4 (quoting *Tracer Research Corp. v. National Environmental Services Co.*, 42 F.3d

14  1292, 1295 (9th Cir. 1994)). It held that the plaintiffs' trademark claims constituted "independent

15  wrongs" that did "not require interpretation of the [contract] or evaluation of either parties

16  performance under the [contract]," and denied arbitration. *Id.* at *4-*7.

17      Numerous other courts have reached the same conclusion as *Faegin*, holding that claims

18  arising out of the defendant's statutory violations are "independent wrongs" not subject to any

19  arbitration agreements between the parties. *See, e.g.*, *TGG*, 2020 WL 2767362, at *6; *Llevat v.*

20  *True N. Brands, LLC*, No. 21-CV-656-BAS-AGS, 2021 WL 5449033, at *6 (S.D. Cal. Nov. 22,

21  2021). Indeed, the only cases in which the courts ordered trademark infringement claims be

22  arbitrated involved agreements expressly directed to the parties' trademark rights respective to one

23  another, such as trademark license agreements, settlement agreements, or distribution agreements.

24  *See, e.g.*, *Puri v. Golden Temple of Oregon, LLC*, No. CV 10-882-JFW (VBKX), 2010 WL

25  11595757, at *2 (C.D. Cal. June 9, 2010) (trademark license agreement); *RLED, LLC v. Dan*

26  *Good Distrib. Co., Inc.*, No. CIVS08851LKKDAD, 2008 WL 11389039, at *5 (E.D. Cal. Aug. 29,

27  2008) (distribution agreement); *Robinson v. Deli-cious Vinyl Recs. Inc.*, No. 2:13-CV-04111-CAS,

28  2014 WL 5332837, at *1 (C.D. Cal. Oct. 20, 2014) (settlement and trademark assignment

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  agreement); *ValueSelling Assocs., LLC v. Temple*, No. 09 CV 1493 JM, 2009 WL 3736264, at *4

2  (S.D. Cal. Nov. 5, 2009) (trademark license and settlement agreements).

3      Here, far from a trademark license, the relevant agreement is a general terms of use. Mr.

4  Khimji is not permitted to infringe VSCO's trademarks or compete unfairly using VSCO's

5  trademarks regardless of any provision in the TOU. Thus, as in *Faegin*, VSCO may bring this

6  action in court to seek redress for these independent violations of its statutory rights. 2014 WL

7  5307186 at *4-*7. Furthermore, as discussed below, the TOU contains an express carve-out for

8  intellectual property claims. Dkt. 15-2, p. 193-94. Mr. Khimji may not avoid liability for his

9  trademark violations by hiding behind an arbitration provision that somehow both binds and does

10 not bind him, and, in any event, does not apply to the causes of action alleged here. There is no

11 basis for a stay, let alone dismissal.

12          **2.      The TOU Contains An Express Carve-Out For VSCO's Claims**

13     Even if VSCO's trademark claims arose out of Mr. Khimji's violations of the TOU (which

14 they do not), VSCO may still pursue those claims and its other claims in this Court. This is

15 because the arbitration clause contains express carve-outs for actions that involve equitable claims

16 for "infringement or other misuse of intellectual property rights;" "any illegal or intentional act

17 affecting the accessibility, functionality, or the security of [VSCO's] Services;" and "any illegal or

18 intentional act against your interests or VSCO's general business interests." Dkt. 15-2, p. 193-94.

19     All of VSCO's claims fall into these carve-outs. Specifically, its trademark-related claims

20 (Counts I-IV) allege Mr. Khimji's infringement or other misuse of VSCO's intellectual property

21 rights, namely, its trademarks. Compl. ¶¶ 48, 57, 64, 72. Its common law trespass to chattels claim

22 alleges Mr. Khimji's use of technological means to infiltrate VSCO's computer systems and

23 scrape date, which affects the accessibility, functionality, or the security of VSCO's services.

24 Compl. ¶¶ 4, 77-78. And its breach of contract claim alleges Mr. Khimji's illegal and intentional

25 acts of "exploiting VSCO's services and VSCO user content made available through VSCO's

26 services for a commercial purpose; and scraping information and content from VSCO's platform,"

27 which constitutes an act against VSCO's general business interests. Compl. ¶¶ 83, 85.

