1  ZACHARY J. ALINDER (State Bar No. 209009)
   E-Mail:      *zalinder@sideman.com*
2  ANDREW M. LEVAD (State Bar No. 313610)
   E-Mail:      *alevad@sideman.com*
3  SIDEMAN & BANCROFT LLP
4  One Embarcadero Center, Twenty-Second Floor
   San Francisco, California 94111-3711
5  Telephone:   (415) 392-1960
   Facsimile:   (415) 392-0827
6
7  Attorneys for Plaintiff
   VISUAL SUPPLY COMPANY
8

9

10                 UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  VISUAL SUPPLY COMPANY, a          Case No. 3:24-cv-09361-WHO
    Delaware corporation,
15                                    **DECLARATION OF ANDREW M. LEVAD**
                  Plaintiff,          **IN SUPPORT OF PLAINTIFF VISUAL**
16                                    **SUPPLY COMPANY'S OPPOSITION TO**
         v.                           **DEFENDANT ADAM KHIMJI'S MOTION**
17                                    **TO DISMISS AND/OR STAY**
    ADAM KHIMJI, an individual, and DOES
18  1-20, inclusive,                  Date:    June 18, 2025
                                      Time:    2:00 p.m.
19                Defendants.         Place:   Courtroom 2, 17th Floor
                                      Judge:   Hon. William H. Orrick
20

21

22

23  I, Andrew M. Levad, declare as follows:

24       1.      I am over 18 years of age and make this declaration based upon personal

25  knowledge of facts set forth below except as to those matters stated on information and belief. As

26  to those matters, I am informed and believe them to be true. If called upon to testify, I could and

27  would testify under oath to the matters set forth herein.

28

---

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

2.      I am an attorney licensed to practice law under the laws of the State of California and am an associate with the law firm Sideman & Bancroft LLP, attorneys for Plaintiff Visual Supply Company ("VSCO") in this matter. This declaration is filed in support of VSCO's Opposition to Defendant Adam Khimji's Motion to Dismiss and/or Stay, filed contemporaneously with this declaration.

3.      Mr. Khimji and the Doe Defendants (collectively, "Defendants") used domain proxy services to register the web domains involved in this action, including <vsco.club>, <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <novsco.co>, <glizzy.cafe>, <downloader.se>, and <socialgirls.live>, among others (collectively, the "Infringing Websites"). As a result, their true identities as the Infringing Websites' domain registrants do not appear in WHOIS and other domain registry lookup tools.

4.      On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") in the WIPO Arbitration and Mediation Center ("WIPO"), seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains from Defendant Adam Khimji and unknown Doe Defendants (collectively, "Defendants") to VSCO. On September 1, 2023, WIPO identified the domain registrant for <vsco.club> and <glizzy.cafe>, (which redirected from <vsco.club>) as "Aidan Salamon" of 123 Salamander Lane, Toronto, Ontario n7g 6h6, with the email address vscoclub@protonmail.com. And on September 5, 2023, VSCO filed an amended complaint in this action. True and correct copies of VSCO's UDRP complaint and amended complaint are attached hereto as **Exhibits A** and **B**, respectively. VSCO's UDRP complaint and amended complaint both identified VSCO's address at 458 Market St., Suite 92958, San Francisco, CA 94104-5401. *See* Exhibit A at p. 3; Exhibit B at p. 3. WIPO provided copies of these pleadings, and all other pleadings and orders in this UDRP action, to Mr. Khimji at vscoclub@protonmail.com.

5.      On August 29, 2024, I accessed documents produced by Cloudflare, Inc., pursuant to a subpoena issued in *In re DMCA Subpoenas to Cloudflare, Inc.*, et al., No. 24-mc-80159-SK (N.D. Cal.). These documents identified Mr. Khimji's full name, his physical address, the email address "vscoclub@protonmail.com," and Mr. Khimji's complete credit card information as the

SIDEMAN & BANCROFT LLP

LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    domain registrant for <glizzy.cafe> (which redirected from <vsco.club>). This was the first time

2    VSCO learned of Mr. Khimji's true identity.

3        6.    Many of the Infringing Websites have a "map" feature, whereby Defendants use

4    geolocation metadata scraped from VSCO users' photos to display an interactive map of where

5    those users' photos were taken. These Infringing Websites' "map" features indicate that many

6    VSCO users whose photos Defendants scraped are located in California and, specifically, within

7    this District. A true and correct printout of one Infringing Website's "map" feature displaying the

8    numbers of scraped photos located within this District is attached hereto as **Exhibit C**.

9        7.    Cloudflare, Inc.; Patreon, Inc.; and Reddit, Inc. are all headquartered in San

10   Francisco, California. True and correct copies of these entities' most recent Statements of

11   Information filed with the California Secretary of State, all of which display Principal Addresses

12   located in San Francisco, California, are attached hereto as **Exhibits D-F**.

13       8.    On or about March 14, 2025, my colleague Zachary J. Alinder corresponded by

14   email with Mr. Khimji's counsel, Simon Lin. I have reviewed those messages personally. Among

15   other things, Mr. Alinder requested that Mr. Khimji's counsel agree to hold a Rule 26(f)

16   conference and open discovery generally. Mr. Lin did not agree to this proposal.

17       I declare under penalty of perjury under the laws of the United States of America that the

18   foregoing is true and correct, and was executed on April 14, 2025, at San Francisco, California.

19

20

21

22   By: _____

23       Andrew M. Levad

24

25

26

27

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

# EXHIBIT A

# COMPLAINT TRANSMITTAL COVERSHEET

Attached is a Complaint that has been filed against you with the World Intellectual Property Organization (**WIPO**) Arbitration and Mediation Center (the **Center**) pursuant to the Uniform Domain Name Dispute Resolution Policy (the **Policy**) approved by the Internet Corporation for Assigned Names and Numbers (**ICANN**) on October 24, 1999, the Rules for Uniform Domain Name Dispute Resolution Policy (the **Rules**) approved by ICANN on September 28, 2013, and in effect as of July 31, 2015, and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the **Supplemental Rules**) in effect as of July 31, 2015.

The Policy is incorporated by reference into your Registration Agreement with the Registrar(s) of your domain name(s), in accordance with which you are required to submit to a mandatory administrative proceeding in the event that a third party (a **Complainant**) submits a complaint to a dispute resolution service provider, such as the Center, concerning a domain name that you have registered. You will find the name and contact details of the Complainant, as well as the domain name(s) that is/are the subject of the Complaint in the document that accompanies this Coversheet.

Once the Center has checked the Complaint to determine that it satisfies the formal requirements of the Policy, the Rules and the Supplemental Rules, it will forward an official copy of the Complaint, including annexes, to you by email as well as sending you hardcopy Written Notice by post and/or facsimile, as the case may be. You will then have 20 calendar days from the date of Commencement within which to submit a Response to the Complaint in accordance with the Rules and Supplemental Rules to the Center and the Complainant. You may represent yourself or seek the assistance of legal counsel to represent you in the administrative proceeding.

The **Policy** can be found at
https://www.icann.org/resources/pages/policy-2012-02-25-en

The **Rules** can be found at
https://www.icann.org/resources/pages/udrp-rules-2015-03-11-en

The **Supplemental Rules**, as well as other information concerning the resolution of domain name disputes can be found at
http://www.wipo.int/amc/en/domains/supplemental/eudrp/newrules.html

A **model Response** can be found at
http://www.wipo.int/amc/en/domains/respondent/index.html

Alternatively, you may contact the Center to obtain any of the above documents. The Center can be contacted in Geneva, Switzerland by telephone at +41 22 338 8247, by fax at +41 22 740 3700 or by email at domain.disputes@wipo.int.

You are kindly requested to contact the Center to provide an alternate email address to which you would like (a) the Complaint, including Annexes and (b) other communications in the administrative proceeding to be sent.

A copy of this Complaint has also been sent to the Registrar(s) with which the domain name(s) that is/are the subject of the Complaint is/are registered.

By submitting this Complaint to the Center, the Complainant hereby agrees to abide and be bound by the provisions of the Policy, Rules and Supplemental Rules.

*Before the:*

## WORLD INTELLECTUAL PROPERTY ORGANIZATION
## ARBITRATION AND MEDIATION CENTER

Visual Supply Company ("VSCO")
548 Market Street, Suite 92958
San Francisco, CA 94104


(**Complainant**)

-v-                                                  **Disputed Domain Names:**

*Registrant Unknown*
VSCO.page                                            *VSCO.page*
VSCO.club                                            *VSCO.club*


(**Respondent**)
_____

## COMPLAINT
(Rules, Paragraph 3(b); Supplemental Rules, Paragraphs 4(a), 12(a), Annex E)


## I.  Introduction

[1.]    This Complaint is hereby submitted for decision in accordance with the Uniform Domain Name Dispute Resolution Policy (the **Policy**), approved by the Internet Corporation for Assigned Names and Numbers (**ICANN**) on October 24, 1999, the Rules for Uniform Domain Name Dispute Resolution Policy (the **Rules**), approved by ICANN on September 28, 2013, and in effect as of July 31, 2015, and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the **Supplemental Rules**) in effect as of July 31, 2015.


## II.  The Parties


### A.  The Complainant
(Rules, Paragraphs 3(b)(ii) and (iii))

[2.]     The Complainant in this administrative proceeding is Visual Supply Company ("VSCO"), a United States corporation.

