Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendant Adam Khimji*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
*(San Francisco)*

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KHIMJI, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 3:24-cv-09361-WHO<br><br>**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY FOR THE MOTION TO DISMISS AND/OR STAY, SUPPLEMENTAL DECLARATION OF ADAM KHIMJI, SUPPLEMENTAL DECLARATION OF SIMON LIN, and PROPOSED ORDER**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>Date: June 18, 2025<br>Time: 2:00 p.m. |

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

## Table of Contents

**TABLE OF AUTHORITIES** ................................................................................................. iii

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY** .................................. 1

**1. Overview in Reply** ........................................................................................................ 1

**2. VSCO Failed to Show Why, At a Minimum, this Entire Case Should Not be Stayed** 1

    i. VSCO's Argument Ignores the Plain Language of Section 3 of the FAA ........................ 1

    ii. VSCO's Invites this Court to Rewrite and Reinterpret the Arbitration Agreement .......... 2

    iii. Trademark Infringement Claims are Arbitrable and No Cases Stated Otherwise ........... 3

    iv. At Minimum, this Entire Case Must be Stayed in Favor of Arbitration ........................... 3

**3. Recent Ninth Circuit Decision Shuts Down VSCO's Forum Selection Clause** ............ 4

**4. Material Parts of VSCO's Evidence on Jurisdiction are Inaccurate or Misleading** ... 4

    i. Mr. Levad Submits a Screenshot for a Website that was Never Part of this Case ........... 4

    ii. Mr. Levad Made an Inaccurate and Misleading Assertion Regarding Discovery ........... 6

    iii. Declaration of Akaash Gupta Omits Material Facts on VSCO's Deletion Policy .......... 6

    iv. Mr. Gupta Seems to Agree that VSCO Only has a Virtual Presence in California .......... 7

**5. VSCO Failed to Show that the Allegedly Infringing Websites Targeted California** ... 7

    i. VSCO's Key Authority Has Been Overtaken and No Longer Good Law ......................... 7

    ii. VSCO's Reliance on Internet Intermediaries to Show Targeting is Unprecedented ........ 8

    iii. VSCO's Own Evidence Confirms that California was Not Specifically Targeted ........... 9

    iv. VSCO's Evidence Suggests their Servers Are Not Even in California .......................... 10

**6. No Practical Utility in Granting Jurisdictional Discovery in this Case** ..................... 11

**7. VSCO's Argument on *Forum Non Conveniens* Were Rejected by Other Courts** ..... 12

**8. VSCO Sat on Its Rights and Ignores the Law on Contractual Limitation Periods** ... 14

**9. VSCO Mischaracterizes Mr. Khimji's Subject Matter Jurisdiction Objection** ........ 14

**10. Conclusion and Relief Sought** .................................................................................... 15

ii

DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
Case Number: 3:24-cv-09361-WHO

# TABLE OF AUTHORITIES

### Cases

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945 (N.D. Cal. 2015) ........... 7, 8

*Ahmed v. Boeing Co.*, 720 F.2d 224 (1st Cir. 1983) ............................................................ 13

*Alvarado v. Rockwell Collins, Inc.*, No. CV 23-400-JFW(JCX), 2023 WL 5505877 (C.D. Cal. May 24, 2023) .................................................................................................. 2

*American West Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793 (9th Cir. 1989) ................. 11

*Arzate v. Ace American Insurance Company*, (Cal. 2nd Appellate Dist., Jan. 27, 2025) ..... 2

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ........................................................ 8

*Coinbase, Inc. v. Suski*, 144 S. Ct. 1186 (2024) .................................................................... 1

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995) .................. 12, 13

*Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953 (N.D. Cal. 2012) ............................... 9, 11

*Godun v. JustAnswer LLC*, No. 24-2095 (9th Cir. Apr. 15, 2025) ........................................ 4

*González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458, 2023 WL 4546545 (D.P.R. July 13, 2023) ............................................................................................................................ 12

*Gullen v. Facebook. Com, Inc.,* No. 15 C 7681 (N.D. Illinois, January 21, 2016) ............... 9

*Heimeshoff v. Hartford Life & Acc. Life Ins.*, 134 S.Ct. 604 (2013) ................................... 14

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 ............................................ 1

*Howe v. Pioneer Mfg. Co.* (1968) 262 Cal. App.2d 330 [68 Cal. Rptr. 617] ...................... 14

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453 (1990) ........................ 14

*LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*, 124 F.4th 1122 (9th Cir. 2024) ... 15

*LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852 (9th Cir. 2022) ............................... 11

*Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764 (9th Cir. 1991) ............... 12, 13

*Nifty Quarter, Inc. v. Fresh Folded Laundry LLC*, Case No. 3:22-cv-01080-RBM-BLM. (S.D. Cal. Aug. 15, 2023) ...................................................................................... 8

*OCLC, Inc. v. Anna's Archive, et al.,* Case No. 2:24-cv-144 (S.D. Ohio, Mar. 21, 2025) .......................................................................................................................... 10

