ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:   *zalinder@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail:   *alevad@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. 3:24-cv-09361-WHO<br><br>**PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE, L.R. 7-3(D)(1)**<br><br>Date:　　June 18, 2025<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2, 17th Floor<br>Judge:　　Hon. William H. Orrick |

Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff Visual Supply Company ("VSCO") respectfully objects to new evidence submitted by Defendant Adam Khimji ("Mr. Khimji") with his Reply in support of his Motion to Dismiss (Dkt. 17, the "Reply").

## I.   BACKGROUND

This action generally arises from the unlawful and infringing conduct of Mr. Khimji and one or more co-conspirators in connection with a scheme to scrape, traffic, market, and monetize images and data from VSCO and its users.  *See generally* Dkt. 1 (the "Complaint").

On March 31, 2025, Mr. Khimji moved to dismiss the Complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, forum non conveniens, and, as to certain claims, for failure to state a claim.  Mr. Khimji also moved in the alternative to stay this action in favor of arbitration pursuant to Section 3 of the Federal Arbitration Act (9 U.S.C. § 3), although no arbitration proceeding exists and Mr. Khimji has not moved to compel arbitration.  Dkt. 15 (the "Motion").  On April 14, 2025, VSCO filed its Opposition to Mr. Khimji's motion to dismiss. Dkt. 16 (the "Opposition").  And on April 21, 2025, Mr. Khimji filed the Reply (the "Reply"). Dkt. 17.  Mr. Khimji did not request judicial notice for any of the exhibits submitted in the Motion or the Reply.

However, in conjunction with the Reply, Mr. Khimji filed the Supplemental Declaration of Simon Lin In Support Of Motion To Dismiss And/or Stay (Dkt. 17-1, the "Supplemental Lin Declaration" or "Supp. Lin Decl.") and ten Exhibits ("Exs.") attached thereto:

- Exhibit A is an alleged printout of VSCO's Privacy Policy;
- Exhibit B is an alleged printout of an article titled "How to Delete a VSCO Account" from VSCO's "help" webpage;
- Exhibits C – G are alleged printouts of correspondence between Mr. Khimji's counsel and VSCO's counsel;
- Exhibit H is an alleged printout of a "Demand for Arbitration" from the website of National Mediation and Arbitration ("NAM");
- Exhibit I is an alleged printout of the WHOIS registration information for the domain <socialgirls.live>;

- Exhibit J is an alleged printout of the State Bar of California information sheet for Akaash Gupta, Deputy General Counsel at VSCO.

Mr. Khimji also filed the Supplemental Declaration of Adam Khimji In Support Of Motion To Dismiss And/or Stay (Dkt. 17-2, the "Supplemental Khimji Declaration" or "Supp. Khimji Decl."). In this declaration, Mr. Khimji declared that he allegedly reported unauthorized use of his credit cart to the Ottawa Police Department before receiving VSCO's Opposition, and that he had no knowledge of the <socialgirls.live> website prior to receiving VSCO's Opposition. Supp. Khimji Decl., ¶¶ 3-4.

## II. LEGAL STANDARD FOR OBJECTION

Under Civil Local Rule 7-3(d)(1):

> [I]f new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.

L.R. 7-3(d)(1). The objecting party should also state some substantive challenge to the new evidence. *Simpson v. Best W. Int'l, Inc.*, No. 3:12-CV-04672-JCS, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012). In the context of a motion to dismiss, objections to reply evidence under L.R. 7-3(d)(1) are proper when the reply evidence is not judicially noticeable, not incorporated by reference into the operative complaint, should have been included in the defendant's moving papers, or otherwise constitutes material that is improper to submit in support of a motion to dismiss. *Visier, Inc. v. iCIMS, Inc.*, No. 24-CV-07544-SVK, 2025 WL 589036, at *2 (N.D. Cal. Feb. 24, 2025) (sustaining objection to reply evidence on motion to dismiss); *see also Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining objection to reply evidence on motion for class certification); *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 666725, at *1 (N.D. Cal. Feb. 13, 2019) (sustaining objection to reply evidence on motion to compel arbitration).

## III. VSCO OBJECTS TO THE NEW REPLY EVIDENCE

VSCO objects to Mr. Khimji's submission of new evidence in its Reply. VSCO's Privacy Policy, the article titled "How to Delete a VSCO Account," correspondence between Mr. Khimji's

1  counsel and VSCO's counsel, the NAM "Demand for Arbitration" printout, the WHOIS
2  registration information for the domain <socialgirls.live>, and Mr. Gupta's California Bar license
3  information are not judicially noticeable and they are not incorporated by reference into VSCO's
4  Complaint.  Supp. Lin Decl., Exs. A-J.  Nor are the new facts that Mr. Khimji allegedly reported
5  unauthorized use of his credit cart to the Ottawa Police Department, or that that allegedly he had
6  no prior knowledge of the <socialgirls.live> website.  Supp. Khimji Decl. ¶¶ 3-4.
7       Mr. Khimji's attempt to introduce purported evidence in the context of this motion to
8  dismiss is improper in general; even more so, in the context of his Reply.  Of course, VSCO has
9  not had an opportunity for any discovery in this matter yet, nor would it proper for VSCO to
10 submit opposing evidence in this context, making this attempt to submit Reply evidence unfair and
11 procedurally improper.  Mr. Khimji has not provided any reasoning why such evidence is
12 judicially noticeable or whether the Exhibits are incorporated by reference into the Complaint.
13 *Chan v. ArcSoft, Inc.*, No. 19-CV-05836-JSW, 2020 WL 13891272, at *4 (N.D. Cal. Sept. 16,
14 2020) (declining to consider documents on a motion to dismiss where the defendant "offer[ed] no
15 argument as to why the submitted documents are properly subject to judicial notice or
16 incorporation by reference.").  There is therefore no basis to consider any of the purported
17 evidence submitted by Mr. Khimji and his counsel, let alone the purported evidence submitted on
18 Reply.
19      Thus, VSCO respectfully submits that this Court should sustain this objection, as
20 consideration of the purported Reply evidence presented in the Supplemental Lin and Khimji
21 Declarations on a motion to dismiss would be unfair and prejudicial.  *Rojas*, 2021 WL 12331659,
22 at *1 (sustaining objection to reply evidence because it would be "unfair and prejudicial" to the
23 objecting party).  And to the extent Mr. Khimji files a response to this objection or seeks leave to
24 file a response to this objection, this Court should reject that as well.  *Rojas*, 2021 WL 12331659,
25 at *1 ("This district's Civil Local Rules do not contemplate a response to an objection to reply
26 evidence.").
27 / / / /
28 / / / /

## IV. CONCLUSION

For the foregoing reasons, this Court should sustain VSCO's Objection to Reply Evidence and disregard improperly-submitted purported evidence in deciding the Mr. Khimji's Motion to Dismiss.

DATED:  April 28, 2025                    Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:   /s/ *Andrew M. Levad*
Andrew M. Levad
Attorneys for Plaintiff
VISUAL SUPPLY COMPANY