1  Simon Lin – State Bar No. 313661
2  4388 Still Creek Drive, Suite 237
   Burnaby, British Columbia, Canada V5C 6C6
3  T : 604-620-2666
   F : 888-509-8168
4  E : simonlin@evolinklaw.com

5  *Attorney for Defendant Adam Khimji*

6              **UNITED STATES DISTRICT COURT**
7              **NORTHERN DISTRICT OF CALIFORNIA**
                      *(San Francisco)*
8

9
10  VISUAL SUPPLY COMPANY, a                )  Case Number: 3:24-cv-09361-WHO
    Delaware corporation,                   )
11                                          )
                   Plaintiff,               )  **DEFENDANT ADAM KHIMJI'S NOTICE**
12                                          )  **OF    MOTION    FOR    SANCTIONS,**
           vs.                              )  **MEMORANDUM   OF   POINTS   AND**
13                                          )  **AUTHORITIES,    DECLARATION    OF**
    ADAM KHIMJI, an individual and DOES 1   )  **ADAM    KHIMJI,    DECLARATION    OF**
14  through 20, inclusive,                  )  **SIMON LIN, and PROPOSED ORDER**
15                                          )
                   Defendants.             )
16                                          )  **Judge:** Senior District Judge William H.
                                            )  Orrick
17                                          )
                                            )
18                                          )  Date: June 18, 2025
                                            )  Time: 2:00 p.m.
19                                          )
20                                          )
                                            )
21  ─────────────────────────────────────── )

22
23
24
25
26
27
28
                            1
**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on **June 18, 2025 at the hour of 2:00 p.m**. or as soon thereafter as the matter can be heard, the Defendant Adam Khimji will appear before Judge William H. Orrick and will move, and hereby does move, for an Order:

a. granting this motion for sanctions against Plaintiff, Visual Supply Company;

b. the subpoenas issued in *IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C.* (Case No: 3:24-mc-80159-SK) be quashed with prejudice;

c. the Complaint in this file be dismissed with prejudice against Mr. Adam Khimji;

d. as *an alternative to (c)*, Mr. Khimji be removed as a Defendant with prejudice, striking any references to his name from the Complaint, striking para. 8 of the Complaint entirely, and expunging references to Mr. Khimji in the court file.

e. reasonable attorney's fees and costs for this motion for sanctions <u>and</u> defending this case, and such proof be filed within 14 days; and

f. that the Plaintiff shall pay a fine of $10,000 into Court within thirty days.

This motion for sanctions is primarily based on the following **three (3) grounds**:

1. Visual Supply Company breached its assurance to the Court to use information obtained thru DMCA subpoenas to advance *only* copyright issues.

2. In order to secure the DMCA subpoenas to obtain information from various service providers, Visual Supply Company filed a sworn declaration and two related court documents that contained materially false statements.

3. Visual Supply Company's Complaint in this case pleads and is mainly relies on information from the improperly obtained DMCA subpoenas, and in breach of Visual Supply Company's assurance to the Court.

2

**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

This motion for sanctions is based on this Notice, on the attached Memorandum of Points and Authorities, on the Declaration of Adam Khimji, and Declaration of Simon Lin filed herewith, and on the pleadings and evidence on file in this action.

Date: March 21, 2025          By: _____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 888-509-8168
E : simonlin@evolinklaw.com

3

**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Contents

**List of Case Authorities** ........................................................................ 5

**List of Enactments** .............................................................................. 6

**MEMORANDUM OF POINTS AND AUTHORITIES** ...................................... 1

**1.   Introduction** ............................................................................... 1

**2.   Visual Supply Company Made Three Representations to the Court** ........ 2

**3.   VSCO is Using the DMCA Subpoenas Contrary to their Assurance** ........ 1

**4.   VSCO Always Intended to File the False Statement to Obtain the Subpoenas** 3

**5.   Applicable Legal Standard for Imposing Sanctions including Dismissal** ........ 7

*Rule 11* ....................................................................................... 7

*Inherent Power* ............................................................................ 8

