Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendant Adam Khimji*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
*(San Francisco)*

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KHIMJI, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 3:24-cv-09361-WHO<br><br>**DEFENDANT ADAM KHIMJI'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES WHILE DEFENDANT'S MOTION TO DISMISS AND STAY IN FAVOR OF ARBITRATION IS PENDING**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>**Complaint Filed**: December 23, 2024<br>**Initial CMC:** June 17, 2025<br>**Trial Date**: None set. |

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES; Case Number: 3:24-cv-09361-WHO

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

Pursuant to Civ. L.R. 7-11, Defendant hereby moves the Court for an Order continuing the initial CMC currently set for June 17, 2025, at 2:00 p.m. and all associated Fed. R. Civ. P. Rule 26 deadlines (including the meet and confer by *May 27, 2025*) be vacated and continued to a date no earlier than 30 days after the Court's ruling on Defendant's Motion to Dismiss and Motion to Stay in Favor of Arbitration (Dkt. No. 15). A continuance will allow the Court to hear and rule on Defendant's motion (Dkt. No. 15), set for hearing on June 18, 2025.

Continuing the initial CMC and related Rule 26 deadlines precipitating discovery will conserve the resources of the court and parties and promote judicial efficiency. There is no reason for this Court to review a Rule 26(f) report and joint discovery plan, hold a Case Management Conference on June 17, 2025, and issue a scheduling order only to require Plaintiff to arbitrate its claims and stay this action the following day (i.e., June 18, 2025).

Defendant asked Plaintiff to stipulate to continue the initial CMC, but Plaintiff has failed to provide a substantive response, necessitating this motion. Lin Decl., ¶ 3-5 & Ex. 2-4

I.  **RELEVANT PROCEDURAL BACKGROUND**

The Complaint in this action was filed on December 23, 2024. On January 8, 2025, Defendant promptly executed a Waiver of Service (Dkt. No. 9), and the resulting deadline for Answer was March 31, 2025. Prior to Defendant executing the Waiver of Service, the Court had issued an Order setting the initial CMC for March 25, 2025 (Dkt. No. 6).

Upon being retained, Defendant' counsel promptly advised he is unavailable on March 25, 2025. An initial CMC prior to the deadline for Answer is unusual. The parties stipulated to continuing the initial CMC to June 17, 2025, the first mutually convenient date taking into account the Court's calendar (Dkt. 13-1). On March 31, 2025, Defendant filed his Motion to Dismiss and Motion to Stay in Favor of Arbitration (Dkt. No. 15) calendared for June 18, counsel for the Defendant's first available date as detailed in Declaration (Dkt. No. 13-1).

Defendant's Motion to Dismiss and Motion to Stay in Favor of Arbitration (Dkt. No. 15) seeks alternative forms of relief: (a) dismissal for lack of personal or subject matter

1

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES; Case Number: 3:24-cv-09361-WHO

jurisdiction; (b) stay in favor or arbitration; (c) dismissal for *forum non conveniens*; and (d) dismissal for failure to state a claim. This motion has been fully briefed on April 21, 2025.

On March 21, 2025, the Defendant had also *served* two other motions: (a) Motion for Sanctions (Dkt. No. 20) under Fed. R. Civ. P. 11 that Plaintiff breached its obligations in 17 U.S. Code §512(h)(2)(C) to use information obtained from a DMCA subpoena **only** for purpose of pursuing copyright claims and the present action is not a copyright claim; and (b) Motion to Quash Subpoena (Dkt. No. 5 filed in Case No: 3:24-mc-80159-SK)[1] to quash the DMCA subpoena for reason that it cannot be used for *past* infringements, and VSCO's evidence for that subpoena misrepresented a trademark claim as a copyright claim. Both of these motions were filed on May 12, 2025[2] and would not be fully briefed until June 3, 2025. As such, given the time sensitivity of this Administrative Motion and the hearing date for the Motion for Sanctions being vacated to a date to be fixed (Dkt. No. 21), Defendant does not intend to rely on these two other motions as the basis for this Administrative Motion.

