Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendant, Adam Khimji*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
*(San Francisco)*

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KHIMJI, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 3:24-cv-09361-WHO<br><br>**DECLARATION OF SIMON LIN IN SUPPORT OF DEFENDANT'S ADMINISTRATIVE MOTION TO STAY OBLIGATIONS UNDER INITIAL CASE MANAGEMENT SCHEDULING ORDER WITH ADR DEADLINES AND STAY OF DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AND MOTION TO STAY IN FAVOR OF ARBITRATION**<br><br>**Judge:** Senior District Judge William H. Orrick<br>**Complaint Filed**: December 23, 2024<br>**Trial Date**: None set. |

I, Simon Lin, do hereby declare as follows:

1. I am an attorney at law and counsel of record for the Defendant Mr. Adam Khimji. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. I make this Declaration in support of Defendant Adam Khimji's Administrative Motion to Continue Initial Case Management Conference and Associated Deadlines while Defendant's Motion to Dismiss and Motion to Stay in Favor of Arbitration is pending. I have personal knowledge of the facts set forth in this Declaration, gained in my capacity as counsel for Defendant, and, if called as a witness, could and would testify competently to such facts under oath.

2.      On May 12, 2025, I sent Mr. Zachery Alinder, counsel for Plaintiff Visual Supply Company, an email requesting that Plaintiff stipulate that the current action is related to an earlier case for which VSCO sought a subpoena pursuant to the DMCA (i.e., Case 3:24-mc-80159- SK). On this email, I noted to Mr. Alinder that we intend to file the administrative motion for related cases on May 16, 2025. I had expected that Mr. Alinder will provide Plaintiff's position before May 16, 2025. A true and correct copy of the email that I sent on May 12, 2025 is attached to this declaration as **Exhibit 1**.

3.      Prior to filing this administrative motion, I also asked Mr. Alinder on May 13, 2025 via email to stipulate to continue the June 17, 2025 initial case management conference ("**CMC**") considering the Defendant's three pending motions that may be dispositive of the entire action are heard and decided. A true and correct copy of the email that I sent on May 13, 2025 is attached to this declaration as **Exhibit 2**.

4.      On May 13, 2025, Mr. Alinder responded to the email regarding the request for CMC continuance. Mr. Alinder indicated that "I expect to be able to respond on your request on relating cases <u>at the same time</u>." [emphasis added] I understood Mr. Alinder's email to mean that he will provide Plaintiff's position on continuing the initial CMC before May 16, 2025. A true and correct copy of the email that I received on May 13, 2025 is attached to this declaration as **Exhibit 3**. On May 14, 2025, I responded to Mr. Alinder's email. A true and correct copy of the email that I sent on May 14, 2025 is attached to this declaration as **Exhibit 4**.

5.      Until the time of signing this Declaration, Mr. Alinder has not provided a substantive response to the request to stipulate for the continuance of the initial CMC.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 18, 2025 in the City of Coquitlam, Province of British Columbia, Canada.

*Simon Lin*

Simon Lin

# EXHIBIT 1



Simon Lin <simonlin@evolinklaw.com>

## Visual Supply Company v. Khimji, et al. - Request for Stipulation to Relating Cases

**Simon Lin** <simonlin@evolinklaw.com>  Mon, May 12, 2025 at 10:25 PM
To: "Alinder, Zachary J." <zalinder@sideman.com>, "Levad, Andrew M." <alevad@sideman.com>

Dear Mr. Alinder and Mr. Levad,

We intend to file an administrative motion to have this case (i.e., Case 3:24-cv-09361-WHO) related to your prior case (i.e., Case 3:24-mc-80159-SK). For an administrative motion to deem cases related, Local Rule 7-11 requires the parties to meet and confer and hopefully stipulate to the administrative relief sought.

Please advise if VSCO will be willing to stipulate to having the cases deemed related and reassigned to Magistrate Judge Kim. Otherwise, I have to explain why you wouldn't stipulate in a declaration and point out that you technically should have filed the motion in the first instance when Case 3:24-cv-09361-WHO was filed.

