ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:      zalinder@sideman.com
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail:      alevad@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-09361-WHO-SK<br><br>**PLAINTIFF VISUAL SUPPLY COMPANY'S OPPOSITION TO DEFENDANT ADAM KHIMJI'S ADMINISTRATIVE MOTION TO STAY DISCOVERY**<br><br><br>Honorable William H. Orrick |

## I.   INTRODUCTION

Discovery has been delayed here for far too long already. Defendant Adam Khimji ("Mr. Khimji") went to extreme lengths to conceal his involvement in an unlawful and depraved scheme to exploit Plaintiff Visual Supply Company ("VSCO"), its platform, and its users to generate illicit and ill-gotten gains. This concealment successfully delayed the start of this action, while VSCO uncovered Mr. Khimji's involvement. Further, although this action was filed at the end of 2024, discovery in this matter has not yet commenced due to a waiver of service process (Docket No. 9) and a stipulated continuance of the initial case management conference to June 17, 2025 due to the unavailability of Mr. Khimji's counsel. Docket Nos. 14 & 15. Mr. Khimji's co-conspirators still remain unidentified as a result, and critical evidence in the hands of third parties, subject to unknown retention limitations, cannot yet even be subpoenaed. And new related infringing websites and online communities continue to pop up in the meantime. Accordingly, VSCO would be likely to suffer significant prejudice from any further delay in opening discovery in this matter.

Mr. Khimji has filed every motion under the sun in this action in a desperate attempt to keep the full extent of his involvement in this scheme under wraps, and on top, he now asks this Court to further continue the initial scheduling conference and approve a further indeterminate stay of discovery to "no earlier than 30 days after the Court's ruling on Defendants' Motion to Dismiss…." Administrative Motion to Stay, Docket No. 22 at 1[1]. Delaying discovery on the grounds Mr. Khimji sets forth in his Administrative Motion is "directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "The mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings. If it was, every case with a pending a motion to dismiss--the large majority of federal actions--would be stayed at some point. That sort

---

[1] As set forth in the Administrative Motion, the Motion was filed before counsel for VSCO could substantively respond to counsel for Mr. Khimji. Counsel for the Parties have conferred further since the filing and attempted to negotiate a stipulation to stay party discovery while opening non-party discovery immediately, but were not able to come to agreement regarding these matters, after Mr. Khimji attempted to impose significant restrictions on even the non-party discovery that could be sought. Declaration of Zachary J. Alinder in Support of Opposition to Administrative Motion to Stay Discovery ("Alinder Admin. Opp. Decl."), ¶¶ 2-4 and Ex. A.

of inefficient and chaotic system is not contemplated by the Federal Rules. . . ." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) (internal citations omitted). Discovery has already been delayed too long here. Enough is enough.

Accordingly, the Court should summarily reject Mr. Khimji's attempt to further delay discovery here. In the alternative, and at a minimum, the Court should require non-party discovery to commence immediately without restriction.

## II.     LEGAL STANDARD

A party seeking to stay discovery must establish good cause, such that the "party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied." *Skellerup v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (citation omitted); *see also Digiacinto v. RB Health United States LLC*, 2022 WL 20087460, at *1 (N.D. Cal. Dec. 5, 2022). In evaluating such motions, California district courts often employ a two factor test: (1) whether the pending motion is potentially dispositive of the entire case; and, (2) whether the pending motion can be decided absent additional discovery. *Optronic Techs., Inc.*, 2018 WL 1569811, at *1. However, "the two-factor test is not satisfied by superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation." *Id.*

Importantly, motions to stay discovery are "disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *Qwest Communs. Corp. v. Herakles, LLC*, 2007 WL 2288299, at *2 (E. D. Cal. Aug. 8, 2007); *see also Optronic Techs., Inc.*, 2018 WL 1569811, at *1 (denying motion to stay discovery).

## III.    THE COURT SHOULD DENY THE ADMINISTRATIVE MOTION TO STAY

The Court should deny this administrative motion to stay discovery for at least five distinct reasons.

***First,*** the Administrative Motion does not comply with the Civil Local Rules. As a preliminary matter, many of Mr. Khimji's citations do not comply with N.D. Cal. L.R. 3-4(d). *See* Admin. Motion at pp. 2:18-24, 4:16-20 & 5:5-13. While VSCO has in good faith attempted to locate and respond to the arguments made by Defendant in this Opposition based merely on the provided information, rather than legal citations required by Civ. L.R. 3-4(d), certain of the case

names and docket numbers could not be accurately identified and at least one citation -- *Garage Door Systems, Llc v. Blue Giant Equipment Corporation*, No. 1:23-cv-02223-JMS-KMB (N.D. Cal. Apr. 15, 2024) on page 5 -- does not appear to reference an actual case in this District.  In addition, this motion should have been brought as a noticed motion at the same time that Mr. Khimji filed his motion to dismiss.  There appears to be a split in authority as to whether a motion to stay in this context requires a noticed motion.  *Compare Meta Platforms, Inc. v. Voyager Labs LTD.*, 2023 WL 4828007, at *1 (N.D. Cal. July 26, 2023) (denying administrative motion to stay discovery and ruling among other grounds that "Motions to stay discovery must be brought as regularly noticed motions in accordance with Civil L.R. 7-2 through Civil L.R. 7-4.") with Admin. Motion at 2:17-24 (citing case docket names, numbers, and dates).  The recent *Meta Platforms* case is more persuasive in this context, because this is not a minor administrative request.  *See id*.  Mr. Khimji's Administrative Motion seeks a full, blanket stay of discovery for an indeterminate amount of time, which is contrary to federal law and would be prejudicial to VSCO.  While this Administrative Motion may be denied on these procedural bases alone, it also fails on the merits.

