ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail: *alevad@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-09361-WHO-SK<br><br>**DECLARATION OF ZACHARY J. ALINDER IN SUPPORT OF OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO STAY DISCOVERY**<br><br>Honorable William H. Orrick |

I, ZACHARY J. ALINDER, declare as follows:

1. I am an attorney at law, licensed to practice before this Court and all Courts of the State of California. I am a Partner at the law firm of Sideman & Bancroft, LLP, counsel of record for Plaintiff Visual Supply Company ("VSCO") in the above-captioned matter. The following facts are based upon my own personal knowledge, except for those facts stated on information and belief, and as to those facts, I believe them to be true. If called as a witness, I could and would competently testify to the following:

2. On May 18, 2025, Mr. Khimji filed an Administrative Motion to continue the initial case scheduling conference to effectively stay discovery to no earlier than 30 days after the Court's ruling on Defendants' Motion to Dismiss. Docket No. 22. The Administrative Motion was filed before counsel for VSCO could substantively respond to counsel for Mr. Khimji. However, VSCO determined to either oppose or get an agreed resolution regarding the Administrative Motion to Stay Discovery, as the requested stay would cause prejudice and harm to VSCO due to further delay in discovery, most particularly in relation to non-party discovery regarding Mr. Khimji and his co-conspirators, who remain unidentified.

3. While Mr. Khimji attempts to delay discovery, additional related infringing sites and Reddit threads continue to pop up, increasing the harm of the scheme perpetrated by Mr. Khimji and his co-conspirators. Further, the unknown retention limitations of third parties like Reddit, protonmail, Patreon, and other third parties with highly relevant documents and communications needed to identify Mr. Khimji's co-conspirators and understand all of their respective roles in the scheme, make it even more critical that non-party discovery is open here immediately.

4. Since the Administrative Motion was filed, the Parties, by and through counsel, have further met and conferred both by email through to today and by videoconference on May 21, 2025. Indeed, in an attempt to avoid further expenditure of time and resources of the Parties and the Court, VSCO proposed a stipulation to resolve this Administrative Motion where the Parties would agree to stay party discovery pending the Motion to Dismiss ruling, while opening non-party discovery in full immediately. Mr. Khimji, through counsel, eventually rejected this

1 proposal and attempted to change the stipulation to stay all discovery, except for subpoenas to
2 "internet intermediaries to identify unknown John Does."  This absurd and unjustifiable limitation
3 would not just cause further unnecessary delay and expense, but would require piecemeal non-
4 party discovery and successive subpoenas that would increase cost and resources of both the
5 parties and the responding non-parties in violation of Fed R. Civ. Proc. Rule 45(d)(1).  As such,
6 VSCO rejected this proposal, requiring this opposition.  A true and correct copy of the most recent
7 email string between myself and Mr. Lin reflecting these meet and confer negotiations is attached
8 hereto as **Exhibit A**.

10 I declare under penalty of perjury under the laws of the United States of America that the
11 foregoing is true and correct.

13 DATED:  May 22, 2025



# EXHIBIT A

| | |
|---|---|
| **From:** | Alinder, Zachary J. |
| **Sent:** | Thursday, May 22, 2025 4:26 PM |
| **To:** | Simon Lin |
| **Cc:** | Levad, Andrew M. |
| **Subject:** | RE: Meet and Confer Follow-up |

Dear Mr. Lin,

We disagree.  Indeed, as far as we can tell thus far, Mr. Khimji was the ring-leader here, plain and simple.  His attempts to keep the full extent of his involvement under wraps by staying discovery are not well taken.  Your motion to dismiss is not sufficient basis for any stay for discovery at all.  Otherwise, discovery would be stayed in all federal cases until motions to dismiss were resolved.  That is not the law.  We attempted to meet and confer to find a compromise stipulation that allowed us to at least get non-party discovery underway, only in an attempt to avoid the expenditure of additional time, cost, and resources of the parties and the Court.  Since you are not willing to stipulate to non-party discovery being open in full, we will need to file an opposition to your administrative motion.

Sincerely yours,
Zac Alinder



**Zachary J. Alinder | Partner**
San Francisco, CA
Main: 415.392.1960
zalinder@sideman.com
www.sideman.com

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

---

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Thursday, May 22, 2025 11:50 AM
**To:** Alinder, Zachary J. <zalinder@sideman.com>
**Cc:** Levad, Andrew M. <alevad@sideman.com>
**Subject:** Re: Meet and Confer Follow-up

Dear Mr. Alinder,

As I noted at the outset, Mr. Khimji's position is that he was never involved and he should not be put to the unnecessary expense of a discovery (and other obligations), whether through the front door or back door, particularly when there are potentially dispositive motions pending. Mr. Khimji is concerned of the possibility of the third-party discovery being used as a backdoor for party discovery, which appears to be what VSCO is suggesting below they may do. This is also against the backdrop of the DMCA subpoena situation where VSCO had submitted declarations that do not seem to accord with reality (i.e., use of the information **only** for copyright purposes).

In our earlier emails, you had noted the concern about not being able initiate third-party discovery to identify John Does. The proposed stipulation permits that and Mr. Khimji is prepared to cooperate in that regard. The December 23, 2023 date precisely reflects the one-year limitation period in VSCO's TOU.

