ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
ANDREW M. LEVAD (State Bar No. 313610)
E-Mail: *alevad@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

VISUAL SUPPLY COMPANY, a Delaware corporation,

Plaintiff,

v.

ADAM KHIMJI, an individual, and DOES 1-20, inclusive,

Defendants.

Case No. 3:24-cv-09361-WHO-SK

**PLAINTIFF VISUAL SUPPLY COMPANY'S OPPOSITION TO DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS**

Date: June 18, 2025
Time: 2:00 p.m.
Place: Courtroom C, 15th Floor
Judge: Hon. Sallie Kim

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. FACTS ..... 2

A. VSCO, Its Services, And Its Intellectual Property ..... 2

B. VSCO Discovers Defendants' Infringing Websites And Online Communities ..... 3

C. VSCO Begins Copyright And Trademark Enforcement Against Defendants' Websites, But Is Unable To Ascertain Defendants' True Identities ..... 4

D. VSCO Requests Issuance Of DMCA Subpoenas To Identify The Creators Of Defendants' Infringing Websites, Which This Court Reviews And Approves ..... 5

E. Cloudflare And Patreon Provide Documents Responsive To The DMCA Subpoenas, And Both Identify Mr. Khimji ..... 7

F. VSCO Sends A Copyright And Trademark Enforcement Letter To Mr. Khimji, But He Refuses To Comply ..... 7

G. After Careful Consideration, VSCO Initiates The Instant Litigation ..... 8

H. Mr. Khimji Serves The Motion for Sanctions And A Motion To Quash, Then Files A Scattershot Motion To Dismiss ..... 9

III. LEGAL STANDARD ..... 9

IV. ARGUMENT ..... 11

A. There Is No Rule That Parties Must Use Information Learned From DMCA Subpoenas Only In Later Copyright Infringement Litigation ..... 11

B. VSCO Filed The DMCA Subpoenas Properly And In Good Faith, And They Should Not Be Quashed ..... 15

C. VSCO Filed The Complaint Properly And In Good Faith, And It Should Not Be Dismissed ..... 19

D. Mr. Khimji And His Counsel Should Be Sanctioned For Filing This Baseless, Wasteful Motion ..... 22

V. CONCLUSION ..... 23

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aldini AG v. Silvaco, Inc.*,
No. 21-CV-06423-JST, 2023 WL 7308079 (N.D. Cal. Nov. 6, 2023) .................. 9, 10, 19, 21

*In re California Bail Bond Antitrust Litig.*,
511 F. Supp. 3d 1031 (N.D. Cal. 2021) .................. 19

*In re DMCA Subpoena to Reddit, Inc.*,
441 F. Supp. 3d 875 (N.D. Cal. 2020) .................. 12, 13, 14

*In re DMCA Subpoenas to Cloudflare, Inc., et al.*,
No. 24-mc-80159-SK (N.D. Cal.) .................. 5, 7

*Facebook, Inc. v. Gajjar*,
No. 4:20-CV-02429-KAW, 2022 WL 18539351 (N.D. Cal. Aug. 23, 2022) .................. 10, 20, 21

*Gammage v. City of San Francisco*,
No. 18-CV-05604-JCS, 2020 WL 1904498 (N.D. Cal. Apr. 17, 2020) .................. 14, 16

*Gibson v. Credit Suisse Grp. Sec. (USA) LLC*,
733 F. App'x 342 (9th Cir. 2018) .................. 22

*Greenberg v. Sala*,
822 F.2d 882 (9th Cir. 1987) .................. 10, 20

*Harrison Prosthetic Cradle Inc. v. Roe Dental Laboratory, Inc.*,
608 F. Supp. 3d 541 (N.D. Ohio 2022) .................. 1, 20, 21, 22, 23

*Kuang Xuan Liu v. Win Woo Trading, LLC*,
No. 14-CV-02639-KAW, 2014 WL 7140514 (N.D. Cal. Dec. 12, 2014) .................. 18

*Manuel v. City of Menlo Park*,
No. C 90-0911 BAC, 1993 WL 204259 (N.D. Cal. June 2, 1993) .................. 15

*Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*,
No. 19-17504, 2021 WL 4938117 (9th Cir. Oct. 22, 2021) .................. 22

*Operating Eng'rs Pension Tr. v. A-C Co.*,
859 F.2d 1336 (9th Cir. 1988) .................. 1, 10

*Shenzhen Big Mouth Techs. Co. v. Factory Direct Wholesale, LLC*,
No. 21-CV-09545-RS, 2022 WL 1016666 (N.D. Cal. Apr. 5, 2022) .................. 17

*Toombs v. Leone*,
777 F.2d 465 (9th Cir. 1985) .......... 22

*In re USA Com. Mortg. Co.*,
462 F. App'x 677 (9th Cir. 2011) .......... 22

**Statutes**

17 U.S.C. § 512 .......... *passim*

**Other Authorities**

Fed. R. Civ. Proc. 11 (c)(2) .......... *passim*

*Uniform Domain Name Dispute Resolution Policy*,
Internet Corporation for Assigned Names and Numbers,
https://www.icann.org/resources/pages/policy-2024-02-21-en .......... 5, 17

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## I. INTRODUCTION

Defendant Adam Khimji's Motion for Sanctions (Dkt. 20) (the "Motion" or "Mot.") is appalling and sanctionable itself. Without any legal basis or precedent, Mr. Khimji seeks a panoply of draconian sanctions against Plaintiff Visual Supply Company ("VSCO"), including dismissal of this litigation, quashing old subpoenas in a separate terminated matter, attorneys' fees, costs, and a monetary fine. What is worse, Mr. Khimji is represented by counsel, who should know better than to abuse the "extraordinary remedy" of sanctions, which must be "exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Instead, Mr. Khimji and his counsel threatened this Motion hoping that baseless threats could get Mr. Khimji out of this case. That is an improper purpose that is sanctionable. In threatening and then filing this Motion two months later, Mr. Khimji and his counsel have far exceeded the bounds of permissible advocacy—the motion is at best a cynical attempt to weaponize the judicial process and an affront to the integrity of these proceedings. As one Court remarked in denying an even less-egregious attempted sanctions motion: "Threatening sanctions casually or as a matter of course has no place among officers of the court—again, except in the most egregious cases and, then, only as a last resort. The type of conduct on display here threatens the civility and professionalism on which the Rules and the Court rely to resolve disputes. And it will not be tolerated." *Harrison Prosthetic Cradle Inc. v. Roe Dental Laboratory, Inc.*, 608 F. Supp. 3d 541, 551 (N.D. Ohio 2022). So it should be here.

