Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendant Adam Khimji*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
(San Francisco)

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KHIMJI, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 3:24-cv-09361-WHO<br><br>**DEFENDANT ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY FOR THE MOTION FOR SANCTIONS**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>**Date:** To be noticed, in accordance with the Order of Reference to Magistrate Judge for Report and Recommendation (Docket: 20) |

**ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

# Table of Contents

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY** ...................................... 1

**1.    Overview in Reply** ............................................................................................... 1

**2.    The Term "Only" in §512(h)(2)(C) Would Not Permit Any Other Interpretation** ..... 3

**3.    Complaint Does Not Raise Copyright Issues and VSCO's Assertion of Amendment is Without Merit** ..................................................................................................... 5

    i.    VSCO Missed the Deadline for Amending and Fails to Explain Why .............................. 6

    ii.   VSCO Has No Standing to Sue under the Copyright Act ..................................... 6

    iii.  VSCO's Public Announcement Confirms They Could Not Raise a DMCA Claim .......... 7

    iv.   VSCO's Assertion that they Require Discovery for Copyright Claims is Baseless .......... 8

**4.    VSCO is Actually Advancing Trademark Claims and Their Excuse is Irrelevant** ..... 8

**5.    Dismissal of this Case as a Sanction is the Appropriate Relief Here** ......................... 11

**6.    No Basis for Awarding Attorneys Fees to VSCO Even If They Succeed** .................... 11

**7.    Conclusion and Relief Sought** ........................................................................... 13

**ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

**TABLE OF AUTHORITIES**

**Cases**

*Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993) ...................... 6

*Branca v. Bai Brands, LLC*, Case No. 3:18-cv-00757-BEN-KSC. (S.D. Cal. Mar. 7, 2019).................................................................................................................................. 13

*Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018)........................................... 5

*Couponcabin LLC v. Savings. Com, Inc.*, No. 2:14-CV-39-TLS (N.D. Ind. Jun. 8, 2016) .. 7

*Crossfit, Inc. v. Alvies, Dist. Court,* ND Cal. 2014 (Case No. 13-3771 SC.)........................ 9

*DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017)... 6

*In Re Outlaw Laboratory, LP Litigation*, Case No. 3:18-cv-840-GPC-BGS, (S.D. Cal. Aug. 15, 2019)................................................................................................................... 12

*In Re: Subpoena of Internet Subscribers of Cox Communications, LLC And Coxcom LLC.* Case No. 23-00426 JMS-WRP. (D. Haw., Apr. 26, 2024) ..................................... 11

*In Re: Subpoena of Internet Subscribers of Cox Communications, LLC And Coxcom LLC.* Case No. 23-00426 JMS-WRP. (D. Haw., Jan. 30, 2024) ..................... 2, 3, 11, 12

*Lee v. POW! Entertainment, Inc.*, Case No: 2:19-cv-08353-ODW(FFMx) (N.D. Cal. Mar. 18, 2020) ................................................................................................................... 11

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522 (6th Cir. 2004) ......... 7

*MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928 (9th Cir. 2010) ............................ 7

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) ................. 6

*Recording Indus. Ass'n of Am. v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc., Subpoena Enforcement Matter)*, 393 F.3d 771 (8th Cir. 2005) ................................ 4

*Recording Industry Ass'n of Am., Inc. v. Verizon Internet Servs, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).......................................................................................................... 3, 4, 10

*Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013).................................................... 6

*Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS (JMA), 2013 WL 12114487 (S.D. Cal. Oct. 23, 2013)................................................................................... 12

*U.S. ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788 (9th Cir. 1989) ............................... 11

*Viral Drm LLC v. Seven West Media Limited*, Case No. 24-cv-06354-WHO (N.D. Cal. Feb. 28, 2025) .................................................................................................................. 7

**Other Authorities**

*A Quick Fix for Online Trademark Infringement*, published in The Federal Lawyer, July 2012 .................................................................................................................... 9

*Freedom of Speech and the DMCA: Abuse of the Notification and Takedown Process*, (2019) 41 E.I.P.R. 71 ................................................................................................ 9

H. Rept. 105-551 Part 2- WIPO Copyright Treaties Implementation and On-Line Copyright Infringement Liability Limitation ............................................................ 4

