1   ZACHARY J. ALINDER (State Bar No. 209009)
    E-Mail:      *zalinder@sideman.com*
2   ANDREW M. LEVAD (State Bar No. 313610)
    E-Mail:      *alevad@sideman.com*
3   SIDEMAN & BANCROFT LLP
    One Embarcadero Center, Twenty-Second Floor
4   San Francisco, California 94111-3711
    Telephone:     (415) 392-1960
5   Facsimile:      (415) 392-0827
6

7   Attorneys for Plaintiff
    VISUAL SUPPLY COMPANY
8

9

10               **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13

| | |
|---|---|
| 14   VISUAL SUPPLY COMPANY, a Delaware corporation, | Case No. 3:24-cv-09361-WHO-SK |
| 15 | **PLAINTIFF VISUAL SUPPLY COMPANY'S** |
| 16         Plaintiff, | **OBJECTION TO REPLY EVIDENCE RE:** **DEFENDANT ADAM KHIMJI'S MOTION** |
| 17     v. | **FOR SANCTIONS, L.R. 7-3(D)(1)** |
| 18   ADAM KHIMJI, an individual, and DOES 1-20, inclusive, | Date:      TBD |
| 19 | Time:      TBD |
|         Defendants. | Place:    Courtroom C, 15th Floor |
| 20 | Judge:    Hon. Sallie Kim |

21

22

23

24

25

26

27

28

Case No. 3:24-cv-09361-WHO-SK

PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE
RE: DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS, L.R. 7-3(D)(1)

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    Pursuant to Civil Local Rule 7-3(d)(1), Plaintiff Visual Supply Company ("VSCO")

2  respectfully objects to new evidence submitted by Defendant Adam Khimji ("Mr. Khimji") with

3  his Reply in support of his Motion for Sanctions (Dkt. 25, the "Reply").

4  **I.    INTRODUCTION AND RELEVANT BACKGROUND**

5    This action arises from the unlawful and infringing conduct of Mr. Khimji and one or more

6  co-conspirators in connection with a scheme to scrape, traffic, market, and monetize images and

7  data from VSCO and its users. *See generally* Dkt. 1 (the "Complaint").

8    Before initiating this action, VSCO had filed a request to this Court to issue subpoenas to

9  certain internet service providers under 17 U.S.C. § 512(h) of the Digital Millennium Copyright

10  Act to ascertain the identities of the persons responsible for the infringement of its users'

11  copyrights (the "DMCA Subpoenas"), which VSCO's users authorize VSCO to do on their behalf.

12  *See In re DMCA Subpoenas to Cloudflare, Inc., et al.*, No. 24-mc-80159-SK (N.D. Cal.). The

13  websites also infringed VSCO's trademarks and other legal rights. This Court granted VSCO's

14  request, and the internet service providers' records produced in response to the DMCA Subpoenas

15  identified Mr. Khimji as the registrant of such websites, including with records identifying Mr.

16  Khimji by name, physical address, email address, and credit card information. On June 24, 2024,

17  this Court terminated the miscellaneous matter that was opened to issue the DMCA Subpoenas.

18  VSCO then sent an enforcement letter to Mr. Khimji, demanding he cease and desist his copyright

19  infringement and other unlawful activities in connection with the websites, and to cooperate with

20  VSCO's investigation of the matter. Despite months of attempts to resolve the dispute, Mr. Khimji

21  eventually refused to comply. VSCO's Complaint followed.

22    On May 12, 2025, Mr. Khimji moved this Court to issue the following sanctions against

23  VSCO:

24    1)  Termination of this action and dismissal of the Complaint with prejudice;

25    2)  In the alternative to termination, striking Mr. Khimji as a defendant with prejudice,

26      striking Paragraph 8 of the Complaint, and expunging references to Mr. Khimji in the

27      court file;

28    3)  *Post hoc* quashing of the DMCA Subpoenas in the terminated miscellaneous matter;

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

4) Payment of all attorneys' fees and costs incurred generally in defending this action and specifically in connection with the Motion for Sanctions;

5) A monetary fine of $10,000.00, payable to the Court.

