ZACHARY J. ALINDER (SBN 209009)
E-Mail: zalinder@sideman.com
ANDREW M. LEVAD (SBN. 313610)
E-Mail: alevad@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

SIMON LIN (SBN 313661)
E-Mail: simonlin@evolinklaw.com
EVOLINK LAW GROUP
4388 Still Creek Drive, Suite 237
Burnaby, BC  V5C 6C6
Canada
Telephone: (604) 620 2666

Attorneys for Defendant
ADAM KHIMJI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-09361-WHO-SK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 18, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 2, 17th Floor<br><br>Honorable William H. Orrick |

Plaintiff Visual Supply Company ("VSCO" or "Plaintiff") and Defendant Adam Khimji ("Mr. Khimji" or "Defendant," and together with VSCO, the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Order of this Court at Dkt. 26.

1. **Jurisdiction and Service**

VSCO's Statement Re Jurisdiction:

Subject matter jurisdiction in this case is predicated upon federal question jurisdiction for Plaintiff's federal law claims and supplemental jurisdiction for Plaintiff's state law claims. Plaintiff has alleged sufficient grounds for specific personal jurisdiction over Defendant for the alleged claims, under established Ninth Circuit law. Defendant has moved to dismiss based on jurisdictional grounds, which Plaintiff has opposed, among other reasons, because the Court has personal jurisdiction over the Parties, and the lawsuit is not subject to arbitration. The hearing is set for June 18, 2025 at 2 p.m.

Mr. Khimji's Statement Re Jurisdiction:

Defendant has filed a motion to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, *forum non conveniens*, or stay in favor of arbitration, with a hearing set for June 18, 2025 at 2 p.m.

Joint Statement re Service:

Mr. Khimji signed a waiver of service on or about January 8, 2025. No parties remain to be served, other than currently-unknown Doe Defendants.

2. **Facts**

VSCO's Statement of the Facts:

VSCO is a community-driven and creator-centric platform that equips photographers with the tools, community, and exposure they need to expand creatively and professionally. VSCO empowers photographers to connect with other creatives and businesses with its suite of creative tools that spans from mobile to desktop and across its global community of over 300 million users.

Defendants, including specifically Defendant Khimji, have perpetrated a scheme to scrape, download, copy, aggregate, and redistribute for profit the images from VSCO users, primarily

women and girls. Defendants, including specifically Mr. Khimji, then created numerous websites that blatantly infringed the VSCO Trademarks and that were styled to appear as though VSCO had sponsored, authorized, and/or endorsed them. The point of these sites was to exploit the images and other content from VSCO, which Defendants then sought to monetize by soliciting payments and offering subscriptions to access the VSCO content. For example, Mr. Khimji's Patreon site claimed to have scraped, downloaded, and saved the account materials from over 10 million VSCO users and offered access to copies of the same to "patrons" on Patreon for a fee. To that end, Mr. Khimji's excuse of purported stolen identity is not remotely plausible, in light of Mr. Khimji's own Patreon site set up to monetize the specific illegal and infringing acts, including scraped VSCO content, at issue in this case and to bankroll further such illegal and infringing acts.

After Mr. Khimji refused to comply with VSCO's cease and desist demands and after many subsequent months of attempts to get Mr. Khimji to come clean, VSCO was forced to bring this action alleging IP and tort claims against the Defendants to uncover all of the bad actors involved the scheme here, to shut them all down, and to recover for the harm they have caused.

Mr. Khimji's Statement of the Facts:

VSCO's entire claim is based on conjecture and is a strike suit designed to intimidate to cover up their technical and other failures. Mr. Khimji is a victim of credit card fraud who had his credit card information used without authorization by unknown persons on various platforms including Patreon and Cloudflare. Mr. Khimji has already filed police reports relating to the credit card fraud.

Mr. Khimji's information was then released by internet companies using the DMCA subpoenas that VSCO improperly obtained, an issue that is to be dealt with in the motion for sanctions and/or motion to quash subpoena. Mr. Khimji's information was in the hands of those internet companies in the first place due to the credit card fraud and impersonation. The so-called contact that VSCO had allegedly made was to a Protonmail email account that Mr. Khimji has no knowledge about.

