ZACHARY J. ALINDER (SBN 209009)
E-Mail: zalinder@sideman.com
ANDREW M. LEVAD (SBN. 313610)
E-Mail: alevad@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

SIMON LIN (SBN 313661)
E-Mail: simonlin@evolinklaw.com
EVOLINK LAW GROUP
4388 Still Creek Drive, Suite 237
Burnaby, BC  V5C 6C6
Canada
Telephone: (604) 620 2666

Attorneys for Defendant
ADAM KHIMJI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM KHIMJI, an individual, and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-09361-WHO-SK<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: July 15, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 2, 17th Floor<br><br>Honorable William H. Orrick |

Plaintiff Visual Supply Company ("VSCO" or "Plaintiff") and Defendant Adam Khimji ("Mr. Khimji" or "Defendant," and together with VSCO, the "Parties") jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Order of this Court at Dkt. 36.

## 1. Jurisdiction and Service

VSCO's Statement Re Jurisdiction:

Subject matter jurisdiction in this case is predicated upon federal question jurisdiction for Plaintiff's federal law claims and supplemental jurisdiction for Plaintiff's state law claims. Plaintiff has alleged sufficient grounds for specific personal jurisdiction over Defendant for the alleged claims, under established Ninth Circuit law. Defendant has moved to dismiss based on jurisdictional grounds, which Plaintiff has opposed, among other reasons, because the Court has personal jurisdiction over the Parties, and the lawsuit is not subject to arbitration. The hearing on Defendant's motion to dismiss occurred on June 18, 2025, and this Court tentatively denied the motion on all grounds. Dkt. 36.

Defendant also filed a motion for sanctions in this matter. Defendants' motion for sanctions was referred to Magistrate Judge Kim for resolution. The sanctions motion itself is unsupportable under the facts and the law, and Plaintiff contends that the Court should instead sanction Defendant for threatening and then filing a meritless sanctions motion in an improper attempt to pressure Plaintiff into dropping its lawsuit against him. On June 25, 2025, Magistrate Judge Kim issued a Report and Recommendation that this Court deny the motion for sanctions.

Mr. Khimji's Statement Re Jurisdiction:

Defendant has filed a motion to dismiss for lack of personal jurisdiction, lack of subject-matter jurisdiction, *forum non conveniens*, or stay in favor of arbitration, with a hearing set for June 18, 2025 at 2 p.m.

Defendant also filed a motion for sanctions for filing and relying on a sworn declaration contrary to the explicit requirements of §512(h)(2)(C) (Dkt. 20). That sworn declaration form the basis for issuing the DMCA subpoenas in 3:24-mc-80159-SK, which in turn was used by the Plaintiff to file this action. Defendant also filed a motion to quash the subpoena in 3:24-mc-80159-

1  SK. The hearing for the motion for sanctions is pending notice from Magistrate Judge Kim. The
2  motion to quash is set for hearing before Magistrate Judge Kim on June 23, 2025 at 9:30 a.m.
3      For greater certainty, Mr. Khimji's continued participation in this proceeding is not a
4  waiver of the personal jurisdiction defense.
5      <u>Joint Statement re Service</u>:
6      Mr. Khimji signed a waiver of service on or about January 8, 2025.  No parties remain to
7  be served, other than currently-unknown Doe Defendants.
8      **2.**    **Facts**
9      <u>VSCO's Statement of the Facts</u>:
10     VSCO is a community-driven and creator-centric platform that equips photographers with
11 the tools, community, and exposure they need to expand creatively and professionally.  VSCO
12 empowers photographers to connect with other creatives and businesses with its suite of creative
13 tools that spans from mobile to desktop and across its global community of over 300 million users.
14     Defendants, including specifically Defendant Khimji, have perpetrated a scheme to scrape,
15 download, copy, aggregate, and redistribute for profit the images from VSCO users, primarily
16 women and girls.  Defendants, including specifically Mr. Khimji, then created numerous websites
17 that blatantly infringed the VSCO Trademarks and that were styled to appear as though VSCO had
18 sponsored, authorized, and/or endorsed them.  The point of these sites was to exploit the images
19 and other content from VSCO, which Defendants then sought to monetize by soliciting payments
20 and offering subscriptions to access the VSCO content.  For example, Mr. Khimji's Patreon site
21 claimed to have scraped, downloaded, and saved the account materials from over 10 million
22 VSCO users and offered access to copies of the same to "patrons" on Patreon for a fee.  To that
23 end, Mr. Khimji's excuse of purported stolen identity is not remotely plausible, in light of Mr.
24 Khimji's own Patreon site set up to monetize the specific illegal and infringing acts, including
25 scraped VSCO content, at issue in this case and to bankroll further such illegal and infringing acts.
26     After Mr. Khimji refused to comply with VSCO's cease and desist demands and after
27 many subsequent months of attempts to get Mr. Khimji to come clean, VSCO was forced to bring
28 this action alleging IP and tort claims against the Defendants to uncover all of the bad actors

