Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, British Columbia, Canada
V5C 6C6
T : 604-620-2666
F : 778-805-9830
E : simonlin@evolinklaw.com

*Attorney for Defendant Adam Khimji*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
(San Francisco)

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM KHIMJI, an individual and DOES 1 through 20, inclusive,<br><br>Defendants. | Case Number: 3:24-cv-09361-WHO<br><br>**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge:** Senior District Judge William H. Orrick<br><br>Date: September 24, 2025<br>Time: 2:00 p.m. |

i

**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on **September 24, 2025 at the hour of 2:00 p.m**. or as soon thereafter as the matter can be heard, the Defendant Adam Khimji will appear before the Hon. William H. Orrick and will move, and hereby does move, for an Order:

a. rejecting the Magistrate Judge's Report and Recommendation on Motion for Sanctions [Docket #37];

b. granting the relief sought in the Motion for Sanctions [Docket #20]; and/or

c. alternatively, the Motion for Sanctions be denied without prejudice to re-file the motion after the deadline for amendment of pleadings in this action.

**Designation of Portions of Report and Recommendation for this Objection**

The three aspects of the Report and Recommendation [Docket #37] (hereafter the "**R&R**") to which Mr. Khimji objects to are detailed below.

Firstly, Mr. Khimji objects to the finding in the R&R that the Motion for Sanctions was an extension of the Motion to Quash and therefore subject to the Rule 45 "on timely motion" requirement (R&R, p. 1, lines 16-17 and 26-27).

Secondly, Mr. Khimji objects to the implicit finding in the R&R that breach of the safeguards provided in *Digital Millennium Copyright Act* [**DMCA**] 17 U.S. Code § 512(h)(2)(C) is not improper conduct on the part of VSCO (R&R, p. 1, lines 27-28).

Finally, as an alternative to the above, Mr. Khimji objects to the recommendation in the R&R for denying the Motion for Sanctions, and any denial should be without prejudice to re-filing after the deadline for pleadings amendments (R&R, p. 2, lines 6-7).

ii
**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

**Bases of Mr. Khimji's Three Objections to the R&R**

As explained more fully in the Memorandum below, while the Motion to Quash has some relation to the Motion for Sanctions, they were not based on the same legal or factual foundation. The Motion to Quash was on the basis that the DMCA subpoenas should not have *issued* in the first place. The Motion for Sanctions was on the basis that, assuming the DMCA subpoenas were properly issued, VSCO had improperly *used* the subpoenas contrary to the statutory protections for alleged infringers as outlined in 17 U.S. Code § 512(h)(2)(C) (*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 at *5 (D. Ariz. Oct. 22, 2021)).

As explained more fully in the Memorandum below, the R&R does not engage in a legal interpretation of the statutory protections in 17 U.S. Code § 512(h)(2)(C) that the information obtained only be used for protecting the requesting party's copyright and nothing more. The R&R simply accepts VSCO's *post facto* assertion that they may assert copyright eventually, which is inconsistent with the plain language of 17 U.S. Code § 512(h)(2)(C).

As explained more fully in the Memorandum below, as an alternative to the first two objections, assuming VSCO could escape the statutory language in 17 U.S. Code § 512(h)(2)(C) with bare assertions that they may eventually assert copyright claims, denial of the Motion for Sanctions should be without prejudice to re-filing after the deadline for amending pleadings. If it turns out that VSCO does not assert copyright claims (or makes baseless copyright claims to avoid 17 U.S. Code § 512(h)(2)(C)), that

iii
MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-cv-09361-WHO

would clearly warrant revisiting whether VSCO had breached 17 U.S. Code § 512(h)(2)(C).

This motion for de novo determination is based on this Notice, on the attached Memorandum of Points and Authorities, on the Declarations of Adam Khimji and Simon Lin filed in the Motion for Sanctions, and on the pleadings and evidence on file in this action.

