UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISUAL SUPPLY COMPANY,

          Plaintiff,

      v.

ADAM KHIMJI, an individual, and DOES
1-20, inclusive,

          Defendants.

Case No. 24-cv-09361-WHO

**ORDER DENYING MOTION TO DISMISS OR STAY**

Re: Dkt. No. 15

Defendant Adam Khimji ("Khimji") moves to dismiss or stay this case, brought by plaintiff Visual Supply Company ("VSCO"), that alleges trademark infringement and dilution and related state law claims. As discussed below, there is personal jurisdiction over Khimji in this court, he does not have standing to compel arbitration, VSCO's claims are adequately stated, and dismissal for *forum non conveniens* is not warranted. Khimji's Motion to Dismiss or Stay is DENIED.

## BACKGROUND

VSCO – a platform that connects and provides photographers with tools to create community and business connections – alleges that Khimji and unknown Does 1 -20 willfully exploited VSCO's sites and goodwill in violation of VSCO's Terms of Use ("TOU") that prohibit copying, scraping, or distribution of another user's content. Compl. ¶¶ 1, 3. It states that Khimji and others intentionally scraped, downloaded, copied, aggregated, and redistributed for profit the images from primarily female VSCO users, and created numerous websites that infringed the VSCO trademarks in that they were styled to appear as though VSCO had sponsored, authorized, or endorsed them. *Id*. ¶ 4. Those scraped images were then posted by defendants on Reddit communities and websites such as <vsco.club> and <glizzy.cafe>. Compl. ¶¶ 4, 33. VSCO also

1    alleges that defendants "targeted" "certain users to sexualize content posted to VSCO and profit

2    from such collections of content."  *Id*. ¶ 5.

3         On July 28, 2023, VSCO sent a cease and demand letter to "vscoclub@protonmail.com",

4    the email address listed on the <vsco.club> and <glizzy.cafe> sites. Compl. ¶ 36.  VSCO made

5    several efforts to identify the operators of these websites and to shut down their infringing

6    activities,  including filing two complaints pursuant to the Uniform Domain Name Dispute

7    Resolution Policy ("URDP") in the WIPO Arbitration and Mediation Center. Compl. ¶¶ 34-38.

8    VSCO identified Khimji – and only Khimji – as the owner "vsco.club" webpages on third party

9    sites from subpoenas issued  to Cloudflare, Inc. ("Cloudflare"), Namesilo LLC, and Patreon, Inc.

10   ("Patreon"). *See* 24-mc-80158-SK (N.D. Cal.).  Patreon and Cloudflare produced payment records

11   listing Khimji's full name, physical address in Ottawa, Canada, and email address as

12   vscoclub@protonmail.com, the same email identified on the <vsco.club> and <glizzy.cafe> sites.

13   Compl. ¶ 41.  It then filed suit asserting claims against Khimji and Does 1-20 for violation of

14   federal trademark laws – Trademark Infringement in violation of 15 U.S.C. § 1114, Trademark

15   Dilution in violation of 15 U.S.C. § 1125(C)(2)(C), and Federal Unfair Competition in violation of

16   15 U.S.C. § 1125(A) – and related state law causes of action for Statutory Unfair Competition (in

17   violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.), trespass to chattels, and breach of contract.

18   *See* Compl. ¶¶ 2, 46-86.

19        Khimji maintains that he has never "used VSCO's website or applications in any way, and

20   [] never created any account with VSCO." *See* Declaration of Adam Khimji ("Khimji Decl.")

21   [Dkt. No. 15-1] ¶ 7.  He also argues that he first learned of the conduct alleged by VSCO when he

22   received a cease-and-desist letter in October 2024, and that the email account uncovered through

23   the subpoenas is not his. *Id*. ¶¶ 8, 9.

24                                    **DISCUSSION**

25   **I.    PERSONAL JURISDICTION**

26        Khimji contends that this court lacks personal jurisdiction over him.  There is no dispute

27   that Khimji is a Canadian citizen who resides in Ottawa, Ontario and works for the Government of

28   Canada.  *See* Khimji Decl. ¶¶ 1, 2.  He claims that he has never "used VSCO's website or

*United States District Court*
*Northern District of California*

1    applications in any way, and ha[s] never created any account with VSCO." *Id.* ¶ 7; Mot. at 15.

