UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** July 15, 2025 | **Time:** 15 minutes<br>2:20 p.m. to 2:35 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 24-cv-09361-WHO | **Case Name:** Visual Supply Company v. Khimji | |

**Attorneys for Plaintiff:** Andrew M. Levand and Zachary J. Alinder
**Attorney for Defendant:** Simon Pak Hei Lin

**Deputy Clerk:** Jean Davis          **Court Reporter:** Tina Gibson

**PROCEEDINGS**

Case Management Conference conducted via videoconference. The proposed trial schedule is discussed.

Defendant has appealed my order denying his motion to equitably enforce VSCO's arbitration agreement (the "Order"). Dkt.No. 40. As a result, defense counsel asserts that the case is subject to an automatic stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

An automatic stay is not required nor otherwise warranted under *Biekski*. For one thing, as explained in the Order, to be in a position to even argue in favor of *equitable* estoppel, a non-signatory to an arbitration agreement has to identify a relationship with a signatory to the agreement. Khimji remains adamant that he does not know the identity of any Doe and has never visited the VSCO cite. His failure to identify any entity that is bound by VSCO's agreement (other than VSCO) and his continued disclaimer to any relationship with *any* signatory to VSCO's agreement precludes him from asserting equitable estoppel. Dkt. No. 40 at 8-9.

Moreover, a stay is not required nor warranted given the claims in this case. Each of the claims and the predominant equitable relief VSCO seeks against Khimji is expressly carved out of the VSCO arbitration agreement. The only conceivable claim that might be subject to arbitration is the claim for damages under the breach of contract cause of action. Dkt. No. 40 at 10 n.6. *Bielski* was not a case where the vast majority of the claims asserted were expressly carved out of arbitration. Denial of a full stay while the question of arbitrability of one of many claims proceeds on appeal would not force a party to lose the "benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like)." *Bielski*, 599 U.S. at 743. To the contrary, a stay will violate the precepts of Rule 1 of the Federal Rules of Civil Procedure to secure this case's just, speedy and inexpensive resolution.

Accordingly, this case is not stayed.  Khimji may, of course, seek a stay from the Ninth Circuit. If the Ninth Circuit decides to stay the case as a result of his appeal, the schedule adopted below will be reconsidered.  But absent a stay by the Ninth Circuit, this case shall proceed according to the schedule below.

**Further Case Management Conference set for January 13, 2026 at 2:00 p.m.**  Joint case management statement due January 6, 2026.

**PRETRIAL SCHEDULE:**

| | |
|---|---|
| **Fact discovery cutoff:** | **July 3, 2026** |
| **Expert disclosure:** | **July 17, 2026** |
| **Expert rebuttal:** | **August 14, 2026** |
| **Expert discovery cutoff:** | **August 30, 2026** |
| **Dispositive Motions heard by:** | **October 21, 2026** |
| **Pretrial Conference:** | **December 14, 2026 at 2:00 p.m.** |
| **Trial:** | **February 8, 2027 at 8:30 a.m. by Jury** |