ZACHARY J. ALINDER (SBN 209009)
E-Mail:  zalinder@sideman.com
ANDREW M. LEVAD (SBN. 313610)
E-Mail:  alevad@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111-3711
Telephone:  (415) 392-1960
Facsimile:  (415) 392-0827

Attorneys for Plaintiff
VISUAL SUPPLY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISUAL SUPPLY COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 3:24-cv-09361-WHO-SK<br><br>**UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date:  January 13, 2026<br>Time:  2:00 p.m.<br>Crtrm.: 2, 17th Floor<br><br>Honorable William H. Orrick |

Plaintiff Visual Supply Company ("VSCO" or "Plaintiff") hereby submits this Updated Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9, and the Order of this Court at Dkt. 57.

### 1. Jurisdiction and Service

Subject matter jurisdiction in this case is predicated upon federal question jurisdiction for VSCO's federal law claims and supplemental jurisdiction for VSCO's state law claims. VSCO has alleged sufficient grounds for specific personal jurisdiction over Doe Defendants for the alleged claims, under established Ninth Circuit law. Moreover, this Court has determined that the exercise of subject matter jurisdiction and personal jurisdiction was proper as to former defendant Adam Khimji, based on the same allegations in the Complaint asserted against the Doe Defendants. *See* Dkt. 40.

As discussed in more detail below, because the true identities of the Doe Defendants are presently unknown to VSCO and VSCO requires third-party discovery to ascertain those identities, VSCO has not yet served the Doe Defendants.

### 2. Facts

VSCO is a community-driven and creator-centric platform that equips photographers with the tools, community, and exposure they need to expand creatively and professionally. VSCO empowers photographers to connect with other creatives and businesses with its suite of creative tools that spans from mobile to desktop and across its global community of over 300 registered accounts.

Defendants have perpetrated a scheme to scrape, download, copy, aggregate, and redistribute for profit the images from VSCO users. Defendants have created numerous websites that blatantly infringed the VSCO Trademarks and that were styled to appear as though VSCO had sponsored, authorized, and/or endorsed them (the "Infringing Websites"). The point of these Infringing Websites was to exploit the images and other content from VSCO, which Defendants then sought to monetize by soliciting payments and offering subscriptions to access the VSCO content.

1  Prior to initiating this lawsuit, VSCO requested issuance of subpoenas under the Digital
2  Millennium Copyright Act ("DMCA") to internet service providers Cloudflare, Inc.
3  ("Cloudflare"), Patreon, Inc. ("Patreon"), and NameSilo LLC ("NameSilo").  Pursuant to those
4  DMCA subpoenas, Cloudflare and Patreon identified former Defendant Mr. Khimji as the creator
5  of certain Infringing Websites.  NameSilo acknowledged receipt of the DMCA subpoena issued to
6  it, but refused to produce documents or confirm that possessed no responsive documents, and
7  instead directed VSCO to seek the information from an anonymized domain reseller.

8  VSCO attempted to negotiate with Mr. Khimji to ascertain the identities of other
9  individuals involved in the creation and operation of the Infringing Websites, but Mr. Khimji
10 refused to admit his involvement or otherwise comply with VSCO's demands.  As such, VSCO
11 brought this action against Mr. Khimji and the Doe Defendants to uncover all of the bad actors
12 involved the scheme here, to shut them all down, and to recover for the harm they have caused.

13 On June 3, 2025, third party discovery opened.  And on June 12, 2025, VSCO served
14 subpoenas pursuant to Fed. R. Civ. P. 45 on Reddit, Inc. ("Reddit") and Patreon to learn more
15 about Mr. Khimji's involvement in the Infringing Websites and ascertain the identities of
16 additional Doe Defendants.  Patreon produced additional records pursuant to that subpoena, and
17 counsel for VSCO met and conferred with counsel by videoconference and email for Reddit
18 regarding Reddit's production of documents and information responsive to the subpoena.

19 However, on July 23, 2025, before Reddit complied with the subpoena, this Court stayed
20 this action pending resolution of the Ninth Circuit appeal Mr. Khimji filed regarding this Court's
21 denial of Mr. Khimji's motion to dismiss.  Dkt. 49.  VSCO advised Reddit's counsel that no
22 further action was required on the subpoena in light of the stay, and directed Reddit to preserve all
23 documents and materials responsive to the subpoena until the stay is lifted.