28     Courts within the Ninth Circuit routinely honor such carve-outs to arbitration agreements,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    and allow the exempted claims to proceed before the court. *Alvarado v. Rockwell Collins, Inc.*,

2    No. CV 23-400-JFW(JCX), 2023 WL 5505877, at *4 (C.D. Cal. May 24, 2023). Thus, the Court

3    here should not dismiss any of VSCO's claims, particularly because Mr. Khimji has not filed a

4    motion to compel arbitration of any such claim.

5                    **3.    Mr. Khimji's Other Arguments Regarding Arbitration Are Inapposite**

6           Mr. Khimji's additional series of convoluted arguments regarding arbitration also fail.

7           *First,* Mr. Khimji asserts that the TOU's arbitration agreement delegates the question of

8    arbitrability to an arbitrator. Mot. at 11. Not so. The TOU's arbitration agreement is devoid of this

9    language, and "unless the parties clearly and unmistakably provide otherwise, the question of

10   whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T*

11   *Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Oracle Am., Inc. v.*

12   *Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013). Thus, dismissal on this basis is improper.

13          *Second,* Khimji posits that he may invoke the TOU's arbitration agreement while escaping

14   its forum selection clause under "equitable estoppel" because VSCO is relying on the forum

15   selection clause to establish personal jurisdiction. Mot. at 13. This is nonsensical. By Mr. Khimji's

16   reasoning, Mr. Khimji invocation of the TOU's arbitration agreement thereby "equitably estops"

17   *him* from avoiding the contract's forum selection clause. He cannot have it both ways. In any

18   event, as set forth above, Mr. Khimji's contacts with California establish personal jurisdiction over

19   him here, regardless of VSCO's invocation of the forum selection clause. *See* § 4(A), *supra*.

20          *Third,* regarding injunctive relief, Khimji points to a clause in the TOU's arbitration

21   agreement stating "If a claim seeks equitable relief (including injunctive relief), the parties agree

22   to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before

23   conducting any proceedings." Mot. at 14-15; Dkt. 15-2, p. 193-94. He seeks to rely on this clause

24   to "sequence" this action and deprive this Court of jurisdiction. But Mr. Khimji has put the cart

25   before the horse; this clause and its related provisions setting forth the arbitration rules and

26   authority of the arbitrator only apply "*to any arbitration proceeding brought under these Terms*."

27   Dkt. 15-2, p. 193-94. There has been no arbitration proceeding initiated, there is no arbitrator, and

28   Mr. Khimji has not attempted to compel an arbitration here. In short, this action is not subject to

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES

SIDEMAN & BANCROFT LLP

ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    the TOU's arbitration agreement, so the sequencing of arbitration proceedings is irrelevant here.

2    On this point, Mr. Khimji cites *Mullins v. Premier Nutrition Corp.,* No. 13-CV-01271-RS,

3    2018 WL 510139 (N.D. Cal. Jan. 23, 2018); *In re Ford Tailgate Litig.,* No. 11-CV-2953-RS, 2014

4    WL 1007066 (N.D. Cal. Aug. 8, 2014); *Castillo v. Wells Fargo Bank, N.A.,* No. C-15-2353-MMC,

5    2015 WL 13425101 (N.D. Cal. July 17, 2015); and cases from outside the Ninth Circuit. But these

6    cases have nothing to do with arbitration or the issues here.  They are inapposite at best.

7    <u>*Finally,*</u> Mr. Khimji argues that VSCO has not sufficiently alleged harm. Mot. at 16-18.

8    This is also wrong; VSCO has alleged harm to its marks, its business, its reputation, and its

9    goodwill, all as the direct and proximate result of Mr. Khimji's misconduct. *E.g.*, Compl. ¶¶ 11,

10   15, 48-49, 54-55, 63-68. This is sufficient. *Cf. Maxim Integrated Prods., Inc. v. Quintana*, 654 F.

11   Supp. 2d 1024, 1035 (N.D. Cal. 2009) ("In trademark cases, irreparable harm is typically found in

12   a plaintiff's loss of control over their business reputation, loss of trade and loss of goodwill.")