[3.]     The Complainant's contact details are:

|            |                                                                              |
|------------|------------------------------------------------------------------------------|
| Address:   | Visual Supply Company ("VSCO")<br>548 Market St, Suite 92958<br>San Francisco, California 94104-5401 |
| Email:     | legal@vsco.co                                                                |

[4.]     The Complainant's authorized representative in this administrative proceeding is:

|            |                                                                              |
|------------|------------------------------------------------------------------------------|
| Name:      | Erica Brand Portnoy                                                           |
| Address:   | Sideman & Bancroft LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>United States |
| Telephone: | (415) 392-1960                                                               |
| Fax:       | (415) 392-0827                                                               |
| Email:     | eportnoy@sideman.com                                                         |

[5.]     The Complainant's preferred method of communications directed to the Complainant in this administrative proceeding is:

Electronic-only material

|            |                        |
|------------|------------------------|
| Method:    | email                  |
| Address:   | eportnoy@sideman.com   |
| Contact:   | Erica Brand Portnoy    |

Material including hardcopy (where applicable)

|            |                                                                              |
|------------|------------------------------------------------------------------------------|
| Method:    | mail                                                                         |
| Address:   | Sideman & Bancroft LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>United States |
| Fax:       | (415) 392-0827                                                               |

Contact:       Erica Brand Portnoy

**B. The Respondent**
(Rules, Paragraph 3(b)(v))

[6.]   According to the concerned registrars Whois databases - NameSilo, LLC (for vsco.page) and NameCheap, Inc. (for vsco.club), the Respondent in this administrative proceeding has not been provided. A copy of the printouts of the database searches conducted on August 3, 2023 are provided as **Annex 1** and **Annex 2**. The Whois reports do not include Respondent's contact information other than email addresses for contacting the Registrant through the WhoIs Privacy provider, which are listed as: pw-263a182004b9d8c71bf0e557671d53db@privacyguardian.org (vsco.page) and 46e2b1b8b71e43eeb9dafbbf97954d75.protect@withheldforprivacy.com (vsco.club), respectively. *See* **Annex 1** and **Annex 2**. Complainant is informed and believes that the Respondent's name is Mike Hunt, as this name is identified as the "Founder" on glizzy.cafe (which redirects from vsco.club) and that Complainant's email address is vscoclub@protonmail.com and contact@vsco.page. *See* **Annex 11** (page 2) and **Annex 10** (page 4).

[7.]   All information known to the Complainant regarding how to contact the Respondent was identified through the WhoIs information (**Annex 1** and **Annex 2**), as well as through the contact information posted on vsco.page identifying contact@vsco.page (**Annex 10**, page 4, including screenshot of https://vsco.page/disclaimer wherein contact information is displayed) and through an email address (vscoclub@protonmail.com that was provided through the contact process described on glizzy.cafe, which redirects from vsco.club, namely to email the domain registrant through the website https://mailhide.io/en/e/6tllJfuc). *See* **Annex 11** (page 3).

**III. The Domain Names and Registrar**
(Rules, Paragraphs 3(b)(vi), (vii))

[8.]   This dispute concerns the domain name identified below:

VSCO.page (registered July 19, 2019)

VSCO.club (registered December 10, 2021)

[9.]    The registrars with which the domain names are registered is:

**vsco.page:**

| | |
|---|---|
| Name: | NameSilo, LLC |
| Telephone: | +1.4805240066 |
| Email: | abuse@namesilo.com |

**vsco.club:**

| | |
|---|---|
| Name: | NameCheap, Inc. |
| Telephone: | +1.9854014545 |
| Email: | abuse@namecheap.com; udrp@namecheap.com |

## IV.  Language of Proceedings
(Rules, Paragraph 11)

[10.]    To the best of the Complainant's knowledge, the language of the Registration Agreements is English, copies of which are provided as **Annex 3** and **Annex 4** to this Complaint.  The Complaint has been submitted in English, and pursuant to Paragraph 11(a) of the Rules, Complainant submits that this proceeding should be conducted in English.

## V.  Jurisdictional Basis for the Administrative Proceeding
(Rules, Paragraphs 3(a), 3(b)(xiv))

[11.]    This dispute is properly within the scope of the Policy and the Administrative Panel has jurisdiction to decide the dispute. The Registration Agreements, pursuant to which the domain names that are the subject of this Complaint are registered, incorporate the Policy. *See* **Annex 3** (Section 17) and **Annex 4** (Section 10).  A copy of the Domain Name Dispute Policy that applies to the domain name in question can be found at https://www.icann.org/resources/pages/policy-2012-02-25-en.  See **Annex 5**. The registrars are accredited registrars with ICANN bearing IDs 1479 (NameSilo) and 1068 (NameCheap), and are bound by the 2013 Registrar Accreditation Agreement (RAA), available at https://www.icann.org/resources/pages/approved-with-specs-2013-09-17-en#raa, which further incorporates the WIPO UDRP Policy. *See* **Annex 6**.

## VI.  Factual and Legal Grounds
(Policy, Paragraphs 4(a), (b), (c);  Rules, Paragraph 3)

[12.]   This Complaint is based on the following grounds:

### A.    Factual Background

Complainant Visual Supply Company ("VSCO" or "Complainant") is the creator of a premier photo and video editing app and website dedicated to providing premium quality editing tools and fostering a supportive community for creators to share inspiration and make meaningful connections.  VSCO was founded in 2011 with the intention of building a space for creators, by creators.  *See* **Annex 7** (screenshots of vsco.co).

VSCO offers download of its products through its website vsco.co and through the Google Play Store and Apple App Store. Since VSCO launched its first mobile app in 2012, it has amassed 150 million-plus Android and iPhone downloads. *See* **Annex 8** (screenshots of Google Play and Apple App stores).  VSCO is committed to ensuring its users have the best experience possible with their products and within their community.

Through the superior quality of its products, advertising, high customer satisfaction, and media coverage, VSCO has acquired significant goodwill and consumer recognition in both the photo and video editing space and social networking space. By consistently delivering high-quality products, VSCO has built a strong following of brand loyalists throughout the world and a supportive online community of creators, ranging from recreational to professional photographers. Accordingly, the public has come to associate products sold under and associated with VSCO's trademarks with VSCO's reputation for exceptional quality and strong community.

VSCO has used its family of distinctive VSCO-related trademarks (the "VSCO Marks") continuously and exclusively to identify goods and services as genuine VSCO products.

In addition to its common law rights to the VSCO Marks, Complainant has received federal trademark protection for several trademarks, including but not limited to the VSCO Marks, with a global portfolio of more than 100 VSCO and VSCO-inclusive trademark registrations and applications, covering a wide variety of goods and services including computer application software, software for capturing, editing, and sharing photos and videos, and hosting online communities. A representative sample of Complainant's relevant trademark registrations for the VSCO Marks are listed below and are provided in **Annex 9** to this Complaint:

| Mark | U.S. Reg. No. | First Use | Date Issued |
|------|---------------|-----------|-------------|
| VSCO | 4672062 | As early as August 8, 2011 | Issued January 13, 2015 |
| VSCO | 4273434 | As early as November 15, 2011 | Issued January 8, 2013 |
| VSCO | 4716756 | As early as June 3, 2013 | Issued April 7, 2015 |
| VSCO | 4262139 | As early as August 8, 2011 | Issued December 18, 2012 |

On July 19, 2019, Respondent registered vsco.page and on December 10, 2021 Respondent registered vsco.club (the "Disputed Domains"). On information and belief, Respondent was fully aware of Complainant's prior rights in the VSCO Marks at the time Respondent registered the Disputed Domains. This is shown by Respondent's use of the Disputed Domain vsco.page to host a website closely imitating the appearance of and duplicating images and profiles from Complainant's legitimate website, vsco.co. *See* **Annex 10** (screenshots of vsco.page, including example profile at page 5) and **Annex 7** (screenshots of vsco.co, including example profile at page 5).   Respondent described the vsco.page website as a "VSCO Downloader & Viewer, download/view HD versions of VSCO pictures and videos" and Respondent instructs users to "change https://vsco.co to https://vsco.page for quick access." **Annex 10** (page 2). Additionally, this is shown by Respondent's use of the Disputed Domain vsco.club to automatically redirect to "glizzy.club," another website closely imitating the appearance of and duplicating images and profiles from Complainant's legitimate website, vsco.co. *See* **Annex 11** (screenshots of vsco.club redirecting to glizzy.cafe) and **Annex 7** (screenshots of vsco.co). Respondent describes the glizzy.cafe website (which redirects from vsco.club) as a "VSCO Downloader and VSCO Viewer! Download HD full size VSCO media and profile photos and videos." *See* **Annex 11** (page 4).

On information and belief, Respondent was fully aware of Complainant's prior rights in the VSCO Marks at the time Respondent registered the Disputed Domains as shown by Respondent's disclaimers on its websites, expressly stating: "VSCO.PAGE is not affiliated with vsco.co. All trademarks and copyrights belong to their respective owners" (**Annex 10**, page 2) and "Glizzy.cafe is not affiliated with vsco.co in any way, shape, or form." **Annex 11** (page 3). Complainant is not affiliated with Respondent, nor has it authorized Respondent to use the VSCO Marks.

Respondent was also put on notice of Complainant's rights, and Respondent's infringement thereof, via Complainant's multiple reports to the relevant Registrars and Web Hosts of the Disputed Domains, and a cease and desist letter sent to the Respondent on July

28, 2023. The most recent report to the registrars occurred on July 25, 2023. Copies of Complainant's emails to the Registrars and Web Hosts are attached as **Annex 12** and a copy of the cease and desist letter to Respondent is attached as **Annex 13**. On May 17, 2023, Complainant initially reported the disputed domain name vsco.page to the registrar NameCheap, which was the registrar of record at that time, per the prior WhoIS record. See **Annex 12** (page 10, pages 22-23). On information and belief, Respondent received Complainant's notice as shown by comments the Respondent posted in its Patreon account "VSCO.CLUB" available at www.patreon.com/vscoclub, namely statements that there was "bad news" on May 18, 2023, a "vsco lawyer saga" on June 3, 2023, and a "new website" was created on June 20, 2023. See **Annex 14**.

After Complainant's initial reports of infringement, it also appears the Respondent changed registrar service providers to the current provider, NameSilo. See **Annex 1**  and **Annex 12** (page 22-23). VSCO has yet to receive a response to the cease and desist letter. However, on August 2, 2023, shortly after the cease and desist letter was emailed to Respondent, vsco.club which redirects, to glizzy.cafe displayed a message from "Mike Hunt" stating "the closure of Glizzy Café" and the photographic content was removed. See **Annex 11** (page 2).  The Disputed Domain vsco.page remains active.