*Smith v. Spizzirri*, 601 U.S. 472 (2024) .......................................................................... 1, 3

*Synopsys, Inc. v. Siemens Industry Software Inc.*, Case No. 20-cv-04151-WHO, (N.D. Cal. Sep. 9, 2021) ............................................................................................................ 4

*Sysco Machinery Corp. v. Cymtek Solutions, Inc.*, 124 F. 4th 32 (1st Cir. 2024) ......... 12, 13

*Tangle, Inc. v. Buffalo Games, LLC*, Case No. 22-cv-7024-JSC, (N.D. Cal. Apr. 3, 2023) ............................................................................................................................. 8

*Walden v. Fiore,* 134 S.Ct. 1115 (2014) ............................................................................. 8

*Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88, 90 (2d Cir. 2018) (summary order) .......................................................................................................... 13

*X Corp. v. Bright Data Ltd.*, 733 F. Supp. 3d 832 (N.D. Cal. 2024) ................................. 11

*Yahoo! Inc. v. La Ligue Contre le Racisme*, 379 F. 3d 1120 (9th Cir. 2004) ...................... 8

**Statutes**

28 U.S. Code § 1782 .......................................................................................................... 13

**Other Authorities**

Michael Daly, *Square Peg in a Round Hole: Are Arbitration Motions Really Rule 12 Motions?*, American Bar Association Article .................................................................. 1

iv

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

# MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

## 1. Overview in Reply

Mr. Khimji does not intend to reply to each and every assertion of fact and law from VSCO. VSCO cannot fault Mr. Khimji for mounting a rigorous defense when VSCO makes serious allegations that affect his reputation. In the following sections, Mr. Khimji will address VSCO's main arguments and show that those arguments are insufficient to deny this motion.

## 2. VSCO Failed to Show Why, At a Minimum, this Entire Case Should Not be Stayed

VSCO's objection on the arbitration agreement rests primarily on three points: (a) Mr. Khimji only brought a motion to stay the case but no motion to compel arbitration; (b) VSCO's trademark claims are excluded from the arbitration agreement; and (c) courts have determined that trademark claims are not arbitrable. None of VSCO's arguments have any merit.

**Of note**, VSCO's argument invites the Court to ignore that VSCO's arbitration agreement provides that the arbitrator, rather than a court, will resolve threshold arbitrability questions. *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1192 and 1195 (2024). See also *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65, 139 S.Ct. 524, 202 L.Ed.2d 480 (2019).

### i. VSCO's Argument Ignores the Plain Language of Section 3 of the FAA

In its Memorandum at page 15, line 10 and page 18, lines 4 and 28, VSCO claims that the motion should be denied for the reason that Mr. Khimji only brought a motion to stay but not a motion to compel arbitration. VSCO's argument ignores the explicit text of the *FAA*.

Section 3 of the *FAA* explicitly provides that the Court is compelled to stay the action if there are issues referable to arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Section 3 of the *FAA* **does not** make any reference to a "motion to compel." VSCO cited no authority for the novel proposition that a defendant must use the magic words "motion to compel" when bringing a motion to stay under the *FAA*. Indeed, a "motion to compel" itself is merely semantics since an objection based on an arbitration agreement are typically brought pursuant to Rule 12 or the *FAA*, which has been done here. See Michael Daly, *Square Peg in a Round Hole: Are Arbitration Motions Really Rule 12 Motions?*, American Bar Association Article.

1

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

Moreover, motions to compel arbitration are typically brought by the drafter of the arbitration agreement against the other party that is looking to escape the agreement. The situation here is "reversed" in that VSCO is using technical issues to escape its own contract.

VSCO also argued there is no pending arbitration. VSCO overlooked that it is a plaintiff seeking a remedy (i.e., VSCO) that must file a demand for arbitration, not a defendant. *Arzate v. Ace American Insurance Company*, (Cal. 2nd Appellate Dist., Jan. 27, 2025), certified for publication on Feb. 19, 2025, p. 9-14. The Demand for Arbitration from NAM (the arbitral institution selected by VSCO in its own Terms of Use) contemplate the party that is seeking relief to initiate the arbitration (Supplemental Declaration of Simon Lin, Ex. H, p. 54).

  *ii.* <u>*VSCO's Invites this Court to Rewrite and Reinterpret the Arbitration Agreement*</u>

At pages 17, line 15, VSCO **falsely** claimed that the arbitration agreement has a carve out for "equitable claims". The agreement refers to seeking "equitable <u>relief</u>" for three specific types of claims: misuse of IP; illegal or intentional acts affecting the VSCO services, or illegal or intentional acts against VSCO's business interests (Mr. Khimji's Memorandum at p. 11-12). There is <u>no carve out</u> for "equitable <u>claims</u>". VSCO's Complaint is replete with non-equitable relief and VSCO has failed to explain why non-equitable relief should not be stayed.

On page 18 of its Memorandum, VSCO also relies heavily on *Alvarado v. Rockwell Collins, Inc.*, No. CV 23-400-JFW(JCX), 2023 WL 5505877, at *4 (C.D. Cal. May 24, 2023) for the proposition that "[c]ourts within the Ninth Circuit routinely honor such carve-outs."