*Dismissal as the Sanction* ............................................................... 9

*Examples of Cases where False Evidence/Declarations Led to Dismissals* ........ 9

**6.   Appropriate Sanction in the Circumstances of this Case** .................... 10

*Quashing of the DMCA Subpoenas with Prejudice* ............................... 11

*The Complaint in this Case Should be Dismissed with Prejudice* ............... 11

*Attorney's Fees for this Motion for Sanctions and Court Case* .................. 13

*Fine of $10,000 Payable in Thirty Days* ............................................ 14

**7.   Conclusion and Relief Sought** ....................................................... 15

4

**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

1

2

## List of Case Authorities

3

1. *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337 (9th Cir. 1995)

4

5

2. *Brush v. Woodford*, No. 1:07-cv-01009-DLB PC (E.D. Cal. Oct. 31, 2011)

6

3. *Brush v. Farber-Szekrenyi*, Court of Appeals, 9th Circuit 2012 (Case No: 11-

7

17818 – not for publication opinion)

8

4. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d

9

802 (9th Cir. 1989)

10

11

5. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991)

12

6. *Combs v. Rockwell Intern. Corp.*, 927 F.2d 486 (9th Cir. 1991)

13

14

7. *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001)

15

8. *G.C. & K.B. Investments v. Wilson*, 326 F.3d 1096 (9th Cir. 2003)

16

17

9. *In Re DMCA Subpoena to Reddit, Inc.*, 441 F.Supp.3d 875 (ND Cal. 2020)

18

10. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th

19

Cir. 2006)

20

21

11. *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980)

22

12. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146 (9th Cir. 2002)

23

24

13. *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC (E.D. Cal. Sept. 6, 2011)

25

14. *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585 (9th Cir. 1983)

26

27

28

**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

## **List of Enactments**

1.  Federal Rules of Civil Procedure, Rule 11

2.  17 U.S. Code §§ 100

3.  17 U.S. Code § 512(h)

**DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

Mr. Khimji brings this motion in accordance with Rule 11, and has served this motion on Visual Supply Company ("**VSCO**") twenty-one days before its filing.

*In Re DMCA Subpoena to Reddit, Inc.,* 441 F.Supp.3d 875, 883 (ND Cal. 2020), this Court stated that a DMCA subpoena may **only** be used to pursue copyright claims. This motion relies on a straightforward reading of §512(h)(2)(C), that a "*sworn declaration ….. that such information will **only be used for the purpose of protecting rights under this title** [copyrights]*" While VSCO provided a sworn declaration, the statement therein was **false**. VSCO was always pursuing trademark claims, and <u>most importantly</u>, VSCO admitted in the Complaint that they used the information obtained using the DMCA subpoena to advance **this trademark claim**.

Concurrently with the filing of this motion, Mr. Khimji is also filing a motion to quash the DMCA subpoenas on procedural grounds in *IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C.* (Case No: 3:24-mc-80159-SK) (the "**Motion to Quash**"). The Motion to Quash is based on two distinct grounds not covered in this motion for sanctions: (a) a DMCA subpoena can only be issued for *current* alleged infringement, not *past* alleged infringement; and (b) the DMCA notices sent to service providers must relate to copyright issues, not trademark issues, and does not meet the §512(h)(2)(A) requirements. For consistency, Mr. Khimji also served his Motion to Quash on VSCO 21-days prior to its filing. Mr. Khimji will be filing an Administrative Motion under Local Rules 3-12 to transfer these related cases to the same judge.

1

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

Mr. Khimji submits that this motion for sanctions should be decided <u>first</u> as the current motion could be a complete answer to the circumstances at hand. If this Court grants this motion for sanctions, the Motion to Quash may be unnecessary or moot.