II. **LEGAL STANDARD**

Courts in this District recognize Civ. L. R. 7-11 as an appropriate means for continuing CMCs (and other requirements in a scheduling order) and staying discovery where, as is the case here, a pending motion may result in dismissal or the matter being arbitrated. See, e.g., *Stiener v. Apple Computer*, No. C 07-4486 SBA (N.D. Cal. Nov. 29, 2007) (granting defendant's administrative motion to stay obligations under the Court's initial scheduling order pending resolution of a motion to compel arbitration); *Song Fi, Inc. v. Google, Inc.*, No. C 14-5080 CW (N.D. Cal. Apr. 27, 2016) (granting defendant's Rule 7-11 motion to stay discovery until determination of the defendant's motion to dismiss). See also *Luong v. Super Micro Computer, Inc.*, No. 24-cv-02440-BLF (N.D. Cal. Aug. 13, 2024) and *Legaspi v. SSC Carmichael Operating Company LP*, No: 18-cv-01391-BLF (N.D. Ca. May 31, 2018).

---

[1] Defendant initially noted that he will be filing an Administrative Motion to have the cases related. However, the Court has already referred the Motion for Sanctions to Magistrate Judge Kim (Dkt. No. 21).
[2] The short gap between service and filing is that there was a possibility the Motion to Dismiss and Stay (Dkt. No. 15) may be decided without an oral hearing, which may render the other two motions unnecessary.

2
DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES; Case Number: 3:24-cv-09361-WHO

The rationale for continuing pre-trial discovery obligations where motions to stay in favor of arbitration are pending is straightforward. As the *Stiener* Court noted, if a "pending motion to compel arbitration is granted, litigation will proceed in an arbitral forum, not in this Court. And '[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the **arbitrators** . . .'" (emphasis added) *Stiener*, 2007 WL 4219388, at *1 (quoting *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir.2002). The Court further held that a <u>short stay</u> of "initial scheduling obligations and discovery" promoted "the interests of conserving the resources of the parties" and was therefore "prudent." *Id*. The Court also recognized that such stays are common practice throughout the district courts. *Id*. (citing *Ross v. Bank of Am., N.A.*, No. 05 Civ. 7116(WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("[i]n view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate"); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending…").

If Defendant was required to proceed with pretrial obligations, including discovery, while the enforceability of an arbitration provision is still being litigated, "'the advantages of arbitration – speed and economy – are lost forever,'" a loss the Ninth Circuit describes as "'serious, perhaps, irreparable.'" *Winig v. Cingular Wireless*, C-06-4297 MMC, 2006 WL 3201047, at *2 (N.D. Cal. Nov. 6, 2006) (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)). Such an approach would subject Defendant "to the very complexities, inconveniences, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649-50 (11th Cir. 1988). The same considerations dictate staying Defendant's obligations under the Court's initial scheduling order. The requirements contained in the Court's scheduling order would be mooted if this Court were to grant the motion to stay in favor of

arbitration. It simply "does not make sense for this Court to expend its time and energy preparing this case for trial . . . only to learn at a later date . . . that it was not the proper forum to hear the case." *Winig*, 2006 WL 3201047, at *2 (internal quotation marks omitted).

The Court and Defendant should not be required to expend resources on discovery and litigation while Defendant's motion is pending. See *Mundi v. Union Security Life Ins. Co.*, 2007 WL 2385069, *6 (E.D. Cal. Aug. 17, 2007) (the "the unjustifiable waste of time and money that would result from proceeding with this litigation" while the issue of arbitrability is undecided). As the Ninth Circuit has explained, discovery and litigation should be stayed while the issue of arbitrability is open because otherwise "the advantages of arbitration—speed and economy—are lost forever," which is a "serious, perhaps irreparable" loss. *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). Recently, the court recognizes that for stays pending resolution of a motion to arbitrate, the prejudice of delay "is outweighed by the potential prejudice that would result from further litigation of claims which may ultimately be subject to arbitration" and in cases involving the *FAA*, "public policy and the orderly course of justice favor staying a civil action that may implicate compelled arbitration." *Zamudio v. Aerotek, Inc.*, No: 1:21-cv-01673 (E.D. Cal. Feb. 28, 2024).