We are looking to file on **Friday (May 16, 2025)**. We look forward to hearing from you.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

# EXHIBIT 2



Simon Lin <simonlin@evolinklaw.com>

## VSCO v. Khimji, et al. (N.D. Cal: 3:24-cv-09361-WHO)

**Simon Lin** <simonlin@evolinklaw.com>                                       Tue, May 13, 2025 at 7:03 PM
To: "Alinder, Zachary J." <zalinder@sideman.com>
Cc: "Levad, Andrew M." <alevad@sideman.com>

Dear Mr. Alinder,

I trust that you received my out of office message as I was travelling in the past weeks.

In regards to your email below, we disagree with your attempt at characterizing Mr. Levad's assertion in his Declaration as a miscommunication. Mr. Levad was clear that he reviewed the written correspondences between us on the stated date. Moreover, I do not recall there being a request to hold the Rule 26(f) conference at the single settlement call that we had. To my recollection, we only had one call.

In any event, I have instructions from Mr. Khimji to seek a further continuation of the Initial CMC. As things stand, there are three motions that would likely be dispositive of the case in some fashion. We trust that the Court would realize soon that the June 17 Initial CMC is unlikely to be productive when there are potentially dispositive motions here. Please advise at your earliest convenience if your client would be agreeable to stipulating for a continuation of the Initial CMC (and the associated deadline for the Rule 26(f) conference). If VSCO does not agree, we will bring a motion to continue the Initial CMC and/or motion to stay discovery.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Tue, May 6, 2025 at 5:21 PM Alinder, Zachary J. <zalinder@sideman.com> wrote:

> Dear Mr. Lin,
>
> I noted that, in your reply brief at page 6, you imply that there was somehow a miscommunication on discovery and that you actually will agree to holding the Rule 26(f) conference so that discovery may open generally.   To be frank, my clear recollection is that, during one of our settlement calls, you did confirm that you were not inclined to open discovery generally, in addition to my two emails requesting that the parties simply move forward with a Rule 26(f) discovery conference in the email string below.  But since you are now apparently of the position that there was a miscommunication on this point, when are you available to hold the Rule 26(f) conference?  We'd like to get discovery open and moving forward as soon as possible.
>
> Sincerely yours,
>
> Zac Alinder
>
> 
>
> Zachary J. Alinder | Partner
>
> San Francisco, CA
>
> Main: 415.392.1960

# EXHIBIT 3



Simon Lin <simonlin@evolinklaw.com>

## VSCO v. Khimji, et al. (N.D. Cal: 3:24-cv-09361-WHO)

**Alinder, Zachary J.** <zalinder@sideman.com>  Tue, May 13, 2025 at 8:32 PM
To: Simon Lin <simonlin@evolinklaw.com>
Cc: "Levad, Andrew M." <alevad@sideman.com>

Dear Mr. Lin:

We will consider your request for a CMC continuance and respond in due course.  I expect to be able to respond on your request on relating cases at the same time.

Your response on the discovery conference is disingenuous, as I did indeed bring it up during our call.  And I also brought it up twice with you, which you simply ignored, in the email string below that Mr. Levad indeed reviewed.  I was already pretty sure that your claim regarding your willingness to engage in discovery in the Reply brief was not in good faith.  I appreciate that you have at least now confirmed that.  Given the absurd and sanctionable "sanctions" motion and the wasteful and moot motion to quash, I suppose I should have just expected bad faith on your side.  It is disappointing nonetheless.

[Quoted text hidden]

# EXHIBIT 4

Simon Lin <simonlin@evolinklaw.com>

## VSCO v. Khimji, et al. (N.D. Cal: 3:24-cv-09361-WHO)

**Simon Lin** <simonlin@evolinklaw.com>  Wed, May 14, 2025 at 7:48 PM
To: "Alinder, Zachary J." <zalinder@sideman.com>
Cc: "Levad, Andrew M." <alevad@sideman.com>

Dear Mr. Alinder,

We respectfully disagree with your assertions and characterizations below. We have been acting in good faith all along and the correspondences and court documents speak for themselves.

We remind you of the Guidelines for Professional Conduct, particularly section 8, excerpted below. Thank you.

> 8. Communications with Opponents or Adversaries
>
> A lawyer should at all times be civil, courteous, and accurate in communicating with opponents or adversaries, whether in writing or orally.
>
> *For example:*
>
> **a.** A lawyer should not draft letters (i) assigning a position to an opposing party that the opposing party has not taken, or (ii) to create a "record" of events that have not occurred.
>
> **b.** A lawyer should not copy the court on any letter between counsel unless permitted or invited by the court.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

[Quoted text hidden]