**Second,** the Court should reject this motion to stay discovery because Mr. Khimji does not – and cannot – show good cause for this relief.  Mr. Khimji's good cause argument hinges on his claim that other courts have granted requests to stay cases pending a motion to compel arbitration or pending an appeal of the denial of such a motion.  *See* Admin. Motion at pp. 4-5.  There are a several fundamental problems with his argument.  First, as set forth in VSCO's Motion to Dismiss Opposition, the arbitration clause does not apply here.  *See* Docket No. 16 at 15:7-19:13.  As such, the entire premise of Mr. Khimji's stay argument holds no water.  Of course, that also means the Federal Arbitration Act does not apply either.

To that end, the caselaw that Mr. Khimji has cited[2] in his Administrative Motion is easily distinguishable.  To the extent located, those orders (*e.g. Stover v. Apple, Song Fi, Inc. v. Google, Inc.*) stand for the proposition that if there is a motion to compel arbitration that is likely to be granted or if there is an appeal filed involving a denied motion to compel arbitration, that a stay of

---

[2] To the extent that VSCO's counsel could locate and review what it believes likely to have been referenced where Mr. Khimji did not use actual case citations, the same is true.

discovery may be warranted.  Admin. Motion at pp. 3-5.  That is inapposite.  There is not only no motion to compel arbitration here, but Defendant has made it clear he has no intent to even file a motion to compel arbitration here.  Without that, his argument falls apart.  Courts in this district allow discovery to proceed on claims that were not subject to a motion to compel arbitration, even where other claims (unlike here) were subject to a motion to compel arbitration.  *See, e.g., Avery v. TEKsystems, Inc.*, 757 F.Supp.3d 973, 977-78 (N.D. Cal. Nov. 18, 2024) (denying stay not within appeal of arbitration order).  There are no arbitrable claims here, so in the end, a stay can only create further prejudice.

**Third,** Defendant's motions are not potentially dispositive of the entire case.  *Optronic Techs., Inc.*, 2018 WL 1569811, at *1.  The motions at best would require VSCO to amend.  They also do not impact VSCO's claims against Mr. Khimji's co-conspirators at all.  As such, Mr. Khimji's motions cannot possibly be dispositive of the entire case.

**Fourth,** the pending motions cannot be decided in Mr. Khimji's favor without additional discovery.  *Id.*  As set forth in VSCO's Opposition (Docket No. 16 at p. 25:14-22), to the extent any questions remain as to the sufficiency of VSCO's pleading burden, this Court should allow discovery to further establish them, not dismiss this action.  *Catalyst Inc. v. Empathy Catalyst Consulting*, No. 24-CV-02557-SI, 2025 WL 107868, at *2 (N.D. Cal. Jan. 15, 2025) (personal jurisdiction discovery allowed); *Laub v. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (subject matter jurisdiction discovery allowed); *Facebook, Inc. v. Studivz Ltd.*, No. C 08-3468 JF (HRL), 2009 WL 1190802, at *4 (N.D. Cal. May 4, 2009) (venue discovery allowed).

**Fifth, and finally,** the prejudice that would be caused by Mr. Khimji's proposed indeterminate stay of discovery far outweighs any inconvenience to him.  Mr. Khimji's claims of burden are nothing more than "superficial statements or vague articulations demonstrating nothing more than the traditional burdens of litigation."  *Optronic Techs., Inc.*, 2018 WL 1569811, at *1.  And while Mr. Khimji attempts to delay discovery, additional related infringing sites and Reddit threads continue to pop up, increasing the harm of the scheme perpetrated by Mr. Khimji and his co-conspirators.  Alinder Admin. Opp. Decl., ¶ 3.  Further, the retention limitations of third parties like Reddit, protonmail, Patreon, and other third parties with highly relevant documents and

communications needed to identify Mr. Khimji's co-conspirators and understand all of their respective roles in the scheme, make it even more critical that non-party discovery is open here immediately. *Id*.

Indeed, in an attempt to avoid further expenditure of time and resources of the Parties and the Court, VSCO proposed a stipulation to resolve this Administrative Motion where the Parties would agree to stay party discovery pending the Motion to Dismiss ruling, while opening non-party discovery in full immediately. *See id*., ¶ 4 & Ex. A. Mr. Khimji eventually rejected this proposal and attempted to change the stipulation to stay all discovery, except for subpoenas to "internet intermediaries to identify unknown John Does." *Id*. This absurd and unjustifiable limitation would not just cause further unnecessary delay and expense, but would require piecemeal non-party discovery and successive subpoenas that would increase cost and resources of both the parties and the responding non-parties in violation of Fed R. Civ. Proc. Rule 45(d)(1). *Id*. Although no stay of discovery at all is warranted here under the facts or the law, at a minimum, non-party discovery should be open immediately and without restriction.

## IV.   CONCLUSION

For the foregoing reasons, VSCO respectfully submits that the Court should deny Defendant's Administrative Motion to Stay Discovery in this action in full.

DATED: May 22, 2025                  Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____
Zachary J. Alinder
Attorneys for Plaintiff
VISUAL SUPPLY COMPANY