According to VSCO's own TOU, there should be no discovery at all until an arbitration is concluded. However, as a compromise, Mr. Khimji is prepared to facilitate the identification of the John Does. After the John Does have been identified, to the extent VSCO wishes to do further discovery in relation to the identified John Does, Mr. Khimji is prepared to consider it at that time. At this time, Mr. Khimji is not prepared to agree to what may amount to a fishing expedition without any judicial oversight. Mr. Khimji is prepared to agree to include in paragraph 3 "*or any further non-party discovery thereafter that may be permitted by the Court, on motion of any Party.*"

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.


On Thu, May 22, 2025 at 9:46 AM Alinder, Zachary J. <zalinder@sideman.com> wrote:

> Dear Mr. Lin,
>
> You have changed the proposed stipulation to limit the third-party discovery to only subpoenas to internet intermediaries to identify Doe Defendants (along with a strange date limitation of December 23, 2023). Putting aside some other minor issues, it makes no sense for us to agree to that limitation. If a subpoena to a registrar or to Reddit for example discloses information or communications relating to Mr. Khimji, that is highly relevant. Even if that were not the case, doing piecemeal subpoenas to these entities first to identify defendants and then to get additional documents and communications also makes no sense, is wasteful, costly, inefficient, and would impose undue burden on third parties in violation of FRCP 45. The entire benefit of this stipulation for

us is that third party discovery will finally be open.  If you will agree to remove the limitation on third party discovery, and revert back to the original language, I will send you a redline.  If not, please let me know so we can simply oppose.

Thank you,

Zac Alinder

**Zachary J. Alinder | Partner**
San Francisco, CA
Main: 415.392.1960
zalinder@sideman.com
www.sideman.com

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Thursday, May 22, 2025 8:04 AM
**To:** Alinder, Zachary J. <zalinder@sideman.com>
**Cc:** Levad, Andrew M. <alevad@sideman.com>
**Subject:** Re: Meet and Confer Follow-up

Good morning Mr. Alinder,

Enclosed please find Mr. Khimji's red-lines to the proposed stipulation. Please let us know if this is agreeable to VSCO.

Please do not hesitate to contact me if you wish to discuss.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Wed, May 21, 2025 at 7:12 PM Alinder, Zachary J. <zalinder@sideman.com> wrote:

That's fine. Hopefully you caught all the typos that I did. But, if there are any substantive changes, let me know.

Zac



**Zachary J. Alinder | Partner**
San Francisco, CA
Main: 415.392.1960
zalinder@sideman.com
www.sideman.com

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Wednesday, May 21, 2025 6:55 PM
**To:** Alinder, Zachary J. <zalinder@sideman.com>
**Cc:** Levad, Andrew M. <alevad@sideman.com>
**Subject:** Re: Meet and Confer Follow-up

Dear Mr. Alinder,

Thank you for providing this. I will review the Declaration after I receive instructions from Mr. Khimji.

Unfortunately, I have already red-lined the version you sent earlier and sent it off for Mr. Khimji's review.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Wed, May 21, 2025 at 6:45 PM Alinder, Zachary J. <zalinder@sideman.com> wrote:

> That timing is fine.  I found a few typos in the prior draft.  I've attached an updated draft stip to correct those.  I've also made it for filing tomorrow.  Also, because we are asking the court to change the schedule, I think we need to file a declaration in support consistent with Civ. LR 7-12.  I'm attaching a declaration that

essentially copies the Whereas clause language to serve that purpose.  Again, any questions or concerns, let me know.

Thanks,

Zac

**Zachary J. Alinder | Partner**
San Francisco, CA
Main: 415.392.1960
zalinder@sideman.com
www.sideman.com

CONFIDENTIALITY
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

**From:** Simon Lin <simonlin@evolinklaw.com>
**Sent:** Wednesday, May 21, 2025 6:22 PM
**To:** Alinder, Zachary J. <zalinder@sideman.com>
**Cc:** Levad, Andrew M. <alevad@sideman.com>
**Subject:** Re: Meet and Confer Follow-up

Dear Mr. Alinder,

Thank you for providing a draft for consideration. I will look into this right away. Considering Mr. Khimji is on the east coast, I do not expect to have instructions this evening. I will revert once I have instructions, which I expect to be tomorrow morning.

Thank you.

Kind Regards,

**Simon Lin**
Barrister & Solicitor



**Evolink Law Group**
237-4388 Still Creek Drive, Burnaby, B.C. V5C 6C6
T: 604-620-2666
F: 778-805-9830

www.evolinklaw.com

This message is intended only for the use of the party to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. No waiver of privilege, confidence or otherwise is intended by virtue of communications via the Internet. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by replying to this e-mail and then destroying all copies. Thank you.

On Wed, May 21, 2025 at 6:03 PM Alinder, Zachary J. <zalinder@sideman.com> wrote:

> Dear Mr. Lin,
>
> While the parties don't agree on nearly anything here, we think that the compromise stipulation discussed on the meet and confer today makes sense to conserve the time and resources of the Parties and the Court.  Here is a proposed stipulated order consistent with what we discussed.  Let us know if you have any comments, questions, or concerns.  Once we have a final version, we can get it e-filed.
>
> Zac
>
> 
>
> **Zachary J. Alinder | Partner**
> San Francisco, CA
> Main: 415.392.1960
> zalinder@sideman.com
> www.sideman.com
>
> CONFIDENTIALITY
> This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail [or at (415) 392-1960] and delete all copies of this message. It is the recipient's responsibility to scan this e-mail and any attachments for viruses.

7

8