The events and conduct that led to the filing of the Complaint here—which Mr. Khimji claims warrant sanctions—are exactly how the legal process is supposed to proceed. At every turn, VSCO took the cautious, well-grounded, and ethical approach to enforce its rights. That VSCO made the strategic decision to move forward with its complaint on trademark, unfair competition, trespass, and contract claims, while waiting to get further discovery regarding its DMCA and copyright claims, is fully within VSCO's discretion and at most shows proper restraint and judgment. This is even more true where, as here, time is of the essence as the safety, privacy, and dignity of users on the VSCO platform are all being threatened by Mr. Khimji and his co-conspirators.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

In short, there can be no good faith complaint with anything that VSCO did here. Instead Mr. Khimji's real complaint is that the legal process worked and he was caught as the ring-leader of an illegal, infringing, and depraved scheme targeting VSCO, its platform, and its users. Using the Rule 11 sanctions mechanism in a blatant attempt to cover up illegal conduct is one of the most egregious possible uses of the sanctions process, and should not be tolerated. Accordingly, the Court should deny the motion as to VSCO and should instead impose sanctions on Mr. Khimji and his counsel.

## II. FACTS

### A. VSCO, Its Services, And Its Intellectual Property

VSCO is a San Francisco Bay Area-based photo technology company and creator platform. Declaration of Akaash Gupta ("Gupta Decl.")[1] ¶ 4. Since 2011, VSCO has cultivated an enormous and vibrant community of creators, to whom it provides innovative tools and resources to elevate their photography, video, and design craft. *Id.* ¶ 4. Currently, VSCO has over 300 million registered users worldwide. *Id.* ¶ 3.

As a trusted staple in the creative community for over a decade, VSCO rigorously protects the intellectual property rights of itself and its users. Specifically, VSCO owns and maintains a global trademark portfolio, including, among many other properties, four incontestable U.S. registrations for the word mark VSCO and three for its circular logo. U.S. Trademark Reg. Nos. 4,273,434; 4,672,062; 4,262,139; 4,716,756; 5,142,430; 5,271,667; and 5,125,103.

In addition, VSCO protects itself and its users through account registration and a comprehensive Terms of Use ("TOU"). Gupta Decl. ¶ 5. Pursuant to the TOU, VSCO's users represent and warrant that they have all necessary rights and permissions in the content they post on VSCO's platform, including the copyrights in the images and other creative works that they post, but the TOU authorizes VSCO to enforce those copyrights on its users' behalf. Gupta Decl. ¶

[1] These citations refer to the Declaration of Akaash Gupta In Support Of Plaintiff Visual Supply Company's Opposition to Defendant Adam Khimji's Motion To Dismiss And/Or Stay filed in this action on April 14, 2025 (Dkt. 16-1), a copy of which is attached as Exhibit ("Ex.") A to the Declaration of Andrew M. Levad In Support Of Plaintiff Visual Supply Company's Opposition To Defendant Adam Khimji's Motion For Sanctions ("Levad Decl.") filed concurrently herewith.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

5; Dkt. 15-2,[2] p. 182. The TOU further prohibits copying, scraping, or distribution of VSCO users' content. Gupta Decl. ¶ 5; Dkt. 15-2, p. 178-80, 182.

Finally, VSCO also employs technological access controls, such as disabling the ability to right click and save images and requiring login credentials for certain activities, and data security tools to prevent third parties from downloading VSCO users' content, sharing or distributing that content, or accessing those users' deleted content or the metadata (such as geolocation data) in the content. Gupta Decl. ¶ 5; Dkt. 15-2, p. 178-80, 182.

**B. VSCO Discovers Defendants' Infringing Websites And Online Communities**

In May 2023, VSCO discovered the first of a series of websites (the "Infringing Website") and Reddit communities (the "Infringing Reddit Communities"), created and operated by the Defendants in this action, that targeted VSCO to take advantage of its female user base. Levad Decl. ¶ 3. The Infringing Websites and Infringing Reddit Communities contained thousands of copyright-protected images of VSCO users, particularly women, that had been scraped from those users' VSCO accounts, as well as those users' VSCO account names and, in many instances, the geolocation data associated with those users' photos. *Id.* ¶ 4.The domain names for the Infringing Websites often incorporated the VSCO trademark (*e.g.*, <vsco.club>, <vsco.page>, <vsco.top>, <backupvs.co>, <downloadvsco.co>, <vscolookup.com>, <novsco.co>, <glizzy.cafe>, and <downloader.se>, and <socialgirls.live>, among others); and the subreddit names for the Infringing Reddit Communities often incorporated the VSCO trademark with a derogatory slur for the users (*e.g.*, r/VSCOsluts, r/VSCOsluts0, r/VSCOslutss, r/VSCOslutsz2, r/VSCOsloots, and r/VSCO_Nudes, among others). *Id.* ¶ 5.

The Infringing Websites and Infringing Reddit Communities are interactive and allow Defendants and other internet users to traffic these VSCO users' copyright-protected images among one another, advertise and sell access to Defendants' personal repositories of scraped images, and, in many instances, see exactly where these users' photos were taken using an

[2] VSCO does not dispute that Exhibit G to the Declaration of Simon Lin In Support Of Defendant Adam Khimji's Motion To Dismiss And/Or Stay (Dkt. 15-2, pp. 176-203) is a true and accurate printout of VSCO's current TOU.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

interactive "Map" feature applying the stolen images' geolocation data. Levad Decl. ¶ 6. The Infringing Websites and Infringing Reddit Communities all contained substantial unauthorized use of VSCO's trademarks. *Id.*

In addition to the Infringing Websites and Infringing Reddit Communities, VSCO discovered a Patreon account named "VSCOclub." Levad Decl. ¶ 7. The "VSCOclub" Patreon was associated with the Infringing Websites <vsco.club> and <glizzy.cafe>, and allowed users to buy subscriptions to repositories of these VSCO users' images, including their deleted content, and advertised that the Patreon account owner had "10+ million [VSCO users'] accounts saved." *Id.*

The creators and operators of the Infringing Websites, Infringing Reddit Communities, and "VSCOclub" Patreon took extreme measures to obfuscate their true identities. *Id.* ¶ 8. They operated only under aliases and anonymous email addresses and used proxy services to register the Infringing Websites, which shielded their identities from WHOIS and other lookup tools. *Id.* ¶ 8. The <vsco.club> and <glizzy.cafe> websites contained the anonymous contact email address "vscoclub@protonmail.com." *Id.* ¶ 9.