*The Importance of a Comprehensive Trademark Enforcement Program: The Changing Tides of Trademark Infringement*, NYSBA *Inside,* Spring/Summer 2016 ...................... 10

**ADAM KHIMJI'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

# MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY

## 1. Overview in Reply

VSCO's opposition is replete with rhetoric and sidesteps the substance on this Motion for Sanctions – the legal interpretation of §512(h)(2)(C) that a "*sworn declaration ..... that such information will **only** be used for the purpose of protecting rights under this title* [copyrights]." Other than the clear word "**only**", the legislative history confirms Congress intended what the explicit text of §512(h)(2)(C) says (i.e., only). Another appellate court similarly confirmed Mr. Khimji's interpretation of this plain wording. VSCO advances a tortured interpretation of the word "only" that is contrary to centuries of usage of this word in the English language. VSCO's interpretation would effectively gut this word from the plain text of §512(h)(2)(C).

Moreover, the sworn declaration (and related documents) at issue were made on June 26, 2024. VSCO attempts to use the alleged (and hotly disputed) pre-litigation history between June 26, 2024 to December 2024 to retroactively justify their disregard for the statutory requirements of §512(h)(2)(C). Subsequent developments cannot be used to justify previously filing a sworn declaration containing false assertions, or to ignore assurances that were already provided to the Court. VSCO is essentially asking this Court to accept VSCO's justification of the illegal means they employed because of the ends that VSCO is now seeking to achieve. Such backward reasoning disregards the law and rules, and threatens the rule of law. VSCO is also asking this Court to reward their improper use of the DMCA with further discovery.

VSCO failed to dispute the pertinent facts that are relevant for this Motion for Sanctions:

**Firstly**, VSCO tacitly accepted that the Complaint in this case does not raise copyright claims. VSCO's seeks to redirect the debate to arguing that they *could* later attempt to amend their Complaint to raise copyright claims, under either the *Copyright Act* or DMCA.

**Secondly**, VSCO also accepted that they are advancing trademark issues using information obtained using the DMCA subpoena. VSCO's after-the-fact excuse is that, in their subjective view, they could advance trademark claims using information obtained using a DMCA subpoena so long as they can *later* point to copyright issues that are not yet advanced.

1

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

1    Whether VSCO could *later* amend to state copyright claims is a red herring. The
2    irrefutable fact is that the Complaint does **not** raise any copyright claims whatsoever, not what
3    VSCO could hypothetically raise in the future to circumvent the sworn declaration from June
4    2024. In any event, VSCO's reliance on the possibility to amend to include copyright claims
5    ignores the law on standing for copyright infringement. The alleged facts of this case (i.e.,
6    website scraping) would also not fall under the DMCA. VSCO sidesteps these issues with a
7    bald assertion that they *could* amend. VSCO had a right to amend under Fed. R. Civ. P. Rule
8    15(a)(1)(B) but that deadline has long passed. VSCO failed to explain why they did not amend
9    before the deadline if there was even a basis to raise copyright claims.

   VSCO's assertion that the DMCA process could permit trademark issues to be raised, so long as there is some copyright issue that could later be advanced is contrary to established guidance. VSCO is inviting this Court to rewrite the text of the DMCA to include non-copyright issues, contrary to the legislator's intent and indirectly circumvents Congress.

   The sanction of dismissal in these circumstances is wholly appropriate. In the case of *In Re: Subpoena of Internet Subscribers of Cox Communications, LLC And Coxcom LLC.* Case No. 23-00426 JMS-WRP. (D. Haw., Jan. 30, 2024) [**Coxcom**], where the party requesting a subpoena failed to meet the requirements of the DMCA, the Court quashed the subpoena, ordered that the records be destroyed and restrained that party from using the information in any litigation. The relief granted in *Coxcom* would effectively terminate any pending litigation based on the improperly obtained information, which is analogous to the relief sought herein.

   Finally, even assuming VSCO successfully resists this Motion for Sanctions, VSCO's request for attorney's fees is not supported by Fed. R. Civ. P. 11(c)(2), which is for punishing improper conduct rather than merely compensating a prevailing party by way of fee shifting. There is plainly a serious concern that VSCO violated the letter and spirit of §512(h)(2)(C). VSCO failed to cite a single case for their request under Fed. R. Civ. P. 11(c)(2).