Dkt. 20 at p. 2.

On May 27, 2025, VSCO filed its Opposition to Mr. Khimji's Motion for Sanctions. Dkt. 23 (the "Opposition"). And on June 2, 2025, Mr. Khimji filed the Reply. Dkt. 25. Mr. Khimji did not request judicial notice for any of the exhibits submitted in the Motion or the Reply.

However, in conjunction with the Reply, Mr. Khimji filed the Supplemental Declaration of Simon Lin In Support Of Motion For Sanctions (Dkt. 25-1, the "Supplemental Lin Declaration" or "Supp. Lin Decl.") and seven Exhibits ("Exs.") attached thereto:

- Exhibit A is an alleged printout of District of Hawaii Magistrate Judge Wes Reber Porter's Findings And Recommendation To Grant John Doe's Motion To Quash 512(H) Subpoena In the Matter of *Subpoena of Internet Subscribers of Cox Communications, LLC and CoxCom LLC*, No. MC 23-00263 JMS-WRP (D. Haw., Aug. 31, 2023);[1]

- Exhibit B is an alleged printout of an article titled "A Quick Fix for Online Trademark Infringement," by Deborah A. Wilcox and Courtni E. Thorpe, allegedly published in *The Federal Lawyer* in July 2012;

- Exhibit C is an alleged printout of an article titled "Freedom of Speech and the DMCA: Abuse of the Notification and Takedown Process" by Steven McLeod Blythe of University of Strathclyde, Glasgow, Scotland, allegedly published in *European Intellectual Property Review* in 2019;

- Exhibit D is an alleged printout of an article titled "The Importance of a Comprehensive Trademark Enforcement Program: The Changing Tides of

[1] This matter appears to be on appeal to the Ninth Circuit, *In Re Subpoena Internet Subscribers Of Cox Communications, LLC And Coxcom LLC*, No. 24-3978, (9th Cir.) (appeal filed Jun. 27, 2024), which remains pending as of the date of this filing.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Trademark Infringement" by Alana M. Fuierer and David P. Miranda, allegedly published in *New York State Bar Association Insider* in "Spring/Summer 2016";

- Exhibit E is an alleged printout of an article titled "DMCA Notice-and-Takedown Processes: List of Good, Bad, and Situational Practices," allegedly published on the United States Patent and Trademark Office's website at the URL https://www.uspto.gov/sites/default/files/documents/DMCA_Good_Bad_and_Situational_Practices_Document-FINAL.pdf;

- Exhibit F is an alleged printout of "a FAQ page found on VSCO's website" at the URL https://support.vsco.co/hc/en-us/articles/360040916071-Private-profiles-on-VSCO;

- Exhibit G is an alleged copy of an email thread between Mr. Khimji's terminated former counsel and VSCO's counsel.

VSCO objects to the Exhibits attached to the Supplemental Lin Declaration. All of the Exhibits are objectionable on the ground that Mr. Khimji did not even file a request judicial notice for any documents here, and because they are not relevant and constitute improper Reply evidence. Even if he had submitted these in his opening papers and had properly requested judicial notice (though he did neither), there is certainly no basis to take judicial notice of these documents, particularly Exhibits B-G to the Supplemental Lin Declaration, which would not even be potentially subject to judicial notice at all consistent with Fed. R. Evid. 201.

## II.    LEGAL STANDARD FOR OBJECTION

Under Civil Local Rule 7-3(d)(1):

> [I]f new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, which may not include further argument on the motion.