VSCO is also now seeking to escape the arbitration terms that it drafted, which provide for all disputes to be resolved via arbitration. This Complaint is nothing more than VSCO's

transparent attempt to bypass the usual requirements in order to seek court approval for any discovery in John Doe actions. VSCO simply jumps on the first name it could find and dresses up their claim with conjecture and speculation.

### 3. Legal Issues

VSCO's Statement of the Legal Issues:

The principal legal issues in dispute are (i) whether Defendants' conduct violates state and federal law as VSCO contends in its operative Complaint, (ii) whether Defendants' conduct was willful and/or malicious such that this constitutes an exceptional case under federal law and/or is subject to punitive, exemplary, or enhanced damages, and (iii) whether VSCO is entitled to full recovery against Defendants as set forth in the Prayer for Relief, including but not limited to permanent injunctive relief against Defendants.

Mr. Khimji's Statement of the Legal Issues:

At present, Mr. Khimji contends the only issues are whether the Complaint should be dismissed pursuant to Rule 12(b), or the action stayed in favor of arbitration under 9 U.S. Code § 2-3. Subsidiarily, if the motion to dismiss and/or stay is not granted, the main issue is whether the DMCA subpoena in 3:24-mc-80159-SK were properly issues, and this issue will be dealt with as part of the motion for sanctions (Dkt. 20) and the motion to quash in 3:24-mc-80159-SK.

### 4. Motions

Defendant has filed a motion to dismiss, a motion for sanctions, and an administrative motion to continue the case management conference and stay discovery. Plaintiff has opposed all of these motions. The motion to dismiss and the motion for sanctions are still pending. The administrative motion was granted in part and denied in part on June 3, 2025.

Defendant has also filed a motion to quash subpoena in in 3:24-mc-80159-SK, which will be heard by Magistrate Judge Kim on June 23, 2025. Plaintiff has also opposed this motion.

### 5. Amendment of Pleadings

VSCO's Statement:

VSCO intends to amend its Complaint once it has been able to identify and unmask Mr. Khimji's co-conspirators. Party discovery has not commenced, such that VSCO has not yet

received any documentation from Defendant regarding these unknown Doe Defendants. Third party discovery opened on June 3, 2025. VSCO will diligently attempt to use the third-party subpoena process to identify these Doe Defendants, so that it may amend and add them in a timely and appropriate manner.

Mr. Khimji's Statement:

VSCO's assertion of "co-conspirators" is nothing more than conjecture of their own fabrication. Mr. Khimji reserves the right to be severed from this action under Rule 21, motion for judgment on the pleadings, or summary judgment.

6. **Evidence Preservation**

The Parties have stated that they are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The Parties have agreed to exchange initial disclosures on or before June 13, 2025.

8. **Discovery**

Party discovery has not yet commenced. Third party discovery opened as of June 3, 2025.

9. **Class Actions**

VSCO's Statement:

This is not a class action. Mr. Khimji's implication that this might somehow be a class action appears to be yet another attempt to multiply proceedings and unnecessarily increase cost, time, and burden on the parties and the Court.

Mr. Khimji's Statement:

VSCO's framing of their Complaint is ambiguous whether they are bringing a defendant class action under Rule 23. If the action is not otherwise dismissed or stayed, Mr. Khimji reserves the right to seek an Order that VSCO bring a motion for class action certification in accordance with Rule 23(c)(1)(A).

VSCO's assertion of raising costs is unfounded. There is no reason for a lone individual to raise costs against a multimillion-dollar internet company. Class actions, whether a defendant class or plaintiff class, only serves to level the playing field. VSCO cannot complain about a

5    Case No. 3:24-cv-09361-WHO-SK
JOINT CASE MANAGEMENT STATEMENT

1 defendant wanting to seek another defendant to ask as the representative when VSCO formulated
2 their case against an entire group of persons.