1 involved the scheme here, to shut them all down, and to recover for the harm they have caused.

2     Mr. Khimji's Statement of the Facts:

3 VSCO's entire claim is based on conjecture and is a strike suit designed to intimidate to cover up their technical and other failures. Mr. Khimji is a victim of credit card fraud who had his credit card information used without authorization. Mr. Khimji has already filed police reports relating to the credit card fraud.

Mr. Khimji's information was released by internet companies using the DMCA subpoenas that VSCO improperly obtained, an issue that is to be dealt with in the motion for sanctions and/or motion to quash subpoena. The information was in the hands of those internet companies in the first place due to the credit card fraud.

VSCO is also seeking to escape the arbitration terms that it drafted, which provide for all disputes to be resolved via arbitration. This Complaint is nothing more than VSCO's transparent attempt to bypass the usual requirements in order to seek court approval for any discovery in John Doe actions. VSCO simply jumps on the first name it could find and dresses up their claim with conjecture and speculation.

### 3. Legal Issues

VSCO's Statement of the Legal Issues:

The principal legal issues in dispute are (i) whether Defendants' conduct violates state and federal law as VSCO contends in its operative Complaint, (ii) whether Defendants' conduct was willful and/or malicious such that this constitutes an exceptional case under federal law and/or is subject to punitive, exemplary, or enhanced damages, and (iii) whether VSCO is entitled to full recovery against Defendants as set forth in the Prayer for Relief, including but not limited to permanent injunctive relief against Defendants.

Mr. Khimji's Statement of the Legal Issues:

As a preliminary matter, Mr. Khimji contends the only issues are whether the Complaint should be dismissed pursuant to Rule 12(b), or the action stayed in favor of arbitration under 9 U.S. Code § 2-3. Subsidiarily, if the motion to dismiss and/or stay is not granted, the main issue is whether the DMCA subpoena in 3:24-mc-80159-SK were properly issued, and this issue will be

1  dealt with as part of the motion for sanctions (Dkt. 20) and the motion to quash in 3:24-mc-80159-
2  SK.

3  Should this action not be stayed in favor of arbitration or the DMCA subpoenas quashed,
4  Mr. Khimji contends the all of the state law claims in this action are pre-empted and should be
5  dismissed on a motion for judgment on the pleadings, similar to the situation in *X Corp. v. Bright
6  Data Ltd.*, 733 F. Supp. 3d 832 (N.D. Cal. 2024). The balance of the federal trademark claims can
7  be resolved at a summary judgment motion. Whether VSCO's trademarks are even "used" on the
8  allegedly infringing websites can be resolved at a (partial) summary judgment motion by reference
9  to printout of the allegedly infringing website. If VSCO's trademarks were not even "used" on
10 those websites, there would be no remaining legal issues to determine.