Date: July 9, 2025                               By: _____/s/ Simon Lin_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 888-509-8168
E : simonlin@evolinklaw.com

# Table of Contents

NOTICE OF MOTION ................................................................................................................ ii

**List of Case Authorities** ........................................................................................................ vi

**List of Enactments** ................................................................................................................ vi

**MEMORANDUM OF POINTS AND AUTHORITIES**............................................................ 1

I.    Introduction.................................................................................................................... 1

II.    Legal Standard .............................................................................................................. 1

III.    Argument ....................................................................................................................... 2

    i.    *First Objection: Motion for Sanctions is Not an Extension of Motion to Quash*..... 2

    ii.    *Second Objection: Safeguards in 17 U.S. Code § 512(h)(2)(C) Circumvented*.... 5

    iii.    *Third Objection: Alternatively, Denial of the Motion be Without Prejudice* ........... 9

IV.    **Conclusion and Relief Sought**................................................................................. 10

**MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

## List of Case Authorities

*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 (D. Ariz. Oct. 22, 2021) .passim

*Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018).............................. 6

*Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir.2009).......................................... 2

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019)...... 9

## List of Enactments

1. Federal Rules of Civil Procedure, Rule 45
2. 17 U.S. Code § 512(h)
3. 17 U.S.C. § 411(a)

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **Introduction**

Mr. Khimji respectfully submits that the Report and Recommendation [Docket #37] (hereafter the "**R&R**") overlooks the plain language of 17 U.S. Code § 512(h)(2)(C). Congress intended 17 U.S. Code § 512(h)(2)(C) to be a statutory safeguard against use of the powerful DMCA § 512(h) subpoena for any other purpose besides enforcing that particular applicant's copyright (*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 at *5 (D. Ariz. Oct. 22, 2021)).

> *…The Does' fears that that disclosure of their identities will be misused is addressed both by the DMCA itself, which states the identities will only be used for the limited purpose of protecting the applicant's copyright, 17 U.S.C. § 512(h)(2)(C),* **and** *Baugher's attestation to the same (Doc. 1-1 at 3).*

[emphasis added]

The R&R opens up the DMCA subpoena regime to any and all types of non-copyright claims, so long as the person requesting the subpoena can assert *post facto* that they may eventually make a copyright claim. Congress could not have intended the DMCA § 512(h) subpoena process to serve as a backdoor to the normal process under the Federal Rules of Civil Procedure to bring a motion in court to seek early discovery. The approach in the R&R amounts to judicially amending the plain text of 17 U.S. Code § 512(h)(2)(C) to extend the subpoena to cover persons seeking information to advance non-copyright claims, and ignores the clear text "**only.**"

II. **Legal Standard**

When a party objects to a Magistrate Judge's findings or recommendations, the District Court must review de novo the portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations

1

MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-cv-09361-WHO

made by the magistrate judge." See 28 U.S.C. § 636(b)(1) and *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir.2009).

III. **Argument**

   i. *First Objection: Motion for Sanctions is Not an Extension of Motion to Quash*

The R&R incorrectly stated that this Motion for Sanction was "an extension of his motion to quash filed in the Miscellaneous Action." (R&R, p. 1, line 16). With greatest of respects, that is not correct and sidesteps the key legal questions on this motion.

Firstly, as a matter of fact, the Motion to Quash was advanced on the basis that the DMCA subpoenas should not have been issued in the first place because the statutory requirements of 17 U.S. Code § 512(h) were not met. On the other hand, the Motion for Sanctions presumes the DMCA subpoenas were properly *issued* but they were not properly *used* contrary to 17 U.S. Code § 512(h)(2)(C), which states:

> **(h )Subpoena To Identify Infringer**.—
>
> *(1) Request.*— A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.
>
> *(2) Contents of request.*—The request may be made by filing with the clerk—
>
> (A) a copy of a notification described in subsection (c)(3)(A);
>
> (B) a proposed subpoena; and
>
> (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information <u>will **only be used** for the purpose of protecting rights under this title</u>.
>
>                                                                 [emphasis added]

2
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

Another court has confirmed that 17 U.S. Code § 512(h)(2)(C) is intended to be safeguards against potential abuse of the *easily* obtained DMCA subpoenas:

> …The Does' fears that that disclosure of their identities will be misused is addressed <u>both by the DMCA itself</u>, which states the <u>identities will only be used for the limited purpose of protecting the applicant's copyright</u>, 17 U.S.C. § 512(h)(2)(C), **and** Baugher's <u>attestation to the same</u> (Doc. 1-1 at 3).