2    Because of this, he argues that he cannot be bound to VSCO's TOU, which contains a venue

3    selection clause allowing disputes to be filed in this District.[1]  He also argues that specific

4    jurisdiction does not exist because he has "not travelled to the United States since 2022" and has

5    not visited "the state of California since 2017."  Khimji Decl. ¶ 4.

6          Considering the record as a whole, including the results of VSCO's third-party subpoenas,

7    VSCO has plausibly alleged conduct by Khimji that is sufficiently directed to and connected to

8    this District in three ways: first, by targeting VSCO which is a resident of this District; second, by

9    registering interactive websites with companies based in this District that contained scraped

10   images from VSCO or used VSCO's trademarks; and third, by setting up a Patreon account –

11   another company based in this District – to monetize the alleged conduct.  Compl. ¶¶ 4, 25-45; *see*

12   *also*  Khimji Decl., Ex. B ("Cease and Desist Letter"); Declaration of Andrew M. Levad [Dkt. No.

13   16-2] ¶¶ 5, 7.

14        **A.     Legal Standard**

15        The Ninth Circuit employs a three-part test for analyzing specific jurisdiction, commonly

16   known as the minimum contacts test.  *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz*

17   *Choloma, S.A*., 972 F.3d 1101, 1107 (9th Cir. 2020); *Freestream Aircraft (Bermuda) Ltd. v. Aero*

18   *Law Grp*., 905 F.3d 597, 603 (9th Cir. 2018).  First, the defendant must "purposefully direct" its

19   conduct towards the forum state or residents of that state.  *Schwarzenegger v. Fred Martin Motor*

20   *Co.,* 374 F.3d 797, 802 (9th Cir. 2004).  Next, the claim must "arise out of or relate to" those

21   forum-related activities.  *Id*.  Finally, the exercise of jurisdiction must comport with fair play and

22   substantial justice—in other words, it must be reasonable.  *Id*.; *see also Boschetto v. Hansing*, 539

23   F.3d 1011, 1016 (9th Cir. 2008).

24

25

26   ───────────────

27   [1] Section 16 of VSCO's TOU provides, in relevant part, "[t]o the extent you and VSCO are permitted to initiate litigation in a court, you and VSCO both agree that all claims and disputes between you and VSCO will be litigated exclusively in the state or federal courts located in San Francisco County, California."  Declaration of Simon Lin [Dkt. No. 15-2], Ex. E, ECF pgs. 176-

28   349 ("TOU").

United States District Court
Northern District of California

3

**B.      Purposeful Direction**

The purposeful direction or "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984) requires (1) that the defendant commit an intentional act (2) expressly aimed at the forum state, (3) causing harm the defendant knows will be suffered in the forum state. *Briskin v. Shopify, Inc.,* 135 F.4th 739, 751 (9th Cir. 2025).  A defendant can intentionally inflict harm aimed at the forum state without taking any physical action within its borders, including through electronic contact. *Id.* at 752.  In cases involving interactive websites, the Ninth Circuit has ruled that purposeful direction exists when a webpage expressly aims its conduct toward a forum state where its victims are intentionally chosen, even if the offending platform is available across the nation. *Id.* at 758; *see also Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129-30 (9th Cir. 2010).

There is no dispute that VSCO's plausible allegations of acts Khimji took with respect to VSCO's site and VSCO's trademarks constitute intentional acts.  Khimji, however, disputes whether the express aiming and harm in California elements have been satisfied.

**1.      Express Aiming**

In assessing the express aiming requirement, the Ninth Circuit in *Briskin* examined the interactivity of Shopify's website, its geographic scope, and whether it individually targeted California residents (also referred to as the "something more").  135 F.4th at 754.  The court held that Shopify expressly aimed its conduct at the forum state by its alleged conduct (deceiving consumers and breaking state laws when it installed software and tracked the location of California residents without consent).  *Id.* at 756.[2]  Therefore, even in cases involving an out-of-state defendant, the express aiming requirement may be fulfilled where a resident plaintiff alleges harm caused by copyright infringement in the forum state.  *Id.*; *see also Int'l Aero Prods., LLC v. Aero Advanced Paint Tech*., Inc., 325 F. Supp. 3d 1078, 1085 (C.D. Cal. 2018) ("all that a plaintiff needs to show is that the defendant 'willfully infringed' [the plaintiff's trademark] and that the defendant knew that the plaintiff had its principal place of business in this district.").