24 During the pendency of Mr. Khimji's appeal, VSCO and Mr. Khimji reached a
25 confidential settlement of their dispute.  On December 16, 2025, VSCO filed a stipulated
26 voluntary dismissal of Mr. Khimji, and, on December 17, 2025, this Court terminated the case as
27 to Mr. Khimji.  Dkt. 55.
28

On December 19, 2025, this Court reopened this action and set a Case Management Conference. Dkt. 57. The case and all discovery was previously stayed, so this is first time that VSCO has had an opportunity to conduct open discovery to identify Doe Defendants.

As the action has now been reopened and there is no further need for any stay, VSCO has already recommenced its investigation and discovery efforts to identify and contact the remaining Doe Defendants. First, VSCO has recommenced meet and confer efforts with Reddit's counsel regarding Reddit's compliance with the pending subpoena previously issued to it by VSCO before this case was stayed. VSCO has also recommenced meet and confer efforts with Patreon on the subpoena issued prior to the stay in this matter. These meet and confer efforts should be furthered significantly as former Defendant Khimji has provided a declaration of lawful consent for Reddit, Patreon, and Protonmail to provide all documents and communications to VSCO, pursuant the exceptions to the Stored Communications Act, including at 18 U.S. Code § 2702(b)(3). Consistent with this declaration, VSCO intends to also issue subpoenas for communications and documents to Patreon and Protonmail to help identify the Doe Defendants.

VSCO further intends to issue subpoenas to the following internet service providers involved in the operation of the Infringing Websites, who are also likely to possess information identifying the Doe Defendants:

- Cloudflare, the identified web host for Infringing Websites <vsco.page>, <vsco.top>, <vscolookup.com>, <novsco.co>, <downloader.se>;
- NameSilo, the identified registrar for Infringing Websites <vsco.page>, <vsco.top>, <downloadvsco.co>, and <socialgirls.live>;

VSCO's investigation is ongoing and parallel to the third party discovery process. However, it is clear that this third party discovery and the meet and confer on those subpoenas, and then with any identified Doe Defendants, will likely take several months at a minimum.

### 3. Legal Issues

The principal legal issues in dispute are (i) whether the Doe Defendants' conduct violates state and federal law as VSCO contends in its operative Complaint, (ii) whether the Doe Defendants' conduct was willful and/or malicious such that this constitutes an exceptional case

1  under federal law and/or is subject to punitive, exemplary, or enhanced damages, and (iii) whether
2  VSCO is entitled to full recovery against the Doe Defendants as set forth in the Prayer for Relief,
3  including but not limited to permanent injunctive relief against Doe Defendants.

### 4. Motions

Prior to his dismissal from the action, Mr. Khimji filed a motion to dismiss, a motion for sanctions, and an administrative motion to continue the case management conference and stay discovery.  Dkts. 15, 20, and 22.  VSCO opposed all of these motions.

This Court denied Mr. Khimji's motion to dismiss.  Dkt. 40.  Mr. Khimji appealed this denial to the Ninth Circuit.  Dkt. 41; *Visual Supply Company v. Khimji*, No. 25-4348 (9th Cir.). This Court stayed this action pending resolution of this appeal.  Dkt. 49.  The appeal was then dismissed by Mr. Khimji.  Dkt. 52.

As for Mr. Khimji's motion for sanctions, Magistrate Judge Kim issued a Report and Recommendation that this Court deny the motion for sanctions.  Dkt. 37.  Mr. Khimji then filed a motion for de novo determination regarding Magistrate Judge Kim's recommended denial of Mr. Khimji's motion for sanctions.  Dkt. 39.  However, this Court issued a stay of all deadlines in this action (Dkt. 49).  On December 15, 2025, Mr. Khimji withdrew his motion for de novo determination (Dkt. 53).   The Court then terminated this action as to Mr. Khimji (Dkt. 55).

As for Mr. Khimji's administrative motion to continue the case management conference and stay discovery, this Court granted it in part and denied it in part.  Dkt. 26.