13   For these reasons, there is no basis to dismiss or stay this action in favor of arbitration.

14   **D.      Forum Non Conveniens Does Not Apply**

15   Continuing his string of baseless attempts to dismiss this action, as "a further alternative,"

16   Mr. Khimji requests this Court invoke the doctrine of forum non conveniens, despite the Ninth

17   Circuit's caution that it is only "an exceptional tool to be employed sparingly." Mot. at 18; *Disney*,

18   2016 WL 7444860 at *10 (quoting *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000)).

19   But Mr. Khimji's request fails at the outset because, as set forth above, Mr. Khimji assented to the

20   "presumptively valid" forum selection clause in the TOU establishing venue in this District, and

21   Mr. Khimji has not met the "heavy burden" necessary to avoid it. *See* § IV(A)(2), *supra*;

22   *Microsemi Corp. v. Silicon Networks, Ltd.*, No. SACV171064DOCJDEX, 2017 WL 7201878, at

23   *3 (C.D. Cal. Sept. 14, 2017). The Court should deny the motion for this reason alone.

24   Moreover, beyond Mr. Khimji's failure to overcome the TOU's forum selection clause, he

25   also has failed to meet his burdens under forum non conveniens of showing that an adequate

26   alternative forum exists and that the private and public interest factors favor dismissal. *Dole*, 303

27   F.3d at 1118; *Microsemi*, 2017 WL 7201878 at *2. Canada is not an adequate alternative forum

28   for this action, and none of the public or private interest factors favor dismissal. As such, for this

1    additional reason, the Motion should be denied.

2              **1.    Canada is not an adequate alternative forum**

3        Mr. Khimji offers only one purportedly adequate alternative forum: Canada. Mot. at 19.

4    But he provides no reasoning or citations why Canada is adequate here beyond attaching a copy of

5    the "Canadian Trademarks Act" and an Internet article printout by a Canadian law firm about

6    "Canada's reputation as a desirable venue." Dkt. 15-2 at pp. 55-170, 172-74. This is nonsense.

7        *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV08-3226 AHM PLAX,

8    2008 WL 5412431 (C.D. Cal. Dec. 29, 2008) is on point. There, the California plaintiff sued a

9    Canadian company who had created a website that incorporated the plaintiff's trademark into the

10   website's domain name and webpages. *Id.* at *1. The plaintiff brought suit for trademark and

11   unfair competition under the Lanham Act and California law, and the defendant moved to dismiss

12   for forum non conveniens, arguing that Canada was an adequate alternative forum. *Id.* at *6-*7.

13   The Court denied the motion and rejected the notion that Canada provided an adequate alternative

14   forum, noting that the "[e]ven assuming that Canada has its own trademark laws, Defendant failed

15   to explain how those laws would provide a remedy that would be an adequate alternative to

16   remedies available under the Lanham Act and California law." *Id.*

17       This case is on all fours. Although Mr. Khimji submitted an allegedly current 115-page

18   printout of the Canada Trademarks Act, he failed to explain how this law would provide an

19   adequate alternative to the remedies available under the Lanham Act and California law. Beyond

20   even the facts in *Life Alert*, Mr. Khimji admits that "the Federal Court of Canada does not have

21   jury trials" (Mot. at 15), making clear that Canada does *not* have adequate alternatives as

22   compared to U.S. federal and California state law. 2008 WL 5412431 at *6-*7; *see also VMR*

23   *Prods., LLC v. V2H ApS*, No. CV 13-7719 CBM (JEM), 2014 WL 12591932, at *7 (C.D. Cal.

24   Aug. 4, 2014). Furthermore, because VSCO is alleging infringement of its U.S. trademark

25   registrations, the infringement analysis will be different before this Court as compared to a

26   Canadian forum, necessitating the litigation take place here. *See Updateme Inc. v. Axel Springer*

27   *SE*, No. 17-CV-05054-SI, 2017 WL 5665669, at *7 (N.D. Cal. Nov. 27, 2017). Finally, VSCO is

28   not merely alleging trademark claims; it also brought claims for unfair competition, trespass to

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   chattels, and breach of contract. Compl. ¶¶ 72-86. Mr. Khimji provided zero reasoning as to why

2   Canada would be an adequate alternative forum for *half* of VSCO's claims, and, therefore, he has

3   not met his "heavy burden" for dismissal. *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. &*

4   *Tech. Dev. Co.*, No. C 06-7541 PJH, 2007 WL 2403395, at *8 (N.D. Cal. Aug. 20, 2007).