**B.**    **The disputed domain names are identical and confusingly similar to Complainant's VSCO trademark**
(Policy, Paragraph 4(a)(i); Rules, Paragraphs 3 (b)(ix)(1))

Complainant owns the domain name vsco.co (registered July 21, 2011), which Complainant uses in connection with its business and which was registered approximately eight and ten years prior to July 19, 2019 (vsco.page) and December 10, 2021 (vsco.club), the dates Respondent registered the Disputed Domains. Copies of the WHOIS records for Respondent's domain names are provided as **Annex 1** and **Annex 2**. A copy of the WHOIS record for Complainant's domain is provided as **Annex 15**.

The Disputed Domains are confusingly similar to Complainant's famous VSCO mark. Confusing similarity is determined based on a comparison of the domain name and the textual portions of the relevant trademarks. WIPO Overview § 1.7. "[I]n cases where a domain name incorporates the entirety of a trademark, … the domain name will normally be considered confusingly similar to that mark for purposes of UDRP standing." WIPO Overview, § 1.7. Here, the vsco.page and vsco.club domain names are identical to the VSCO mark and Complainant's vsco.co domain name.  The mere addition of a differing TLD does not differentiate the vsco.page and vsco.club domain names from the VSCO mark.  *See Mozilla Foundation and Mozilla Corporation v. Kiran Kumar*, WIPO Case No. D2016-0952 (July 13, 2016) (finding firefox.lol and mozilla.lol to be identical and confusingly similar to

complainant's FIREFOX and MOZILLA marks); *Calvin Klein Trademark Trust, Calvin Klein Inc. v. Vladimir Shadrin*, WIPO Case No. D2018-0722 (May 29, 2018) (finding calvinklein.pro to be identical and confusingly similar to calvinklein.com).

Respondent's use of the Disputed Domains to either imitate Complainant's legitimate website or redirect to another domain imitating the Complainant's legitimate website, including duplicating photos and profiles, further affirms the confusing similarity of the Disputed Domains and the VSCO Marks. *See* WIPO Overview, §§ 1.7 ("[W]here a panel would benefit from affirmation as to confusing similarity with the complainant's mark, the broader case context such as website content trading off the complainant's reputation . . . may support a finding of confusing similarity."), 1.15 (noting that panels may take note of "the content of the website associated with a domain name to confirm confusing similarity whereby it appears prima facie that the respondent seeks to target a trademark through the disputed domain name."). Respondent's websites copy the look and feel of Complainant's website (specifically user images and profiles) and use Complainant's VSCO Marks. *Compare, e.g.* **Annex 10** page 5 with **Annex 7** page 5.

Considering that the Disputed Domains fully encompass the VSCO Mark creating identical sight, sound, and commercial impression and that a differing TLD is not enough to distinguish Respondent's domains from the VSCO Marks, the Disputed Domains are confusingly similar to Complainant's VSCO Marks.

## C.    <u>Respondent has no rights or legitimate interests in respect of the domain names</u>
(Policy, Paragraph 4(a)(ii); Rules, Paragraph 3(b)(ix)(2))

Respondent has no basis to claim rights to legitimate interests in the Disputed Domains and cannot produce evidence showing any rights or legitimate interests in the Disputed Domains. A complainant may establish this element by making out a prima facie case against respondent, thereby shifting the burden to respondent to demonstrate its rights or legitimate interests in the domain name. *See Anastasia International Inc. v. Domains by Proxy Inc./rumen kadiev*, D2009-1416 (WIPO Jan. 18, 2010). "Where a complainant makes out a prima facie case that the respondent lacks rights or legitimate interests, the burden of production on this element shifts to the respondent to come forward with relevant evidence demonstrating rights or legitimate interests in the domain name." WIPO Overview, § 2.1.

Respondent has no rights or legitimate interests in respect of the Disputed Domain names. Here, there is no evidence that Respondent is commonly known by the Disputed Domains. *See* WIPO Overview, § 2.3 ("The respondent must however be 'commonly known' (as opposed to merely incidentally being known) by the relevant moniker (e.g., a personal name, nickname, corporate identifier), apart from the domain name."). Given that Respondent

has solely used the Disputed Domains to host or redirect to websites featuring content from the legitimate vsco.co website, and that there is no indication that Respondent is commonly known as "VSCO," the Respondent has no legitimate right to the Disputed Domains on that basis.

Moreover, there is no relationship between Complainant and Respondent, and Complainant has not licensed the VSCO Marks to Respondent or authorized Respondent to register the Disputed Domains. In fact, Respondent created a website at vsco.page, imitating portions of Complainant's legitimate website www.vsco.co and uses a second domain, vsco.club, to redirect to an additional website (glizzy.club) that again imitates Complaint's website. Specifically, Respondent's websites reproduce and display users' images and profiles (without the user's authorization or VSCO's authorization) taken directly from VSCO's authorized website. Respondent instructs users to "change https://vsco.co to https://vsco.page for quick access" (**Annex 10**, page 2) and "change https://vsco.co to https://glizzy.cafe for quick downloads." **Annex 11** (page 4). Screenshots of a sample profile from the authentic website and the Respondent's reproduction are provided as **Annex 7** page 5 (vsco.co/whosdooley) and **Annex 10** page 5 (vsco.page/whosdooley). On information and belief, before the letter from "Mike Hunt" was posted on the Disputed Domain vsco.club, entering vsco.club/whosdooley would have redirected to glizzy.cafe/whosdooley, and displayed the same images as vsco.co/whosdooley. Moreover, Respondent's websites purport to facilitate the download of VSCO users' images, bypassing technological protections that VSCO has put in place on its own authorized website to prevent the ability to download user images. Respondent's use of the Disputed Domains to impersonate Complainant does not confer any legitimate rights in the Disputed Domain names. WIPO Overview, § 2.13.1 (use of a domain name to impersonate the mark owner "can never confer rights or legitimate interests on a respondent").

Nor is Respondent using the Disputed Domain names for the bona fide offering of goods and services or legitimate noncommercial or fair use.  In fact, Respondent has used the Disputed Domain names to derive a commercial benefit and unduly profit from Complainant's reputation and goodwill. Specifically, Respondent sought donations to support operation of the vsco.club site (see **Annex 11** pages 3 and 4) and operated a Patreon account "VSCO.CLUB" available at www.patreon.com/vscoclub" to collect funds to operate the site. **Annex 14**. Complaint reported Respondents infringing activity to Patreon on July 25, 2023 and the account was removed on July 28, 2023.  **Annex 14**.

Panels have found that where a respondent uses a disputed domain name in a manner to attempt to unduly profit from a complainant's reputation and good will, does not constitute a bona fide offering of goods and services, or a legitimate noncommercial fair use of such

disputed domain name. *See Minerva S.A. v. Whoisguard Protected, Whoisguard, Inc., / GREYHAT SERVICES*, WIPO Case No. D2016-0385 (May 5, 2016); citing from *Groupe Lactalis v. John Kleedofer / Privacy Protection Service INC d/b/a Privacy Protect.org*, WIPO Case No. D2014-0133 (Mar. 17, 2014). Moreover, it is widely accepted that knowingly infringing use of a trademark to offer goods and services is not a bona fide use under the Policy. *Van Gogh Museum Enterprises BV and Stichting Van Gogh Museum v. M. Ohannessian*, WIPO Case No. D2001-0879 (Oct. 31, 2001).

Based on the above, Complainant has made a prima facie case that Respondent lacks rights or legitimate interests in the disputed domain names. Therefore, the burden of production on this element "shifts to the respondent to come forward with relevant evidence demonstrating rights or legitimate interests in the domain name. If the respondent fails to come forward with such relevant evidence, the complainant is deemed to have satisfied the second element." WIPO Overview, § 2.1. Because there is no relationship between Complainant and Respondent, and Complainant has not licensed the VSCO Marks to Respondent or authorized Respondent to register the Disputed Domain names, and given that Respondent has solely used the Disputed Domains to host or redirect to infringing websites, Respondent will be unable to demonstrate any rights or legitimate interests to the Disputed Domain names on this basis.

**D.    The disputed domain names were registered and are being used in bad faith.**
(Policy, paragraphs 4(a)(iii), 4(b); Rules, paragraph 3(b)(ix)(3))

"[B]ad faith under the UDRP is broadly understood to occur where a respondent takes unfair advantage of or otherwise abuses a complainant's mark." WIPO Overview, § 3.1. The Disputed Domain names were registered on July 19, 2019 and December 10, 2021, eight to ten years after VSCO first used its VSCO Marks or the earliest registrations for the VSCO Marks issued, and long after the VSCO Marks became well-known. The much later date of the registration of the Disputed Domains demonstrates that the application of these domain names by the Respondent was intended to take advantage of the Complainant's trademark. *See* **Annex 1**, **Annex 2**, and **Annex 15** (WHOIS reports for vsco.page, vsco.club, and vsco.co). Based on Respondent's actions, Respondent had actual knowledge of Complainant and Complainant's rights in the VSCO Marks prior to registering the Disputed Domains.