*Alvarado* was a consumer protection class action, which is entirely different than this case. VSCO omitted to inform the Court that ten days after the decision in *Alvarado*, the Court issued an Order staying the entire case pending arbitration and another state court action.

There are also two key distinctions. **Firstly**, the carve out in *Albarado* was for "injunctive, equitable <u>or other relief</u> relating to unfair competition" and the Court gave a broad interpretation of "unfair competition" to encompass all claims in that class action. VSCO does <u>not</u> have a carve out for "unfair competition", or a carve out for "other relief." **Secondly**, the carve out in *Albarado* relate to the well-known *Broughton-Cruz* Rule (overtaken by the

2

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

*McGill* Rule) where California courts would not enforce arbitration agreements preventing consumers from seeking public injunctive relief. Those consumer rules do not apply here.

VSCO does not even address the arguments in pages 14-18 of Mr. Khimji's Memorandum that even in the face of any carve outs, courts may still stay the action to avoid a multiplicity of proceedings **or** dismiss the claims for equitable relief due to lack of standing.

    iii.    <u>*Trademark Infringement Claims are Arbitrable and No Cases Stated Otherwise*</u>

At pages 15-17 of its Memorandum, VSCO advances a strawman argument relying on decisions analyzing the scope of an arbitration agreement that uses wording such as "arise from" or "arise under" the parties' contracts. As noted above, any dispute of arbitrability must be heard by the arbitrator. In any event, the arbitration agreement in VSCO's Terms of Use is much broader and not limited to only to disputes "arising from" or "arising under" the Terms of Use (i.e., "You agree that <u>any dispute</u>, claim, or request for relief <u>relating in any way</u> to your <u>access</u> or use of <u>our Services</u>, to any products sold or distributed through our Services, <u>or to any aspect of your relationship with us</u>." [emphasis added] (Docket 15-2: Declaration of Simon Lin, Ex. G, p. 193)). Moreover, the carve outs discussed above *ipso facto* **confirms** that all intellectual property claims would be captured within the broad scope of the arbitration agreement. If IP claims were not covered by the arbitration agreement to begin with, VSCO would not need an explicit carve out for equitable relief on intellectual property infringement.

At p. 17, lines 7-8, VSCO is misleading the Court in claiming that there was "an express carve-out for intellectual property claims." VSCO again omitted the fact that the carve out relates only to "equitable relief" for alleged IP infringement. VSCO is actually misdirecting the Court to conclude that trademark claims are not arbitrable, in the absence of any authority to that effect. VSCO's approach would upend the *FAA* and change decades of arbitration laws.

    iv.    <u>*At Minimum, this Entire Case Must be Stayed in Favor of Arbitration*</u>

In *Smith*, which was not cited by either party in their Memorandums, the Supreme Court decided that s. 3 of the *FAA* mandates a stay if there are arbitrable issues, but not an outright dismissal. **However**, the Supreme Court acknowledged that a dismissal may be available if

3

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

there are separate reasons to dismiss, such as lack of jurisdiction. See *Smith*, 1176 fn. 2. It is plain that VSCO <u>has not</u> explained why a stay under s. 3 of the *FAA* is not warranted here. Mr. Khimji will illustrate in the sections below that there are separate reasons for dismissal.

Moreover, this Court has recently dealt with a situation where there are some claims that are not subject to arbitration, but the Court still proceeded to stay the entire action. *Synopsys, Inc. v. Siemens Industry Software Inc.*, Case No. 20-cv-04151-WHO, (N.D. Cal. Sep. 9, 2021). The present case is similar to *Synopsys*. VSCO's arbitration agreement explicitly contemplates that the arbitrator decides liabilities issue **first** before discovery on any relief. It also contemplates the arbitration to proceed promptly by way of submission of documents.

**3.    <u>Recent Ninth Circuit Decision Shuts Down VSCO's Forum Selection Clause</u>**

VSCO's response at pages 12-13 of its Memorandum on the enforceability of its Terms of Use (which includes the forum selection clause) is completely answered by the Ninth Circuit (*Godun v. JustAnswer LLC*, No. 24-2095 (9th Cir. Apr. 15, 2025)). VSCO's website Terms of Use is, in essence, a "sign-in" wrap agreement that is almost indistinguishable from the ones in *Godun* at p. 6-9, and the terms in *Godun* were **unenforceable**. See Mr. Khimji's Memorandum filed for the Motion at the bottom of page 4.

VSCO appears to be asserting that they are unable to search their own databases to ascertain if Mr. Khimji was a VSCO registered user and VSCO is therefore seeking jurisdictional discovery. *Godun* illustrates there would be no practical utility or consequences in jurisdictional discovery. **Even if** Mr. Khimji was ever a registered VSCO user, which he vehemently denies, VSCO's Terms of Use is still unenforceable like the situation in *Godun*.