## 2. <u>Visual Supply Company Made Three Representations to the Court</u>

On June 26, 2024, Visual Supply Company (hereafter "**VSCO**") filed *IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C.* (Case No: 3:24-mc-80159-SK) request for DMCA subpoenas to be issued to Cloudflare, Inc., Patreon, Inc. and NameSilo, L.L.C. pursuant to §512(h) of the DMCA. VSCO filed three documents in court:

a) Declaration of Andrew M. Levad (associate at Sideman & Bancroft LLP) in support of the request for subpoena (the "**Levad Declaration**") (Declaration of Simon Lin [**Lin Declaration**], Exh. D, p. 43).

b) Letter to the Clerk (the "**Letter to the Clerk**") (Lin Declaration, Exh. E, p. 77).

c) Visual Supply Company's Request to the Clerk for Issuance of Subpoenas Pursuant to Section 512(h) to Identify Alleged Infringers, enclosing three draft subpoenas to Cloudflare, Inc., Patreon, Inc. and NameSilo, L.L.C. (the "**DMCA Subpoena Request**") (Lin Declaration, Exh. C, p. 17).

In the Levad Declaration, Mr. Levad (on behalf of Visual Supply Company) swore to the following in paragraph 9 of his Declaration:

> 9. The purpose for which the accompanying DMCA subpoenas are sought is to obtain the identity of an alleged copyright infringer (or infringers) who are the purported owners and/or operators of the content identified herein and in the Request and <u>such information will only be used for the purpose of protecting VSCO's rights under Title 17 U.S.C. §§ 100, et seq.</u>
>
> <u>I declare under penalty of perjury</u> under the laws of the United States of America that the foregoing is true and correct, and was executed on June 26, 2024, at San Francisco, California.
>
> (emphasis added, Lin Declaration, Exh. D, p. 46)

2

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

Title 17 U.S.C. §§ 100, et seq, referred to in Mr. Levad's Declaration, is the U.S. Code provisions that relate exclusively to **copyrights**.

In the Letter to the Clerk, VSCO again represented to the Court that:

> Section 512(h) of the Digital Millennium Copyright Act provides that a "copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection." 17 U.S.C. § 512(h)(1). For a subpoena to be issued, Section 512(h) requires the filing with the Clerk of the Court of:
>
> …
>
>> (3) a sworn declaration that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will **only be used for the purpose of protecting rights under U.S.C. Title 17**.
>
> (emphasis added, Lin Declaration, Exh. E, p. 79)

In the same vein, VSCO's formal DMCA Subpoena Request similarly states that:

>> (3) Submitted <u>a sworn declaration confirming</u> that the purpose for which the Subpoenas are sought is to obtain the identity of the alleged infringers and that <u>such information will only be used for the purpose of protecting VSCO's rights under 17 U.S.C. § 512(h)(2).</u> See Levad Decl., ¶ 9.
>
> (emphasis added, Lin Declaration, Exh. C, p. 19)

The significance of these three representations in the Levad Declaration, Letter to the Clerk, and DMCA Subpoena Request is **two-fold**: (a) they serve as an assurance to the Court that information obtained will be used for enforcing copyrights *only*; and (b) it is a *sworn* statement confirming that VSCO does not currently intend to use the information obtained for any other purpose except enforcing copyrights.

As detailed in the two sections that follow, VSCO did not abide by the assurance given to the Court. Moreover, from VSCO's own evidence, it is clear that at the time of requesting the DMCA subpoena, VSCO's intent was to pursue trademark claims.

3

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

3. <u>**VSCO is Using the DMCA Subpoenas Contrary to their Assurance**</u>

*In Re DMCA Subpoena to Reddit, Inc.,* 441 F.Supp.3d 875, 883 (ND Cal. 2020), the Court confirmed that the DMCA subpoena information may only be used to protect copyrights, and not other IP rights:

> Consequently, if the fair use inquiry demonstrates that Darkspilver is not an infringer of Watch Tower's copyrighted works, the subpoena must be quashed. <u>The only authorized purpose for the subpoena under the DMCA was to discover his identity as an alleged **copyright** infringer</u> to protect Watch Tower's copyrights. See <u>15 U.S.C. § 512(h)(2)(C)</u> (requiring "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information <u>will only be used for the purpose of protecting rights under this title</u>"). If Darkspilver establishes that he made fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA.