Another court noted that based on *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), the case for staying discovery is <u>particularly strong</u> when the underlying dispositive motion is premised on a motion to stay in favor of arbitration. *Williams v. Experian Information Solutions Incorporated*, No: CV-23-01076-PHX-DWL. (Dist. Court, Arizona, Feb. 23, 2024) ("If, per *Coinbase*, a party that fails in its attempt to compel arbitration is still entitled to an automatic stay of the district court proceedings (including discovery) while pursuing an appeal of the denial of its compulsion request,[1] it follows that a stay of discovery may also be warranted while a motion to compel arbitration is pending (and has not yet been deemed a loser).")

III. **GOOD CAUSE EXISTS FOR THE COURT TO GRANT THIS MOTION**

Unless the initial CMC is continued, the Parties will need to meet and confer by May, 27, 2025, discuss initial disclosures, and submit a Joint Case Management Statement by June 10,

4

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES; Case Number: 3:24-cv-09361-WHO

2025. Significantly, this meet and confer will open discovery. If the initial CMC is not continued, Federal Rule of Civil Procedure 16 calls for the Court to consider a Rule 26(f) report and a joint discovery plan and issue a scheduling order that will quickly become moot once Plaintiff is forced to arbitrate their claims and this action is stayed.

Defendant is merely seeking a short continuation that promotes economy of time and effort that courts routinely grant under similar situations. *Fridman v. Uber Technologies, Inc.* No: 18-cv-02815-HSG (N.D. Cal. Feb. 11, 2019). A brief stay or continuation simplifies the issues before the court and generally does not prejudice the parties. *Garage Door Systems, Llc v. Blue Giant Equipment Corporation*, No. 1:23-cv-02223-JMS-KMB (N.D. Cal., Apr. 15, 2024) citing *Ogungemi v. Omnicare, Inc.*, 2023 WL 2139834, at *2 (S.D. Ind. Feb. 17, 2023).

Discovery in court proceedings is not the same as in arbitration and a failure to stay discovery would deny parties of the intended benefits and efficiency of an arbitration. *Garage Door Systems, Llc v. Blue Giant Equipment Corporation*, No. 1:23-cv-02223-JMS-KMB (N.D. Cal., Apr. 15, 2024) citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023).

There is little doubt that *at least* some of the claims (i.e., all claims in the Complaint that involve non-equitable relief) are covered by Plaintiff's arbitration agreement on in its website terms of use. As detailed in the Reply for the underlying motion, <u>at minimum</u>, the entire action should be stayed in favor of arbitration: (a) consistent with a similar decision from this Court (Dkt. No. 17, p. 4, lines 4-9); and/or (b) Plaintiff lacks standing to pursue the equitable relief (which is not subject to arbitration) or the equitable relief is otherwise unnecessary (Dkt. No. 15, p. 14-18). **Most importantly**, the Plaintiff's own arbitration agreement explicitly provides for bifurcation of court and arbitration proceedings and for **the arbitrator** to rule on liability **first** before any proceedings (including discovery) (Dkt. No. 15, p. 12, line 8-10).

There is also no prejudice to Plaintiff when Plaintiff has dragged its own feet for a significant period of time beyond the contractual statute of limitations (Dkt. No. 17, p. 14).

IV. <u>CONCLUSION</u>

This Court should grant the Order, as detailed in the Proposed Order.

5

DEFENDANT'S ADMINISTRATIVE MOTION TO CONTINUE INITIAL CMC AND ASSOCIATED DEADLINES; Case Number: 3:24-cv-09361-WHO

|   |   |
|---|---|
| Date: May 18, 2025 | Respectfully submitted,<br>By: _____*Simon Lin*_____<br>     Simon Lin – State Bar No. 313661 |