**C. VSCO Begins Copyright And Trademark Enforcement Against Defendants' Websites, But Is Unable To Ascertain Defendants' True Identities**

VSCO began copyright and trademark enforcement efforts against the Infringing Websites and Infringing Reddit Communities promptly after it discovered them. *Id.* ¶ 10. VSCO, through counsel, submitted trademark and copyright infringement reports to the domain registrars and web hosts for the Infringing Websites in May 2023, July 2023, July 2023, December 2023, January 2024, March 2024, April 2024, May 2024, July 2024, September 2024, October 2024, and November 2024, requesting that they take down or disable access to the Infringing Websites. *Id.* ¶ 11. VSCO, through counsel, also submitted trademark and copyright infringement reports to Reddit in December 2023, January 2024, February 2024, July 2024, August 2024, September 2024, and October 2024, requesting that Reddit take down or disable access to the Infringing Reddit Communities. *Id.*

On August 28, 2023, VSCO filed a complaint pursuant to the Uniform Domain Name

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Dispute Resolution Policy ("UDRP") in the World Intellectual Property Organization Arbitration and Mediation Center ("WIPO"), seeking the transfer of the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains. Levad Decl. ¶ 12. In this proceeding, on September 1, 2023, WIPO identified the registrant behind <vsco.club> and <glizzy.cafe> with the alias, "Aidan Salamon", with a fictitious address in Toronto, Canada, and the email address "vscoclub@protonmail.com." *Id.* And on August 28, 2023, WIPO determined that the <vsco.page>, <vsco.club>, and <glizzy.cafe> domains had been registered in violation of the UDRP, and ordered that they all be transferred to VSCO. *Id.*

On February 9, 2024, VSCO filed another UDRP complaint in WIPO, seeking transfer of the <vsco.top> domain. *Id.* ¶ 13. In this proceeding, on February 14, 2024, WIPO identified the registrant behind <vsco.top> with the proxy service "Nice IT Services Group Inc.", with a fictitious address in Loubiere, Dominica, and an anonymized email address "domains+vsco.top@dendrite.network." *Id.* And on April 3, 2024, WIPO determined that the <vsco.top> domain had been registered in violation of the UDRP, and ordered that it be transferred to VSCO. *Id.*

### D. VSCO Requests Issuance Of DMCA Subpoenas To Identify The Creators Of Defendants' Infringing Websites, Which This Court Reviews And Approves

After months of escalating copyright and trademark enforcement actions against the Infringing Websites and Infringing Reddit Communities, on June 28, 2024, having only uncovered fake name aliases, fake locations, and anonymized email addresses, VSCO initiated *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.) pursuant to 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA"), seeking the issuance of subpoenas (the "DMCA Subpoenas") to ascertain the identities of the persons responsible for the infringement of its users' copyrights, which the TOU authorizes VSCO to do on its users' behalf. Gupta Decl. ¶ 5; Dkt. 15-2, p. 182; Levad Decl. ¶ 14.

Specifically, VSCO sought issuance of DMCA Subpoenas to three internet service providers involved in the creation or operation of the Infringing Websites: (1) Cloudflare, Inc. ("Cloudflare"), the registrar and/or web host for <vsco.club>, <glizzy.cafe>, <vsco.page>,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

<vsco.top>, and <downloader.se>; (2) Patreon, Inc. ("Patreon"), the operator of the monetization platform for the "VSCOclub" Patreon; and (3) NameSilo, LLC ("NameSilo"), the registrar for <vsco.top>. Levad Decl. ¶ 14. In the DMCA Subpoenas, VSCO sought production of documents from these internet services providers sufficient to identify the persons who were copying and distributing VSCO's users' copyright-protected images on these Infringing Websites, as well as violating the DMCA's anti-circumvention provisions by accessing, scraping, and copying these images. *Id.*

In its request for issuance of the DMCA Subpoenas, VSCO submitted records of its copyright and DMCA takedown notices issued to Cloudflare, Patreon, and NameSilo:

- As for Cloudflare, VSCO submitted a declaration that its counsel used Cloudflare's established intellectual property abuse reporting procedures to submit copyright infringement and DMCA abuse reports regarding <vsco.club>, <glizzy.cafe>, <vsco.page>, <vsco.top>, and <downloader.se> on July 13, 2023; January 3 and 10, 2024; March 15 and 22, 2024; and April 2 and 9, 2024. VSCO also submitted copies of Cloudflare's confirmation of receipt of these copyright infringement and DMCA abuse reports, and a chart displaying 250 links of webpages that displayed copyright-protected content on the Infringing Websites and the corresponding VSCO webpages where that content had been unlawfully copied. Levad Decl. ¶ 14; Dkt. 20-2, pp. 45-46 at ¶¶ 3-6.[3]
- As for Patreon, VSCO submitted a declaration that its counsel used Patreon's established intellectual property abuse reporting procedures to submit a copyright and trademark takedown notice regarding the "VSCOclub" Patreon on July 25, 2023. VSCO also submitted a copy of Patreon's confirmation of receipt of this takedown notice. Because the "VSCOclub" Patreon contained both copyright and trademark infringements, VSCO's abuse report contains allegations of both copyright and

[3] VSCO does not dispute that Exhibit D to the Declaration of Simon Lin In Support Of Motion For Sanctions (Dkt. 20-2, Ex. D, pp. 43-46) is a true and correct copy of the Declaration of Andrew M. Levad In Support Of VSCO's Request To The Clerk For Issuance Of The DMCA Subpoenas.

trademark infringement. Levad Decl. ¶ 14; Dkt. 20-2, p. 46 at ¶ 7.

- As for NameSilo, VSCO submitted a declaration that its counsel used NameSilo's established intellectual property abuse reporting procedures to submit a copyright and copyright infringement and DMCA abuse report regarding <vsco.top> on January 3, 2024. VSCO also submitted copies of NameSilo' confirmation of receipt of this abuse report and a screen-capture showing VSCO's submission of the abuse report. Levad Decl. ¶ 14, Dkt. 20-2, p. 46 at ¶ 8.

On June 28, 2024, this Court granted VSCO's request for issuance of the DMCA Subpoenas. *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.) (Dkt. 4). VSCO then served the DMCA Subpoenas on Cloudflare, Patreon, and NameSilo on July 1 and 2, 2024. Levad Decl. ¶ 15. No party challenged the DMCA Subpoenas, and the miscellaneous action opened to issue the DMCA Subpoenas was terminated. Levad Decl. ¶ 16.

**E. Cloudflare And Patreon Provide Documents Responsive To The DMCA Subpoenas, And Both Identify Mr. Khimji**

Cloudflare and Patreon produced documents in response to the DMCA Subpoenas issued to them. Levad Decl. ¶ 17. Specifically, Cloudflare produced account registration records for <vsco.club> and <glizzy.cafe> (which is a domain redirect from <vsco.club>), and Patreon produced account registration records for the "VSCOclub" Patreon. *Id.* These records display, consistent with one another, Mr. Khimji's full name, his physical address, the email address "vscoclub@protonmail.com," which ties to the same email identified in the WIPO proceedings, and also, as to Cloudflare, Mr. Khimji's credit card information. *Id.*

To date, NameSilo has not produced records in response to the DMCA Subpoena issued to it, indicating that discovery in this action is needed to secure the relevant documents and information regarding the Infringing Domains in NameSilo's possession. *Id.* ¶ 18.