   Considering this Court has vacated the originally noticed hearing date with an Order of Reference to Magistrate Judge for Report and Recommendation (Docket: 20), it would appear

2

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

that this Motion for Sanctions will not be heard until after the Motion to Dismiss/Stay in this case or the Motion to Quash in file 3:24-mc-80159-SK. Mr. Khimji does not intend to repeat the submissions already made in the concurrently filed Reply for the Motion to Quash in Case No: 3:24-mc-80159-SK, or the Reply for the Motion to Dismiss/Stay in this file filed on April 21, 2025. Those submissions are equally applicable to the present reply, including in particular the five (5) material VSCO misrepresentations identified in the Reply for the Motion to Quash.

**2.   The Term "Only" in §512(h)(2)(C) Would Not Permit Any Other Interpretation**

"We are not unsympathetic either to the RIAA's concern regarding the widespread infringement of its members' copyrights, or to the need for legal tools to protect those rights. It is not the province of the courts, however, to rewrite the DMCA in order to make it fit a new and unforeseen internet architecture, no matter how damaging…" [emphasis added] *Recording Industry Ass'n of Am., Inc. v. Verizon Internet Servs, Inc.*, 351 F.3d 1229, 1238 (D.C. Cir. 2003) [*Verizon*]; *In Re: Subpoena of Internet Subscribers of Cox Communications, LLC And Coxcom LLC.* Case No. 23-00426 JMS-WRP. (D. Haw., Jan. 30, 2024) [*Coxcom*].

At the time of enacting the DMCA, back in 1998, Congress clearly intended the word "only" found in §512(h)(2)(C) to be given meaning and effect to, it is not surplusage:

> New Section 512(g) creates a procedure by which copyright owners or their authorized agents who have submitted or will submit a request for notification satisfying the requirements of new subsection (c)(3)(A) may obtain an order for identification of alleged infringers who are users of a service provider's system or network. Under this procedure, the copyright owner or agent files three documents with the clerk of any Federal district court: a copy of the notification; a proposed order; and a sworn declaration that the purpose of the order is to obtain the identity of an alleged infringer, and that the information obtained will **only** be used to protect the owner's rights under this Title. Orders issued under new subsection (g) shall authorize and order the service provider expeditiously to disclose to the person seeking the order information sufficient to identify the alleged infringer to the extent such information is available to the service provider.
>
> The Committee intends that an order for disclosure be interpreted as requiring disclosure of information in the possession of the service provider, rather than obliging the service provider to conduct searches for information that is available from other systems or networks. The Committee intends that such orders be expeditiously issued if the notification meets the provisions of new subsection (c)(3)(A) and the declaration is properly executed. The issuing of the order should be a ministerial function performed quickly for this provision to have its intended effect. ….

3

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

[emphasis added] H. Rept. 105-551 Part 2- WIPO Copyright Treaties Implementation and On-Line Copyright Infringement Liability Limitation at pp. 60-61

The Merriam-Webster English Dictionary defines the word "only" as: solely, exclusively. Contrary to VSCO's assertion that "only" does not have its literal meaning, an appellate court that considered the plain language of §512(h)(2)(C) confirmed precisely what Congress stated:

> Moreover, <u>the DMCA has considerable procedural safeguards in its requirements for a subpoena request</u>. These include identification of the work claimed to have been infringed and of the infringing material, statement of a "good faith belief" that unlawful use has occurred, verification of the accuracy of the statements, and <u>a sworn declaration</u> that the information disclosed is sought for and <u>will be used **only** to enforce ownership rights</u>. See §§ 512(h)(2)(C), 512(c)(3)(A).

[emphasis added] *Recording Indus. Ass'n of Am. v. Charter Commc'ns, Inc. (In re Charter Commc'ns, Inc., Subpoena Enforcement Matter)*, 393 F.3d 771, 785 (8th Cir. 2005)

The wording of §512(h)(2)(C) (i.e., "a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will **only** <u>be used for the purpose of protecting rights under this title</u>." [emphasis added]) cannot be given the meaning that VSCO seeks to ascribe to it. If VSCO, as they seem to be asserting now, that "only" should be considered so as to allow other forms of IP (i.e., trademarks, etc.) to be enforced through a DMCA subpoena, it would amount to the courts rewriting the DMCA, which is "not the province of the courts." *Verizon* at p. 1238.