L.R. 7-3(d)(1). This Rule is intended to "recognize the potential inequities that might flow from the injection of new matter at the last round of briefing." *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2021 WL 12331659, at *1 (N.D. Cal. Nov. 23, 2021) (sustaining objection to reply evidence on motion for class certification) (citing and quoting *Dutta v. State Farm Mut.*

3

1    *Auto. Ins. Co.*, 895 F.3d 1166, 1171-72 (9th Cir. 2018)). Under this Rule, Courts in this District

2    reject reply evidence that could have been included in the original motion but was not. *Visier, Inc.*

3    *v. iCIMS, Inc.*, No. 24-CV-07544-SVK, 2025 WL 589036, at *2 (N.D. Cal. Feb. 24, 2025)

4    (sustaining objection to reply evidence) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289

5    n. 4 (9th Cir.2000) ("[I]ssues cannot be raised for the first time in a reply brief.") and T*ovar v.*

6    *U.S. Postal Serv.*, 3 F.3d 1271, 1273 n. 3 (9th Cir.1993) ("To the extent that the [reply] brief

7    presents new information, it is improper.")).

8    **III.    <u>VSCO OBJECTS TO REPLY EVIDENCE</u>**

9            VSCO objects to Mr. Khimji's submission of new evidence in its Reply, including each of

10    the Exhibits attached to the Supplemental Lin Declaration on the grounds that they are improper

11    on Reply, no request for judicial notice has been filed, and they are not relevant to the

12    determination of this motion. This is particularly true about Exhibits B-G of the Supplemental Lin

13    Declaration, which are not even potentially subject to judicial notice consistent with Fed. R. Evid.

14    Section 201. The alleged Internet article printouts and email correspondence between Mr.

15    Khimji's terminated former counsel and VSCO's counsel are not judicially noticeable and they are

16    not incorporated by reference into VSCO's Complaint or Mr. Khimji's Motion for Sanctions.

17            Mr. Khimji's attempt to introduce this purported evidence in a Reply on a Motion for

18    Sanctions is improper, unfair, and prejudicial. *Rojas*, 2021 WL 12331659 at *1 (sustaining

19    objection to reply evidence because it would be "unfair and prejudicial" to the objecting party).

20    Furthermore, Mr. Khimji has not provided any reasoning why such evidence is judicially

21    noticeable (which it is not) or why he could not have included this information in his opening

22    motion. *Visier*, 2025 WL 589036 at *2 ("Withholding such evidence until the reply brief is

23    improper."). There is therefore no basis to consider any of these Exhibits, in particular the alleged

24    internet article printouts or correspondence involving Mr. Khimji's former counsel submitted in

25    connection with the Supplemental Lin Declaration.

26            Thus, VSCO respectfully submits that this Court should sustain this objection, as

27    consideration of the purported Reply evidence attached as Exhibits to the Supplemental Lin

28    Declaration would be unfair and prejudicial. *Rojas*, 2021 WL 12331659 at *1. And to the extent

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    Mr. Khimji files a response to this objection or seeks leave to file a response to this objection, this

2    Court should reject that as well. *Id.* ("This district's Civil Local Rules do not contemplate a

3    response to an objection to reply evidence.").

4    **IV.    <u>CONCLUSION</u>**

5         For the foregoing reasons, this Court should sustain VSCO's Objection to Reply Evidence

6    and disregard the Exhibits to the Supplemental Lin Declaration as improperly-submitted purported

7    evidence in deciding the Mr. Khimji's Motion for Sanctions.

8

9    DATED: June 9, 2025                    Respectfully submitted,

10                                          SIDEMAN & BANCROFT LLP

11                                          By:        /s/ *Andrew M. Levad*

12                                                 _____
                                                   Andrew M. Levad

13                                                 Attorneys for Plaintiff
                                                   VISUAL SUPPLY COMPANY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Case No. 3:24-cv-09361-WHO-SK
PLAINTIFF VISUAL SUPPLY COMPANY'S OBJECTION TO REPLY EVIDENCE
RE: DEFENDANT ADAM KHIMJI'S MOTION FOR SANCTIONS