3 **10.  Related Cases**

4 VSCO's Statement:

5 There are no related cases here. The miscellaneous matter cited by Mr. Khimji is not a
6 related case within the meaning of the Federal Rules or the Local Rules. As set forth in the Local
7 Rules, the rule on related cases only applies when one "*action* is related to another...." N.D. Cal.
8 L.R. 3-12 (emphasis supplied). But the Federal rules are clear that "[t]here is one form of action—
9 the civil action." Fed. R. Civ. Proc. Rule 2; *see also* Fed. R. Civ. Proc. Rule 3 ("A civil action is
10 commenced by filing a complaint with the court."). The miscellaneous matter cited by Mr. Khimji
11 is not considered an "action" under Federal law, and therefore, the local rule on related cases does
12 not apply here. *See, e.g., Johnson v. Wells Fargo Bank*, 2023 WL 3571055 (S.D.N.Y. 2023)
13 ("The miscellaneous action docket is restricted for specified matters that are not civil actions.");
14 *see also Rodrick v. Kauffman*, 455 F. Supp. 3d 546, 547 (M.D. Tenn. 2020) (*citing and quoting*
15 Administrative Office of the United States Courts, District Clerks' Manual, Case Opening, §
16 4.03(a)(1) ("Miscellaneous numbers are assigned to a variety of matters filed with the court which
17 are not properly considered civil or criminal cases.")). Further, as set forth on the docket, the
18 miscellaneous matter cited by Mr. Khimji was also terminated on June 28, 2024.

19 Mr. Khimji's Statement:

20 The Petition to obtain DMCA subpoenas in 3:24-mc-80159-SK may be a related case.
21 VSCO's pre-emptive assertion, citing local rules in the District Court for Southern District of New
22 York does not actually assist them when that case refers to "miscellaneous action." A cursory
23 review of the Local Rules in this Court reveals that the rules utilized two different terminology,
24 "action" and "civil action", with the former obviously being broader than merely a "civil action."

25 **11.  Relief**

26 VSCO's Statement:

27 VSCO seeks all available remedies and relief against Defendants, as set forth in the Prayer
28 for Relief in VSCO's operative Complaint.

Mr. Khimji's Statement:

Mr. Khimji seeks an Order dismissing the Complaint with prejudice, or a stay in favor of arbitration. As Mr. Khimji has not yet filed an Answer to the Complaint, Mr. Khimji reserves the right to supplement the relief requested herein.

**12.   Settlement and ADR**

VSCO's Statement:

The Parties have engaged in lengthy direct settlement discussions, including before the *Complaint was filed and since then, without success.* Mr. Khimji's excuses and attempts to escape liability are not plausible, particularly considering that Mr. Khimji also set up a Patreon site for "patrons" to pay him in relation to the specific unlawful conduct at issue here.

Mr. Khimji's Statement:

Mr. Khimji disagrees that there were "lengthy direct settlement discussions." The correspondences that had occurred with previous counsel were nothing more than intimidation to coerce or extract a settlement. VSCO has refused to even consider the possibility that Mr. Khimji's credit card was subject of fraud.

VSCO repeatedly refers to their own bald assertions as if they are facts, and does not assist the Court. In particular, the Patreon site allegation is unfounded and VSCO has yet to properly investigate who fraudulently opened an account using Mr. Khimji's information.

**13.   Other References**

N/A

**14.   Narrowing of Issues**

The Parties anticipate that there may be issues or facts to which stipulations are appropriate, and they will cooperate to narrow issues if possible. At present, no issues have been identified for narrowing by agreement.

**15.   Scheduling**

Given that the pleadings are not yet set, the Parties believe that it is premature to set a case schedule through trial at this point in time.

16. **Trial**

VSCO's Statement:

VSCO has requested a jury trial and estimates that the length of such a trial would be 7-12 days.

Mr. Khimji's Statement:

Mr. Khimji believes this should be discussed at a further case management conference, after the disposition of the pending Rule 12 motion, motion for sanctions, and motion to quash subpoena.

17. **Disclosure of Non-Party Interested Entities or Persons**

VSCO has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

Mr. Khimji has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

18. **Professional Conduct**

All counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Other**

The Parties are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Respectfully submitted,

DATED: June 11, 2025    SIDEMAN & BANCROFT LLP

By: _____
Zachary J. Alinder
Attorneys for Plaintiff
Visual Supply Company

DATED: June 11, 2025                         EVOLINK LAW GROUP

                                             By: *Simon Lin*
                                             Simon Lin
                                             Attorneys for Defendant
                                             Adam Khimji