11 **4.    Motions**

12 Mr. Khimji has filed a motion to dismiss, a motion for sanctions, and an administrative
13 motion to continue the case management conference and stay discovery. Plaintiff has opposed all
14 of these motions. The administrative motion was granted in part and denied in part on June 3,
15 2025. This Court heard the motion to dismiss on June 18, 2025, and took the motion under
16 submission. On June 25, 2025, Magistrate Judge Kim issued a Report and Recommendation that
17 this Court deny the motion for sanctions.

18 Mr. Khimji has also filed a motion to quash subpoena in in 3:24-mc-80159-SK, which was
19 be heard by Magistrate Judge Kim on June 23, 2025. Plaintiff also opposed this motion. On June
20 25, 2025, Magistrate Judge Kim issued an order reassigning the miscellaneous matter to this
21 Court, and also issued a Report and Recommendation that this Court deny the motion to quash.

22 Mr. Khimji anticipates filing a motion for judgment on the pleadings and/or summary
23 judgment at the earliest opportunity.

24 VSCO also anticipates filing a motion for summary judgment and expects that motion to
25 resolve VSCO's liability claims here at minimum.

26 **5.    Amendment of Pleadings**

27 VSCO's Statement:

28 VSCO intends to amend its Complaint once it has been able to identify and unmask Mr.

Khimji's co-conspirators. Party discovery has not commenced, such that VSCO has not yet received any documentation from Defendant regarding these unknown Doe Defendants. Third party discovery opened on June 3, 2025. On June 18, 2025, VSCO served subpoenas on third-parties Reddit, Inc., and Patreon, Inc., seeking documents and information to identify these Doe Defendants. VSCO will continue to diligently use the third-party subpoena process to identify these Doe Defendants, so that it may amend and add them in a timely and appropriate manner.

Mr. Khimji's Statement:

VSCO's assertion of "co-conspirators" is nothing more than conjecture of their own fabrication. Mr. Khimji reserves the right to be severed from this action under Rule 21, motion for judgment on the pleadings, or summary judgment.

VSCO should be required to amend its pleadings to name the Doe Defendants, and the pleadings closed, as soon as practicable considering VSCO has already had more than a year to investigate prior to filing of the action.

### 6. Evidence Preservation

The Parties have stated that they are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The Parties exchanged initial disclosures on June 13, 2025.

### 8. Discovery

Party discovery has not yet commenced. Third party discovery was opened as of June 3, 2025.

### 9. Class Actions

VSCO's Statement:

This is not a class action. Mr. Khimji's implication that this might somehow be a class action appears to be yet another attempt to multiply proceedings and unnecessarily increase cost, time, and burden on the parties and the Court.

Mr. Khimji's Statement:

VSCO's framing of their Complaint is ambiguous whether they are bringing a defendant

1 class action under Rule 23. If the action is not otherwise dismissed or stayed, Mr. Khimji reserves
2 the right to seek an Order that VSCO bring a motion for class action certification in accordance
3 with Rule 23(c)(1)(A).

**10.      Related Cases**

There are no related cases.

**11.      Relief**

VSCO's Statement:

VSCO seeks all available remedies and relief against Defendants, as set forth in the Prayer for Relief in VSCO's operative Complaint.

Mr. Khimji's Statement:

Mr. Khimji seeks an Order dismissing the Complaint with prejudice, or a stay in favor of arbitration. As Mr. Khimji has not yet filed an Answer to the Complaint, Mr. Khimji reserves the right to supplement the relief requested herein. Mr. Khimji also reserves the right to bring a cross-claim.

**12.      Settlement and ADR**

VSCO's Statement:

The Parties have engaged in lengthy direct settlement discussions, including before the Complaint was filed and since then, without success.  Mr. Khimji's excuses and attempts to escape liability are not plausible, particularly considering that Mr. Khimji also set up a Patreon site for "patrons" to pay him in relation to the specific unlawful conduct at issue here.