[emphasis added]

*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 at *5 (D. Ariz. Oct. 22, 2021)

Secondly, as a matter of law, Mr. Khimji's Motion to Quash was not based on VSCO's alleged breach of 17 U.S. Code § 512(h)(2)(C). Rather, the Motion to Quash was based on other provisions of the § 512 to argue that the statutory pre-requisites of issuing a DMCA subpoena were never met in the first place.

Moreover, the R&R appears to apply the "on timely motion" requirement under Rule 45(d)(3)(A) to this Motion for Sanctions (R&R, p. 1, lines 26-27). As detailed in the Motion for De Novo Determination for the Motion to Quash, the "on timely motion" requirement under Rule 45(d)(3)(A) should not even apply to quashing of DMCA subpoenas brought by the person whose information was being sought, or where the grounds to quash the DMCA subpoena is not based on the Federal Rules of Civil Procedure. **Most importantly**, violations of 17 U.S. Code § 512(h)(2)(C) could not occur until release of the information and the information actually being *used*.

In this case, the improper *usage* of the subpoena occurred on the formal filing of this Complaint which does not contain any copyright claims whatsoever. VSCO had the ability to rectify that by amending their pleading as a matter of course under Rule

15(a)(1)(A) or Rule 15(a)(1)(B). Put into context, the Motion for Sanctions is clearly *more than* timely and gave VSCO the necessary opportunity to rectify their breach:

**December 23, 2024**: Filing of the Complaint.

**December 30, 2024**: VSCO emails the Complaint and related documents to Mr. Khimji's former Canadian counsel.

**January 8, 2025**: Mr. Khimji signs the Waiver of Summons.

**January 20, 2025**: VSCO right to amend the Complaint under Rule 15(a)(1)(A) expired.

**March 21, 2025**: Mr. Khimji serves a copy of this Motion for Sanctions, triggering the 21-day safe harbor period under Rule 11. The Motion to Quash was also served the same day. These two motions serves to give VSCO clear notice that VSCO was in violation of 17 U.S. Code § 512(h)(2)(C).

**March 31, 2025**: Mr. Khimji files the Motion to Dismiss/Stay in this action.

**April 21, 2025**: VSCO right to amend the Complaint under Rule 15(a)(1)(B) also expired. VSCO had the full opportunity to rectify the concerns raised in the motions served March 21, 2025.

**May 12, 2025**:[1] Motion for Sanctions is formally filed.

In light of the above timeline, and based on VSCO's theory that the possibility of amending their Complaint to state copyright claims would overcome the safeguards in 17 U.S. Code § 512(h)(2)(C),[2] it was reasonable for Mr. Khimji to file this Motion for Sanctions only *after* the Rule 15(a)(1)(B) deadline for amendment has passed (i.e., after April 21, 2025). The Motion for Sanctions cannot be characterized as

---

[1] Mr. Khimji had already explained in the Reply for the Motion to Quash, and also orally at the hearing of that motion, that the filing of the motions was made to align with the Motion for Sanctions that had a safe harbor requirement and also to ensure Mr. Khimji's counsel would not be out of the country while the Replies would be due under the Rules.

[2] For greater certainty, Mr. Khimji is not acknowledging that the breach of 17 U.S. Code § 512(h)(2)(C) could be rectified by simply adding copyright claims to this action.