---

[2] *Briskin* also explicitly rejected the "differential targeting" requirement for express aiming discussed in *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020) and relied on here by Khimji, reasoning that such a requirement would create a "perverse" outcome of permitting actors to target victims in all 50 states while avoiding specific jurisdiction in each. *Id.*

VSCO has filed "suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing [the plaintiff] was located in the forum state." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 961 (N.D. Cal. 2015); *see also Wash. Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 678 (9th Cir. 2012).[3] Khimji contests whether VSCO is really "at home" in California, noting that it allows employees to work remotely and has not identified where its servers are located. *See* Reply at 14. VSCO maintains that it has always been headquartered in San Francisco. And although the company moved to remote operations during the pandemic, it has a commercial lease in San Francisco and a majority of its executives work in this District. Declaration of Akaash Gupta [Dkt. No. 16-1] ¶ 4; *see also* Opposition to Motion to Dismiss [Dkt. No. 16] at 9.

VSCO's being at home in this District is not the only allegation that helps to satisfy express aiming. It additionally argues and plausibly alleges that Khimji expressly aimed his conduct at California residents by posting the scraped, illicit content to Reddit, a platform based in this District. Compl. ¶¶ 27, 30; Levad Decl. Ex. F, pgs. 40-51. In addition, VSCO alleges and submits evidence to support its jurisdictional arguments that Khimji was responsible for registering two interactive websites that used VSCO's trademarks and scraping images from VSCO's site with Cloudflare, which is likewise based in this District. Compl. ¶¶ 40-41; Levad Decl. Ex. D, pgs. 43-45. Finally, it alleges and points to evidence that Khimji set up an account with Patreon, also based in this District, to monetize his scheme. Compl. ¶¶ 40, 41; Levad Decl. Ex. E, pgs. 46-48.

In sum, VSCO plausibly alleged that Khimji's intentional actions harmed VSCO in this District and that he took additional steps with District-based companies that further harmed VSCO's marks and goodwill. This conduct satisfies the "something more" test and satisfies the purposeful direction prong of the minimum contacts test. The interactive webpages that Khimji

---

[3] While the *Adobe* case held that express aiming could be satisfied by allegations that a defendant intentionally targeted the intellectual property of a resident in the forum, following *Walden v. Fiore*, 571 U.S. 277 (2014) "something more" is required. Here that something else includes Khimji's plausibly entering into contracts with companies in this District – Cloudflare, Reddit and Patreon – to set up websites and forums using VSCO's marks and scraped content to monetize his conduct.

allegedly created on California-based platforms of Patreon, Cloudflare, and Reddit, combined with Khimji's knowledge of VSCO's headquarters in San Francisco, is sufficient to establish that he purposefully directed his alleged conduct towards this state.

### 2.    Harm in California

These same allegations and the evidence in support likewise satisfy the requirement that harm be felt in California.  Purposeful direction has been satisfied.

### C.    VSCO's Claims Arise Out of Khimji's Plausibly Alleged Conduct

Khimji does not dispute that, if adequately alleged and supported, the claims VSCO asserts "arise out" of the conduct alleged.  VSCO's claims arise from the harm caused by Khimji's alleged trademark infringement and scraping of content from VSCO's site.  But for Khimji's alleged conduct, VSCO's marks would not be diluted and its reputation as a secure site for content creators would not be diminished.

### D.    Reasonableness

After the plaintiff establishes the first two prongs of the minimum contacts test, the defendant has the burden of proving how the exercise of jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 461, 477 (1985).  In evaluating reasonableness, courts within the Ninth Circuit consider:  the extent of the defendant's purposeful interjection into the forum state's affairs; defendant's burdens in litigating in the forum; the extent of sovereign conflict with the defendant's state; the forum state's interest in adjudicating the dispute; the most efficient judicial resolution of the controversy; the importance of the forum to the plaintiff's interest in convenient and effective relief; and the existence of an alternative forum.  *Freestream Aircraft*, 905 F.3d at 607.

Exercising personal jurisdiction over Khimji in this court is reasonable considering the extent of his alleged activities towards actors in this District and VSCO's stake in obtaining effective and efficient relief in this forum.  VSCO has plausibly alleged (although disputed by Khimji) that Khimji purposefully directed his illegal and wrongful activities at VSCO, a resident of this District, utilizing the services of other companies based in this District to carry out and monetize his scheme.  Khimji does not specifically address how the assertion of jurisdiction in this

court would be unreasonable and unfair, referring instead his arguments made in support for the request to dismiss this action based on *forum non conveniens* in favor of a forum in Canada.  As discussed below, Khimji's *forum non conveniens* arguments fail.  For the same reasons, exercise of jurisdiction over Khimji in this District is more than reasonable.