Separately, in the miscellaneous matter opened to issue the DMCA subpoenas that led to VSCO's discovery of Mr. Khimji, Mr. Khimji filed a motion to quash those DMCA subpoenas.  *In re DMCA Subpoenas to Cloudflare, Inc., et al.*, 3:24-mc-80159-WHO (N.D. Cal.), Dkt. 5.  VSCO opposed this motion.  Magistrate Judge Kim issued an order reassigning the miscellaneous matter to this Court, and also issued a Report and Recommendation that this Court deny the motion to quash.  *Id.*, Dkts. 18-19.  Mr. Khimji then moved for de novo determination on the motion to quash, which VSCO opposed, and which this Court ultimately denied.  *Id.*, Dkts. 20, 21, 27.

VSCO anticipates that it may need to file motions to compel compliance with subpoenas issued to third party internet service providers to identify the Doe Defendants.  Once it identifies

the Doe Defendants, VSCO will need to amend the Complaint to add the Doe Defendants as parties, and later in the case after discovery, VSCO anticipates filing a motion for summary judgment and expects that motion to resolve VSCO's liability claims as to those Doe Defendants at minimum.

### 5. Amendment of Pleadings

VSCO intends to amend its Complaint once it has been able to identify and unmask the Doe Defendants, to the extent it is unable to resolve the dispute prior to amendment.

Third party discovery initially opened on June 3, 2025. As discussed above, on June 18, 2025, VSCO served subpoenas on third-parties Reddit and Patreon seeking documents and information to identify these Doe Defendants. However, this case was stayed before meet and confer could resolve any third party objections. Now that the case has been reopened, VSCO will continue to diligently use the third-party subpoena process to identify these Doe Defendants and a parallel investigation of the documents and data that is publicly-available, so that it may amend and add them as parties in a timely and appropriate manner.

### 6. Evidence Preservation

VSCO is taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, and has advised Reddit to preserve all documents and information responsive to the subpoena issued to it.

### 7. Disclosures

VSCO and Mr. Khimji exchanged initial disclosures on June 13, 2025.

### 8. Discovery

Third party discovery was opened as of June 3, 2025, but then was stayed for many months, before being reopened when the appeal was dismissed and the case remanded back to the district court.

### 9. Class Actions

This is not a class action.

### 10. Related Cases

There are no related cases, other than the DMCA miscellaneous action set forth above.

**11.    Relief**

VSCO seeks all available remedies and relief against the Doe Defendants, as set forth in the Prayer for Relief in VSCO's operative Complaint.

**12.    Settlement and ADR**

VSCO and Mr. Khimji entered into a confidential settlement agreement on or about December 4, 2025.

VSCO remains open to settlement with the Doe Defendants, and intends to pursue settlement with them in good faith as they are identified. As noted above, VSCO requires third party discovery to ascertain the identities of the Doe Defendants, as the documents and information revealing their true identities are in the possession of third parties.

**13.    Other References**

N/A.

**14.    Narrowing of Issues**

The Parties anticipate that there may be issues or facts to which stipulations are appropriate, and they will cooperate to narrow issues if possible. At present, no issues have been identified for narrowing by agreement.

**15.    Scheduling**

Based on the schedule set in the July 15, 2025, Case Management Conference (Dkt. 45), and in light of the five-month stay issued during the pendency of Mr. Khimji's appeal, VSCO proposes the case schedule be extended as follows:

| Event | VSCO's Proposal |
| --- | --- |
| Deadline to Amend Pleadings | May 15, 2026 |
| Fact Discovery Cutoff | December 4, 2026 |
| Designation of Opening Experts with Reports | December 18, 2026 |
| Designation of Rebuttal Experts with Reports | January 15, 2027 |
| Expert Discovery Cutoff | January 29, 2027 |
| Hearing on Dispositive Motions | March 24, 2027 |
| Pretrial Conference | May 17, 2027 |
| Trial Date | July 12, 2027 |

### 16. Trial

VSCO has requested a jury trial and estimates that the length of such a trial would be 5-10 days.

### 17. Disclosure of Non-Party Interested Entities or Persons

VSCO has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

### 18. Professional Conduct

All counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other

The Parties are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Respectfully submitted,

DATED: January 6, 2026

SIDEMAN & BANCROFT LLP

By:   /s/ *Zachary J. Alinder*
Zachary J. Alinder
Attorneys for Plaintiff
Visual Supply Company