5            **2.       The Private Interest Factors Do Not Favor The Canadian Forum**

6            This Court need not consider the private interest factors to deny the Motion because Mr.

7   Khimji's conduct is subject to the TOU's forum selection clause and because Canada is not an

8   adequate alternative forum. *Microsemi*, 2017 WL 7201878, at *6. Nonetheless, the private interest

9   factors are (1) the residence of the parties and the witnesses; (2) the forum's convenience to the

10  litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling

11  witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the

12  enforceability of the judgment; and (7) any practical problems that make trial of a case easy,

13  expeditious and inexpensive, and they all favor this forum. *Mintel*, 2007 WL 2403395, at *8.

14           As to factors (1) and (2), nearly all parties and witnesses in this action reside in this

15  District, including VSCO, Cloudflare, Patreon, and Reddit. Only Mr. Khimji resides outside this

16  District. Thus, these factors favor VSCO's choice of forum.

17           As to factor (3) because VSCO, Cloudflare, Patreon, and Reddit all reside in this District,

18  their physical evidence and other sources of proof are most accessible in this District. And because

19  Mr. Khimji's physical evidence will be easily-transmitted electronic files and documents, as he

20  admits (*see* Mot. at 20), this factor also favors VSCO. *Chloe SAS v. Sawabeh Info. Servs. Co*, No.

21  CV 11-04147 GAF MANX, 2012 WL 7679386, at *24 (C.D. Cal. May 3, 2012).

22           As to factors (4) and (5), the critical witnesses in this action—Cloudflare, Patreon, and

23  Reddit—all reside in this District and may be compelled to testify at a low cost. Mr. Khimji

24  provides no indication as to whether those witnesses could be haled to court in Canada. Mot. at 20.

25  Mr. Khimji's vague references to "Bell Canada" and mystery "character witnesses" as potential

26  witnesses do not tip the balance. *Mintel*, 2007 WL 2403395 at *9. Indeed, although Mr. Khimji

27  gestures toward a notion that VSCO subpoena "Bell Canada" for additional information (Mot. at

28  20), that point is moot given that VSCO cannot compel such discovery without the authority

1  conferred by this litigation. And when VSCO requested that the parties hold the Rule 26(f)

2  conference that would allow VSCO to issue the subpoena (and open discovery generally), Mr.

3  Khimji did not accept. Levad Decl. ¶ 8. He cannot have it both ways. This factor favors VSCO.

4  As to factor (6), any relief issued by this Court against infringing activity in the U.S. is

5  enforceable here. Mr. Khimji has made no showing that relief issued by a Canadian court would

6  be enforceable in the U.S. Mot. at 21. This factor favors VSCO. *Chloe*, 2012 WL 7679386, at *24.

7  Finally, as to factor (7), Mr. Khimji has made no showing beyond unsupported allegations

8  of his own personal inconvenience that a trial in Canada would be more "easy, expeditious and

9  inexpensive" than a trial before this Court. That is inapposite. To prevail on his Motion, Mr.

10  Khimji "must make a clear showing" that trial here would be so vexatious on him "that it would

11  be out of proportion" to *VSCO's* convenience. *Mintel*, 2007 WL 2403395 at *9. He has not done

12  so. Thus, the Court should deny the Motion.

13  **3.    The Public Interest Factors Do Not Favor The Canadian Forum**

14  As with the private interest factors, the Court need not consider the public interest factors

15  because Mr. Khimji's conduct is subject to the TOU's forum selection clause. *Minghong Inv., Inc.*

16  *v. Felix Chac Chuo*, No. 2:21-CV-05979-SB-PD, 2022 WL 2189365, at *5 *(C.D. Cal. Mar. 9,*

17  *2022)*. That said, the public interest factors include (1) the local interest in the lawsuit, (2) the

18  court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion

19  in the court, and (5) the costs of resolving a dispute unrelated to a particular forum, and they all

20  favor VSCO's choice of forum as well. *Id.*; *Chloe*, 2012 WL 7679386 at *24.

21  As to factor (1), this "weighs heavily in favor of California as the place of trial" because

22  "[a] forum has a significant interest in protecting the intellectual property of its citizens and

23  businesses from infringement by foreign defendants." *Mintel*, 2007 WL 2403395, at *11.