Respondent is using and has used the Disputed Domains in an effort to lure potential and current VSCO users to Respondent's website, confusing customers, and diverting traffic from the authentic vsco.co website. "UDRP panels have categorically held that registration and use of a domain name for illegal activity - including impersonation, passing off, and other types of fraud - is manifestly considered evidence of bad faith." *No Limit, LLC,*

*Newman's Own, Inc. v. Game Boy* WIPO Case No. D2020-3298 (Jan. 25, 2021) referencing WIPO Overview 3.0, section 3.4. *See also GEA Group Aktiengesellschaft v. J.D.*, WIPO Case No. D2014-0357 (May 8, 2014) ("concluding that Respondent's use of the disputed domain name to disrupt the Complainant's business by using it to impersonate the Complainant for commercial gain was evidence of respondent's bad faith registration and use of the disputed domain"). Where a domain name is "so obviously connected with such a well-known name and products, its very use by someone with no connection with the products suggests opportunistic bad faith." *Veuve Clicquot Ponsardin, Maison Fondée en 1772 v The Polygenix Group* CoParfums, WIPO Case No. D2000-0163 (May 1, 2000) *See also PrivacyGuardian.org / seasaw commerce, seasawcommerce,* WIPO Case No. D2017-1603 (October 23, 2017) (finding bad faith where Respondent copied the "look and feel" of Complainant's official website and the disputed domain name was used by Respondent in a way that could potentially mislead customers into believing they are transacting on Complainant's official website. This was evidenced by Respondent's use of Complainant's trademarks and logo on the website at the disputed domain name).

As discussed above, Respondent is using the Disputed Domains for illegitimate purposes. Respondent uses the Disputed Domains to host or redirect to imitation websites, featuring the Complainant's trademark and identical images and user profiles to Complainant's vsco.co website. *See* WIPO Overview, § 3.4 (In some bad faith cases, "the respondent may host a copycat version of the complainant's website.")

While Respondent's websites feature identical images and user profiles taken directly from the legitimate vsco.co website, the Disputed Domains also both display pages (at https://vsco.page and https://vsco.club (with redirects to glizzy.cafe) that specifically curates highly sexualized images of young women and prominently displays Complainant's VSCO Marks. See **Annex 10** (pages 2 and 3) and **Annex 11** (pages 5 and 6). By taking unfair advantage of, abusing, and otherwise engaging in behavior detrimental to Complainant's VSCO mark, Respondent is using the Disputed Domain names in bad faith. *See Madonna Ciccone, p/k/a Madonna v Dan Parisi and 'Madonna.com'* WIPO Case No. D2000-0847 (October 12, 2000) ("Even though Complainant has produced sexually explicit content of her own, Respondent's actions may nevertheless tarnish her reputation because they resulted in association with sexually explicit content which Complainant did not control and which may be contrary to her creative intent and standards of quality"). S*ee also PRIMEDIA Special Interest Publications Inc. v. Anti-Globalization Domains*, WIPO Case No. D2003-0869 (December 31, 2003) (finding that the "misdirection of Internet users seeking Complainant's website to a highly charged political website involves Complainant in a political debate in which it has no part" and tarnishes Complainant's mark, constituting bad faith); *AREVA*

*Société Anonyme à Directoire et Conseil de Surveillance v. wangyongqiang*, WIPO Case No. D2016-1100 (August 10, 2016) ("It is the consensus opinion of prior UDRP panels that the intentional tarnishment of a complainant's trademark by conduct such as linking pornographic images or wholly inappropriate information to an unrelated trademark constitutes evidence of bad faith registration and use of the domain name.").

Finally, the fact that the Respondent's website features a disclaimer at the bottom of the page stating "vsco.page is not affiliated with vsco.co" (**Annex 10,** pages 2 and 3) and "glizzy.cafe is not affiliated with vsoc.co in any way, shape, or form" (**Annex 11**, page 2) is not sufficient to dispel bad faith as disclaimers "may be ignored or misunderstood by Internet users," and they "do nothing to dispel [inevitable] initial interest confusion." *Madonna Ciccone, p/k/a Madonna v Dan Parisi and 'Madonna.com'* WIPO Case No. D2000-0847 (October 12, 2000).

Respondent intentionally uses the Disputed Domains in such a way to divert and confuse users, to tarnish VSCO's reputation, and for Respondent's own commercial gain. Such actions preclude any arguments that Respondent has made a legitimate and non-commercial or fair use of the Disputed Domain without the intent to mislead consumers. Respondent's actions constitute bad faith. WIPO Overview, § 3.1.4 (Panels have consistently found that the mere registration of a domain name that is identical or confusingly similar . . . to a . . . widely-known trademark by an unaffiliated entity can by itself create a presumption of bad faith.").


## VII.  Remedies Requested
(Rules, Paragraph 3(b)(x))

[13.]    In accordance with Paragraph 4(i) of the Policy, for the reasons described in Section VI above, the Complainant requests the Administrative Panel appointed in this administrative proceeding that the disputed domain name be transferred to Complainant.


## VIII.  Administrative Panel
(Rules, Paragraph 3(b)(iv);  Supplemental Rules, Paragraph 8(a))

[14.]    The Complainant elects to have the dispute decided by a single-member Administrative Panel.

## IX.  Mutual Jurisdiction
(Rules, Paragraph 3(b)(xii))

[15.]  In accordance with Paragraph 3(b)(xii) of the Rules, the Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain names that are the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar.

## X.  Other Legal Proceedings
(Rules, Paragraph 3(b)(xi))

[16.]  No other legal proceedings have been commenced or terminated in connection with or relating to the domain name that is the subject of the Complaint.

## XI.  Communications
(Rules Paragraph 3(b), Supplemental Rules, Paragraphs 3, 4, 12)

[17.]  This Complaint has been submitted to the Center in electronic form, including annexes, in the appropriate format.

[18.]  A copy of this Complaint has been transmitted to the concerned registrar(s) on August 28, 2023 in electronic form in accordance with paragraph 4(c) of the Supplemental Rules.

## XII.  Payment
(Rules, Paragraph 19;  Supplemental Rules Paragraph 10, Annex D)

[19.]  As required by the Rules and Supplemental Rules, payment in the amount of USD 1,500 has been made by WIPO account.

## XIII.  Certification
(Rules, Paragraph 3(b)(xiii);  Supplemental Rules, Paragraph 15)

[20.]  The Complainant agrees that its claims and remedies concerning the registration of the domain names, the dispute, or the dispute's resolution shall be solely against the domain name holder and waives all such claims and remedies against (a) the WIPO Arbitration and Mediation Center and Panelists, except in the case of deliberate

wrongdoing, (b) the concerned registrar(s), (c) the registry administrator, (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

[21.] The Complainant certifies that the information contained in this Complaint is to the best of the Complainant's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under the Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully submitted,

Erica Brand Portnoy
Sideman & Bancroft LLP

Attorneys for Complainant

Date: August 28, 2023

**List of Annexes**
(Rules, Paragraph 3(b)(xiv);  Supplemental Rules, Paragraphs 4(a), 12(a), Annex E)

[22.] The Rules provide that a Complaint or Response, including any annexes, shall be submitted electronically. Under the Supplemental Rules, there is a file size limit of 10MB (ten megabytes) for any one attachment, with an overall limit for all submitted materials of no more than 50MB (fifty megabytes).

[23] In particular, paragraph 12 and Annex E of the Supplemental Rules provides that, other than by prior arrangement with the Center, the size of any individual file (such as a document in Word, PDF or Excel format) transmitted to the Center in connection with any UDRP proceeding shall itself be no larger than 10MB. When larger amounts of data need to be transmitted, larger files can be "split" into a number of separate files or documents each no larger than 10MB. The total size of a Complaint or response (including any annexes) filed in relation to a UDRP dispute shall not exceed 50MB, other than in exceptional circumstances (including in the case of pleadings concerning a large number of disputed domain names) where previously arranged with the Center.

Annex 1: Printouts of the registrar's database search conducted on August 8, 2023 for vsco.page

Annex 2: Printouts of the registrar's database search conducted on August 8, 2023 for vsco.club

Annex 3: NameSilo, LLC Registration Agreement

Annex 4: NameCheap Registration Agreement

Annex 5: Domain Name Dispute Policy

Annex 6: Registrar Accreditation Agreement (RAA)

Annex 7: Screenshots of Complainant's official website at vsco.co

Annex 8: Screenshots of Google Play and Apple App stores

Annex 9: A representative sample of Complainant's trademark registrations for the VSCO marks in the United States

Annex 10: Screenshots of pages located at Respondent's disputed domain name vsco.page

Annex 11: Screenshots of pages located at Respondent's disputed domain name vsco.club, which redirects to glizzy.cafe

Annex 12: Copies of Complainant's emails and reports of infringement to the Registrars and Web Hosts; and printout of the WhoIs.com database search conducted on May 17, 2023 for vsco.page

Annex 13: Copy of Complainant's cease and desist letter to Respondent on July 28, 2023

Annex 14: Screenshots of pages from Respondent's Patreon account "VSCO.CLUB" available at www.patreon.com/vscoclub on June 29, 2023 and August 23, 2023

Annex 15: Printout of the registrar's database search for www.vsco.co conducted on August 17, 2023

# EXHIBIT B

# COMPLAINT TRANSMITTAL COVERSHEET

Attached is a Complaint that has been filed against you with the World Intellectual Property Organization (**WIPO**) Arbitration and Mediation Center (the **Center**) pursuant to the Uniform Domain Name Dispute Resolution Policy (the **Policy**) approved by the Internet Corporation for Assigned Names and Numbers (**ICANN**) on October 24, 1999, the Rules for Uniform Domain Name Dispute Resolution Policy (the **Rules**) approved by ICANN on September 28, 2013, and in effect as of July 31, 2015, and the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy (the **Supplemental Rules**) in effect as of July 31, 2015.

The Policy is incorporated by reference into your Registration Agreement with the Registrar(s) of your domain name(s), in accordance with which you are required to submit to a mandatory administrative proceeding in the event that a third party (a **Complainant**) submits a complaint to a dispute resolution service provider, such as the Center, concerning a domain name that you have registered. You will find the name and contact details of the Complainant, as well as the domain name(s) that is/are the subject of the Complaint in the document that accompanies this Coversheet.

Once the Center has checked the Complaint to determine that it satisfies the formal requirements of the Policy, the Rules and the Supplemental Rules, it will forward an official copy of the Complaint, including annexes, to you by email as well as sending you hardcopy Written Notice by post and/or facsimile, as the case may be. You will then have 20 calendar days from the date of Commencement within which to submit a Response to the Complaint in accordance with the Rules and Supplemental Rules to the Center and the Complainant. You may represent yourself or seek the assistance of legal counsel to represent you in the administrative proceeding.