**4.    <u>Material Parts of VSCO's Evidence on Jurisdiction are Inaccurate or Misleading</u>**

VSCO's evidence are misleading or otherwise inaccurate in four ways, as detailed below.

i.    <u>Mr. Levad Submits a Screenshot for a Website that was Never Part of this Case</u>

**Firstly**, at paragraph 3 of the Declaration of Andrew Levad, Mr. Levad introduced for the <u>very first time</u> a website with the URL <socialgirls.live> and made the allegation that Mr.

Khimji registered that domain name. **Notably**, this URL was **never alleged** in the Complaint, including paragraph 26 where the allegedly "Infringing Websites" were specifically identified. Then, Mr. Levad attempted to pass off the new <socialgirls.live> website as one of the "Infringing Websites" by utilizing the very same defined terminology as in the Complaint (i.e., "Infringing Websites"). Then, the Plaintiff relies on this new website to allege that there were many victims in California for the jurisdiction analysis (VSCO's Memorandum, p. 6).

The URL <socialgirls.live> was registered in October 2024, prior to VSCO filing its Complaint (see Supplemental Declaration of Simon Lin, Ex. I, p. 59). VSCO did not explain why it surreptitiously added this new (and on its face unrelated) website in a declaration.

**Secondly**, at para. 6 of his Declaration, Mr. Levad made a bald assertion that "[m]any of the Infringing Websites have a 'map' feature…." and then attaches a screenshot for <socialgirls.live> only as Exhibit C. While Exhibit C does show a "map" feature" for <socialgirls.live>, Mr. Levad failed to provide *any* screenshot for the "Infringing Websites" that were alleged in the Complaint. Mr. Levad also failed to explain **why** he could not present a shred of evidence about the "Infringing Websites" alleged in paragraph 26 of the Complaint.

On its face, <socialgirls.live> has nothing to do with VSCO. The URL does not contain the words "VSCO", nor do any of VSCO's trademarks appear in the screenshot Mr. Levad provided. The Court is left with Mr. Levad's bald assertion that the "Infringing Websites" in paragraph 26 of the Complaint has the same "maps" feature that Mr. Levad is asserting, but he has no documentary evidence beyond his bald assertion. A bald assertion falls short of the burden of proof on a *prima facie* standard for personal jurisdiction. Mr. Levad may be acting as a witness on a contested issue while acting as lawyer on the case, which may be appropriate.

**Thirdly**, even if Exhibit C is accepted it actually supports Mr. Khimji. Exhibit C shows a map of 445 Californians whose photographs were allegedly posted on <socialgirls.live>. The top of the screenshot shows **at least** 30,000 more photographs. In other words, less than 1.5% of the photographs in question may involve an individual that is within the Northern District of California, and the remaining 98.5% are outside of this Court's jurisdiction.

5

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

Mr. Levad's omissions are material for this motion as Mr. Levad's evidence regarding <socialgirls.live> appears to be the Plaintiff's primary evidence on targeting of Californians.

### ii.     *Mr. Levad Made an Inaccurate and Misleading Assertion Regarding Discovery*

Mr. Levad stated in paragraph 8 of his Declaration that:

8. On or about March 14, 2025, my colleague Zachary J. Alinder corresponded by email with Mr. Khimji's counsel, Simon Lin. I have reviewed those messages personally. Among other things, Mr. Alinder requested that Mr. Khimji's counsel agree to hold a Rule 26(f) conference and open discovery generally. Mr. Lin did not agree to this proposal.

Mr. Levad did not attach the actual correspondences and did not explain why. The actual correspondences are provided in the Supplemental Declaration of Simon Lin as Exhibits C to G. Those correspondences speak for themselves. While Rule 26(f) was mentioned in passing, Mr. Alinder did not make an explicit request to hold a Rule 26(f) conference. In the same vein, Mr. Levad's assertion that "Mr. Lin did not agree to this proposal" is not accurate. The emails show that Mr. Lin was cooperating and asked Mr. Alinder what documents he was seeking:

> …I have reviewed the back and forth you had with Mr. Khimji's prior counsel, who appears not to have any experience in California or USA law, or tech related issues. **What information, specifically, are you requesting from Mr. Khimji that your client is saying he failed to provide?...**
> [emphasis added – Supplemental Declaration of Simon Lin, Ex. E, p. 49]

However, Mr. Alinder never identified what information he was seeking and then stopped replying (Supplemental Declaration of Simon Lin, ¶ 10). Mr. Levad's incomplete evidence is relied upon to suggest Mr. Khimji is acting in bad faith. Rather, the situation is the opposite.