(emphasis added in bold and underline)

VSCO is obviously in breach of the assurances that was provided in the Levad Declaration, Letter to the Clerk, and DMCA Subpoena Request, all of which VSCO filed with the Court in order to obtain the DMCA subpoenas.

It cannot seriously be disputed that the Complaint in this case is based **entirely** on trademark or unfair competition causes of action, and does not even raise any copyright causes of action whatsoever. <u>Even if</u> VSCO purports to raise copyright causes of action (which VSCO cannot since the photographs on its platform are owned by third-parties), that would be of no moment. 15 U.S.C. § 512(h)(2)(C) very clearly uses the word "**only**" in circumscribing what use can be made of the information obtained from a DMCA copyright subpoena.

Notably, VSCO **expressly admitted** that they used the information from the DMCA subpoenas for purpose of this trademark and unfair competition case:

1

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

39. On June 28, 2024, <u>VSCO initiated *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.) pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA"), seeking the issuance of subpoenas ("DMCA Subpoenas")</u> to certain service providers involved in the Infringing Websites and Mr. Khimji's scheme. In the DMCA Subpoenas, VSCO sought documents and other information necessary to ascertain Mr. Khimji's true identity.

40. <u>Patreon, Inc. ("Patreon") and Cloudflare, Inc. ("Cloudflare") provided</u> documents to VSCO <u>in response to the DMCA Subpoenas</u>.

41. <u>Patreon and Cloudflare both produced the payment records and other electronic records associated with the Infringing Websites to VSCO</u>. Both Patreon and Cloudflare's payment records display Mr. Khimji's full name; his physical address at 1435 Prince of Wales Dr., Ottawa, ON K2C 1N5, Canada; and his email address at vscoclub@protonmail.com. This further confirmed that Mr. Khimji, at a minimum, received notice and copies of all WIPO correspondence and pleadings related to the UDRP action (WIPO Case No. D2023-3616), as alleged above.

42. On October 4, 2024, VSCO sent Mr. Khimji another letter, demanding that he cease and desist his unlawful activity and cooperate in VSCO's investigation into this matter.

(Docket, #1 – emphasis added)

While not necessary as part of this motion for sanctions, Mr. Khimji has provided a sworn statement confirming that he has no involvement in the conduct that VSCO has been alleging against him (Declaration of Adam Khimji [**Khimji Declaration**], paragraphs 5-6 and 11, pp. 2-3). Mr. Khimji himself is also the victim of identity theft, with his information having been used without his consent (Khimji Declaration at paragraph 11, p. 3). Mr. Khimji is a senior employee with the Government of Canada and it would be difficult to believe that he would engage in the conduct in question that could indirectly jeopardize his career (Khimji Declaration at paragraphs 1-2, p. 1).

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

On the other hand, it appears that VSCO themselves did not even do the very basic diligence in respect of the information they received from Cloudflare or Patreon using the DMCA subpoenas. The IP address associated with the impugned accounts are physically located hundreds of miles away from where Mr. Khimji resides. When VSCO was confronted with this obvious discrepancy, they avoided addressing it (see p. 4-5 and 96-101 of Lin Declaration, paras. 16-19 and Exh. L to N).

Be that as it may, VSCO's objective of enforcing its trademark rights does not give it an immunity to ignore assurances that were provided to the Court in order to pursue those ends. It is no different than a case where a law enforcement officer obtains a search warrant using false evidence (i.e., fruit of the poisonous tree) – the remedy would be excluding the evidence and a dismissal. The circumstances here are egregious in that VSCO's theory about Mr. Khimji's involvement seems illogical on a cursory review, but yet VSCO still continued after being confronted with it and continues to use information they improperly obtained using the DMCA subpoenas.

4.    **VSCO Always Intended to File the False Statement to Obtain the Subpoenas**

It is expected that VSCO may assert that it was an inadvertent error in that they *originally* intended to pursue copyright claims only but changed their mind *after* the sworn declaration was signed and subpoena issued. **Such argument has no merit**.