**F. VSCO Sends A Copyright And Trademark Enforcement Letter To Mr. Khimji, But He Refuses To Comply**

On October 4, 2024, VSCO sent Mr. Khimji an enforcement letter using the contact

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

information it learned through the DMCA Subpoenas. Levad Decl. ¶ 19; Dkt. 20-1, pp. 4-18.[4] In this letter, VSCO demanded that Mr. Khimji cease and desist his conduct that violated the Copyright Act, the DMCA, the Lanham Act, state unfair competition statutes, and the common law, and further demanded that he cooperate in VSCO's investigation into the other Infringing Websites and Infringing Reddit Communities. Levad Decl. ¶ 19; Dkt. 20-1, pp. 4-9. VSCO specifically sought information on the specific means by which Mr. Khimji and the Doe Defendants circumvented VSCO's security measures in violation of the DMCA to scrape and download its users' copyright-protected images and related data. Levad Decl. ¶ 19; Dkt. 20-1, pp. 7-8.

Mr. Khimji retained counsel to respond and negotiate, and VSCO provided this counsel the documentation showing Mr. Khimji's involvement in the Infringing Websites produced pursuant to the DMCA Subpoenas. Levad Decl. ¶ 20. However, after months of attempting to negotiate a resolution of the dispute in good faith with Mr. Khimji's counsel, Mr. Khimji ultimately refused to comply with this enforcement letter or provide any information. *Id.* Mr. Khimji then terminated that counsel's representation. *Id.*

**G. After Careful Consideration, VSCO Initiates The Instant Litigation**

Upon Mr. Khimji's refusal to cooperate or provide any information to assist VSCO's investigation into the violations of VSCO and its users' rights, VSCO carefully and strategically evaluated all known facts and applicable laws. *Id.* ¶ 21. On December 23, 2024, it ultimately made the strategic decision to bring this action against Mr. Khimji and the Doe Defendants under the Lanham Act, California's Unfair Competition Law, and California common law. *Id.* Proceeding swiftly with trademark, unfair competition, trespass to chattels, and breach of contract claims allowed VSCO to enforce its rights and protect its users without delay. *Id.* While VSCO also has viable claims against the Defendants under the Copyright Act and/or DMCA here, those claims would be aided by additional discovery from Defendants and non-parties involved in the operation

[4] VSCO does not dispute that Exhibit A to the Declaration of Adam Khimji In Support Of Motion For Sanctions (Dkt. 20-1, Ex. A, pp. 4-18) is a true and correct copy of the October 4, 2024, enforcement letter and exhibits thereto that VSCO sent Mr. Khimji.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

of the Infringing Websites and Infringing Reddit Communities to fully assess and substantiate those claims before asserting them in infringement litigation. Levad Decl. ¶ 21. And VSCO reserves its right to amend the Complaint to assert those claims (and any other additional claims) at the appropriate time and with a more complete factual record. *Id.*

**H. Mr. Khimji Serves The Motion for Sanctions And A Motion To Quash, Then Files A Scattershot Motion To Dismiss**

On December 30, 2024, VSCO served the Complaint on Mr. Khimji. Levad Decl. ¶ 22.

On January 8, 2025, Mr. Khimji executed a waiver of service of the summons in this action, setting his deadline to respond to the Complaint on March 31, 2025. Dkt. 9.

On March 12, 2025, Mr. Khimji's new counsel, Simon Lin, informed VSCO that he had been retained to represent Mr. Khimji in this action. Levad Decl. ¶ 23.

On March 21, 2025, only *nine days* after Mr. Khimji retained this new counsel, Mr. Lin served the instant Motion for Sanctions on VSCO. *Id.* ¶ 24. The same day, Mr. Lin served a Motion to Quash the DMCA Subpoenas. *Id.* VSCO informed Mr. Khimji's counsel that the Motion for Sanctions is meritless and wasteful of the Court's resources and that not only would it fail but also backfire and subject both Mr. Khimji and Mr. Lin to their own sanctions, and urged Mr. Khimji not to file it. *Id.* ¶ 25.

On March 31, 2025, Mr. Khimji filed a Motion to Dismiss, seeking dismissal of the Complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, arbitration (despite no arbitration proceeding being initiated), forum non conveniens, and failure to state a claim. Dkt. 15. This motion is fully briefed and remains pending. Dkts. 16, 17.

And on May 12, 2025, over seven weeks after serving it, Mr. Khimji filed the instant, baseless Motion for Sanctions, also seeking dismissal of the Complaint, as well as quashing of the DMCA Subpoenas, attorneys' fees, and a monetary penalty against VSCO. Dkt. 20.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Aldini AG v. Silvaco, Inc.*, No. 21-CV-06423-JST, 2023 WL 7308079, at *2 (N.D. Cal.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Nov. 6, 2023) (quoting *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997)). It is "an extraordinary remedy" that is to be exercised "with extreme caution." *Aldini*, 2023 WL 7308079, at *2 (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). The party seeking sanctions bears the burden of demonstrating by "clear and convincing evidence" that sanctions are justified. *Facebook, Inc. v. Gajjar*, No. 4:20-CV-02429-KAW, 2022 WL 18539351, at *2 (N.D. Cal. Aug. 23, 2022) (citing *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006)).

The Ninth Circuit has identified two circumstances in which sanctions are appropriate: (1) where a litigant makes a "frivolous filing," *i.e.*, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and (2) where a litigant files a pleading or other paper for an "improper purpose," such as personal or economic harassment. *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987). However, the Ninth Circuit also recognizes that Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Id.* (quoting Fed. R. Civ. P. 11 Advisory Committee's Note). Indeed, the Ninth Circuit warns that sanctions sought under Rule 11 or the Court's inherent authority are reserved only for "the rare and exceptional case where the action is clearly frivolous" because the sanctions power "must be exercised with restraint and discretion." *Facebook*, 2022 WL 18539351, at *2-*3 (quoting *Operating Eng'rs*, 859 F.2d at 1345; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

In sum, "filing a motion for sanctions is not a valid litigation strategy, and they are generally not appropriate." *Facebook*, 2022 WL 18539351, at *3. If a motion for sanctions is denied, the Court may sanction the moving party for bringing the motion in the first place, award the nonmoving party the reasonable expenses and attorneys' fees incurred opposing the motion, or order the moving party to show cause why sanctions should not issue against it. *Id.*; Fed. R. Civ. Proc. 11(c)(2).

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

## IV. ARGUMENT

As the facts above establish, VSCO acted with all due care, restraint, and judgment in enforcing its rights and eventually filing this action against Mr. Khimji. This is precisely how litigation is supposed to work.

Mr. Khimji seeks drastic sanctions because he was caught and is desperate. That is an improper purpose. While he has constructed a bizarre narrative to support his claim, it is entirely fictional. He argues that VSCO somehow acted improperly because its prelitigation efforts against Mr. Khimji and the Doe Defendants included both trademark and copyright enforcement, but VSCO's DMCA Subpoenas did not ultimately mature into copyright infringement claims in its initial Complaint here. But VSCO did not misuse the DMCA to uncover Mr. Khimji's identity; rather, the DMCA Subpoenas revealed Mr. Khimji as an infringer of both trademarks *and* copyrights, among many other legal transgressions.