If VSCO intended to say in their sworn declaration that the DMCA subpoena was to be used for purposes other than enforcing copyrights, they should have done so in order to allow the clerk of the Court to scrutinize that assertion. Had VSCO disclosed what they had intended, it is plain that their sworn declaration would run afoul of §512(h)(2)(C), and the subpoena would not have been issued. VSCO cannot attempt to explain away the blatant omission.

The DMCA includes rigorous safeguards as it is statutorily-created expedited process for obtaining a subpoena <u>without</u> having to file any action, or even appearing before a judge. The §512(h) DMCA subpoena is a ministerial function that is issued by the clerk of the Court.

In circumstances where a plaintiff cannot fit within the narrow confines of §512(h) of the DMCA, the plaintiff would necessarily need to file a "John Doe" lawsuit and appear before a

4

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

judge, on a motion, to seek permission for discovery. *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018) [*Cobbler*]; cited in Findings and Recommendations of Magistrate Judge Porter from August 31, 2023 in *Coxcom* (Supplemental Declaration of Simon Lin as Ex. A [*Coxcom Findings and Recommendations*]) at page 14, footnote 3.

In *Cobbler*, the Ninth Circuit set a high standard before a plaintiff can obtain the identity of a John Doe defendant and the plaintiff cannot rely on bare allegations of infringement without more. As such, if such a motion for discovery were to be brought, the Court would have rigorously analyzed VSCO's motion under the standard in *Cobbler* and protect the rights of John Does from unwarranted invasion.

VSCO's approach has effectively circumvented the Court's role in protecting the rights of John Does. VSCO simply slotted their trademark claims, as they have done now, into the DMCA subpoena process, escaping any judicial scrutiny on whether they are entitled to any discovery at all. What is most troubling here is that VSCO is even asking the Court now to reward VSCO's improper conduct by granting them the ability to conduct discovery (i.e., VSCO is claiming that its copyright claims somehow require discovery before it can be pleaded – Mr. Khimji will demonstrate in the next section that this is patently without merit).

3. **Complaint Does Not Raise Copyright Issues and VSCO's Assertion of Amendment is Without Merit**

VSCO does not appear to dispute that the Complaint here does not raise copyright causes of action or claims. VSCO attempts to paper over that irrefutable reality by baldly asserting that they *could* later on amend to include copyright claims after discovery. Notably, VSCO's assertion has no support in the Complaint, or even mentioned anywhere, until six months after the Complaint was already filed. Respectfully, VSCO's argument is also a red herring.

The issue before the Court is not what VSCO could do in the future, or what VSCO could have done previously. The issue is a narrow factual question – Does the Complaint raise *only* copyright claims or causes of action? The answer is clearly NO. Whether a Complaint that actually includes copyright and other IP claims runs afoul of the DMCA is an issue for another day. The Complaint does not meet this hypothetical that VSCO urges the Court to analyze.

5

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

In any event, VSCO's assertion that they *could* later amend is flawed in <u>four</u> respects.

    i.    <u>VSCO Missed the Deadline for Amending and Fails to Explain Why</u>

**Firstly**, the deadline for an amendment as of right expired on or about April 21, 2025 (i.e., Fed. R. Civ. P. Rule 15(a)(1)(B), 21 days after motion to dismiss on March 31, 2025). VSCO acknowledges that they were served with this Motion for Sanctions on March 21, 2025, ten days before the motion to dismiss was filed on March 31, 2025. As such, VSCO had more than a month (i.e., 31 days) to make any necessary amendments that they are now alluding to. They have failed to do so, and does not even attempt to give a credible explanation why.