Mr. Khimji's Statement:

Mr. Khimji is open to exploring settlement and alternative dispute resolution should VSCO wish to participate in good faith.

**13.      Other References**

N/A.

**14.      Narrowing of Issues**

The Parties anticipate that there may be issues or facts to which stipulations are appropriate, and they will cooperate to narrow issues if possible.  At present, no issues have been

identified for narrowing by agreement.

**15.    Scheduling**

Counsel for the Parties met and conferred regarding case scheduling by videoconference and by email, and were unable to come to agreement on a case schedule. The Parties accept the Court's proposal to have a Case Management Conference on July 15, 2025, regarding scheduling.

The Parties' proposed case schedules are as follows:

| Event | VSCO's Proposal | Mr. Khimji's Proposal* |
| --- | --- | --- |
| Case Management Conference | July 15, 2025 (Dkt. 36) | July 15, 2025 (Dkt. 36) |
| Deadline for VSCO to seek leave to amend Complaint, including Fed. R. Civ. Pro. Rule 15(c) to properly name the Doe Defendants | N/A | September 5, 2025 |
| Completion of Initial ADR | December 12, 2025 | December 1, 2025 |
| Deadline to Amend Pleadings | December 12, 2025 | September 5, 2025 |
| Fact Discovery Cutoff | July 3, 2026 | May 1, 2026 |
| Deadline for Fact Discovery Motions | N/A | May 15, 2026 |
| Designation of Opening Experts with Reports | August 7, 2026 | May 15, 2026 |
| Designation of Rebuttal Experts with Reports | September 4, 2026 | June 16, 2026 |
| Expert Discovery Cutoff | October 16, 2026 | July 17, 2026 |
| Deadline for Expert Discovery Motions | N/A | July 31, 2026 |
| Deadline for Filing Discovery Motions | November 18, 2026 | N/A |
| Deadline for Filing Dispositive Motions | January 20, 2027 | October 9, 2026, or earlier as the parties see fit. |
| Deadline for Filing Oppositions re Dispositive Motions | February 10, 2027 | Fixing this level of granularity two years in advance in a CMC statement is unusual. |
| Deadline for Filing Replies re Dispositive Motions | February 24, 2027 | Same as above |
| Hearing on Dispositive Motions | March 17, 2027 | Same as above. |

| Exchange of Pretrial Disclosures | April 5, 2027 | February 5, 2027 |
| --- | --- | --- |
| Pretrial Conference | May 3, 2027 | April 12, 2027 |
| Trial Date | May 17, 2027 | May 17, 2027 |

\* For greater certainty, Mr. Khimji's participation in this action is not intended to be a waiver of his objection or defense based on lack of personal jurisdiction. Mr. Khimji's proposed timetable herein is also subject to any stays pending appeal should his motion to dismiss/stay be denied.

### 16.  Trial

VSCO's Statement:

VSCO has requested a jury trial and estimates that the length of such a trial would be 7-12 days.

Mr. Khimji's Statement:

The length of the trial would necessarily depend on the outcome of the motion for judgment on pleadings and/or summary judgment motion. If the trial only involves the federal trademark claims, Mr. Khimji estimates it would be 12-15 days. If the trial would include all the claims, including state law claims, Mr. Khimji estimates it would be 15-20 days.

The Court would also need to determine in advance whether VSCO's waiver of jury trial in its website Terms of Use would preclude a jury trial in the circumstances.

### 17.  Disclosure of Non-Party Interested Entities or Persons

The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

### 18.  Professional Conduct

All counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19.  Other

The Parties are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Respectfully submitted,

DATED: July 8, 2025

SIDEMAN & BANCROFT LLP

By: /s/ Andrew M. Levad

Andrew M. Levad
Attorneys for Plaintiff
Visual Supply Company

DATED: July 8, 2025

EVOLINK LAW GROUP

By: /s/ Simon Lin

Simon Lin
Attorneys for Defendant
Adam Khimji