4
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

"untimely" by any stretch when VSCO was served with the motion *before* the April 21, 2025 deadline for making amendments to the Complaint as a matter of course.

ii. <u>Second Objection: Safeguards in 17 U.S. Code § 512(h)(2)(C) Circumvented</u>

This second objection relates to the legal interpretation of 17 U.S. Code § 512(h)(2)(C), which is reproduced again below for ease of reference:

> **(h )Subpoena To Identify Infringer**.—
>
> *(1) Request.*— A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.
>
> *(2) Contents of request.*—The request may be made by filing with the clerk—
>
>> (A) a copy of a notification described in subsection (c)(3)(A);
>>
>> (B) a proposed subpoena; and
>>
>> (C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information <u>will **only** be used for the purpose of protecting rights under this title</u>.

[emphasis added]

Another court has confirmed that the requirement to provide the sworn declaration is a safeguard against potential abuse of the DMCA subpoena regime:

> …*The Does' fears that that disclosure of their identities will be misused is addressed <u>both by the DMCA itself</u>, which states the <u>identities will only be used for the limited purpose of protecting the applicant's copyright</u>*, 17 U.S.C. § 512(h)(2)(C), **and** *Baugher's <u>attestation to the same</u>* (Doc. 1-1 at 3).

[emphasis added]

*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 at *5 (D. Ariz. Oct. 22, 2021)

5

MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-cv-09361-WHO

As detailed in the Reply for Motion for Sanctions (Docket 25, pp. 7-9), the term "**only**" in 17 U.S. Code § 512(h)(2)(C) is to ensure that a DMCA subpoena (and the entire regime) is used to advance copyright claims only, and could not yield any other interpretation. VSCO was actually (mis)using the DMCA regime to avoid the Court's procedure. The normal course for non-copyright claims against John Does is to file a John Doe action and then bring a motion for early discovery (Motion for Sanctions, p. 8, line 26 to page 9, line 16). The Court would scrutinize the request and permit, or deny, that request for early discovery. See *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). If the early discovery request is granted, the Court may also include safeguards. However, VSCO avoided this normal process.

The safeguards in 17 U.S. Code § 512(h)(2)(C) exists for a reason. The DMCA subpoena process is a ministerial function performed by the Clerk of the Court, and would not require a District Judge or Magistrate Judge to oversee the issuance of the DMCA subpoena. Congress had included 17 U.S. Code § 512(h)(2)(C) to avoid abuse of this simplified process. What VSCO has done here is expanded the DMCA subpoena process to non-copyright claims and seeking judicial endorsement to override the plain text of the safeguards in 17 U.S. Code § 512(h)(2)(C). Only Congress should decide whether the streamlined DMCA subpoena process could (or should) be extended to non-copyright claims. VSCO's creative circumvention of the statutory safeguards should not be endorsed.

The reasoning in the R&R opens up the DMCA procedure for abuse. For example, a writer that wishes to sue for defamation a John Doe critic of that writer's latest book could rely on DMCA § 512(h) to obtain a subpoena to identify that critic.

6
**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

Then, after receiving the identification information, the writer brings a lawsuit against the John Doe critic for defamation, raising only defamation claims. Applying the reasoning in the R&R, the writer could escape the intended statutory safeguards in 17 U.S. Code § 512(h)(2)(C) by simply claiming that they may later amend their Complaint to include copyright infringement. Perhaps the writer may make a tenuous copyright claim that the title of that writer's book is subject to copyright and mere mention of the title of the book in the critic's article could give rise to copyright claims. The writer would easily circumvent the normal process for identifying John Does.

Moreover, and in any event, the R&R also did not grapple with two crucial legal questions surrounding 17 U.S. Code § 512(h)(2)(C) other than the term "only".

**Firstly**, the DMCA subpoena was made by VSCO in their capacity as the copyright agent of various third-parties (Docket 20-2, Declaration of Simon Lin, p. 51):

> The Protected Images are the <u>intellectual property of individual VSCO creator/users</u>. <u>VSCO's Terms of Use authorizes VSCO to enforce its users' intellectual property rights with regard to their content</u>. Thus, VSCO may submit DMCA notices of infringement to demand the VSCO users' copyrighted content be removed from infringing sites.
>
> [emphasis added]

In other words, VSCO was wearing the hat of agent for those VSCO creator/users when they made the DMCA takedown request/notification. Then, in filing the Complaint, VSCO wears a different hat, acting in their own capacity, to sue. The DMCA subpoena is intended for protecting *the applicant's* copyrights, not the trademark and other rights of *the applicant's agent*:

7
MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE
Case Number: 3:24-cv-09361-WHO

> …The Does' fears that that disclosure of their identities will be misused is addressed both by the DMCA itself, which states the identities will only be used for the limited purpose of protecting <u>the applicant's</u> copyright, 17 U.S.C. § 512(h)(2)(C), and Baugher's attestation to the same (Doc. 1-1 at 3).