The motion to dismiss for lack of personal jurisdiction is DENIED.

## II.    ARBITRATION AGREEMENT

Khimji's second major argument in support of his motion is that VSCO should be equitably estopped from pursuing its claims in this court.  Instead, it should be compelled to arbitrate in light of VSCO's TOU's Arbitration Agreement.

VSCO's TOU contains the following Arbitration Agreement:

**Arbitration Notice and Agreement**. This Arbitration Agreement requires you to arbitrate disputes between you and VSCO, which means you will only be able to pursue claims and seek relief against us on an individual basis through arbitration. You are also waiving your right to seek relief in a court of law and to have a jury trial. This Arbitration Agreement will continue to apply even if you delete, or we suspend or terminate, your Account.

**Applicability of Arbitration Agreement**. You agree that any dispute, claim, or request for relief relating in any way to your access or use of our Services, to any products sold or distributed through our Services, or to any aspect of your relationship with us, will be resolved by binding arbitration, rather than in court, except that you and VSCO can seek equitable relief in court for infringement or other misuse of intellectual property rights (such as trademarks, trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility, functionality, or the security of our Services, or any illegal or intentional act against your interests or VSCO's general business interests. **This Arbitration Agreement applies, without limitation, to all disputes or claims and requests for relief that originated before the effective date of this Agreement or any prior version of this Agreement. You agree to this Arbitration Agreement as a condition of your use (or continued use) of our Services every time it is changed or updated**.

**Arbitration Rules and Forum**. . . .   The following rules and procedures shall apply to any arbitration proceeding brought under these Terms:
. . .

If a claim seeks equitable relief (including injunctive relief), the parties agree to bifurcate the proceeding and that the arbitrator has the authority to rule on liability first, before conducting any proceedings (including discovery) related to the appropriate relief.
. . .

> **Authority of Arbitrator**. The NAM arbitrator(s) will have exclusive authority to: (a) determine the scope and enforceability of his Arbitration Agreement; and (b) resolve any dispute related to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement. The arbitration proceeding will decide each of your and VSCO's rights and liabilities, if any. The arbitrator will have the authority to grant motions resolving any claim, to award monetary damages, and to grant any non-monetary remedy or relief available under applicable law, the arbitral forum's rules, and this Agreement, including injunctive relief. The arbitrator will issue a written award and decision describing the essential findings and conclusions underlying any award, including the calculation of any damages. The award of the arbitrator is final and binding upon both you and VSCO.

Arbitration Agreement, Dkt. 15-2, Section 14 at ECF pg. 193-196 (emphasis in original).

Despite forcefully arguing that he is not bound by VSCO's TOU because he never created a VSCO account and never visited the VSCO site,[4] Khimji contends he should be able to equitably estop VSCO from avoiding arbitration on behalf of the Doe defendants who may have agreed to the TOU. Mot. at 10-17; Reply at 1-3. The Ninth Circuit has explained:

> Where a nonsignatory seeks to enforce an arbitration clause, the doctrine of equitable estoppel applies in two circumstances: (1) when a signatory must rely on the terms of the written agreement in asserting its claims against the nonsignatory or the claims are "intimately founded in and intertwined with" the underlying contract, *Goldman v. KPMG LLP*, 173 Cal.App.4th 209, 221, 92 Cal.Rptr.3d 534 (2009) (quoting *Metalclad Corp. v. Ventana Envtl. Org. P'ship*, 109 Cal.App.4th 1705, 1713, 1 Cal.Rptr.3d 328 (2003)), and (2) when the signatory alleges substantially interdependent and concerted misconduct by the nonsignatory and another signatory and "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement." *Goldman*, 173 Cal.App.4th at 219, 92 Cal.Rptr.3d 534.

*Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128-29 (9th Cir. 2013).

Khimji argues that he did not create a VSCO account and there is no evidence regarding whether the Doe defendants signed up for a VSCO account. *See supra*. So the first problem with Khimji's equitable estoppel argument is that there is no identified signatory to the Arbitration Agreement with VSCO. The Doe defendants have not been identified by VSCO despite its good faith attempts. Khimji refuses to provide more information and proclaims that he knows nothing about any of the acts alleged in the Complaint. Khimji Decl. ¶ 7.

---

[4] *See* Mot. at 1, 5; *see also* Khimji Decl. ¶ 7.