24  As to factor (2), this Court "would clearly be familiar with the relevant state or federal law

25  pertinent to the pending claims," favoring this forum. *Id.*; *Chloe*, 2012 WL 7679386 at *24.

26  As to factors (3)-(5), Mr. Khimji offered no reasoning regarding the comparative burdens

27  or costs of resolving this dispute in this District. Mot. at 21. Rather, he references a Canadian

28  government advertisement and states that the Canadian courts have "a specialized intellectual

LAW OFFICES

SIDEMAN & BANCROFT LLP

ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

22
OPPOSITION TO MOTION TO DISMISS AND/OR STAY

1    property chamber with a designated judge for each case." *Id.* But that is of no moment, as this

2    Court also enjoys a designated judge for the case and a court with deep intellectual property

3    experience. As such, this factor favors VSCO as well. *Chloe*, 2012 WL 7679386 at *24.

4        In sum, Mr. Khimji has not met any requirement necessary for forum non conveniens to be

5    applicable, and the Court should therefore deny the Motion. *Mintel*, 2007 WL 2403395, at *12;

6    *Updateme*, 2017 WL 5665669 at *7.

7        **E.      VSCO's Claims Are Timely And Pled With Requisite Detail**

8        Finally, Mr. Khimji posits that VSCO failed to state a claim for relief because VSCO's

9    claims are allegedly time-barred by the TOU (the same TOU that Mr. Khimji asserts does not

10   apply to him), and because VSCO did not plausibly allege its unfair competition or breach of

11   contract claims. But these assertions collapse under even mild scrutiny.

12       **1.      None Of VSCO's Claims Are Barred By The TOU's Limitation Period**

13       Mr. Khimji first argues that the limitations period set forth in the TOU bars VSCO's

14   claims for relief here. Mot at 23. Not so. The TOU states:

15       You and VSCO both agree that any cause of action arising out of or related to
         these Terms, our Services or any content must commence within one year after
16       the cause of action accrues. Otherwise, such cause of action is . . . barred.

17   Dkt. 15-2, p. 199. "Services"[2] is a defined term within the TOU that means VSCO's "websites,

18   mobile apps, products, or services." *Id.* at p. 193.

19       As set forth above, VSCO's trademark-related causes of action do not arise from VSCO's

20   TOU, its "Services," or any content—they arise out of Mr. Khimji's unauthorized use of VSCO's

21   trademarks and the resultant consumer confusion and harm to VSCO's goodwill. *See* § 4(C)(1),

22   *supra*. Thus, those claims are not subject to the TOU's limitation period in any event.

23       Putting that aside, numerous exceptions also apply in a case like this. First, the discovery

24   rule applies, such that any limitations period cannot begin to accrue until VSCO reasonably could

25   have discovered its claims against Mr. Khimji. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139,

---

27   [2] The Complaint contains one usage of the capitalized word "Services." Compl. ¶ 48. This is a
28   typo; it refers to the services identified in VSCO's trademark registrations, not the defined term
     "Services" as used in the TOU.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES

SIDEMAN & BANCROFT LLP

ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   1147 (9th Cir. 2002). Here, VSCO alleges that Mr. Khimji took extreme measures to obfuscate his

2   true identity, including using false information. Compl. ¶¶ 6, 25, 36-37. The first time VSCO

3   learned of Mr. Khimji's true identity was on August 29, 2024. Compl. ¶¶ 33-41; Levad Decl. ¶ 5.

4   As such, VSCO could not reasonably have discovered *any* of its claims against Mr. Khimji until at

5   least after that date, less than four months before it filed suit. *El Pollo Loco, Inc. v. Hashim*, 316

6   F.3d 1032, 1040 (9th Cir. 2003).  And, even if that were not the case, other exceptions like

7   equitable tolling and the ongoing nature of the legal violations would also apply here.

8        Mr. Khimji's only argument to the contrary misses the mark. He posits that because WIPO

9   ordered the <vsco.club> and <glizzy.cafe> be transferred to VSCO on October 20, 2023, and

10  because the VSCOclub Patreon was "no longer existent" on July 28, 2023, that VSCO's claims are

11  time-barred. Mot. at 23. Not so. Those sources only contained Mr. Khimji's fraudulent aliases, and

12  the relevant inquiry is when VSCO knew or could have known it had claims against *Mr. Khimji*.