The **Policy** can be found at
https://www.icann.org/resources/pages/policy-2012-02-25-en

The **Rules** can be found at
https://www.icann.org/resources/pages/udrp-rules-2015-03-11-en

The **Supplemental Rules**, as well as other information concerning the resolution of domain name disputes can be found at
http://www.wipo.int/amc/en/domains/supplemental/eudrp/newrules.html

A **model Response** can be found at
http://www.wipo.int/amc/en/domains/respondent/index.html

Alternatively, you may contact the Center to obtain any of the above documents. The Center can be contacted in Geneva, Switzerland by telephone at +41 22 338 8247, by fax at +41 22 740 3700 or by email at domain.disputes@wipo.int.

You are kindly requested to contact the Center to provide an alternate email address to which you would like (a) the Complaint, including Annexes and (b) other communications in the administrative proceeding to be sent.

A copy of this Complaint has also been sent to the Registrar(s) with which the domain name(s) that is/are the subject of the Complaint is/are registered.

By submitting this Complaint to the Center, the Complainant hereby agrees to abide and be bound by the provisions of the Policy, Rules and Supplemental Rules.

11673-1\7116042

*Before the:*

## WORLD INTELLECTUAL PROPERTY ORGANIZATION
## ARBITRATION AND MEDIATION CENTER


Visual Supply Company ("VSCO")
548 Market Street, Suite 92958
San Francisco, CA 94104


(**Complainant**)


-v-

**Disputed Domain Names:**


VSCO.page
Nice IT Services Group Inc.
Customer Domain Admin
Tavernier St., Wall House
Loubiere, Dominica 00152
DM

*VSCO.page*
*VSCO.club*

VSCO.club
Aiden Salamon
123 Salmander Lane
Toronto ON n7g 6h6


(**Respondent**)
_____


## AMENDED COMPLAINT
(Rules, Paragraph 3(b); Supplemental Rules, Paragraphs 4(a), 12(a), Annex E)


### I. Introduction

[1.]    This Amended Complaint is hereby submitted for decision in accordance with the
Uniform Domain Name Dispute Resolution Policy (the **Policy**), approved by the
Internet Corporation for Assigned Names and Numbers (**ICANN**) on October 24,
1999, the Rules for Uniform Domain Name Dispute Resolution Policy (the **Rules**),
approved by ICANN on September 28, 2013, and in effect as of July 31, 2015, and
the WIPO Supplemental Rules for Uniform Domain Name Dispute Resolution Policy
(the **Supplemental Rules**) in effect as of July 31, 2015.

## II.  The Parties

### A.  The Complainant
(Rules, Paragraphs 3(b)(ii) and (iii))

[2.]    The Complainant in this administrative proceeding is Visual Supply Company ("VSCO"), a United States corporation.

[3.]    The Complainant's contact details are:

|  |  |
|---|---|
| Address: | Visual Supply Company ("VSCO") |
|  | 548 Market St, Suite 92958 |
|  | San Francisco, California 94104-5401 |
| Email: | legal@vsco.co |

[4.]    The Complainant's authorized representative in this administrative proceeding is:

|  |  |
|---|---|
| Name: | Erica Brand Portnoy |
| Address: | Sideman & Bancroft LLP |
|  | One Embarcadero Center, 22nd Floor |
|  | San Francisco, CA 94111 |
|  | United States |
| Telephone: | (415) 392-1960 |
| Fax: | (415) 392-0827 |
| Email: | eportnoy@sideman.com |

[5.]    The Complainant's preferred method of communications directed to the Complainant in this administrative proceeding is:

Electronic-only material

|  |  |
|---|---|
| Method: | email |
| Address: | eportnoy@sideman.com |
| Contact: | Erica Brand Portnoy |

Material including hardcopy (where applicable)

| | |
|---|---|
| Method: | mail |
| Address: | Sideman & Bancroft LLP<br>One Embarcadero Center, 22nd Floor<br>San Francisco, CA 94111<br>United States |
| Fax: | (415) 392-0827 |
| Contact: | Erica Brand Portnoy |

### B. **The Respondent**
(Rules, Paragraph 3(b)(v))

[6.]    At the time Complainant filed the original Complaint, the Respondent in this administrative proceeding was unknown. According to the concerned registrars Whois databases - NameSilo, LLC (for vsco.page) and NameCheap, Inc. (for vsco.club), the Respondent in this administrative proceeding has not been provided. A copy of the printouts of the database searches conducted on August 8, 2023 are provided as **Amended Annex 1** and **Amended Annex 2**. On May 17, 2023, when Complainant initially reported the disputed domain name vsco.page to the site's registrar for infringement, the registrar of record for vsco.page was NameCheap, Inc, and the Respondent used a privacy service to hide his identity. A copy of the printout of the WhoIs.com database search conducted on May 17, 2023 for vsco.page is provided as **Amended Annex 1** (page 3).

The Whois reports do not include Respondent's contact information other than email addresses for contacting the Registrant through the WhoIs Privacy provider, which are listed as: pw-263a182004b9d8c71bf0e557671d53db@privacyguardian.org (vsco.page) and 46e2b1b8b71e43eeb9dafbbf97954d75.protect@withheldforprivacy.com (vsco.club), respectively. *See* **Amended Annex 1** and **Amended Annex 2**. Complainant is informed and believes that the Respondent's name is Mike Hunt, as this name is identified as the "Founder" on glizzy.cafe (which redirects from vsco.club) and that Complainant's email address is vscoclub@protonmail.com and contact@vsco.page. *See* **Annex 11** (page 2) and **Annex 10** (page 4).

However, on September 1, 2023, the Registrars identified the Respondent for vsco.club as an individual, Aiden Salamon, of 123 Salmander Lane, Toronto ON n7g

6h6; phone +15134528353, email address: vscoclub@protonmail.com and the Respondent for vsco.page as a company, Nice IT Services Group Inc., Customer Domain Admin, Tavernier St., Wall House, Loubiere, Dominica 00152, DM; email address: domains+vsco.page@dendrite.network, phone: 1234567890. A copy of WIPO's September 1, 2023 email identifying the registrants is provided in **Amended Annex 1** (pages 5-6).

Complainant is informed and believes that vsco.page and vsco.club (the "Disputed Domains") are under common control and were registered by the same Respondent. Common facts apply to the Disputed Domains, and it would therefore be fair and equitable to all parties to consolidate these proceedings as to the disputed domain names. *See* WIPO Overview of WIPO Panel Views on Selected UDRP Questions, Third Edition ("WIPO Overview"), § 4.11.2. First, the Disputed Domains were initially registered through the same Registrar, NameCheap, Inc. *See* **Amended Annex 1** (page 3) and **Amended Annex 2** (page 2). Additionally, vsco.club redirects to the website glizzy.cafe, which is also registered with NameCheap, Inc. **Amended Annex 2** (page 3).

As described in greater detail in Section VI, the Disputed Domains resolve to websites that were visually the same and were substantially identical in layout, each of which impersonated the Complainant's website. *Compare* **Annex 7** with **Annex 10** and **Annex 11.** Respondent uses nearly identical text on the Disputed Domains. For example, Respondent instructs users to "*change https://vsco.co to https://vsco.page for quick access*" (**Annex 10**, page 2) and "*change https://vsco.co to https://glizzy.cafe for quick downloads.*" **Annex 11** (page 4). Respondent describes the websites in text that states vsco.page is a "*VSCO Downloader & Viewer, download/view HD versions of VSCO pictures and videos*" **Annex 10** (page 2) and vsco.club is a "*VSCO Downloader and VSCO Viewer! Download HD full size VSCO media and profile photos and videos.*" *See* **Annex 11** (page 4).

Finally, when Complainant first reported vsco.page to the registrar NameCheap for trademark infringement on May 17, 2023, (*see* **Annex 12** (page 10)), Respondent posted comments regarding VSCO's reports of infringement in its Patreon account "VSCO.CLUB" available at www.patreon.com/vscoclub, namely statements that there was "bad news" on May 18, 2023, a "vsco lawyer saga" on June 3, 2023, and a

"new website" was created on June 20, 2023. *See* **Annex 14**. Respondent promoted the "VSCO.CLUB" Patreon account on the vsco.club website. **Annex 11** (page 3).

Based on the above, the Disputed Domains appear to be under common control.

[7.]    All information known to the Complainant regarding how to contact the Respondent was identified through the WhoIs information (**Amended Annex 1** and **Amended Annex 2**), as well as through the contact information posted on vsco.page identifying contact@vsco.page (**Annex 10**, page 4, including screenshot of https://vsco.page/disclaimer wherein contact information is displayed) and through an email address (vscoclub@protonmail.com that was provided through the contact process described on glizzy.cafe, which redirects from vsco.club, namely to email the domain registrant through the website https://mailhide.io/en/e/6tllJfuc). *See* **Annex 11** (page 3).

### III.  The Domain Names and Registrar
(Rules, Paragraphs 3(b)(vi), (vii))

[8.]    This dispute concerns the domain name identified below:

> VSCO.page (registered July 19, 2019)
> VSCO.club (registered December 10, 2021)

[9.]    The registrars with which the domain names are registered is:

**vsco.page:**

| | |
|---|---|
| Name: | NameSilo, LLC |
| Telephone: | +1.4805240066 |
| Email: | abuse@namesilo.com |

**vsco.club:**

| | |
|---|---|
| Name: | NameCheap, Inc. |
| Telephone: | +1.9854014545 |
| Email: | abuse@namecheap.com; udrp@namecheap.com |

### IV.  Language of Proceedings
(Rules, Paragraph 11)

[10.]    To the best of the Complainant's knowledge, the language of the Registration
Agreements is English, copies of which are provided as **Annex 3** and **Annex 4** to this
Amended Complaint.  The Amended Complaint has been submitted in English, and
pursuant to Paragraph 11(a) of the Rules, Complainant submits that this proceeding
should be conducted in English.