### iii.    *Declaration of Akaash Gupta Omits Material Facts on VSCO's Deletion Policy*

At paragraph 7 of his declaration, Mr. Gupta stated that "[f]or data privacy purposes, and compliance with the relevant data privacy statutes, <u>VSCO does not retain the email addresses of deleted VSCO accounts</u>" [emphasis added] Then, Mr. Gupta relied on his own assertion of the deletion policy to draw the conclusion that he cannot rule out whether Mr. Khimji ever had a VSCO account (i.e., the account was deleted so VSCO would no longer have the record thereof). Mr. Gupta's bald assertion must be considered with great caution. VSCO's own FAQ

seems to suggest that VSCO **does retain** the email addresses of deleted accounts, since VSCO is able to block former users from creating a new account with the same username/email:

> **I deleted my account and want to make a new one with the same username/email, but it won't let me.**
> …
> [emphasis in original – Supplemental Declaration of Simon Lin, Ex. B, p. 38]

Moreover, VSCO's Privacy Policy suggests that they do have backup archives. Mr. Gupta's declaration is silent on the issue of backups (Supplemental Declaration of Simon Lin, Ex. A, p. 15 – the questions "What happens when we no longer need your data"). It appears that VSCO is using Mr. Gupta's assertion to request jurisdictional discovery. As will be detailed below, jurisdictional discovery will yield no practical utility or consequence here.

    iv.    <u>Mr. Gupta Seems to Agree that VSCO Only has a Virtual Presence in California</u>

At paragraph 4 of his Declaration, Mr. Gupta asserted that "the company has a current office lease in San Francisco, California" but Mr. Gupta did not provide the address of the office, nor did he specify if that office was VSCO's headquarters. At the same time, Mr. Gupta failed to provide any evidence to refute the evidence that VSCO's headquarters is merely a virtual mailbox (Mr. Khimji's Memorandum, p. 6). Indeed, Mr. Gupta's registration with the State Bar seems to confirm that VSCO is headquartered in a postal mailbox (i.e. "PMB"). See Supplemental Declaration of Simon Lin at Ex. J, p. 63). Whether VSCO is *physically* in California may have a bearing on whether there was purposeful direction towards California.

**5.**    <u>**VSCO Failed to Show that the Allegedly Infringing Websites Targeted California**</u>

    i.    <u>VSCO's Key Authority Has Been Overtaken and No Longer Good Law</u>

VSCO mainly relies on *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 957 (N.D. Cal. 2015) for the proposition that specific jurisdiction could be established merely by alleging that a defendant intentionally infringed the plaintiff's intellectual property knowing the plaintiff was located in the forum state. **However**, District Courts in California, including this Court, already recognized that *Adobe* is no longer good law. See *Nifty Quarter, Inc. v. Fresh Folded Laundry LLC*, Case No. 3:22-cv-01080-RBM-BLM. (S.D. Cal. Aug. 15,

7

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

2023) discussion under "b) Expressly Aimed" heading; *Tangle, Inc. v. Buffalo Games, LLC*, Case No. 22-cv-7024-JSC, (N.D. Cal. Apr. 3, 2023) discussion under "2. Express Aiming".

In *Tangle*, this Court said "[t]he cases Plaintiff cites to support its individualized targeting theory all rely on precedent since overruled by *Walden*. See *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 960-61 (N.D. Cal. 2015) ("[W]here a defendant knows—as opposed to being able to foresee—that an intentional act will impact another state . . . the expressly aimed requirement is satisfied.")." *Walden* was a U.S. Supreme Court decision discussed throughout Mr. Khimji's Memorandum in support of the motion to dismiss and Mr. Khimji also noted that the necessary standard for specific jurisdiction is different after *Walden*.

VSCO's arguments that rely on *Adobe* should all be disregarded. The leading cases are *Walden* and/or *Axiom Foods*, which VSCO failed to directly address.

  ii. <u>VSCO's Reliance on Internet Intermediaries to Show Targeting is Unprecedented</u>

At page 9 of VSCO's Memorandum, VSCO relies on the fact that an internet intermediary being headquartered in California is somehow sufficient to give rise to specific jurisdiction post-*Walden*. With respect, VSCO <u>has not cited any authority</u> for their novel proposition.

Courts do not allow specific jurisdiction solely based on "the unilateral activity of another party or a third person." *Yahoo! Inc. v. La Ligue Contre le Racisme*, 379 F. 3d 1120, 1124 (9th Cir. 2004 citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Walden v. Fiore*, 134 S.Ct. 1115, 1124 (2014). The internet intermediaries are clearly "another party or a third person." Those intermediaries could open an office in every state and, applying VSCO's logic, the users of those intermediaries would be subject to personal jurisdiction in every state.

If VSCO is correct that specific jurisdiction could somehow be established because the internet intermediary (e.g. Cloudflare, Patreon, or Reddit) is in California, this would dramatically expand the reach of the California court's long-arm jurisdiction and courts would be flooded with cases involving the millions (or more) users of Cloudflare, Patreon, or Reddit, irrespective of where the user is situated. For example, if a scammer used a Gmail account for their scams, would the fact that Google is based in California support an argument that the

8

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

scammer was targeting California? VSCO's novel proposition would convert California courts into "international internet courts." In any event, VSCO failed to provide any evidence that Mr. Khimji could be aware that Cloudflare, Patreon, or Reddit are based in California.