It is plain from VSCO's own court filing that they had **always intended** to pursue non-copyright claims. In other words, when the sworn statement pursuant to 15 U.S.C. § 512(h)(2)(C) was made, VSCO knew that it was not truthful. There are four (4) strong grounds supporting such conclusion.

3

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

**Firstly**, VSCO,  while represented by competent counsel, represented to the Court no less than three (3) times that VSCO was aware of the requirement to use the information **only** for purpose of protecting copyrights (i.e., the Levad Declaration, the Letter to the Clerk, and the DMCA Subpoena Request above). The same law firm, Sideman & Bankcroft LLP, is representing Visual Supply Company throughout and the same law firm had conduct of **both** the DMCA subpoena request <u>and</u> this case.

**Secondly,** Mr. Levad's declaration itself actually reveals that VSCO was intending <u>all along</u> to pursue trademark claims. In Exhibit E of the Levad Declaration, which was used to obtain the DMCA subpoenas, Mr. Levad attached an email thread between Ms. Portnoy (a partner of Sideman & Bankcroft LLP) and Patreon, Inc. (Lin Declaration at Exhibit D at p. 71-72 within Exhibit E of the Levad Declaration).  In that email, Ms. Portnoy stated that she was seeking to enforce VSCO's trademark rights:

> The Infringing Website is using <u>the VSCO Marks</u> in the url (https://www.patreon.com/vscoclub)..."
>
> …
>
> **VSCO requests that you cease providing further services to the Infringing Website and notify the Infringing Website that <u>the use of the VSCO Marks is infringing</u>.**

(bold emphasis in original, emphasis added with underline)

**Thirdly**, VSCO admitted in its Complaint at paragraphs 37-38 that on October 20, 2023 and April 3, 2024, dates that were all prior to seeking the DMCA subpoena, that VSCO was pursuing domain name disputes involving domains that contain the trademark "VSCO."

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

37. On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe>domains from Defendants to VSCO. See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin and Aiden Salamon, WIPO Case No. D2023-3616 (Oct. 20, 2023). On October 20, 2023, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.page>, <vsco.club>, and <glizzy.cafe> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Mr. Khimji received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

38. On February 9, 2024, VSCO filed a complaint pursuant to UDRP in the WIPO Arbitration and Mediation Center, seeking the transfer of the <vsco.top> domain from Defendants to VSCO. See Visual Supply Company ("VSCO") v. Nice IT Services Group Inc., Customer Domain Admin, WIPO Case No. D2024-0621 (Apr. 3, 2024). On April 3, 2024, the WIPO panel appointed to this action determined that Defendants had violated the UDRP and ordered the transfer of <vsco.top> from Defendants to VSCO. VSCO is informed and believes, and thereon alleges, Defendants received notice and copies of all WIPO correspondence and pleadings related to this UDRP action.

(Docket, #1 – emphasis added)

These WIPO domain name dispute decisions clearly show that VSCO was relying

on trademark claims, and not copyright claims:

**A. Complainant**

The Complainant is a company founded in 2011 and headquartered in the United States. The Complainant provides its downloadable photo and video editing products <u>under the trade mark VSCO (the "**Trade Mark**"),</u> via its website and via mobile apps.

The Complainant is the owner of numerous registrations for the Trade Mark, including United States registration No. 4273434 for the device Trade Mark, registered on January 8, 2013.

…

**A. Complainant**

The <u>Complainant contends that the disputed domain names are identical or confusingly similar to the Trade Mark</u>; the Respondents have no rights or legitimate interests in respect of the disputed domain names; and the disputed domain names have been registered and are being used in bad faith.

5

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

(emphasis added, pp. 8-9 of the Lin Declaration at Exh. A)

**A. Complainant**

The Complainant submits that it launched its first mobile app in 2012 and offers its products for download through its own website, the Google Play Store and the Apple App Store. It states that it has amassed over 150 million Android and iPhone downloads to date, and that its VSCO trademark has therefore acquired significant customer recognition and goodwill.

The Complainant submits that the disputed domain name is identical to its VSCO trademark.