Despite Mr. Khimji's muddled urging, there simply is no rule that DMCA subpoenas must culminate in copyright infringement claims to the exclusion of all others. The mere existence of potential additional claims does not render VSCO's chosen causes of action in the Complaint improper—let alone sanctionable. Parties routinely exercise discretion in selecting which claims to assert based on strategic, evidentiary, and jurisdictional considerations. It is outrageous to suggest that VSCO's decision to proceed on trademark infringement and other claims, while reserving rights as to copyright infringement and the DMCA, somehow constitutes litigation misconduct. That Mr. Khimji views himself as liable for *more* intellectual property violations, not fewer, is hardly a basis for punishing VSCO with unjustifiably harsh terminating and monetary sanctions. Mr. Khimji identifies zero precedent to support his tortured reading of the DMCA and Rule 11. There is none. For these reasons, the Motion is baseless and should be denied.

### A. There Is No Rule That Parties Must Use Information Learned From DMCA Subpoenas Only In Later Copyright Infringement Litigation

Mr. Khimji's Motion hinges on an incorrect and unsupportable reading of the DMCA. The DMCA allows persons authorized to act on copyright owners' behalf to request issuance of subpoenas to internet service providers for identification of infringers of those copyrights. 17

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

U.S.C. § 512(h)(1). And it requires such requests to contain a declaration that the purpose of the subpoena is "to obtain the identity of an alleged [copyright] infringer" and "that such information will only be used for the purpose of protecting rights under [the Copyright Act]." 17 U.S.C. § 512(h)(2). Mr. Khimji would have this Court interpret this language to mean that persons authorized to act on copyright owners' behalf may use DMCA subpoenas to learn the identities of copyright infringers—but that they may only thereafter pursue copyright infringement claims alone and otherwise must forget the identifying information when those copyright infringers have also committed other legal transgressions. Under Mr. Khimji's interpretation of the DMCA, anyone who requests a DMCA subpoena must immediately sue the identified person only for copyright infringement, to the exclusion of any other cause of action under which the infringer may be liable, regardless of any strategic or jurisdictional concerns. But there is no precedent in this District, Circuit, or anywhere else with such an outrageous and bad faith interpretation of the DMCA subpoena statute.

The only case Mr. Khimji cites in support of his flawed position is *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 883 (N.D. Cal. 2020). He goes so far as to assert that in this case "this Court stated that a DMCA subpoena may *only* be used to pursue copyright claims" and "the Court confirmed that the DMCA subpoena may only be used to protect copyrights, and not other IP rights." Mot. at 7, 10[5] (emphasis in original). These contentions are absolutely false. *In re DMCA Subpoena to Reddit* does not discuss, at all, the application of the DMCA subpoena to any other causes of action. Nor did it discuss, at all, whether sanctions are warranted for bringing non-copyright causes of action against persons whose identities as infringers of multiple forms of intellectual property were learned through the DMCA subpoena process.

Instead, *In re DMCA Subpoena to Reddit* was about copyright fair use. 441 F. Supp. 3d at 882-87. There, an anonymous social media user had posted a religious organization's copyright-protected materials to Reddit; the religious organization requested a DMCA subpoena to Reddit to identify the social media user; and the social media user moved to quash the DMCA subpoena

[5] These page numbers reflect the document-level page numbers appearing on the PACER filing heading because the in-line page numbers set forth in the Motion are inconsistent and out of order.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

before Reddit could comply with it. *Id.* at 882-83. In deciding whether to quash the DMCA subpoena, the Court's analysis turned on whether the social media user's use of the religious organization's copyrighted material constituted fair use. *Id.* at 883-884. This analysis was pertinent because the Court noted that the DMCA only authorizes subpoenas to identify "infringers," and " fair use is not a mere defense to copyright infringement, but rather is a use that is not infringing at all." *Id.* In other words, if the social media user's use of the copyright-protected material constituted fair use, then he was not an "infringer" of any copyright, and, therefore, the copyright owner could not use the DMCA subpoena process to identify him. *Id.* at 883 ("If [the social media user] establishes that he made fair use of the copyrighted works, no claim of copyright infringement could plausibly be alleged against him, and the subpoena would not be authorized under the DMCA."). The Court ultimately held that the alleged infringer did make fair use of the copyrighted material. *Id.* at 887. As such, he did not infringe any copyrights, and there was no basis in the DMCA to issue a subpoena to identify him. *Id.* at 887 ("The record establishes that [the social media user] made fair use of the [copyright-protected material]. Consequently, he did not infringe [the religious organization's] copyrighted works, and there is no basis in the DMCA for a subpoena to compel disclosure of his identity."). For this reason, the Court quashed the DMCA subpoena. *Id.*

Here, unlike *In re DMCA Subpoena to Reddit*, Mr. Khimji does not argue that his use of VSCO users' copyright-protected materials constitutes fair use. He does not even argue that his distribution of VSCO users' copyright-protected images did not amount to copyright infringement. Rather, his argument is that even if he did infringe VSCO users' copyrights on <vsco.club>, <glizzy.cafe>, and the "VSCOclub" Patreon, that VSCO's use of the DMCA Subpoenas to ascertain his identity was improper because VSCO secretly "was always pursuing trademark claims." Mot. at 7. This is wild and false speculation about VSCO's intentions and is devoid of any supporting legal precedent or factual support. While it isn't true, this speculation could not possibly be a get-out-of-jail free card, as it requires Mr. Khimji to be not only liable for copyright infringement but also liable for trademark infringement. Adding additional infringements to Mr. Khimji's ledger does not help him.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

At heart, VSCO's DMCA takedown notices, copies which were submitted to this Court with VSCO's request for issuance of the DMCA Subpoenas, all noted allegations of copyright infringement. Levad Decl. ¶ 14; Dkt. 20-2, pp. 45-46 at ¶¶ 3-8. And upon receiving Mr. Khimji's identity as a copyright infringer pursuant to the DMCA Subpoenas, VSCO enforced those copyrights by sending the cease and desist letter to Mr. Khimji demanding he stop infringing those copyrights, and the DMCA, and to inform VSCO of specific details of how he conducted his infringing activity. Levad Decl. ¶ 19; Dkt. 20-1, pp. 4-18. These actions are in perfect alignment with the DMCA and its purpose. *See In re DMCA Subpoena to Reddit*, 441 F. Supp. 3d at 884 ("The only authorized purpose for the subpoena under the DMCA was to discover his identity as an alleged copyright infringer to protect [the copyright owner's] copyrights."). Indeed, it was Mr. Khimji who in pre-litigation discussions claimed he was not sophisticated enough to commit the DMCA violations at issue here. That VSCO made the strategic decision to initially file a lawsuit on the most cut-and-dried legal theories under the facts known at the time—leaving other claims for further factual development during discovery—does not violate the DMCA in any way. Far from sanctionable, VSCO's conduct is as cautious, well-grounded, and legally sound as possible. Nowhere in the DMCA, *In re DMCA Subpoena to Reddit*, or any other legal precedent does any contrary authority exist.