It would appear this idea of amending to include copyright claims is nothing more than an afterthought. VSCO's allegations in the Complaint are replete with bald assertions and speculation, including their conspiracy claim clearly not meeting the heightened pleading standard under Rule 9(b). Then, VSCO asserts now that they wanted to carefully pursue their claim for copyright and wanted to await discovery. VSCO's actions (i.e., the filing of the Complaint and their conduct in pleading repeatedly on the basis of "information and belief") does not line up with their assertion now that they are pursuing their case with diligence.

    ii.    <u>VSCO Has No Standing to Sue under the Copyright Act</u>

**Secondly**, with respect to the assertion that VSCO could amend to state claims under the *Copyright Act*, it is settled that non-exclusive licensees of copyrights have <u>no standing</u> to bring *Copyright Act* actions as 17 U.S.C. § 501(b) provides **only** "[t]he legal or beneficial owner of <u>an exclusive right</u> under a copyright is entitled... to institute an action for any infringement of that particular right committed while he or she is the owner of it." The "exclusive rights" in a copyright are enumerated at 17 U.S.C. § 106. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169-70 (9th Cir. 2013); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934 (7th Cir. 1993); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015).

VSCO's Terms of Use (Dckt. 15-2, Declaration of Simon Lin for the Motion to Dismiss/Stay at Exhibit G, pp. 181-182) states VSCO only has a <u>non-exclusive</u> license from

users. While VSCO appointed itself as an agent *authorized* to enforce users' rights, VSCO is <u>not</u> the *sole and exclusive* agent for copyright enforcement. Moreover, VSCO's lack of *any* obligation to take action is confirmation of the limited nature of its agency role. The appointment also does **<u>not</u>** even extend to filing of lawsuits.

> **License You Grant to Us.** By using our Services, you grant us a royalty-free, sublicensable, <u>non-exclusive</u>, perpetual, irrevocable, worldwide license to use, reproduce, distribute, publicly perform, publicly display, and make derivative works of your Creator Content and AI Content (collectively, "**Content**")…
>
> **Anti-Piracy Enforcement.** VSCO strives to be a place where creativity flourishes. To that end, we're committed to protecting the intellectual property of VSCO and our Creators. To enable this protection, you authorize VSCO and our anti-piracy service providers (such as law firms) as <u>your agents for the purpose of enforcing your intellectual property rights in your Content</u>. You grant VSCO and our anti-piracy service providers authority to send or file notices on your behalf to enforce your intellectual property rights in your Content. However, <u>you understand that we aren't obligated to take such action</u>.

[emphasis added]

It is plain that VSCO has <u>no standing</u> to represent the copyright owners in a *Copyright Act* action for infringement. VSCO's own speculation that they could later amend to state a *Copyright Act* claim is not only baseless but bordering frivolous. It is a desperate measure to avoid responsibility for having filed a false declaration.

    *iii.* <u>VSCO's Public Announcement Confirms They Could Not Raise a DMCA Claim</u>

**Thirdly**, with respect to the assertion that VSCO could amend to state claims under the DMCA, Mr. Khimji acknowledges that a recent decision of this Court suggests that the standing requirement under the DMCA may be more flexible than the *Copyright Act* (*Viral Drm LLC v. Seven West Media Limited*, Case No. 24-cv-06354-WHO (N.D. Cal. Feb. 28, 2025)), it still cannot save VSCO in this instance. Another court noted that similar website scraping allegations as those that VSCO is alluding to <u>could not</u> be sustained under the DMCA when the website operator has its front door wide open (*Couponcabin LLC v. Savings. Com, Inc.*, No. 2:14-CV-39-TLS (N.D. Ind. Jun. 8, 2016) citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 547 (6th Cir. 2004); *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 952 (9th Cir. 2010)).

7

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

In this case, VSCO's FAQ confirms its front door is *wide* open, and the same user images that VSCO is arguing over are readily retrievable on internet search engines:

> VSCO **does not offer the option to have a private profile** or account at this time. **Any media that you post to your VSCO account is public for anyone to see**, whether on the VSCO app or on VSCO's website, vsco.co.
>
> …
>
> If you have deleted images from your VSCO profile or have deactivated your VSCO account but is **still appearing in search engine results**, please read the following article on how to remove this content.

[emphasis added] (Supplemental Declaration of Simon Lin at Exhibit F).