[emphasis added]

*Baugher v GoDaddy.com LLC*, 2021 WL 4942658 at *5 (D. Ariz. Oct. 22, 2021)

VSCO's approach may amount to "conversion" of information they obtained in their capacity as an agent, and then (mis)using that information for VSCO's own benefit without regard to the copyright owners interests.

**Secondly**, the R&R seems to make a two-fold error: (i) assuming that amending a Complaint to include copyright claims could retroactively cure a violation of 17 U.S. Code § 512(h)(2)(C) that the information obtained **only** be used to enforce copyrights; and (ii) a party's bare assertion that they may later amend to include copyright claims would suffice.

With respect to the latter, it is plain as a matter of law that VSCO has no claim for copyright infringement of the VSCO creators/users' photographs (Docket 25, Reply on Motion for Sanctions, pp. 6-8, particularly p. 6, line 17 onwards). In order to bring a copyright claim for the VSCO creators/users' photos, those VSCO creators/users must file their own Complaint (or be joined as plaintiffs in the current Complaint). VSCO had made <u>no indication</u> they intend to add those VSCO creators/users as plaintiffs in this case, as revealed in the Case Management Statement filed on July 8, 2025 (Docket #38). VSCO's case would be infinitely more complicated and lengthier if those numerous VSCO creators/users were to be added as plaintiffs.

Moreover, 17 U.S.C. § 411(a) provides that:

8

**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

> …no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

[emphasis added], see also *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019)

There is no evidence, or even a pleading, that any of the VSCO creators/users' photographs have a registered copyright. In the same vein, there is similarly no evidence, or even any pleading, that VSCO has registered any copyright. VSCO's bare assertion that a copyright claim could be made is an impossibility in a desperate attempt to circumvent the statutory safeguards in 17 U.S. Code § 512(h)(2)(C).

iii. <u>Third Objection: Alternatively, Denial of the Motion be Without Prejudice</u>

This third objection is only an alternative to the two objections above.

Should the Court find it appropriate to deny the Motion for Sanctions on the basis that VSCO asserts that they *may* amend to include copyright claims down the road, Mr. Khimji submits that the denial of this motion should be without prejudice to refiling after the deadline for amendments has passed.

It would be unjust at this time to deny Mr. Khimji from having the benefit of the safeguards in 17 U.S. Code § 512(h)(2)(C), if it later turns out that VSCO does not amend their Complaint to state copyright claims, or VSCO does amend their Complaint to state copyright claims but is summarily dismissed for not having any legal or factual basis. The Court should retain the jurisdiction to review VSCO's compliance with 17 U.S. Code § 512(h)(2)(C) in the event that VSCO does not follow through with their assertion about amendment of pleadings.

9

**MEMORANDUM OF POINTS AND AUTHORITIES - MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**
Case Number: 3:24-cv-09361-WHO

## IV. Conclusion and Relief Sought

Mr. Khimji respectfully submits that there is a strong basis to reject the Report and Recommendation. Mr. Khimji's Motion for Sanctions should be granted. Alternatively, the denial should be without prejudice to refiling after the deadline for amending pleadings have passed.

Date: July 9, 2025

Respectfully submitted,

By: _____*Simon Lin*_____

Simon Lin – State Bar No. 313661
4388 Still Creek Drive, Suite 237
Burnaby, BC, Canada V5C 6C6
T : 604-620-2666; F : 778-805-9830
E : simonlin@evolinklaw.com