United States District Court
Northern District of California

1    But even if a Doe signatory had been identified, Khimji maintains that he has no

2    knowledge of the conduct alleged in the Complaint, which means that Khimji and the Does are not

3    sufficiently related to allow Khimji to assert the Arbitration Agreement.  *See, e.g., Kroskey v.*

4    *Elevate Labs, LLC*, No. 5:24-CV-08113-EJD, 2025 WL 1507091, at *4 (N.D. Cal. May 27, 2025)

5    (discussing Ninth Circuit caselaw finding nonsignatories may enforce arbitration agreements

6    "under ordinary contract and agency principles" specifically allowing "nonsignatory corporations

7    to compel arbitration under arbitration clauses signed by their corporate parents, subsidiaries, or

8    affiliates, at least when the allegations against the nonsignatory corporation do not differ

9    substantially from those against its signatory affiliate." (internal citations omitted)); *see also*

10   *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (discussing line of cases where

11   "signatories have been required to arbitrate claims brought by nonsignatories at the nonsignatory's

12   insistence because of the close relationship between the entities involved" (internal quotation

13   omitted)).  While the Complaint alleges a relationship between Khimji and the Does,[5] Khimji's

14   assertion that he has no knowledge of the infringing and unfair conduct alleged by VSCO in its

15   Complaint, and therefore *no knowledge* of the identity of or relationship with the Does, precludes

16   him from seeking to equitably enforce an agreement based on ordinary contract and agency

17   principles.  Khimji Decl. ¶ 7.

18   Moreover, if there was evidence that Khimji and the Does have an affiliate, agency, or

19   other sufficiently connected relationship, Khimji would still not have standing to enforce the

20   Agreement as a nonsignatory because the explicit language of the Arbitration Agreement limits its

21   application to disputes arising between the signatory ("You") and VSCO.  *See Donovan v.*

22   *Coinbase Glob., Inc.*, 649 F. Supp. 3d 946, 955 (N.D. Cal. 2023) (holding that where "User

23   Agreement contains clear-cut language showing an intent to arbitrate disputes between the

24   signatories only," nonsignatories could not move to enforce under equitable estoppel).

25   Finally, despite the presence of a delegation clause in the Arbitration Agreement

26

27   _____

[5] *See* Compl. ¶11 ("Numerous Reddit posts by Defendants make clear that Mr. Khimji did not act

28   alone and that he is knowledgeable and familiar with these 'DOE' co-conspirators, accomplices, partners, agents, and/or joint venturers").

1    (delegating questions regarding the enforceability of the Agreement to an arbitrator), because there

2    is no evidence that VSCO agreed to "arbitrate arbitrability" with nonsignatories like Khimji, I

3    decide the question of arbitrability of this dispute. *See Kramer*, 705 F.3d at 1127 ("Given the

4    absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with

5    nonsignatories, the district court had the authority to decide whether the instant dispute is

6    arbitrable.").

7         In sum, given Khimji's position that he did not agree to the TOU and given the lack of any

8    evidence regarding the identities of the Does or Khimji's relationship to the Does (if any), it would

9    not be equitable to allow Khimji to enforce the TOU's arbitration agreement against VSCO.[6]

10        The motion to stay is DENIED.

11   **III.    FAILURE TO STATE A CLAIM**

12        **A.    Lanham Act Claims**

13        Khimji also moves to dismiss the trademark claims based on a lack of subject matter

14   jurisdiction, arguing that each of the federal trademark claim fails because the Lanham Act has no

15   extraterritorial reach and VSCO cannot rely on its U.S. trademark to pursue allegedly infringing

16   conduct in Canada where Khimji resides. Mot. at 9-10. However, subject matter jurisdiction is