13  *El Pollo Loco*, 316 F.3d at 1040. For these reasons, any limitation period was tolled until VSCO

14  was able to discover that it had a claim against Mr. Khimji.

15              **2.      VSCO Adequately Pled Federal And State Unfair Competition Claims,**

16                        **And Mr. Khimji Does Not Challenge VSCO's Trademark Claims**

17       Mr. Khimji asserts that VSCO failed to state a claim for unfair competition under the

18  Lanham Act because VSCO allegedly did not plead a "false statement of fact" with the specificity

19  required by Fed. R. Civ. P. 9(b). Mot. at 23-24. This argument may be a ChatGPT hallucination.

20  Lanham Act unfair competition does not require plaintiffs to meet the heightened pleading

21  standard required for fraud; it requires plaintiffs to allege "that a defendant (1) used in commerce

22  (2) any word, false designation of origin, false or misleading description, or representation of fact,

23  which (3) is likely to cause confusion or misrepresents the characteristics of his or another

24  person's goods or services." *Adobe*, 125 F. Supp. 3d at 968–69 (quoting *Freecycle Network, Inc.*

25  *v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007)). VSCO has met those threshold pleading requirements

26  here, and the Motion should be denied. Compl. ¶¶ 53-59; *Adobe*, 125 F. Supp. 3d at 968; *Yelp, Inc.*

27  *v. ReviewVio, Inc.*, No. C 23-06508 WHA, 2024 WL 2883668, at *4 (N.D. Cal. June 6, 2024).

28       Mr. Khimji further argues that this Court should dismiss VSCO's UCL claim as

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    "duplicative of its legal claims." Mot. at 24-25. This defies both reason and precedent. The

2    equitable relief provided by the UCL is significant and important in a case like this. Even if that

3    were not the case, Courts in this District allow complaints alleging UCL violations and other legal

4    claims to proceed in tandem past the pleading stage. *E.g.*, *Adobe*, 125 F. Supp. 3d at 972.

5              **3.    VSCO Adequately Pled Contract Damages**

6              Finally, Mr. Khimji attacks VSCO's breach of contract claims as not having pled damages

7    "with specificity." Mot. at 25. This may be another hallucination. Outside the context of fraud, the

8    Federal Rules do not require damages to be pled with specificity. Fed. R. Civ. P. 9(b);

9    *Ticketmaster L.L.C. v. Prestige Ent., Inc.*, 306 F. Supp. 3d 1164, 1177 (C.D. Cal. 2018). VSCO

10   pled that it suffered damages harms as the result of Mr. Khimji's breaches of its TOU, including

11   harm to the integrity of its computer systems, loss of consumer goodwill, and other economic

12   losses. Compl. ¶¶ 11, 15, 48-49, 54-55, 63-68, 85. This is more than sufficient to state a claim for

13   damages here. *Ticketmaster*, 306 F. Supp. 3d at 1177.

14             **F.    Any Doubts As To VSCO's Complaint Require Discovery, Not Dismissal**

15             To the extent any questions remain as to the sufficiency of VSCO's pleading burden, this

16   Court should allow discovery to further establish them, not dismiss this action. *Harris Rutsky &*

17   *Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (holding it was an

18   abuse of discretion to deny jurisdictional discovery); *Catalyst Inc. v. Empathy Catalyst*

19   *Consulting*, No. 24-CV-02557-SI, 2025 WL 107868, at *2 (N.D. Cal. Jan. 15, 2025) (personal

20   jurisdiction discovery allowed); *Laub v. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)

21   (subject matter jurisdiction discovery allowed); *Facebook, Inc. v. Studivz Ltd.*, No. C 08-3468 JF

22   (HRL), 2009 WL 1190802, at *4 (N.D. Cal. May 4, 2009) (venue discovery allowed).

23   **V.    CONCLUSION**

24             Mr. Khimji's unlawful conduct here was depraved and damaging. And his attempts to

25   avoid liability by throwing everything, including the kitchen sink, at this Court in this Motion are

26   at a minimum in bad faith. But he did not act alone, and discovery needs to commence to reveal

27   his co-conspirators and Doe Defendants. For the foregoing reasons, this Court should deny the

28   Motion and allow this Action to finally move forward.

DATED: April 14, 2025

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____
Zachary J. Alinder
Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711