## V.  Jurisdictional Basis for the Administrative Proceeding
(Rules, Paragraphs 3(a), 3(b)(xiv))

[11.]    This dispute is properly within the scope of the Policy and the Administrative Panel
has jurisdiction to decide the dispute. The Registration Agreements, pursuant to which
the domain names that are the subject of this Amended Complaint are registered,
incorporate the Policy. *See* **Annex 3** (Section 17) and **Annex 4** (Section 10).  A copy
of the Domain Name Dispute Policy that applies to the domain name in question can
be found at https://www.icann.org/resources/pages/policy-2012-02-25-en. See **Annex
5**. The registrars are accredited registrars with ICANN bearing IDs 1479 (NameSilo)
and 1068 (NameCheap), and are bound by the 2013 Registrar Accreditation
Agreement (RAA), available at https://www.icann.org/resources/pages/approved-
with-specs-2013-09-17-en#raa, which further incorporates the WIPO UDRP Policy.
*See* **Annex 6**.

## VI.  Factual and Legal Grounds
(Policy, Paragraphs 4(a), (b), (c);  Rules, Paragraph 3)

[12.]    This Amended Complaint is based on the following grounds:

## A.    Factual Background

Complainant Visual Supply Company ("VSCO" or "Complainant") is the creator of a
premier photo and video editing app and website dedicated to providing premium quality
editing tools and fostering a supportive community for creators to share inspiration and make
meaningful connections.  VSCO was founded in 2011 with the intention of building a space
for creators, by creators.  *See* **Annex 7** (screenshots of vsco.co).

VSCO offers download of its products through its website vsco.co and through the
Google Play Store and Apple App Store. Since VSCO launched its first mobile app in 2012,
it has amassed 150 million-plus Android and iPhone downloads. *See* **Annex 8** (screenshots of

Google Play and Apple App stores). VSCO is committed to ensuring its users have the best experience possible with their products and within their community.

Through the superior quality of its products, advertising, high customer satisfaction, and media coverage, VSCO has acquired significant goodwill and consumer recognition in both the photo and video editing space and social networking space. By consistently delivering high-quality products, VSCO has built a strong following of brand loyalists throughout the world and a supportive online community of creators, ranging from recreational to professional photographers. Accordingly, the public has come to associate products sold under and associated with VSCO's trademarks with VSCO's reputation for exceptional quality and strong community.

VSCO has used its family of distinctive VSCO-related trademarks (the "VSCO Marks") continuously and exclusively to identify goods and services as genuine VSCO products.

In addition to its common law rights to the VSCO Marks, Complainant has received federal trademark protection for several trademarks, including but not limited to the VSCO Marks, with a global portfolio of more than 100 VSCO and VSCO-inclusive trademark registrations and applications, covering a wide variety of goods and services including computer application software, software for capturing, editing, and sharing photos and videos, and hosting online communities. A representative sample of Complainant's relevant trademark registrations for the VSCO Marks are listed below and are provided in **Annex 9** to this Amended Complaint:

| Mark | U.S. Reg. No. | First Use | Date Issued |
|------|---------------|-----------|-------------|
| VSCO | 4672062 | As early as August 8, 2011 | Issued January 13, 2015 |
| VSCO | 4273434 | As early as November 15, 2011 | Issued January 8, 2013 |
| VSCO | 4716756 | As early as June 3, 2013 | Issued April 7, 2015 |
| VSCO | 4262139 | As early as August 8, 2011 | Issued December 18, 2012 |

On July 19, 2019, Respondent registered vsco.page and on December 10, 2021 Respondent registered vsco.club (the "Disputed Domains"). On information and belief, Respondent was fully aware of Complainant's prior rights in the VSCO Marks at the time Respondent registered the Disputed Domains. This is shown by Respondent's use of the Disputed Domain vsco.page to host a website closely imitating the appearance of and duplicating images and profiles from Complainant's legitimate website, vsco.co. *See* **Annex**

**10** (screenshots of vsco.page, including example profile at page 5) and **Annex 7** (screenshots of vsco.co, including example profile at page 5). Respondent described the vsco.page website as a "VSCO Downloader & Viewer, download/view HD versions of VSCO pictures and videos" and Respondent instructs users to "change https://vsco.co to https://vsco.page for quick access." **Annex 10** (page 2). Additionally, this is shown by Respondent's use of the Disputed Domain vsco.club to automatically redirect to "glizzy.cafe," another website closely imitating the appearance of and duplicating images and profiles from Complainant's legitimate website, vsco.co. *See* **Annex 11** (screenshots of vsco.club redirecting to glizzy.cafe) and **Annex 7** (screenshots of vsco.co). Respondent describes the glizzy.cafe website (which redirects from vsco.club) as a "VSCO Downloader and VSCO Viewer! Download HD full size VSCO media and profile photos and videos." *See* **Annex 11** (page 4).

On information and belief, Respondent was fully aware of Complainant's prior rights in the VSCO Marks at the time Respondent registered the Disputed Domains as shown by Respondent's disclaimers on its websites, expressly stating: "VSCO.PAGE is not affiliated with vsco.co. All trademarks and copyrights belong to their respective owners" (**Annex 10**, page 2) and "Glizzy.cafe is not affiliated with vsco.co in any way, shape, or form." **Annex 11** (page 3). Complainant is not affiliated with Respondent, nor has it authorized Respondent to use the VSCO Marks.

Respondent was also put on notice of Complainant's rights, and Respondent's infringement thereof, via Complainant's multiple reports to the relevant Registrars and Web Hosts of the Disputed Domains, and a cease and desist letter sent to the Respondent on July 28, 2023. The most recent report to the registrars occurred on July 25, 2023. Copies of Complainant's emails to the Registrars and Web Hosts are attached as **Annex 12** and a copy of the cease and desist letter to Respondent is attached as **Annex 13**.

After Complainant's initial reports of infringement to NameCheap, it also appears the Respondent changed registrar service providers to the current provider, NameSilo. See **Amended Annex 1**. VSCO has yet to receive a response to the cease and desist letter. However, on August 2, 2023, shortly after the cease and desist letter was emailed to Respondent, vsco.club which redirects, to glizzy.cafe displayed a message from "Mike Hunt" stating "the closure of Glizzy Café" and the photographic content was removed. *See* **Annex 11** (page 2). The Disputed Domain vsco.page remains active.

### B.    The disputed domain names are identical and confusingly similar to Complainant's VSCO trademark
(Policy, Paragraph 4(a)(i); Rules, Paragraphs 3 (b)(ix)(1))

Complainant owns the domain name vsco.co (registered July 21, 2011), which Complainant uses in connection with its business and which was registered approximately

eight and ten years prior to July 19, 2019 (vsco.page) and December 10, 2021 (vsco.club), the dates Respondent registered the Disputed Domains. Copies of the WHOIS records for Respondent's domain names are provided as **Amended Annex 1** and **Amended Annex 2**. A copy of the WHOIS record for Complainant's domain is provided as **Annex 15**.

The Disputed Domains are confusingly similar to Complainant's famous VSCO mark. Confusing similarity is determined based on a comparison of the domain name and the textual portions of the relevant trademarks. WIPO Overview § 1.7. "[I]n cases where a domain name incorporates the entirety of a trademark, … the domain name will normally be considered confusingly similar to that mark for purposes of UDRP standing." WIPO Overview, § 1.7. Here, the vsco.page and vsco.club domain names are identical to the VSCO mark and Complainant's vsco.co domain name. The mere addition of a differing TLD does not differentiate the vsco.page and vsco.club domain names from the VSCO mark. *See Mozilla Foundation and Mozilla Corporation v. Kiran Kumar*, WIPO Case No. D2016-0952 (July 13, 2016) (finding firefox.lol and mozilla.lol to be identical and confusingly similar to complainant's FIREFOX and MOZILLA marks); *Calvin Klein Trademark Trust, Calvin Klein Inc. v. Vladimir Shadrin*, WIPO Case No. D2018-0722 (May 29, 2018) (finding calvinklein.pro to be identical and confusingly similar to calvinklein.com).

Respondent's use of the Disputed Domains to either imitate Complainant's legitimate website or redirect to another domain imitating the Complainant's legitimate website, including duplicating photos and profiles, further affirms the confusing similarity of the Disputed Domains and the VSCO Marks. *See* WIPO Overview, §§ 1.7 ("[W]here a panel would benefit from affirmation as to confusing similarity with the complainant's mark, the broader case context such as website content trading off the complainant's reputation . . . may support a finding of confusing similarity."), 1.15 (noting that panels may take note of "the content of the website associated with a domain name to confirm confusing similarity whereby it appears prima facie that the respondent seeks to target a trademark through the disputed domain name."). Respondent's websites copy the look and feel of Complainant's website (specifically user images and profiles) and use Complainant's VSCO Marks. *Compare, e.g.* **Annex 10** page 5 with **Annex 7** page 5.

Considering that the Disputed Domains fully encompass the VSCO Mark creating identical sight, sound, and commercial impression and that a differing TLD is not enough to distinguish Respondent's domains from the VSCO Marks, the Disputed Domains are confusingly similar to Complainant's VSCO Marks.

C.    **Respondent has no rights or legitimate interests in respect of the domain names**
      (Policy, Paragraph 4(a)(ii); Rules, Paragraph 3(b)(ix)(2))

Respondent has no basis to claim rights to legitimate interests in the Disputed Domains and cannot produce evidence showing any rights or legitimate interests in the Disputed Domains. A complainant may establish this element by making out a prima facie case against respondent, thereby shifting the burden to respondent to demonstrate its rights or legitimate interests in the domain name. *See Anastasia International Inc. v. Domains by Proxy Inc./rumen kadiev*, D2009-1416 (WIPO Jan. 18, 2010). "Where a complainant makes out a prima facie case that the respondent lacks rights or legitimate interests, the burden of production on this element shifts to the respondent to come forward with relevant evidence demonstrating rights or legitimate interests in the domain name." WIPO Overview, § 2.1.