      *iii.*      <u>*VSCO's Own Evidence Confirms that California was Not Specifically Targeted*</u>

VSCO's reliance on Exhibit C of the Levad Declaration containing the screenshot from <socialgirls.live> does not assist VSCO. Leaving aside the issue that <socialgirls.live> was not pleaded in the Complaint and there is no documentary evidence linking <socialgirls.live> to other "Infringing Websites" alleged in the Complaint except Mr. Levad's bald assertion, the exhibit **actually confirms** there was no specific targeting of Californians. VSCO used the exhibit from <socialgirls.live> to argue that there were California residents being targeted.

VSCO omitted the fact, based on their own exhibit, that the Californians VSCO claims to have identified are less than 1.5% of the total number of photos on <socialgirls.live>. In other words, 98.5% of individuals whose photos are on <socialgirls.live> reside <u>outside</u> this district. VSCO's exhibit reinforces Mr. Khimji's argument on p. 7 of his earlier Memorandum that such websites do not have a forum-specific focus, similar to social media platforms.

Another court **rejected** the argument that residency of an individual whose photo is posted on an internet platform would be considered expressly aiming at the individual's state. In *Gullen v. Facebook. Com, Inc.,* No. 15 C 7681 (N.D. Illinois, January 21, 2016), the case was dismissed for lack of personal jurisdiction as the facial recognition technology was not targeted to Illinois residents but was actually applied to **all** users, irrespective of residency.

Indeed, in another Facebook case (i.e., *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953 (N.D. Cal. 2012)), this Court noted that simply registering someone else's trademark as a domain name and posting a website on the Internet is not sufficient to demonstrate "express aiming" and dismissed the case for lack of personal jurisdiction despite it was on a default judgment motion (see *Facebook*, p. 959). *Facebook* bears close resemblance to the trademark claims here. Mr. Khimji recognizes that *Facebook* did not involve allegations that Faceporn was scraping from Facebook. This issue will be addressed in the subsection below. In any

9

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

event, as noted in *Facebook* p. 959, a plaintiff is required to show "conduct directly targeting the forum" (i.e., "running a website that appeals to, *and profits from*, an audience in the forum"). Both requisite elements are absent here. There is no evidence the allegedly Infringing Websites "appeals to" California residents. In the same vein, there is also no evidence that the allegedly Infringing Websites profits from their appeals to audiences in California.

Returning to the current case, VSCO would necessarily need to demonstrate that the various allegedly Infringing Websites were <u>specifically marketed to California residents</u> (e.g., marketing materials or ads targeting California). The fact that photos of some California residents may be on those allegedly Infringing Websites is neither here nor there when the allegedly Infringing Websites may also have photos of many individuals residing elsewhere.

  *iv.* <u>*VSCO's Evidence Suggests their Servers Are Not Even in California*</u>

In his Declaration at paragraph 6, Mr. Gupta stated that "VSCO's computer servers are located in the U.S." <u>without</u> identifying the state. Mr. Gupta was addressing the state of California in throughout, but chose to remain silent on which state VSCO's computer servers are located. This Court should infer that VSCO's computer servers are not within California.

One of the causes of action relied upon by VSCO is trespass to chattels (i.e., trespassing on VSCO's computer servers and scraping photographs). If VSCO's computer servers are not even in California, it necessarily follows that the alleged trespass could not have been in California. VSCO could not then rely on the alleged scraping to establish personal jurisdiction.

More fundamentally, given that it is not clear in which state VSCO's servers are located, there is a fatal flaw to VSCO's claims of trespass to chattels as the Court could not even apply a choice of law analysis to determine which state's laws apply. Some states may not have a claim for data scraping or trespass to chattels (e.g., *OCLC, Inc. v. Anna's Archive, et al.,* Case No. 2:24-cv-144 (S.D. Ohio, Mar. 21, 2025). Even if we assume California law, this Court recently determined that, in the context of scraping, claims for trespass to chattels, violation of s. 17200 of the California Business and Professions Code, and breach of website terms of

10

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

use, are preempted by the Copyright Act and there is no viable claim. *X Corp. v. Bright Data Ltd.*, 733 F. Supp. 3d 832 (N.D. Cal. 2024).[1] VSCO relies on the same causes of action here.

VSCO's additional trespass to chattels claim does not distract from this Court's personal jurisdiction analysis in *Facebook*, when VSCO refuses to identify *where* the alleged trespass occurred and, even assuming it occurred in California, this Court had rejected such claims.

### 6. No Practical Utility in Granting Jurisdictional Discovery in this Case

As noted above, jurisdictional discovery would yield no practical utility or consequences for two reasons. **Firstly**, VSCO is relying on bald assertions about its data deletion policy to create confusion for jurisdictional discovery. VSCO is hoping to establish that Mr. Khimji had an account and would be subject to the forum selection clause in VSCO's adhesion terms of use. As noted above, at page 4, the Ninth Circuit's recent decision in *Godun* firmly supports the point that it would not matter even if Mr. Khimji had a VSCO account. The manner that the VSCO Terms of Use is presented to users is virtually identical to *Godun*, and the Ninth Circuit decided that the website terms in *Godun* were unenforceable. "It is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *American West Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989) **Secondly**, as noted above, at minimum the Court should stay this action under the *FAA*. There is no practical utility in a jurisdictional discovery when VSCO's claims are to be arbitrated.