The Complainant submits that the Respondent has no rights or legitimate interests in respect of the disputed domain name. It states that it has no relationship with the Respondent and has never authorized it to use its VSCO trademark, that the Respondent has not commonly been known by the disputed domain name and that the Respondent is making neither bona fide commercial use nor legitimate noncommercial or fair use of the disputed domain name.

(emphasis added, pp. 14-15 of the Lin Declaration at Exh. B)

**Finally**, the cease-and-desist letter that VSCO sent to Mr. Khimji on or about October 4, 2024, immediately after receiving Mr. Khimji's information using the DMCA subpoenas, similarly focusses on trademark claims with copyright only mentioned in passing (Khimji Declaration, Exh. A, p. 5-9).

VSCO's sworn statement to the Court that they would **only** use the information obtained for purpose of copyright could not be true at the time that statement was made on June 26, 2024. It is clear from VSCO's own evidence or admissions that at all times they were pursuing trademark or unfair competition claims.

6

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

**5.** __Applicable Legal Standard for Imposing Sanctions including Dismissal__

Federal courts have broad powers to impose sanctions against parties or counsel for improper conduct in litigation. The Court derives the power to impose sanctions on parties or their counsel from three primary sources of authority, "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

Considering this motion is only seeking sanctions against VSCO at this time, and not VSCO's attorney, the second ground above (i.e., 28 U.S.C. § 1927) need not be relied on.

*Rule 11*

Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;. . . [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. ..." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 811 (9th Cir. 1989).

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

Rule 11(c) provides for the imposition of appropriate sanctions for a violation of Rule 11(b) on any attorney, law firm or party that has violated the rule or is responsible for the violation. Any sanction imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4). Whether to impose sanctions is determined by the reasonableness of the inquiry into the law and facts. *G.C. & K.B. Investments v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Fed. R. Civ. P. 11(c)(6).

*Inherent Power*

The Court has inherent power to sanction parties for improper conduct. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).. This includes the "inherent power to dismiss an action when a party has <u>willfully deceived the court</u> and engaged in conduct utterly inconsistent with the orderly administration of justice." (emphasis added) *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995) (quoting *Wyle v. R. J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir. 1983)); see *Combs v. Rockwell Intern. Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) ("Dismissal is an appropriate sanction for <u>falsifying</u> deposition" (emphasis added)). Because dismissal is such a harsh penalty, it should only be used in extreme circumstances. *Wyle*, 709 F.3d at 589. "It is well settled that dismissal is warranted where . . . a party has <u>engaged deliberately in deceptive practices</u> that undermine the integrity of judicial proceedings. ..." (emphasis added) *Anheuser-Busch, Inc*., 69 F.3d at 348.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

*Dismissal as the Sanction*

In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Fed. R. Civ. P. 11 allows sanctions if a filing is either legally frivolous or factually misleading. *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). Moreover, a court may exercise its inherent power to dismiss an action as a sanction when a party willfully deceives the court. *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th Cir. 1995).

*Examples of Cases where False Evidence/Declarations Led to Dismissals*

Courts have said that "…filing a false declaration would violate the standard for any litigant." (emphasis added) *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC, under the heading "C. Sanctions" (E.D. Cal. Sept. 6, 2011) also *Brush v. Woodford*, No. 1:07-cv-01009-DLB PC, under the heading "C. Sanctions" (E.D. Cal. Oct. 31, 2011) – affirmed by the Ninth Circuit in *Brush v. Farber-Szekrenyi*, Court of Appeals, 9th Circuit 2012 (Case No: 11-17818 – not for publication opinion).

9

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

Both of the above cases involved *pro se* plaintiffs. Yet, despite that *pro se* litigants are not necessarily held to the same high standards as an attorney or represented party, the courts still applied the sanction of dismissals because filing of false evidence violates the standard for any litigant, whether represented or not. Filing false evidence strikes at the heart of the fair administration of justice and would create chaos if that conduct is not deterred.