Not satisfied with making baseless claims about VSCO's intentions and misconstruing *In re DMCA Subpoena to Reddit*, Mr. Khimji next analogizes the DMCA subpoena process to the "fruit of the poisonous tree" from criminal law. Mot. at 12. He asserts VSCO's learning of Mr. Khimji's identity as a copyright infringer pursuant to the DMCA Subpoenas means, *ipso facto*, that VSCO may not use that knowledge in connection with *any* other cause of action beyond copyright infringement. *Id.* This is absurd, and, of course, also incorrect. There is no "fruit of the poisonous tree" rule in civil actions; that doctrine relates to Fourth Amendment improper search and seizure in criminal actions. *Cf. Gammage v. City of San Francisco*, No. 18-CV-05604-JCS, 2020 WL 1904498, at *10 (N.D. Cal. Apr. 17, 2020) ("To start, the Fourth Amendment's exclusionary rule (and its fruit of the poisonous tree doctrine) does not apply in the context of civil suits under § 1983.") (citing *Lingo v. City of Salem*, 832 F.3d 953, 959–60 (9th Cir. 2016));

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

*Manuel v. City of Menlo Park*, No. C 90-0911 BAC, 1993 WL 204259, at *1 (N.D. Cal. June 2, 1993) ("The exclusionary rule argument advanced by plaintiff in his reply papers is denied because this is a civil action"). Mr. Khimji cites no precedent where information learned from a DMCA subpoena was considered "fruit of the poisonous tree" in a civil action brought under the Lanham Act or any other law, let alone where the filing of such an action was considered sanctionable conduct. His argument is as frivolous as they come.

In sum, Mr. Khimji is trying to conjure a rule about the DMCA subpoena process that simply does not exist. Nor should it exist. Mr. Khimji's fake rule seeks to reward and immunize infringers who <u>also</u> committed additional legal violations. That is not only a frivolous argument, but also premising a Rule 11 motion on such a frivolous argument surely amounts to an improper purpose. VSCO properly used the DMCA Subpoenas to learn who was infringing its users' copyrights: Mr. Khimji. And it sent Mr. Khimji an enforcement letter explaining the copyright infringement and demanding Mr. Khimji cease and desist. There is no rule prohibiting VSCO from using its knowledge that Mr. Khimji orchestrated the infringing websites to later to sue Mr. Khimji under any and all legal theories. And Mr. Khimji failed to meet his burden to provide any evidence—let alone clear and convincing evidence—otherwise. Because the existence of this fake rule is the only basis of Mr. Khimji's Motion, the Court should summarily deny the Motion.

**B. VSCO Filed The DMCA Subpoenas Properly And In Good Faith, And They Should Not Be Quashed**

Mr. Khimji next asserts that a sanction in the form of *post hoc* quashing of the DMCA Subpoenas is warranted because VSCO allegedly relied on a false statement to obtain the DMCA Subpoenas. Mot. at 12-13. Specifically, without any basis to make this speculation about VSCO's intentions, he posits that VSCO requested the DMCA Subpoenas to identify the infringers of its users' copyrights when secretly it "had <u>*always intended*</u> to pursue non-copyright claims." *Id.* at 12 (emphasis in original). As the above established facts make clear, this statement is knowingly false. VSCO not only intended to pursue copyright claims when it filed the request for issuance of the DMCA Subpoenas, but then it <u>did</u> pursue those copyright claims when it sent its C&D letter to Mr. Khimji. Further, VSCO may add copyright and DMCA claims to the current Complaint, but

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

has chosen to pursue discovery to determine the proper scope of those claims. Although Mr. Khimji's ascertainment of VSCO's intentions would require testimony or psychic abilities (neither of which Mr. Khimji has), he nonetheless sets forth four reasons upon which to base his supposition. None has any merit.

***First,*** Mr. Khimji notes that VSCO retained the same law firm to represent it in connection with both the DMCA Subpoenas and the instant litigation. Mot. at 13. He argues this somehow made VSCO's conduct improper. *Id.* But as set forth above, VSCO and its counsel acted above any reproach with regard to the DMCA subpoena and the later related litigation. *Cf. Gammage*, 2020 WL 1904498 at *10. Nor is there any law to prevent the same firm from both serving a DMCA subpoena and later filing a lawsuit that is lawsuit. The mere fact that VSCO used the same law firm in connection with intellectual property enforcement support is a very normal thing. It is efficient, not a matter for a sanctions motion.

***Second,*** Mr. Khimji points to VSCO's takedown notice to Patreon that VSCO submitted in support of its request for a DMCA Subpoena to Patreon. Mot. at 13. Specifically, he asserts that this takedown notice contains allegations of trademark infringement, which "reveals that VSCO was intending <u>*all along*</u> to pursue trademark claims." *Id.* (emphasis in original). But, as established above, this is demonstrably false, perhaps hallucinated by GenAI. VSCO pursued both trademark and copyright infringement enforcement hand-in-hand the entire time. VSCO never hid the fact that Mr. Khimji and his co-conspirators violated numerous federal and state laws, not just the Copyright Act here. To that end, as is evident on the face of this abuse report, this takedown notice contains allegations of both copyright and trademark infringement. Levad Decl. ¶ 14; Dkt. 20-2, p. 46 at ¶ 7. As such, this takedown notice fully undermines Mr. Khimji's claim that VSCO lacked a basis to seek the DMCA Subpoena to identify the copyright infringer behind the "VSCOclub" Patreon, who also happened to be infringing VSCO's trademarks.

What Mr. Khimji also leaves out here is how absurd and completely implausible it is that Mr. Khimji claims to not have been involved, any yet somehow those who were involved set up a Patreon account to pay Mr. Khimji the ill-gotten gains from their infringing and illegal acts. The reality is that Mr. Khimji is a ring-leader of the illegal and depraved conduct here. This whole

Motion does nothing but confirm his utter bad faith and complete lack of remorse for his despicable conduct.

***Third,*** Mr. Khimji unsuccessfully tries to impugn the UDRP proceedings against <vsco.page>, <vsco.club>, <glizzy.cafe>, and <vsco.top> and argues that "[t]hese WIPO domain name dispute decisions clearly show that VSCO was relying on trademark claims, and not copyright claims." Mot. at 14-15. This argument borders on satire. Obviously VSCO was relying on trademark claims in the context of the UDRP—"[t]he UDRP provides for an expedited arbitration process to resolve *domain name ownership disputes* involving *trademarks*." *Shenzhen Big Mouth Techs. Co. v. Factory Direct Wholesale, LLC*, No. 21-CV-09545-RS, 2022 WL 1016666, at *2 (N.D. Cal. Apr. 5, 2022) (emphasis added); *see also Rules For Uniform Domain Name Dispute Resolution Policy*, Internet Corporation for Assigned Names and Numbers, https://www.icann.org/resources/pages/policy-2024-02-21-en. The UDRP was one of many enforcement tools that VSCO employed to stop the Infringing Websites and Infringing Reddit Communities. But the Infringing Websites and Infringing Reddit Communities involved both trademark and copyright infringement, in both the domains for the websites and in their posted content. Levad Decl. ¶¶ 4-6, 11-14. VSCO's proper use of the UDRP for enforcement against web domains that incorporated the VSCO trademarks shows VSCO used appropriate legal processes, not some bizarre hallucinated conspiracy as Mr. Khimji or his GenAI tool claims.