VSCO could not even plead a proper DMCA claim without violating Rule 11 (i.e., making a pleading that has no evidentiary support or contradicts evidence within their own knowledge, such as the FAQ above). There could be no claim for scraping or circumvention of copyright measures under the DMCA when VSCO's front door is wide open.

    iv.    <u>VSCO's Assertion that they Require Discovery for Copyright Claims is Baseless</u>

**Finally**, VSCO appears to be attempting to blame their own failure to plead copyright claims on the lack of discovery. This appears to be an attempt to sidestep VSCO's failure to amend before the deadline for doing so, VSCO's lack of standing under the *Copyright Act*, and that the publicly announced facts here would not fit into a DMCA claim.

In any event, VSCO failed to detail *what* discovery they actually need to proceed with their alleged copyright claim, and relies on nothing more than their own bald assertion. VSCO was able to identify the allegedly copyright infringing works with sufficient detail in a DMCA "takedown request" to Cloudflare (i.e., Dckt. 20-2, Declaration of Simon Lin, Exhibit D, pp. 62-68). Similarly, VSCO undoubtedly knows what copyright protective measures, if any, they employed on their own website. There was no impediment to VSCO pleading a copyright claim or cause of action, if there was even a basis for doing so to begin with.

**4.**    <u>VSCO is Actually Advancing Trademark Claims and Their Excuse is Irrelevant</u>

VSCO's assertion that the DMCA process permits trademark issues to be raised, so long as there is some copyright issue that may later be advanced is contrary to established guidance.

8

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

Even <u>before</u> *Crossfit, Inc. v. Alvies, Dist. Court,* ND Cal. 2014 (Case No. 13-3771 SC.), there was already guidance that trademark claims cannot be injected into the DMCA process:

> Another <u>best practice is to be sure to word the trademark takedown notice carefully so that it clearly asserts trademark rights and does not run afoul of § 512(f) by citing the DMCA as the authority for the notice.</u> To the extent the infringement entails content that infringes both trademark and copyright, it may be <u>prudent to send two separate notices, one dealing just with the trademark issues and one that is strictly a DMCA notice addressing the copyright infringement.</u>
>
> **Endnotes**
> [1]It is <u>important to note that the DMCA is limited to copyright protection, and the law prohibits sending false notices requesting the takedown of material that is not protected by copyright or is not infringing copyright.</u> Case law is still developing in this area, but <u>improperly asserting trademark infringement under the DMCA might be considered an abusive copyright claim under § 512(f) of the DMCA.</u> See *Online Policy Group v. Diebold Inc.*, 72 U.S.P.Q.2d 1200 (N.D. Cal. 2004) (sending takedown notices to ISPs when the defendant knew the material in question was not protected by copyright found to be abusive copyright claims under DMCA).

[emphasis added] *A Quick Fix for Online Trademark Infringement*, published in The Federal Lawyer, July 2012 (Supplemental Declaration of Simon Lin, Exhibit B)

Subsequent to *Crossfit*, there has been numerous warnings or cautions of using the DMCA process to enforce trademark rights, including from the USPTO:

> <u>Inappropriate use of the DMCA as a vehicle to target trade mark infringement is a problem commonly reported by service providers.</u> A specific illustration of this kind of misuse is given in a series of takedown notifications issued by the owners of WhatsApp to the online software development community Github.
> …
> <u>While the DMCA clearly applies to cases involving copyright infringement, it does not provide for trade mark protection.</u>[154] Notably, there is <u>no similar system to the notification and takedown process in place for these disputes.</u>[155] <u>By listing trade mark concerns as part of their takedown notice, WhatsApp appear to have sought the removal of legitimate content either through a misuse of the DMCA notification and takedown process, or by an attempt to "shoe-horn" their claim into its scope.</u>[156]

[emphasis added] *Freedom of Speech and the DMCA: Abuse of the Notification and Takedown Process*, (2019) 41 E.I.P.R. 71, 79 (Supplemental Declaration of Simon Lin, Exhibit C)

> **Best Practice Tip:** DMCA take down procedures must be used carefully, as the specific procedures set forth under the Copyright Act of 1976[9] are for copyrights <u>only</u>. <u>Many times, trademark owners attempt to use the DMCA procedures for alleged trademark infringements. Copyright infringement and trademark infringement are not the same. Be aware, the improper use of a DMCA takedown notice for enforcing trademarks, rather</u>

9

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

than copyrights, may constitute a violation of the DMCA (Section 512(f)) and result in monetary liability for the trademark owner.[10]

[10] See *CrossFit, Inc. v. Alvies*, No. 13–3771, 2014 WL 251760 (N.D. Cal. Jan. 22, 2014).