17

18   ─────────────────────

19   [6] Khimji spends much of his Motion and Reply explaining why, if he was able to equitably invoke
     it, the claims asserted by VSCO against him are covered by the Arbitration Agreement and cannot
     be pursued in this Court. Mot. 14-18; Reply 1-4. However, because each of VSCO's causes of
20   action assert either that VSCO's intellectual property rights were violated (Trademark claims in
     First, Second, Third and Fourth Causes of Action), or concern illegal and intentional acts against
21   VSCO's general business interests (Fifth and Sixth Causes of Action) *and* because the primary
     form of relief sought for all claims except the breach of contract claim is equitable – either
22   injunctive relief or restitution – the majority of the claims and relief sought are carved out of the
     scope of the Arbitration Agreement and would proceed here in any event. *Compare* Arbitration
     Agreement ("Applicability of Arbitration Agreement" carving out claims that "seek equitable
23   relief in court for infringement or other misuse of intellectual property rights (such as trademarks,
     trade secrets, copyrights, and patents), any illegal or intentional act affecting the accessibility,
24   functionality, or the security of our Services, or any illegal or intentional act against your interests
     or VSCO's general business interests"); *with* Compl. First Cause of Action ("VSCO is entitled to a
25   permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and
     their agents"); Second Cause of Action ("VSCO has suffered, and will continue to suffer,
26   irreparable injury to its business, brand reputation, and goodwill, unless and until the Court
     permanently enjoins Defendants' actions"); Third Cause of Action (same); Fourth Cause of Action
27   ("Unless Defendants are restrained and enjoined from engaging in said unlawful conduct,
     Defendants will continue to engage in the same, causing further great and irreparable injury and
28   harm"); Fifth Cause of Action (same).

1    not at issue because "the Lanham Act's 'use in commerce' element is not jurisdictional," but

2    simply limits the extraterritorial reach of the Act in some circumstances.  *Trader Joe's Co. v.*

3    *Hallatt*, 835 F.3d 960, 967 (9th Cir. 2016).

4            In his Reply Khimji shifts gears and characterizes his challenge as not based on a lack of

5    subject matter under 12(b)(1) but as a challenge under 12(b)(6) because VSCO has not sufficiently

6    alleged "use in commerce" in the United States to state a Lanham Act claim.  Reply at 14-15.

7    Khimji contends that because the Complaint acknowledges that Khimji resides in Canada,

8    Khimji's conduct creating the infringing sites must have likewise occurred in Canada.  *See*

9    *LegalForce RAPC Worldwide, PC v. LegalForce, Inc*., 124 F.4th 1122, 1127 (9th Cir. 2024 ("if

10   the mark is used 'in connection with' goods and services only outside United States territory, the

11   Lanham Act cannot apply.").

12           As discussed earlier, VSCO has plausibly alleged that Khimji's infringing conduct

13   occurred within the United States sufficient to state its Lanham Act claims.  Khimji registered and

14   made operational interactive websites and forums through companies based in this District that

15   used VSCO's marks or were otherwise falsely branded as VSCO associated.  Compl. ¶¶ 25, 27,

16   31, 35; *see also* Levad Decl. ¶¶ 5, 7 (attaching California Secretary of State judicially noticeable

17   documents demonstrating that Cloudflare, Reddit and Patreon have principal places of business in

18   San Francisco, California).  Those allegations regarding registrations of interactive websites,

19   creation of Reddit communities, and use of Patreon in connection with the use of the VSCO mark

20   with companies based in this District, adequately alleges "use in commerce" in the United States

21   sufficient to state the Lanham Act claims.  *See Trader Joe's Co.*, 835 F.3d at 963 (Lanham Act

22   claims sufficiently alleged " a nexus between [defendant's] conduct and American commerce

23   sufficient to warrant extraterritorial application of the Lanham Act.").

24           **B.    Statute of Limitations**

25           Khimji next argues that all claims between the parties are barred by the TOU's requirement

26   that any claims between VSCO and a user "arising out of or related to these Terms, our Services

27   or any content must commence within one year after the cause of action accrues. Otherwise, such

28   cause of action is . . . barred."  TOU, Dkt. 15-2, § 16 at ECF pg. 199.  He again relies on the

United States District Court
Northern District of California

1    principle of equitable estoppel to argue that VSCO should be bound by the one year deadline. He

2    then contends that the one year limitations period began in October 2023, when VSCO

3    successfully secured transfer of the <vsco.club> and <glizzy.cafe> sites, and separately in July

4    2023, when VSCO successfully shut down the Patreon account allegedly operated by Khimji.

5    Mot. 22-23. As a result, Khimji contends any claims related to those two websites and to the

6    Patreon account are "permanently barred."

7         This argument fails for numerous reasons. First, assuming it is equitable to allow Khimji

8    to rely on the TOU's limitations period despite his position that he never visited VSCO's site,

9    VSCO's trademark-related claims do not "arise out" of the TOU. Those claims are unrelated to

10   "services" VSCO provided to users or to VSCO's use of the content that users provide. More

11   importantly, even if the TOU's limitations period could apply to some or all of VSCO's claims

12   against Khimji, the discovery rule would save them. The allegations in the Complaint and

13   evidence submitted on this motion show that despite VSCO's reasonable efforts to identify the

14   owner or owners of the infringing sites and Reddit communities, VSCO did not discover Khimji's

15   identity until August 29, 2024, less than four months before VSCO filed suit.