Respondent has no rights or legitimate interests in respect of the Disputed Domain names. Here, there is no evidence that Respondent is commonly known by the Disputed Domains. *See* WIPO Overview, § 2.3 ("The respondent must however be 'commonly known' (as opposed to merely incidentally being known) by the relevant moniker (e.g., a personal name, nickname, corporate identifier), apart from the domain name."). Given that Respondent has solely used the Disputed Domains to host or redirect to websites featuring content from the legitimate vsco.co website, and that there is no indication that Respondent is commonly known as "VSCO," the Respondent has no legitimate right to the Disputed Domains on that basis.

Moreover, there is no relationship between Complainant and Respondent, and Complainant has not licensed the VSCO Marks to Respondent or authorized Respondent to register the Disputed Domains. In fact, Respondent created a website at vsco.page, imitating portions of Complainant's legitimate website www.vsco.co and uses a second domain, vsco.club, to redirect to an additional website (glizzy.club) that again imitates Complainant's website. Specifically, Respondent's websites reproduce and display users' images and profiles (without the user's authorization or VSCO's authorization) taken directly from VSCO's authorized website. Respondent instructs users to "change https://vsco.co to https://vsco.page for quick access" (**Annex 10**, page 2) and "change https://vsco.co to https://glizzy.cafe for quick downloads." **Annex 11** (page 4). Screenshots of a sample profile from the authentic website and the Respondent's reproduction are provided as **Annex 7** page 5 (vsco.co/whosdooley) and **Annex 10** page 5 (vsco.page/whosdooley). On information and belief, before the letter from "Mike Hunt" was posted on the Disputed Domain vsco.club, entering vsco.club/whosdooley would have redirected to glizzy.cafe/whosdooley, and displayed the same images as vsco.co/whosdooley. Moreover, Respondent's websites purport to facilitate the download of VSCO users' images, bypassing technological protections that VSCO has put in place on its own authorized website to prevent the ability to download user images. Respondent's use of the Disputed Domains to impersonate Complainant does not

confer any legitimate rights in the Disputed Domain names. WIPO Overview, § 2.13.1 (use of a domain name to impersonate the mark owner "can never confer rights or legitimate interests on a respondent").

Nor is Respondent using the Disputed Domain names for the bona fide offering of goods and services or legitimate noncommercial or fair use.  In fact, Respondent has used the Disputed Domain names to derive a commercial benefit and unduly profit from Complainant's reputation and goodwill. Specifically, Respondent sought donations to support operation of the vsco.club site (see **Annex 11** pages 3 and 4) and operated a Patreon account "VSCO.CLUB" available at [www.patreon.com/vscoclub](www.patreon.com/vscoclub) to collect funds to operate the site. **Annex 14**. Complainant reported Respondents infringing activity to Patreon on July 25, 2023 and the account was removed on July 28, 2023.  **Annex 14**.

Panels have found that where a respondent uses a disputed domain name in a manner to attempt to unduly profit from a complainant's reputation and good will, does not constitute a bona fide offering of goods and services, or a legitimate noncommercial fair use of such disputed domain name. *See Minerva S.A. v. Whoisguard Protected, Whoisguard, Inc., / GREYHAT SERVICES*, WIPO Case No. D2016-0385 (May 5, 2016); citing from *Groupe Lactalis v. John Kleedofer / Privacy Protection Service INC d/b/a Privacy Protect.org*, WIPO Case No. D2014-0133 (Mar. 17, 2014). Moreover, it is widely accepted that knowingly infringing use of a trademark to offer goods and services is not a bona fide use under the Policy. *Van Gogh Museum Enterprises BV and Stichting Van Gogh Museum v. M. Ohannessian*, WIPO Case No. D2001-0879 (Oct. 31, 2001).

Based on the above, Complainant has made a prima facie case that Respondent lacks rights or legitimate interests in the disputed domain names. Therefore, the burden of production on this element "shifts to the respondent to come forward with relevant evidence demonstrating rights or legitimate interests in the domain name. If the respondent fails to come forward with such relevant evidence, the complainant is deemed to have satisfied the second element." WIPO Overview, § 2.1. Because there is no relationship between Complainant and Respondent, and Complainant has not licensed the VSCO Marks to Respondent or authorized Respondent to register the Disputed Domain names, and given that Respondent has solely used the Disputed Domains to host or redirect to infringing websites, Respondent will be unable to demonstrate any rights or legitimate interests to the Disputed Domain names on this basis.

### D.    The disputed domain names were registered and are being used in bad faith.
(Policy, paragraphs 4(a)(iii), 4(b); Rules, paragraph 3(b)(ix)(3))

"[B]ad faith under the UDRP is broadly understood to occur where a respondent takes unfair advantage of or otherwise abuses a complainant's mark." WIPO Overview, § 3.1. The Disputed Domain names were registered on July 19, 2019 and December 10, 2021, eight to ten years after VSCO first used its VSCO Marks or the earliest registrations for the VSCO Marks issued, and long after the VSCO Marks became well-known. The much later date of the registration of the Disputed Domains demonstrates that the application of these domain names by the Respondent was intended to take advantage of the Complainant's trademark. *See* **Amended Annex 1**, **Amended Annex 2**, and **Annex 15** (WHOIS reports for vsco.page, vsco.club, and vsco.co). Based on Respondent's actions, Respondent had actual knowledge of Complainant and Complainant's rights in the VSCO Marks prior to registering the Disputed Domains.

Respondent is using and has used the Disputed Domains in an effort to lure potential and current VSCO users to Respondent's website, confusing customers, and diverting traffic from the authentic vsco.co website. "UDRP panels have categorically held that registration and use of a domain name for illegal activity - including impersonation, passing off, and other types of fraud - is manifestly considered evidence of bad faith." *No Limit, LLC, Newman's Own, Inc. v. Game Boy* WIPO Case No. D2020-3298 (Jan. 25, 2021) referencing WIPO Overview 3.0, section 3.4. *See also GEA Group Aktiengesellschaft v. J.D.*, WIPO Case No. D2014-0357 (May 8, 2014) ("concluding that Respondent's use of the disputed domain name to disrupt the Complainant's business by using it to impersonate the Complainant for commercial gain was evidence of respondent's bad faith registration and use of the disputed domain"). Where a domain name is "so obviously connected with such a well-known name and products, its very use by someone with no connection with the products suggests opportunistic bad faith." *Veuve Clicquot Ponsardin, Maison Fondée en 1772 v The Polygenix Group* CoParfums, WIPO Case No. D2000-0163 (May 1, 2000) *See also PrivacyGuardian.org / seasaw commerce, seasawcommerce,* WIPO Case No. D2017-1603 (October 23, 2017) (finding bad faith where Respondent copied the "look and feel" of Complainant's official website and the disputed domain name was used by Respondent in a way that could potentially mislead customers into believing they are transacting on Complainant's official website. This was evidenced by Respondent's use of Complainant's trademarks and logo on the website at the disputed domain name).

As discussed above, Respondent is using the Disputed Domains for illegitimate purposes. Respondent uses the Disputed Domains to host or redirect to imitation websites, featuring the Complainant's trademark and identical images and user profiles to Complainant's vsco.co website.  *See* WIPO Overview, § 3.4 (In some bad faith cases, "the respondent may host a copycat version of the complainant's website.")

While Respondent's websites feature identical images and user profiles taken directly from the legitimate vsco.co website, the Disputed Domains also both display pages (at https://vsco.page and https://vsco.club (with redirects to glizzy.cafe) that specifically curates highly sexualized images of young women and prominently displays Complainant's VSCO Marks. *See* **Annex 10** (pages 2 and 3) and **Annex 11** (pages 5 and 6). By taking unfair advantage of, abusing, and otherwise engaging in behavior detrimental to Complainant's VSCO mark, Respondent is using the Disputed Domain names in bad faith. *See Madonna Ciccone, p/k/a Madonna v Dan Parisi and 'Madonna.com'* WIPO Case No. D2000-0847 (October 12, 2000) ("Even though Complainant has produced sexually explicit content of her own, Respondent′s actions may nevertheless tarnish her reputation because they resulted in association with sexually explicit content which Complainant did not control and which may be contrary to her creative intent and standards of quality"). S*ee also PRIMEDIA Special Interest Publications Inc. v. Anti-Globalization Domains*, WIPO Case No. D2003-0869 (December 31, 2003) (finding that the "misdirection of Internet users seeking Complainant's website to a highly charged political website involves Complainant in a political debate in which it has no part" and tarnishes Complainant's mark, constituting bad faith); *AREVA Société Anonyme à Directoire et Conseil de Surveillance v. wangyongqiang*, WIPO Case No. D2016-1100 (August 10, 2016) ("It is the consensus opinion of prior UDRP panels that the intentional tarnishment of a complainant's trademark by conduct such as linking pornographic images or wholly inappropriate information to an unrelated trademark constitutes evidence of bad faith registration and use of the domain name.").

Finally, the fact that the Respondent's website features a disclaimer at the bottom of the page stating "vsco.page is not affiliated with vsco.co" (**Annex 10,** pages 2 and 3) and "glizzy.cafe is not affiliated with vsoc.co in any way, shape, or form" (**Annex 11**, page 2) is not sufficient to dispel bad faith as disclaimers "may be ignored or misunderstood by Internet users," and they "do nothing to dispel [inevitable] initial interest confusion." *Madonna Ciccone, p/k/a Madonna v Dan Parisi and 'Madonna.com'* WIPO Case No. D2000-0847 (October 12, 2000).

Respondent intentionally uses the Disputed Domains in such a way to divert and confuse users, to tarnish VSCO's reputation, and for Respondent's own commercial gain. Such actions preclude any arguments that Respondent has made a legitimate and non-commercial or fair use of the Disputed Domain without the intent to mislead consumers. Respondent's actions constitute bad faith. WIPO Overview, § 3.1.4 (Panels have consistently found that the mere registration of a domain name that is identical or confusingly similar . . . to a . . . widely-known trademark by an unaffiliated entity can by itself create a presumption of bad faith.").