In any event, VSCO has failed to articulate *how* jurisdictional discovery would be of assistance in resolving the issues at play on this motion. Bare allegations in the face of specific denials are insufficient reasons for the Court to grant jurisdictional discovery. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022)

---

[1] Plaintiff recognizes that in *X Corp.* this Court had denied the motion to dismiss for lack of personal jurisdiction on February 5, 2024 before dismissing the Complaint for failure to state a claim. The personal jurisdiction analysis in *X Corp.* would not affect *Facebook*. In *X Corp.*, the Plaintiff had an actual head office in San Francisco, but there are doubts if VSCO is physically present in California. Moreover, in *X Corp.* the defendant also had a sales office in San Francisco. The defendant also developed specific tools and services and also **marketed** the tools and services to be used specifically to circumvent X Corp's safeguards. There is no evidence of any such marketing in the current case.

11

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

**7.     VSCO's Argument on *Forum Non Conveniens* Were Rejected by Other Courts**

VSCO's *forum non conveniens* argument overlooks *Sysco Machinery Corp. v. Cymtek Solutions, Inc.*, 124 F. 4th 32 (1st Cir. 2024), where the Court rejected similar arguments that VSCO relies upon here to argue that the Canadian courts is not an adequate alternative forum.

In *Sysco* at 38, the First Circuit noted that "flexibility is the watchword" and each case turns on its unique facts. The First Circuit noted that U.S. courts have repeatedly granted *forum non conveniens* dismissals in IP cases with sufficient foreign nexuses. See *Sysco* at 40-41. The First Circuit relied on two decisions from the Ninth Circuit in formulating the analysis (i.e., *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696 (9th Cir. 1995) and *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764 (9th Cir. 1991)).

In *Creative Tech*, the Ninth Circuit affirmed the dismissal on *forum non conveniens* grounds since the plaintiff would have an adequate alternative remedy under Singapore's Copyright Act. Here, Mr. Khimji already identified in his earlier Memorandum the **specific** provisions that VSCO could rely upon based on Canada's *Trademarks Act*. (see Memorandum at p. 9, lines 18-19) Similarly, in *Lockman Found*, the Ninth Circuit noted that in the context of trademarks claims the potential inability to litigate a *Lanham Act* claim in Japanese courts would not preclude a dismissal based on *forum non conveniens* as the plaintiff might still recover under tort or contract. *Lockman Found* has some close resemblance to this case. VSCO would not be deprived of its trademarks claims if VSCO proceeds in a Canadian court. Moreover, VSCO has not presented any evidence showing that the allegedly Infringing Websites are hosted in the United States. There is a serious question whether US law could apply to websites that are not hosted in the USA and does not specifically target the USA.

In *Sysco*, the First Circuit also referred to *González Cantón v. Mad Ruk Ent., Inc.*, No. 22-1458, 2023 WL 4546545, at *11 (D.P.R. July 13, 2023), which may be highly pertinent here. In *González*, the Court stated that "Canada has its own laws that attend tort and copyright claims, and though admittedly different from the laws of the United States, those statutes should not be so dissimilar as to deprive Plaintiff of the proper remedies he seeks."

12

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

Trademarks, similar to copyrights, are subject to various international treaties including for example the *Paris Convention* and the *Madrid Protocol*. There is <u>no evidence</u> suggesting that the trademark laws in Canada are so dissimilar so as to deprive VSCO of proper remedies.

Moreover, the Court may not afford great deference to a plaintiff's choice of forum when the plaintiff is a "paper plaintiff" and, rather, the Court would focus on any "bona fide connection" the plaintiff has with the forum. *Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd.*, 712 F. App'x 88, 90 (2d Cir. 2018) (summary order). Here, VSCO has not rebutted Mr. Khimji's evidence that VSCO's headquarters is a virtual mailbox in an overcrowded office building.

In reply to VSCO's argument on pages 20-21 based on *Life Alert*, VSCO's assertion that Mr. Khimji only attached a 115-page statute is misleading. Mr. Khimji identified the specific provisions of Canada's *Trademarks Act* as detailed above. **Most importantly**, *Sysco* at 41 also provides a complete answer here. In order to defeat a *forum non conveniens* motion, it is for <u>the plaintiff</u> to demonstrate that there are significant legal obstacles to conducting litigation in the alternative forum. VSCO could not demonstrate any significant legal obstacles, except pointing to Mr. Khimji's acknowledgement that the Federal Court of Canada does not conduct jury trials. However, VSCO already irrevocably waived any right to a jury trial in its TOU.