### 6.   Appropriate Sanction in the Circumstances of this Case

The situation here is more egregious than the two *pro se* cases noted above. The Plaintiff in this case is represented by experienced counsel, but yet VSCO still filed a sworn declaration that contains a false statement.

Mr. Khimji submits that the appropriate sanctions in this case would include the following, cumulatively:

a. quashing with prejudice the subpoenas issued in *IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C.* (Case No: 3:24-mc-80159-SK);

b. the Complaint in this file be dismissed with prejudice against Mr. Adam Khimji;

c. as *an alternative to (b)*, Mr. Khimji be removed as a Defendant with prejudice, striking any references to his name from the Complaint, striking paragraph 8 of the Complaint entirely, and expunging references to Mr. Khimji in this court file;

g. reasonable attorney's fees and costs for this motion for sanctions <u>and</u> defending this case, and such proof be filed within 14 days; and

h. that the Plaintiff shall pay a fine of $10,000 into Court within thirty days.

10

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>*Quashing of the DMCA Subpoenas with Prejudice*</u>

The problematic evidence and submissions originated in the DMCA subpoenas that were issued by VSCO in *IN RE: DMCA SECTION 512(h) SUBPOENA TO (1) CLOUDFLARE, INC.; (2) PATREON, INC.; and (3) NAMESILO, L.L.C.* (Case No: 3:24-mc-80159-SK). Based on the above authorities on dismissal as an appropriate sanction, the court file where VSCO sought the DMCA subpoenas should be dismissed. Considering that the subpoena request is not a Complaint, quashing of the DMCA subpoenas with prejudice would be the equivalent to a dismissal.

<u>*The Complaint in this Case Should be Dismissed with Prejudice*</u>

As detailed above, the information obtained using the DMCA subpoenas had been improperly used by the Plaintiff to commence the current court file. It is akin to a "fruit of the poisonous tree" situation. "[A]llowing Plaintiff to continue this action would not deter repetition of such conduct or comparable conduct." *Brush v. Woodford*, No. 1:07-cv-01009-DLB PC, under the heading "C. Sanctions" (E.D. Cal. Oct. 31, 2011) – affirmed by the Ninth Circuit in *Brush v. Farber-Szekrenyi*, Court of Appeals, 9th Circuit 2012 (Case No: 11-17818 – not for publication opinion).

The five factors used to determine whether to dismiss an action all favor Mr. Khimji (i.e., "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted)).

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

An early dismissal of this case would be in the public's interest in expeditious resolution of litigation. If the case is not dismissed, the court would need to adjudicate the motion to quash the DMCA subpoenas on procedural grounds, which was filed separately. Moreover, this Court would also need to adjudicate the Rule 12(b) motion(s) that Mr. Khimji will bring in answer to the Complaint in this case.

There is no doubt that this Court has a busy docket. It is contrary to the public interest and is an inefficient use of judicial resources to permit a Plaintiff to continue a case when that Plaintiff does not come to court with clean hands. There are many other deserving plaintiffs that desperately need this Court's assistance.

Dismissing this case does not give rise to any risk of prejudice to the defendant, Mr. Khimji. To the contrary, not dismissing this case would be highly prejudicial to Mr. Khimji. VSCO failed to even do the basic due diligence of verifying the information received with the Canadian ISP – the IP address in question shows it is hundreds of miles away from where Mr. Khimji resides (Lin Declaration at paragraph 8, Exh. F to I, pp. 3 and 80-90). While the applicable test does not appear to require consideration of the prejudice to the Plaintiff, there is similarly no identifiable prejudice to the Plaintiff. In their Complaint, VSCO mainly seeks injunctive relief for alleged *past* infringement (i.e., the conduct has already stopped and they are seeking an injunction to stop conduct that is not even continuing). VSCO would not be barred from pursuing any claims involving future conduct, so there is no identifiable prejudice in any event.