***Fourth,*** Mr. Khimji argues that the enforcement letter VSCO sent to Mr. Khimji upon learning of his true identity somehow indicates that VSCO lacked a proper basis to seek the DMCA Subpoenas because the letter "focusses [*sic*] on trademark claims with copyright only mentioned in passing." Mot. at 15. Not so. As discussed extensively herein and in the Complaint, Mr. Khimji committed numerous legal transgressions against VSCO and its users, including trademark and copyright violations, unfair competition, breach of contract, and trespasses upon VSCO's protected computer systems. Levad Decl. ¶ 4-6, 11-14. As is evident on the face of the document, VSCO's enforcement letter to Mr. Khimji discussed all of those unlawful acts, including copyright infringement and DMCA violations:

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

> Moreover, the Infringing Websites targeted VSCO users . . . and used illegal tactics to steal those VSCO users' copyright-protected images (the "Protected Images"). According to our investigation, you accessed VSCO's website (https://www.vsco.co/) without authorization and using technological measures to circumvent certain access protections VSCO has put in place to protect its user's content and images. Your knowing and unlawful distribution and display of the Protected Images was unauthorized and constitutes copyright infringement. Moreover, the Infringing Websites permitted their users to download and save local copies of the Protected Images, thereby facilitating unauthorized access to downloadable digital copies of the Protected Images in violation of at least the anti-trafficking provisions of the Digital Millennium Copyright Act.

Levad Decl. ¶ 19; Dkt. 20-1, pp. 6-7. As such, VSCO's enforcement letter to Mr. Khimji further establishes that VSCO acted in the utmost good faith and in full compliance with the DMCA and all applicable laws. Consistent with Ninth Circuit law, VSCO used the DMCA Subpoenas to identify a copyright infringer, and then enforced against that infringer to stop his infringements of VSCO users' copyrights.

In sum, Mr. Khimji characterization of the DMCA subpoena process and VSCO's enforcement against the Infringing Websites and Infringing Reddit Communities show a bad faith, false characterization, or, at best, a willfully blind copy-and-paste of a bad GenAI result. The same individuals who were infringing VSCO users' copyrights on Infringing Websites and Infringing Reddit Communities were also infringing VSCO's trademarks, as well as committing other unlawful acts.

As such, VSCO has pursued multiple enforcement avenues to discover who these infringers are and to make them stop, including trademark and copyright abuse reports, cease and desist letters, UDRP actions, and the DMCA Subpoenas. That is absolutely appropriate and required here. The DMCA Subpoenas revealed Mr. Khimji as the creator of Infringing Websites that violated both copyright and trademark laws, among others. VSCO's strategic decision not to sue Mr. Khimji under the Copyright Act or DMCA at this time shows restraint and judgment to wait for discovery, and certainly does not warrant *post hoc* quashing of the DMCA Subpoenas. *Kuang Xuan Liu v. Win Woo Trading, LLC*, No. 14-CV-02639-KAW, 2014 WL 7140514, at *4 (N.D. Cal. Dec. 12, 2014) ("Moreover, Courts rarely award sanctions, and only do so when the conduct at issue is particularly egregious."). Mr. Khimji failed to meet his burden to demonstrate

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

otherwise at all, let alone by clear and convincing evidence, nor did he identify any precedent in which his requested relief has ever been granted in similar circumstances. It has not. Thus, the Court should deny the Motion summarily.

**C. VSCO Filed The Complaint Properly And In Good Faith, And It Should Not Be Dismissed**

In addition, Mr. Khimji alleges that the very filing of VSCO's Complaint is sanctionable. Mot. at 7. This is merely the desperate plea of a defendant seeking to avoid actual consequences for his own despicable conduct. As established above, VSCO could not have acted in more good faith and in strict compliance with the applicable law here.

The applicable law makes this even more clear. When a complaint is the primary focus of a motion for sanctions, the court must conduct a two-prong inquiry to determine (1) "whether the complaint is legally or factually baseless from an objective perspective"; and (2) "if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Aldini*, 2023 WL 7308079, at *2 (quoting *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005)). Courts combine both prongs of this test using the word "frivolous" to denote a filing that is both baseless and made without a reasonable and competent inquiry. *Aldini*, 2023 WL 7308079, at *2. Even a "weak" basis to make the allegations in a complaint is sufficient to defeat a motion for sanctions. *In re California Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1053 (N.D. Cal. 2021) (citing and quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001)). Here, neither prong could possibly support a sanctions finding, quite the opposite.

For example, in *Aldini*, 2023 WL 7308079, at *1, several French sovereign defendants filed a motion for sanctions against the plaintiff in a fraud case arising from French bankruptcy court proceedings. Specifically, the plaintiff had alleged that the defendants engaged in a fraudulent conspiracy to strip a bankrupt company of assets through manipulation of the bankruptcy court. *Id.* at *1-*2. The Court had dismissed the plaintiff's initial and amended complaints, holding that the French court's judgments should be recognized and granted preclusive effect, and thereafter, the defendants moved for sanctions against the plaintiff on grounds that the initial and amended complaints were legally baseless as barred by preclusion and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

lack of jurisdiction. *Id.* But even under those circumstances, the Court rejected the defendants' request for sanctions, noting that the plaintiff filed its complaints before the French court had issued its judgments, so, at the time they were filed, they were not directly in conflict with any prior judgment. *Id.* at *2. The Court similarly recognized that the plaintiff's allegations regarding the conspiracy theory and jurisdiction did not expressly conflict with any binding case law, so, even though they were made only on information and belief, they could not be considered "legally baseless" to warrant sanctions. *Id.* (citing *In re Cal. Bail Bond*, 511 F. Supp. 3d at 1053 ("Where there is *some* plausible basis, even quite a weak one, a claim is not baseless.") (emphasis in original)). And finally, the Court found that the plaintiff had conducted an investigation prior to filing suit, and that it based its complaints on the findings of that investigation. *Id.* at *3. For these reasons, the court held the plaintiff's complaints were not frivolous and therefore not sanctionable, without needing to examine whether they were filed for an improper purpose, and denied the defendants' motion. *Id.* (citing Greenberg, 822 F.2d at 885 ("Where a *complaint* is in question, the 'improper purpose' analysis is not necessary because a non-frivolous complaint cannot be said to be filed for an improper purpose.") (emphasis in original).