*The Importance of a Comprehensive Trademark Enforcement Program: The Changing Tides of Trademark Infringement*, NYSBA *Inside,* Spring/Summer 2016 (Supplemental Declaration of Simon Lin, Exhibit D)

USPTO also issued guidance reflecting the fact that other IP issues, such as trademarks, cannot be advanced via the DMCA process (Supplemental Declaration of Simon Lin, Ex. E):

> **A. Good General Practices for Service Providers**
> …
> 5. Explaining to notice senders that DMCA notices and counter-notices are <u>only accepted to address copyright infringement claims</u> and are <u>not the proper method to report other legal claims</u> (i.e. non-copyright issues such as <u>trademark</u>, defamation or privacy) or violations of community guidelines, terms of use, etc., and that there are legal sanctions that can apply for certain knowing and material misrepresentations in DMCA notices.
> …
> **D. Good General Practices for Notice Senders**
> …
> 2. Submitting <u>take down requests presented as Section 512 notices only for copyright infringement</u> (i.e., not to address issues such as trademark, defamation, privacy, etc.).
> …
> **B. Bad General Practices for Notice Senders**
> …
> 4. Submitting a <u>DMCA take down notice to assert rights other than copyright rights</u> (e.g., <u>trademark</u>, defamation, privacy, etc.).

[emphasis added]

VSCO is actually inviting this Court to rewrite the text of the DMCA to include non-copyright issues, contrary to the legislator's intent and indirectly circumvents Congress. "It is not the province of the courts, however, to rewrite the DMCA in order to make it fit a new and unforeseen internet architecture, no matter how damaging…" *Verizon*, 1238.

VSCO's suggestion that they should be permitted to fuse together both copyright and infringement claims into a DMCA takedown request, or DMCA subpoena, clearly runs afoul of the accepted practice in enforcing IP rights and rewards sloppiness. VSCO is really seeking an after-the-fact exemption for their improper use of the DMCA process and obtaining of a DMCA subpoena for enforcing trademark rights. Illegal shortcuts should not be endorsed.

10

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

### 5. Dismissal of this Case as a Sanction is the Appropriate Relief Here

The situation here is similar to *Coxcom* where a DMCA subpoena was quashed, after the information had already been disclosed pursuant to the issued DMCA subpoena. In *Coxcom Findings and Recommendations* at pages 15-16 (under the heading "II. Information Already Received by Petitioners), the Court had no trouble quashing the subpoenas *for information already received pursuant to the DMCA subpoena*, and ordering that the Petitioner "to return and/or destroy any information obtained from the Subpoena, to maintain no further record of the information from the Subpoena, and to make no further use of the subscriber data obtained from the Subpoena" citing *In re Charter Commc'ns, Inc., Subpoena Enf't Matter*, 393 F.3d 771, 778 (8th Cir. 2005). Indeed, the subsequent clarification of relief that the Court provided in *In Re: Subpoena of Internet Subscribers of Cox Communications, LLC And Coxcom LLC.* Case No. 23-00426 JMS-WRP. (D. Haw., Apr. 26, 2024) that the Petitioner "may not continue to seek settlement with any subscriber who has not yet concluded an agreement, and may not use information received from subscribers as evidence in litigation." [emphasis added]

In *Coxcom*, preventing the use of information received as evidence in litigation would effectively foreclose litigation against those subscribers. The relief sought on this motion (i.e., dismissal of this action as it was initially filed with improperly obtained information) is similar to the relief that was granted in *Coxcom* for an improperly obtained DMCA subpoena.