16   **C.    Failure to Plead Falsity or Deception for Federal Unfair Competition – 15 U.S.C. § 1125(a).**

17   Khimji argues that the Complaint lacks allegations to satisfy the heightened Rule 9(b)

18   standard to plead falsity for its trademark infringement claim. Mot. 23-24. "To be liable for

19   trademark infringement under § 1125(a), a person must (1) use in commerce (2) any word, false

20   designation of origin, false or misleading description, or representation of fact, which (3) is likely

21   to cause confusion or misrepresents the characteristics of his or another person's goods or

22   services. 15 U.S.C. § 1125(a)." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir.

23   2007).

24        VSCO has adequately alleged use of its identified marks on the identified infringing

25   websites and Reddit community forums in order to confuse users as to VSCO's relationship with

26   or approval of the infringing sites and forums. Compl. ¶¶ 57-59. Rule 9(b), to the extent is

27

28

United States District Court
Northern District of California

applies to a false designation claim, has been satisfied.[7]  The confusion from use of "VSCO" and related marks on the alleged sites and forums, as well as the use of the false marks by Khimji with content scrapped from VSCO's sites, is readily apparent.  Compl. ¶¶ 4, 17, 25,-27.  That is sufficient.  At this juncture, VSCO does not need to identify how "significant" its alleged harm or damages are, as the detailed conduct alleged by VSCO plausibly supports the allegations of resulting harm and damage.

### D.    Redundant California Unfair Competition Claims

Khimji moves to dismiss the California Unfair Competition ("UCL") claim, arguing this equitable claim is duplicative of VSCO's legal claims.  He contends that because the UCL claim relies on the same factual allegations as VSCO's claims for money damages, it should be dismissed.  Mot. at 24-25.  However, "I have repeatedly held that at the pleading stage all a plaintiff needs to allege is inadequate remedies at law to pursue equitable claims."  *C. M. v. MarinHealth Med. Grp., Inc.*, No. 23-CV-04179-WHO, 2024 WL 217841, at *6 (N.D. Cal. Jan. 19, 2024).  VSCO has done that here.  Compl. ¶ 74 ("VSCO's remedy at law is not adequate to compensate for the injuries inflicted by Defendants.").

### E.    Damages for Breach of Contract

Khimji moves to dismiss the breach of contract claim for failure to adequately allege damage as a result of Khimji's alleged breach of the VSCO TOU.  However, VSCO plausibly alleges the conduct Khimji engaged in to violate the TOU, including "exploiting VSCO's services and VSCO user content made available through VSCO's services for a commercial purpose," and that the conduct damaged VSCO's goodwill.  Compl. ¶¶ 58, 85.  The damages that plausibly stem from those allegations are sufficient to state the breach of contract claim.  *See, e.g., Ticketmaster L.L.C. v. Prestige Ent., Inc.*, 306 F. Supp. 3d 1164, 1178 (C.D. Cal. 2018) (allegations of "damages in the form of infrastructure costs, loss of consumer goodwill, and costs associated with

---

[7] *Realtek Semiconductor Corp. v. MediaTek, Inc.*, No. 23-CV-02774-PCP, 2025 WL 744038, at *15 (N.D. Cal. Mar. 7, 2025) (recognizing that Ninth Circuit has not ruled on the issue, but recognizing that some district courts in the Ninth Circuit have applied Rule 9(b) to false advertising cases, not false designation cases).

1  deterrence [] are sufficient to allege compensatory damages.”).

2      The motion to dismiss under Rule 12(b)(6) for failure to state a claim is DENIED.

3  **IV.    FORUM NON CONVENIENS**

4      Finally, Khimji argues that any actionable claims should be dismissed for forum *non*

5  *conveniens* and that VSCO should pursue claims against him in Canada.  “The doctrine of *forum*

6  *non conveniens* is a drastic exercise of the court’s ‘inherent power’ because, unlike a mere transfer

7  of venue, it results in the dismissal of a plaintiff's case. . . . Therefore, we have treated *forum non*

8  *conveniens* as ‘an exceptional tool to be employed sparingly,’ and not a ‘doctrine that compels

9  plaintiffs to choose the optimal forum for their claim.’” *Carijano v. Occidental Petroleum Corp.*,

10  643 F.3d 1216, 1224 (9th Cir. 2011) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th

11  Cir. 2002)).  The “mere fact that a case involves conduct or plaintiffs from overseas is not enough

12  for dismissal.” *Id.*  “To prevail on a motion to dismiss based upon *forum non conveniens*, a

13  defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of

14  private and public interest factors favors dismissal.” *Id.*

15      There is no real dispute that Canada could be an adequate alternative forum.  Canada

16  provides similar protections to the Lanham Act through the Canadian Trademark Act.  Mot. at 19.