## VII.  Remedies Requested
(Rules, Paragraph 3(b)(x))

[13.]    In accordance with Paragraph 4(i) of the Policy, for the reasons described in Section VI above, the Complainant requests the Administrative Panel appointed in this administrative proceeding that the disputed domain name be transferred to Complainant.

## VIII.  Administrative Panel
(Rules, Paragraph 3(b)(iv);  Supplemental Rules, Paragraph 8(a))

[14.]    The Complainant elects to have the dispute decided by a single-member Administrative Panel.

## IX.  Mutual Jurisdiction
(Rules, Paragraph 3(b)(xii))

[15.]    In accordance with Paragraph 3(b)(xii) of the Rules, the Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain names that are the subject of this Amended Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar.

## X.  Other Legal Proceedings
(Rules, Paragraph 3(b)(xi))

[16.]    No other legal proceedings have been commenced or terminated in connection with or relating to the domain name that is the subject of the Amended Complaint.

## XI.  Communications
(Rules Paragraph 3(b), Supplemental Rules, Paragraphs 3, 4, 12)

[17.]    This Amended Complaint has been submitted to the Center in electronic form, including annexes, in the appropriate format.

[18.]    A copy of this Amended Complaint has been transmitted to the concerned registrar(s) on September 5, 2023 in electronic form in accordance with paragraph 4(c) of the Supplemental Rules.

## XII.  Payment
### (Rules, Paragraph 19;  Supplemental Rules Paragraph 10, Annex D)

[19.]    As required by the Rules and Supplemental Rules, payment in the amount of USD 1,500 has been made by WIPO account.

## XIII.  Certification
### (Rules, Paragraph 3(b)(xiii);  Supplemental Rules, Paragraph 15)

[20.]    The Complainant agrees that its claims and remedies concerning the registration of the domain names, the dispute, or the dispute's resolution shall be solely against the domain name holder and waives all such claims and remedies against (a) the WIPO Arbitration and Mediation Center and Panelists, except in the case of deliberate wrongdoing, (b) the concerned registrar(s), (c) the registry administrator, (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

[21.]    The Complainant certifies that the information contained in this Amended Complaint is to the best of the Complainant's knowledge complete and accurate, that this Amended Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Amended Complaint are warranted under the Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.

Respectfully submitted,

*Erica Brand Portnoy*

Erica Brand Portnoy
Sideman & Bancroft LLP

Attorneys for Complainant

Date: September 5, 2023

**List of Annexes**
(Rules, Paragraph 3(b)(xiv);  Supplemental Rules, Paragraphs 4(a), 12(a), Annex E)

[22.] The Rules provide that a Complaint or Response, including any annexes, shall be submitted electronically. Under the Supplemental Rules, there is a file size limit of 10MB (ten megabytes) for any one attachment, with an overall limit for all submitted materials of no more than 50MB (fifty megabytes).

[23] In particular, paragraph 12 and Annex E of the Supplemental Rules provides that, other than by prior arrangement with the Center, the size of any individual file (such as a document in Word, PDF or Excel format) transmitted to the Center in connection with any UDRP proceeding shall itself be no larger than 10MB. When larger amounts of data need to be transmitted, larger files can be "split" into a number of separate files or documents each no larger than 10MB. The total size of a Complaint or response (including any annexes) filed in relation to a UDRP dispute shall not exceed 50MB, other than in exceptional circumstances (including in the case of pleadings concerning a large number of disputed domain names) where previously arranged with the Center.

Amended Annex 1: Printouts of the registrar's database search conducted on August 8, 2023 for vsco.page and printout of the WhoIs.com database search conducted on May 17, 2023 for vsco.page

Amended Annex 2: Printouts of the registrar's database search conducted on August 8, 2023 for vsco.club and printouts of the registrar's database search conducted on September 5, 2023 for glizzy.cafe (the website to which vsco.club redirects).

Annex 3: NameSilo, LLC Registration Agreement

Annex 4: NameCheap Registration Agreement

Annex 5: Domain Name Dispute Policy

Annex 6: Registrar Accreditation Agreement (RAA)

Annex 7: Screenshots of Complainant's official website at vsco.co

Annex 8: Screenshots of Google Play and Apple App stores

Annex 9: A representative sample of Complainant's trademark registrations for the VSCO marks in the United States

Annex 10: Screenshots of pages located at Respondent's disputed domain name vsco.page

Annex 11: Screenshots of pages located at Respondent's disputed domain name vsco.club, which redirects to glizzy.cafe

Annex 12: Copies of Complainant's emails and reports of infringement to the Registrars and Web Hosts

Annex 13: Copy of Complainant's cease and desist letter to Respondent on July 28, 2023

Annex 14: Screenshots of pages from Respondent's Patreon account "VSCO.CLUB" available at www.patreon.com/vscoclub on June 29, 2023 and August 23, 2023

Annex 15: Printout of the registrar's database search for www.vsco.co conducted on August 17, 2023

EXHIBIT C

Page 1
Social Girls
https://socialgirls.live/



Captured by FireShot Pro: 14 April 2025, 11:16:08
https://getfireshot.com

EXHIBIT D

 
BA20242164452



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION CORPORATION

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20242164452 |
| Date Filed: 12/10/2024 |

| Entity Details | |
| --- | --- |
| Corporation Name | CLOUDFLARE, INC. |
| Entity No. | 3274841 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| MATTHEW PRINCE | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 | Chief Executive Officer |
| DOUGLAS KRAMER | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 | Secretary |
| THOMAS SEIFERT | 101 TOWNSEND STREET<br>SAN FRANCISCO, CA 94107 | Chief Financial Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | REGISTERED AGENT SOLUTIONS, INC.<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | GLOBAL CLOUD PLATFORM PROVIDER |

**Email Notifications**

| | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

**Labor Judgment**

B3253-9823 12/10/2024 9:47 AM Received by California Secretary of State

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Douglas  Kramer*

Signature

*12/10/2024*

Date

B3253-9824 12/10/2024 9:47 AM Received by California Secretary of State

# EXHIBIT E

BA20242153138



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: BA20242153138 |
| Date Filed: 12/8/2024 |

B3249-6647  12/08/2024  7:35 AM Received by California Secretary of State

| Entity Details | |
| :--- | :--- |
| Corporation Name | PATREON, INC. |
| Entity No. | 3585630 |
| Formed In | DELAWARE |

| Street Address of Principal Office of Corporation | |
| :--- | :--- |
| Principal Address | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 |

| Mailing Address of Corporation | |
| :--- | :--- |
| Mailing Address | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 |
| Attention | |

| Street Address of California Office of Corporation | |
| :--- | :--- |
| Street Address of California Office | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| :--- | :--- | :--- |
| SAMUEL YAM | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 | Chief Financial Officer |
| JACK CONTE | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 | Chief Executive Officer, Secretary |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| :--- | :--- | :--- | :--- |
| SAMUEL YAM | 600 TOWNSEND ST., SUITE 500<br>SAN FRANCISCO, CA 94103 | Other | PRESIDENT / CTO |

**Directors**

| Director Name | Director Address |
| :--- | :--- |
| None Entered | |

The number of vacancies on Board of Directors is: 0

| Agent for Service of Process | |
| :--- | :--- |
| California Registered Corporate Agent (1505) | TELOS LEGAL CORP.<br>Registered Corporate 1505 Agent |

| Type of Business | |
| :--- | :--- |
| Type of Business | OPERATING PATREON.COM AND CONDUCTING ACTIVATES |

| Email Notifications | |
| :--- | :--- |
| Opt-in Email Notifications | No, I do NOT want to receive entity notifications via email. I prefer notifications by USPS mail. |

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Colin Sullivan*

Signature

*12/08/2024*

Date

B3249-6648 12/08/2024 7:35 AM Received by California Secretary of State

# EXHIBIT F

BA20241437361



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## CORPORATION
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20241437361 |
| Date Filed: 8/7/2024 |

B2952-1449  08/07/2024  12:50 PM Received by California Secretary of State

---

**Entity Details**

| | |
| --- | --- |
| Corporation Name | REDDIT, INC. |
| Entity No. | 3419700 |
| Formed In | DELAWARE |

**Street Address of Principal Office of Corporation**

| | |
| --- | --- |
| Principal Address | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 |

**Mailing Address of Corporation**

| | |
| --- | --- |
| Mailing Address | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 |
| Attention | |

**Street Address of California Office of Corporation**

| | |
| --- | --- |
| Street Address of California Office | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 |

**Officers**

| Officer Name | Officer Address | Position(s) |
| --- | --- | --- |
| Andrew Vollero | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 | Chief Financial Officer |
| Benjamin Seong Lee | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 | Secretary |
| STEVE HUFFMAN | 303 2ND STREET<br>SUITE 500<br>SAN FRANCISCO, CA 94107 | Chief Executive Officer |

**Additional Officers**

| Officer Name | Officer Address | Position | Stated Position |
| --- | --- | --- | --- |
| None Entered | | | |

**Directors**

| Director Name | Director Address |
| --- | --- |
| None Entered | |

The number of vacancies on Board of Directors is: 0

**Agent for Service of Process**

| | |
| --- | --- |
| California Registered Corporate Agent (1505) | CSC - LAWYERS INCORPORATING SERVICE<br>Registered Corporate 1505 Agent |

**Type of Business**

| | |
| --- | --- |
| Type of Business | NEWS AND CONTENT AGGREGATOR SOCIAL<br>PLATFORM |

Email Notifications

Opt-in Email Notifications                              Yes, I opt-in to receive entity notifications via email.

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Benjamin Seong Lee*                              *08/07/2024*

Signature                                        Date

B2952-1450  08/07/2024  12:50 PM Received by California Secretary of State