In any event, the First Circuit also noted in *Sysco* at 41 that "to qualify as adequate, a foreign forum <u>need not possess all the remedial tools</u> available to U.S. courts, such as the ability to enforce judgments in the United States. See *Creative Tech*., 61 F.3d at 702. Rather, we require <u>only that the foreign forum have the power to provide "reasonably fair" remedies</u>. *Ahmed v. Boeing Co.*, 720 F.2d 224, 226 (1st Cir. 1983)." [emphasis added]

Finally, VSCO failed to address Mr. Khimji's concern that all of his witnesses would be in Canada and cannot be compelled to testify in the USA (see *Lockman Found* at 770 where the Court also noted similar concerns). On the other hand, VSCO could rely on 28 U.S. Code § 1782 to compel testimony from any USA-based witness for purpose of a Canadian trial. There is no evidence of Canada having a provision similar to 28 U.S. Code § 1782.

13

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

8. **VSCO Sat on Its Rights and Ignores the Law on Contractual Limitation Periods**

VSCO's opposition on the one-year contractual limitation period is easily answered.

**Firstly**, the contractual limitation period broadly covers "any cause of action….related to these Terms…" The fact that VSCO relies on a contract cause of action for allegedly breaching its TOU is *ipso facto* confirmation that the claims here are "related to these Terms."

**Secondly**, it is plain that VSCO sat on its rights for about one year before seeking a DMCA subpoena to the various internet intermediaries to obtain contact information (see Docket 15-2: Declaration of Simon Lin, Ex. A, pp. 11 and 33 showing dates of July 2023). "It is the general rule that the applicable statute of limitations begins to run <u>even though the plaintiff is ignorant</u> of his cause of action or <u>of the identity of the wrongdoer</u>." [emphasis added] *Howe v. Pioneer Mfg. Co.* (1968) 262 Cal. App.2d 330, 340-341 [68 Cal. Rptr. 617].

**Thirdly**, equitable tolling cannot be invoked if "the claimant failed to exercise due diligence in preserving his legal rights" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990). It is questionable if equitable tolling could apply to contractual limitation periods that uses firm language indicating the claim is "permanently barred." The Supreme Court noted that where "the parties have adopted <u>a limitations period by contract</u>…. there is no need to borrow a state statute of limitations there is <u>no need to borrow concomitant state tolling rules</u>." *Heimeshoff v. Hartford Life & Acc. Life Ins.*, 134 S.Ct. 604, 616 (2013).

**Finally,** assuming the discovery rule in California even applies despite the Supreme Court guidance in *Heimeshoff*, VSCO fails in pleading facts to show its inability to have made earlier discovery despite reasonable diligence. Again, VSCO sat on its request to the internet intermediaries for about a year before taking any formal legal steps. This clearly smacks of a lack of reasonable diligence, whether it is on the part of VSCO or its counsel.

9. **VSCO Mischaracterizes Mr. Khimji's Subject Matter Jurisdiction Objection**

VSCO's argument regarding subject matter jurisdiction rests on two fatal flaws.

**Firstly**, on p. 13-14 of its Memorandum, VSCO asserted that Mr. Khimji is arguing that the "use in commerce" reference in the *Lanham Act* being a "jurisdictional requirement." That

14

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO

was not even Mr. Khimji's argument, and Mr. Khimji is not saying that "use in commerce" was a jurisdictional requirement. Rather, Mr. Khimji clearly said in his Memorandum that the *Lanham Act* claims fail to state a claim under Rule 12(b)(6), which is similar to the situation in *LegalForce RAPC Worldwide, PC v. LegalForce, Inc.*, 124 F.4th 1122 (9th Cir. 2024). If the Court agrees that VSCO failed to state a claim under the *Lanham Act*, then the remaining state law claims should be dismissed for lack of federal subject matter jurisdiction.

**Secondly**, when VSCO argued at page 14 that "Mr. Khimji's infringing conduct occurred primarily in the U.S.", VSCO conflated the facts from different causes of action. For the *Lanham Act* causes of action, the focus is the representations on the allegedly Infringing Websites and/or alleged use of VSCO's trademarks that may cause confusion in commerce on such websites. VSCO points to jurisdictional facts on their data scraping claim, which is distinct from the trademark complaint. Moreover, VSCO's assertion that "his Infringing Websites and Infringing Reddit Communities were registered with Cloudflare and Reddit" is irrelevant. VSCO is well aware that Cloudflare is not a web host but a "pass-through" service and VSCO is aware that the web host is not based in the USA (Docket 15-2: Declaration of Simon Lin, Ex. A, p. 11). The fact that Reddit may be headquartered in California does not automatically mean all the contents hosted on Reddit is "used in commerce" in the USA. It still remains for a plaintiff to plead and prove material facts of confusion arising from alleged use of the plaintiff's trademarks causing confusion "in commerce" <u>in the USA</u>. VSCO's Complaint merely pleads "used in commerce" in a conclusory fashion without any material facts.

**10.  Conclusion and Relief Sought**

Mr. Khimji raises a strong basis for granting this motion on any of the five grounds.

Respectfully submitted,

Date: April 21, 2025            By: _____*Simon Lin*_____

Simon Lin – State Bar No. 313661

15

**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY**
Case Number: 3:24-cv-09361-WHO