While the public policy favors disposition of cases on their merits, this factor does not favor a plaintiff when it is the plaintiff's own misconduct that is at issue. In fact, courts have stated that this weighs against a plaintiff. *Brush v. Woodford*, No. 1:07-

12

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

cv-01009-DLB PC, under the heading "C. Sanctions" (E.D. Cal. Oct. 31, 2011) – affirmed by the Ninth Circuit in *Brush v. Farber-Szekrenyi*, Court of Appeals, 9th Circuit 2012 (Case No: 11-17818 – not for publication opinion).

Finally, there are no less drastic sanctions. "[D]ismissal is the only sanction that adequately redresses the severity of Plaintiff's misrepresentations to this Court." *Brush v. Woodford*, No. 1:07-cv-01009-DLB PC, under the heading "C. Sanctions" (E.D. Cal. Oct. 31, 2011) – affirmed by the Ninth Circuit in *Brush v. Farber-Szekrenyi*, Court of Appeals, 9th Circuit 2012 (Case No: 11-17818 – not for publication opinion). The circumstances here are egregious. The DMCA subpoena process was abused to further VSCO's non-copyright claims. VSCO acted with full legal representation.

As an alternative to dismissing the entire case, Mr. Khimji submits that this Court could remove Mr. Khimji as a Defendant with prejudice, striking any references to his name from the Complaint, striking paragraph 8 of the Complaint entirely, and expunging references to Mr. Khimji in this court file. This alternative would allow the Plaintiff to continue their case against the real culprit. As noted above, Mr. Khimji has always maintained that he was the victim of identity theft and his information was used without permission. (Khimji Declaration at paragraph 11, p. 3)

### Attorney's Fees for this Motion for Sanctions and Court Case

Mr. Khimji also seeks attorney's fees for this motion and all steps in defending this case. The Plaintiff submits that the proof of fees and expenses should be provided to the Court for review after this Court decides the motion in Mr. Khimji's favor as there continues to be a number of moving parts and other related motions.

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

All of Mr. Khimji's expenditure in defending this court case, not just the expense of bringing this motion for sanctions, directly result from VSCO seeking DMCA subpoenas on the basis of a sworn declaration containing false statements. Had VSCO properly followed the DMCA, Mr. Khimji would not be placed in a position of having to defend a case for which he had no involvement in whatsoever.

### *Fine of $10,000 Payable in Thirty Days*

Mr. Khimji further submits that a monetary sanction, in the form of a penalty of $10,000 (or such lower amount the Court sees fit), in addition to dismissal of the case would be required in the circumstances as a deterrent for VSCO, or similar plaintiffs, that are seeking a DMCA subpoena. As illustrated, the issuance of a DMCA subpoena is often accomplished by the Court Clerk, without a hearing before a judge. In those circumstances, it is incumbent upon the filing party (especially when they are represented by counsel) to strictly comply with the necessary legal requirements. VSCO failed to do so, and there is no explanation why.

A penalty of $10,000 is relatively modest, considering VSCO is a large company.

The DMCA subpoena is a powerful tool that is available only when very specific legal requirements are satisfied. VSCO's casual approach to obtaining a DMCA subpoena sends the wrong message to honest copyright holders that are using this process properly and complying with all of the strict legal requirements. The Court should send a strong message that VSCO's conduct cannot be condoned. Otherwise, it would risk flooding <u>every</u> District Courts' dockets with requests for DMCA subpoenas that do not meet the strict legal requirements. It would create chaos.

14

**MEMORANDUM OF POINTS AND AUTHORITIES- MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

**7.** **Conclusion and Relief Sought**

Mr. Khimji submits that this motion for sanctions should be granted. In that event, the separately filed motion to quash subpoenas and the Rule 12(b) motion(s) would not need to be decided. Mr. Khimji submits that the Court should permit him to file proof of his fees and expenses 14 days after this motion is decided in his favor.

VSCO's conduct here is deserving of rebuke. VSCO has blatantly ignored clear statutory language in section 512(h) of the DMCA, provided a false declaration to attempt to fit within the strict statutory requirements, then returned to this Court to file a Complaint using the information obtained using the improperly obtained subpoena. VSCO is not coming to Court with clean hands.

Respectfully submitted,

Date: March 21, 2025

By: _Simon Lin_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com