Similarly, in *Facebook*, 2022 WL 18539351 at *1-*3, the plaintiff sued the defendant for breach of contract, and the defendant moved to sanction the plaintiff on grounds that the claims in the plaintiff's complaint were "not meritorious and that they misrepresented or fabricated evidence." But the Court squarely rejected the defendant's motion for sanctions arising from the complaint as "entirely frivolous." *Id.* at *3. To reach this holding, the Court noted that "*discovery* is meant to obtain evidence that either proves or disproves facts and claims alleged," and that the defendant's gambit to resolve the case expeditiously through a motion for sanctions was premature. *Id.* (emphasis added). The Court further chastised the defendant, advising him that "filing a motion for sanctions is not a valid litigation strategy, and they are generally not appropriate." *Id.* Furthermore, the only reason the court did not award the plaintiff its fees and costs incurred in opposing the motion for sanctions was because the defendant was *pro se*. *Id.*

Finally, although *Harrison Prosthetic Cradle Inc. v. Roe Dental Lab'y, Inc.*, 608 F. Supp. 3d 541 (N.D. Ohio 2022), is not from this District, it is pertinent and instructive regarding the

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

instant Motion, as well as Mr. Khimji and his counsel's egregious behavior in filing it. In *Harrison*, the plaintiff brought suit for patent infringement against a defendant who was not a resident of the forum. *Id.* at 545-46. In the complaint, the plaintiff had erroneously copied and pasted an allegation about the residence of this defendant from a prior action. *Id.* at 550-51. The defendant then moved to dismiss the complaint for improper venue, and further sought Rule 11 sanctions against the plaintiff on grounds that its erroneous allegations regarding venue were factually and legally baseless. *Id.* at 551. The Court admonished the defendant appropriately:

> Any request for sanctions should be the last resort for redressing the most egregious misconduct or abuse. Here, at what is effectively the outset of the case, even considering the prior action, Defendants rushed to raise the specter of sanctions. Indeed, counsel appreciated the error in the complaint (copying and pasting an allegation about the residence of [the defendant] from the earlier lawsuit). Instead of a reasoned and measured response, counsel immediately threatened sanctions. That threat had the characteristic response of making matters more difficult for the parties to address. They also resulted in the additional expenditure of judicial resources on matters not directed to the merits of the dispute.
>
> At best, this conduct presents the sharpest of practice. Threatening sanctions casually or as a matter of course has no place among officers of the court—again, except in the most egregious cases and, then, only as a last resort. The type of conduct on display here threatens the civility and professionalism on which the Rules and the Court rely to resolve disputes. And it will not be tolerated.

*Harrison*, 608 F. Supp. 3d at 551. The Court of course denied the sanctions motion, and further ordered the defendants to show cause why they and their counsel should not be sanctioned for bringing the premature, frivolous sanctions motion. *Id.* So it should be here.

Here, like the plaintiff in *Aldini*, VSCO conducted a thorough investigation and enforcement campaign against the Infringing Websites and Infringing Reddit Communities for over a year before filing suit, and no prior court order or case law expressly forbids any cause of action against Mr. Khimji. 2023 WL 7308079, at *2-*3. As such, the Complaint is the opposite of frivolous. And as the Court in *Facebook* stated, to the extent there is any doubt as to the merits of VSCO's claims against Mr. Khimji, <u>*discovery*</u> is the cure, not dismissal or sanctions. 2022 WL 18539351 at *3. Unlike the defendant in *Facebook*, though, Mr. Khimji is represented by counsel; as such, he cannot avail himself of the leniencies afforded to *pro se* litigants to evade the sanctions

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

against himself and his counsel that should appropriately follow here. Like the defendants in *Harrison*, 608 F. Supp. 3d at 551, Mr. Khimji and his counsel "immediately" threatened sanctions rather than "engaging in a reasoned and measured response"—indeed, Mr. Khimji's counsel served the instant Motion on VSCO only *nine days* after he was retained by Mr. Khimji, before even responding to the Complaint. Levad Decl. ¶ 24. As in *Harrison*, Mr. Khimji's Motion has made matters more difficult for the parties and this Court to address, and has resulted in the expenditure of enormous party and judicial resources not directed to the merits of this dispute. 608 F. Supp. 3d at 551. Like the *Harrison* Court held, Mr. Khimji and his counsel's conduct has no place among officers of the court, threatens the civility and professionalism on which the Rules and the Court rely to resolve dispute, and should not be tolerated. *Id.* Thus, the Motion should be denied in its entirety, and this Court should issue sanctions against Mr. Khimji and his counsel.

### D. Mr. Khimji And His Counsel Should Be Sanctioned For Filing This Baseless, Wasteful Motion

Filing frivolous sanctions motions is sanctionable, and the Ninth Circuit has affirmed the imposition of sanctions against parties and their attorneys who make frivolous filings or otherwise engage in bad faith conduct. *Toombs v. Leone*, 777 F.2d 465, 470 (9th Cir. 1985) (affirming imposition of monetary sanctions against a party and its counsel); *Gibson v. Credit Suisse Grp. Sec. (USA) LLC*, 733 F. App'x 342, 345 (9th Cir. 2018) (affirming sanctions award of attorneys' fees); *In re USA Com. Mortg. Co.*, 462 F. App'x 677, 680 (9th Cir. 2011) (affirming sanctions award under the Court's inherent authority because "counsel's conduct . . . constituted or was tantamount to bad faith") (internal quotation and citation omitted); *see also Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 19-17504, 2021 WL 4938117, at *1 (9th Cir. Oct. 22, 2021) (sanctioning appellant and its counsel for filing a frivolous appeal). The Federal Rules also empower the Court to award VSCO its fees and costs associated with litigating this Motion. Fed. R. Civ. P. 11(c)(2) ("[T]he court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion"). This Court should therefore issue sanctions against Mr. Khimji and his counsel for filing this frivolous Motion, in the amount of VSCO's reasonable attorney's fees and costs, or, at the very least, order them to show cause why sanctions

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

against them should not issue. *Harrison*, 608 F. Supp. 3d at 551.

## V. CONCLUSION

Mr. Khimji's Motion is deeply troubling. It is not merely misguided—it is egregious. Mr. Khimji provided no case law, *zero*, to support his flawed position that an exclusionary rule applies to information properly subpoenaed under the DMCA statute. And, rather than engage with the Complaint on its merits, Mr. Khimji and his counsel have manufactured a sideshow of baseless sanctions rhetoric. Motions like this threaten the civility and professionalism on which the Rules, the Court, and most counsel, rely to engage, manage, and resolve lawsuits. Such conduct from a party, particularly one represented by counsel, should not be tolerated. For the foregoing reasons, this Court should deny the Motion in its entirety, order Mr. Khimji to pay VSCO's reasonable fees and expenses incurred in opposing the Motion, and sanction Mr. Khimji and Mr. Lin for burdening the parties and this Court with this wholly meritless Motion. In the alternative, this Court should order Mr. Khimji and Mr. Lin to show cause why they should not be sanctioned.

DATED: May 27, 2025

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: ______________________
Zachary J. Alinder
Attorneys for Plaintiff
VISUAL SUPPLY COMPANY