### 6. No Basis for Awarding Attorneys Fees to VSCO Even If They Succeed

VSCO has not cited any authority in support of their argument on Fed. R. Civ. P. 11(c)(2) (i.e., "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."). Another Court has stated that this rule "provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." *Lee v. POW! Entertainment, Inc.*, Case No: 2:19-cv-08353-ODW(FFMx) (N.D. Cal. Mar. 18, 2020) citing *U.S. ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989). Another Court has similarly stated that an award of attorneys fees under Fed. R. Civ. P. 11(c)(2) requires "a

11

DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS
Case Number: 3:24-cv-09361-WHO

showing similar to that required for a motion brought under Rule 11. That is, Counterclaimants must establish that Outlaw's Rule 11 motion was itself a sanctionable filing." *Simpson v. California Pizza Kitchen, Inc.*, No. 13-CV-164 JLS (JMA), 2013 WL 12114487, at *5 (S.D. Cal. Oct. 23, 2013); *In Re Outlaw Laboratory, LP Litigation*, Case No. 3:18-cv-840-GPC-BGS, (S.D. Cal. Aug. 15, 2019).

Even assuming Mr. Khimji does not succeed on his Motion for Sanctions, it is plain that on an objective analysis, Mr. Khimji's filing of that motion does not remotely meet the level that would attract sanctions under Rule 11. As detailed above, the various legislative, judicial, and secondary guidance all support Mr. Khimji's plain interpretation of the word "only."

VSCO's reference to the filing of this Motion for Sanctions as "threatening" is a gross exaggeration. This Motion for Sanctions was serve and filed wholly in accordance with Rule 11, giving VSCO a 21-day safe harbor period to cure the defects. VSCO failed to take any step to make corrections. There was nothing strategic about the timing of this motion. Rule 11 required Mr. Khimji to give notice to the Court and VSCO *promptly* upon discovering a basis for sanctions. Mr. Khimji was respecting the letter and spirit of Rule 11 and within a short time after he retained California-licensed counsel, this motion was served in per Rule 11.

Similarly, the separate Motion to Quash was brought in accordance with the applicable rules. The nature of the arguments raised in that motion would necessarily require that the Motion to Quash be filed in that case, rather than the current one (e.g., *Coxcom* where the motion to quash was filed in the case where the DMCA subpoenas were issued). Moreover, Rule 11 requires that a motion for sanctions be separate from any other motion.

Finally, the Motion to Dismiss/Stay was simply served within the time under the rules for filing an Answer, and there could not be anything strategic about the timing thereof.[1] It is plain from the Motion to Dismiss/Stay that, at minimum, VSCO is attempting to circumvent

---

[1] Mr. Khimji had attempted to request a stipulation for an extension for the time to file an Answer but was unsuccessful.

12

**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO

its own arbitration agreement which provides that there is no right to any discovery until the arbitrator decides the issue of liability (Dkt. No. 15, p. 12, line 8-10).

In any event, awarding attorneys fees to VSCO may be premature if this action is not terminated (e.g., *Branca v. Bai Brands, LLC*, Case No. 3:18-cv-00757-BEN-KSC. (S.D. Cal. Mar. 7, 2019)).

### 7. Conclusion and Relief Sought

Mr. Khimji submits that there is a strong basis to grant this motion for sanctions. At minimum, this action that has been filed using information obtained from a DMCA subpoena should be dismissed. The DMCA requirements are clear that information obtained using a DMCA subpoena can *only* be used to pursue copyright claims. The present action is clearly not a copyright claim. Whether it can be amended to include copyright claims is of no moment and cannot retroactively cure the violation that has already occurred in the past. VSCO sidesteps the main issue and misdirects the Court to consider what could hypothetically be added to the Complaint. Respectfully, that is not the analysis. Whether a Complaint that includes both copyright and non-copyright claims would run afoul of the DMCA is an issue for another day because that is plainly not what is in the Complaint. VSCO's argument is grounded in a hypothetical situation that is not before the Court. The irrefutably reality is that the Complaint, as it has been filed and after passage of the time for VSCO to make any amendments, does not include any copyright claims or causes of action.

VSCO was represented by competent counsel all along and VSCO should have known about the restrictions of the DMCA subpoenas.

Respectfully submitted,

Date: June 2, 2025                 By: _____*Simon Lin*_____

Simon Lin – State Bar No. 313661

13
**DEFENDANT ADAM KHIMJI'S REPLY FOR THE MOTION FOR SANCTIONS**
Case Number: 3:24-cv-09361-WHO