17  While VSCO notes that the right to a jury trial – which would attach to its state law claims here –

18  is not provided in Canada, it otherwise does not dispute that Canada is an adequate alternate

19  forum.  But simply because Canada might be adequate does not mean dismissal of this case is

20  appropriate.  As noted above with respect to personal jurisdiction, VSCO has plausibly alleged

21  significant “use” of its trademarks in this District, thereby making application of the Lanham Act

22  to Khimji appropriate.  As discussed below, each of the remaining relevant factors also weighs

23  strongly against dismissal for *forum non conveniens*.[8]

24  _____

25  [8]  If the TOU’s forum selection clause was enforceable against Khimji, he could nonetheless still
    seek dismissal under this doctrine, but “the court accordingly must deem the private-interest

26  factors to weigh entirely in favor of the preselected forum” and as “a consequence, a district court
    may consider arguments about public-interest factors only.” *Atl. Marine Const. Co., Inc. v. U.S.*

27  *Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 66 (2013); *see also Homelink Int'l Inc. v. Zhang*,
    No. 24-CV-02358-VKD, 2024 WL 4197634, at *8 (N.D. Cal. Sept. 12, 2024).  Because Khimji is

28  adamant that he never visited the VSCO site and, therefore, could not be bound by the TOU’s
    venue selection clause, I will consider both the private and public interest factors.

United States District Court
Northern District of California

United States District Court
Northern District of California

1      "Public-interest factors may include the administrative difficulties flowing from court

2   congestion; the local interest in having localized controversies decided at home; and the interest in

3   having the trial of a diversity case in a forum that is at home with the law." *Alt. Marine*, 571 U.S.

4   at 64.  All of the public interest factors weigh in favor of denying the motion to dismiss.  This

5   court can resolve the matter expeditiously.  VSCO is headquartered in this District and the law at

6   issue is federal and California, so this Court is at "home" with the law.

7      The private factors likewise weigh in favor of VSCO's choice of forum.[9]  As noted above,

8   VSCO's federal Lanham Act claims are based on use of its marks in domestic commerce, so there

9   is no need to apply the Canadian Trademarks Act to resolve the allegations in this case.  *Life Alert*

10  *Emergency Response, Inc. v. Lifealert Sec., Inc*., No. CV08-3226 AHM PLAX, 2008 WL

11  5412431, at *7 (C.D. Cal. Dec. 29, 2008 (denying a motion to dismiss a trademark case based on

12  *forum non conveniens* where "[d]efendant has not shown that a Canadian court would be an

13  adequate alternative forum. Even assuming that Canada has its own trademark laws, Defendant

14  failed to explain how those laws would provide a remedy that would be an adequate alternative to

15  remedies available under the Lanham Act and California law.").

16     More significantly, the convenience to VSCO is evident; it is headquartered in this District

17  and the majority of its executives work out of this District. Gupta Decl.  ¶ 4.  In addition, key to

18  VSCO's proof will be evidence from third-party witnesses, including Cloudflare, Patreon, and

19  Reddit, who likewise reside in this District.  Khimji has identified no one other than himself and

20  some unidentified "character witnesses" who would be inconvenienced by litigating in this

21  District.  The remaining private interest factors – ease of access to proof including VSCO's

22  records but also Khimji's computer and electronic records – is neutral.

23     In sum, the motion to dismiss for *forum non conveniens* is denied.

24

25

26

27  [9] Those are "[f]actors relating to the parties' private interests" including ease of access to sources
    of proof, availability of compulsory process for witnesses, costs of obtaining attendance of
28  witnesses, and "all other practical problems that make trial of a case easy, expeditious and
    inexpensive." *Atl. Marine*, 571 U.S. at 62 n.6 (internal quotation omitted).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## CONCLUSION

Khimji's motion to dismiss or stay is DENIED.

Dated: July 10, 2025



William H. Orrick
United States District Judge